UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br><br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, and REINOUT HENDRIK SCHAKEL,<br><br>        Defendants. | Case No. 1:20-cv-01293-LJL |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PROPOSED LEAD
PLAINTIFF WAI CHUN SHEK FOR CONSOLIDATION, APPOINTMENT AS LEAD
<u>PLAINTIFF AND APPROVAL OF LEAD COUNSEL</u>**

| | |
|---|---|
| CHRISTOPHE STERCKX, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-01677-KAM-VMS |
| Plaintiff, | |
| v. | |
| LUCKIN COFFEE INC., *et. al*. | |
| Defendants. | |

| | |
|---|---|
| WAI CHUN SHEK, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-02977 |
| Plaintiff, | |
| v. | |
| LUCKIN COFFEE INC., *et al.* | |
| Defendants. | |

# TABLE OF CONTENTS

*Page*

INTRODUCTION …………………………….................................................. 1

PROCEDURAL BACKGROUND …………………………………………... 2

STATEMENT OF FACTS ……………………………………………….... 2

      Defendant Luckin ……………………………………………….. 2

      Individual Defendants …………………………………………... 2

      Underwriter Defendants …………………………………........... 3

April 22, 2019 Offerings …………………………………………….... 3

August 14, 2019 False and Misleading Statements in Press-Release …………... 4

November 13, 2019 Press Release and Form 6-K Filing with SEC
Including False Representations and/or Omissions ………………………….... 5

THE TRUTH EMERGES-DAMAGES SUFFERED BY
PLAINTIFF AND CLASS ………………………………………………… 7

ARGUMENT …………………………………………………………… 9

(I)      THE ACTION SHOULD BE CONSOLIDATED ……………………… 9

(II)     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF …………... 10

      A.  Movant Satisfied the Procedural Requirements for
          Appointment of Lead Plaintiff ……………………………………. 10

      1.   Movant is Presumptively the Most Adequate Plaintiff …………….. 11

      2.   Movant Has the Largest Financial Interest in the
           Relief Sought by the Class ………………………………………. 12

      3.   Movant Otherwise Satisfies FRCP Rule 23 …………………………. 13

(III)    MOVANT'S CHOICE OF COUNSEL SHOULD BE
        APPROVED …………………………………………………….. 14

i

# TABLE OF AUTHORITIES

*Pages*

### *FEDERAL*

*Chisholm v. Transouth Fin. Corp.,*
184 F.R.D. 556, 563 (E.D. Va 1999) …………………………………………………....   14

*Drexel Burnham Lambert Group, Inc.,*
960 F.2d 285, 291 (2d Cir. 1992) ………………………………………………………..   13

*Fields v. Biomatrix, Inc.,*
198 F.R.D. 451, 456 (D.N.J. 2000) ……………………………………………………...   13

*Fischler v. Amsouth Bancorporation,*
1997 U.S. Dist. LEXIS, at *7-8 (M.D. Fla. Feb6, 1997) ………………………………   13

*Garfinkel v. Memory Metals, Inc.,*
695 F. Supp. 1397, 1405 (D.Conn. 1988) ………………………………………………   14

*Johnson v. Celotex Corp.,*
899 F.2d 1281, 1284 (2d Cir.), *cert. denied,* 498 U.S. 920 (1990)
……………………………………………………………………………………...........   10

*Lax v. First Merchants,*
1997 U.S. Dist. LEXIS 11866, at 20 ……………………………………….…………...   13

*Weltz v. Lee,*
199 F.R.D 129, 131 ……………………………………………………………………..   9


## STATUTES

Private Securities Litigation Reform Act of 1995 ………………………………………   1

Federal Rules of Civil Procedure 15 U.S.C. § 21(a)(3)(B)(iii) …………………………   12

Federal Rules of Civil Procedure 23 ………………………………………….............   11, 13

Federal Rule of Civil Procedure 23(a) …………………………………………………...   13

Federal Rules of Civil Procedure 23(a)(3) ………………………………………………   13

Federal Rules of Civil Procedure 23(a)(4) ………………………………………………   14

Federal Rules of Civil Procedure 42 (a) ………………………………………………..   9

ii

Federal Rules of Civil Procedure 15 U.S.C. § 78u-4 …………………………................    10

Federal Rules of Civil Procedure 15 U.S.C. § 78u-4(a)(1) …………………………..    10, 11

Federal Rules of Civil Procedure 15 U.S.C. § 78u-4 (a)(3)(A) ………………................    10

Federal Rules of Civil Procedure 15 U.S.C. § 78u-4(a)(3)(A)(i) …………………………..    10

Federal Rules of Civil Procedure 15 U.S.C. §78u-4 (a)(3)(B) ……………………..    10, 12, 13

Federal Rules of Civil Procedure 15 U.S.C. § 78u-4 (a)(3)(B)(i) ..…………………………    11

Federal Rules of Civil Procedure 15 U.S.C. § 78u-4(a)(3)(B)(iii) …………………………    11

Federal Rules of Civil Procedure 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ………………………    11

Federal Rules of Civil Procedure 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ………………………    11

Federal Rules of Civil Procedure 15 U.S.C. § 78u-4 (a)(3)(B)(v) …………………………...    14

Proposed Lead Plaintiff WAI CHUN SHEK ("Shek" or "Movant") hereby respectfully submits this memorandum of law in support of her motion for: (i) consolidation; (ii) appointment as Lead Plaintiff Pursuant to Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of her selection as Liu Law, Inc. as Lead Counsel.

## INTRODUCTION

In the period between May 17, 2020 and January 31, 2020, Shek acquired 36,150 American Depository Shares ("ADSs") of Luckin Coffee ("Luckin" or the "Company"). Then in the period of February 1, 2020 to April 2, 2020, Shek acquired an additional 10,900 ADS. Moreover, for the period of May 17, 2020 to April 2, 2020, Shek suffered an estimated total net loss of $668,103 as a result of Defendants' misconduct. For the period of May 17, 2019 to January 31, 2020 (the "Class Period") Movant's net loss was $465,802. Furthermore, for the period of February 1, 2020 to April 2, 2020, Movant's net loss was an additional $202,301[1]. Accordingly, Movant undoubtedly is the investor with the largest financial interest in the outcome of the litigation and therefore, seeks to be appointed Lead Plaintiff.

As discussed in this memorandum below, Movant has satisfied each of the requirements of the PSLRA and, therefore, is qualified for appointment as Lead Plaintiff in this case. Moreover, thus far, upon information and belief, she has the largest losses in the litigation of any filed plaintiff and is the most adequate representative of the class on this issue. Finally, Movant's counsel is qualified to serve as lead counsel and should be approved by this Court as lead counsel for the Class.

---

[1] The Class Period was calculated as follows: total stock purchased for the period up to January 31, 2020 is $739,829 subtracted amount sold within January 31, 2020 period was $45,567.5 giving result of $694,261.50. Up until January 31, 2020, Movant had purchased 36,150 shares (37,200-1050 shares sold). She thereafter sold the remaining amount of shares at $6.32. Thus, 36,150 multiplied by $6.32 is $228,468. The difference between $694,261.50 and $228,468 is $465,793.50. After January 31, 2020, Movant purchased an additional $371,452.80 worth of shares. And then sold $99,813.50 worth of shares up until April 2, 2020 where on April 3, 2020 she sold the remaining 47,050 shares for total of $297,798.

## PROCEDURAL BACKGROUND

On February 13, 2020, the captioned case, <u>Cohen v. Luckin Coffee, et al.,</u> Case No. 1:20-cv-01293-LJL was filed. Thereafter, on that same day,  February 13, 2020, notice of the pendency of the <u>Cohen</u> action was published over <u>Globe Newswire</u>, advising members of the proposed class of their right to move the Court to serve as lead plaintiff not later than sixty (60) days from the date of publication of the Notice, i.e., by April 13, 2020. Subsequently, on April 2, 2020 the captioned case of <u>Christophe Sterckx v. Luckin Coffee, et al.</u>, Case No. 1:20-cv-01677 was filed. Finally, on April 10, 2020, the captioned case of <u>Wai Chun Shek v. Luckin Coffee,</u> Case No. 1:20-cv-02977 was filed.

## STATEMENT OF FACTS

### Defendant Luckin

Defendant Luckin is a Chinese coffeehouse chain headquartered in Xiamen, the People's Republic of China ("China"). Luckin was incorporated in October 2017, went public in May 2019, and has been trading on the NASDAQ with the ticker symbol "LK." The company is the biggest coffee brand in China, with the number of Luckin store locations exceeding the number of Starbucks store locations in China. Luckin is incorporated in the Cayman Islands with principal executive offices located at 17F Block A, Tefang Portman Tower No. 81 Zhanhong Road, Siming District, Xiamen, Fujian, China, 361008.

### Individual Defendants

Defendant Jenny Zhiya Qian has served as the Company's Chief Executive Officer and Director throughout the Class Period. Defendant Charles Zhengyao Lu is, and has at all relevant times, served as the Chairman of the Board of Directors of Luckin.  Defendant Reinout Hendrik Schakel has served as the Chief Financial Officer and the Chief Strategy Officer throughout the

2

Class Period. Defendant Jinyi Guo served at all relevant times as the director of the Company since June 2018. Defendant Jian Liu served as a director of the Company since February 2019. Defendant Liu is, and was at all relevant times serving as the Chief Operating Officer and Director of the Company. Defendant Hui Li served at all relevant times as a director since June 2018. Defendant Erhai Liu served as director at all relevant times since June 2018. The individual defendants are collectively referred to as "Individual Defendants."

**Underwriter Defendants**

Defendant(s) Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Defendant Haitong International Securities Company Limited, Defendant KeyBanc Capital Markets Inc., and Defendant Needham & Company, LLC are financial services companies that served as an underwriter for the Offerings. The Underwriter Defendants played a significant role in misstatements and/or misstatements in the Company's Registration Statements. Furthermore, they solicited investors to purchase Luckin ADSs which later resulted in significant losses because of the Company's misstatements and/or omissions. The Underwriter Defendants are collectively referred to as "Underwriter Defendants."

The Company Defendant, Individual Defendants, and Underwriter Defendants are collectively referred to as "Defendants".

### April 22, 2019 Offerings

On April 22, 2019, the Company filed with the SEC a Registration Statement on Form F-1 for the IPO of Luckin Coffee Inc. containing misstatements and/or omissions. The Registration Statements omitted information that the Company's failure to implement an effective system of internal control to remediate its material weaknesses over financial reporting would cause them

to report falsified and intentionally inflated financial results, which would require a restatement of the filing. The omissions by the Company regarding the effect of the failure to implement an effective system of internal control, which would consequently lead to significantly inflated financial results, altered the total mix of information made available to the public.

Furthermore, the Registration Statements, signed by the Individual Defendants, made numerous misleading and/or false statements regarding the Company's failure to implement an effective system of internal control, which would later lead to or result in the Company's falsified reporting and intentionally inflated financial results. The specific statements regarding the Company's internal control over financial reporting was misleading because it did not disclose the extent that the lack of internal control would have over the financial reporting, subsequently resulting in inflated financial results.

### August 14, 2019 False and Misleading Statements in Press-Release

On August 14, 2019, Luckin issued a press release announcing its unaudited financial results for the <u>second quarter</u> ending June 30, 2019.

In the press release, Luckin highlighted the following regarding its 2019 second quarter financial results:

a.      "The net revenues from products in the quarter were RMB870.0 million (US$126.7 million), representing an **increase of 698.4%** from RMB109.0 million in the same quarter of 2018." (Emphasis Added)

b.      "Cumulative number of transacting customers increased to 22.8 million from 2.9 million as of the end of the second quarter of 2018. During the second quarter of 2019, the Company acquired 5.9 million new transacting customers."

c.      "Average monthly transacting customers in the quarter were 6.2 million, representing an **increase of 410.6%** from 1.2 million in the second quarter of 2018." (Emphasis Added)

d.      "Average monthly total items sold in the quarter were 27.6 million, representing an **increase of 589.7%** from 4.0 million in the second quarter of 2018." (Emphasis Added)

e.      "Total number of stores at the end of the quarter were 2,963 stores, representing an **increase of 374.8%** from 624 stores at the end of the second quarter of 2018." (Emphasis Added)

f.      "Store level operating loss in the quarter was RMB55.8 million (US$8.1 million) decreasing from a loss of RMB81.7 million in the second quarter of 2018."

On August 14, 2019, Luckin filed form 6-K with the SEC which reiterated and attached the press release information as Exhibit 99.1. The filing of this form was authorized and signed by Defendant Schakel who is both the CFO and CSO of the Company.

### November 13, 2019 Press Release and Form 6-K Filing with SEC Including False Representations and/or Omissions

On November 13, 2019, Luckin issued a press release announcing its unaudited financial results for the third quarter ending September 30, 2019.

The press release highlighted the following:

(1) "Total net revenues from products in the quarter were RMB 1,493.2 million (US $208.9 million), representing an **increase of 557.6%** from RMB227.1 million in the same quarter of 2018." (Emphasis added).

(2) "Average monthly total items sold in the quarter were 44.2 million, representing an **increase of 470.1%** from 7.8 million in the third quarter of 2018."  (Emphasis added).

(3) "Cumulative number of transacting customers increased to 30.7 million, representing an **increase of 413.4%** from 6.0 million as of the end of the quarter of 2018. During the third quarter of 2019, the Company acquired 7.9 million new transacting customers." (Emphasis added).

(4) "Average monthly transacting customers in the quarter were 9.3 million, representing an **increase of 397.5%** from 1.9 million in the third quarter of 2018." (Emphasis added).

(5) "The total number of stores at the end of the quarter were 3,680 stores, representing an **increase of 209.5%** from 1,189 stores at the end of the quarter of 2018." (Emphasis added).

(6) "Beverage total net revenues from products per store in the quarter were RMB449.6 thousand (US$62.9 thousand), **representing an increase of 79.5%** from RMB250.5 thousand in the same quarter of 2018." (Emphasis added).

(7) "Store level operating profit in the quarter was RMB186.3 million (US$26.1 million), or 12.5% of net revenues from products, compared to a loss of RMB126.0 million in the third quarter of 2018."

Thereafter, on November 20, 2019, Luckin filed form 6-K with the SEC which reiterated and attached the press release information as Exhibit 99.1. This filing was authorized and signed by Defendant Schakel, who is both the CFO and CSO of the Company.

The statements made in those documents were misleading and/or materially false. Defendants engaged in improper practices in order to bolster the Company's stock price. Defendants directly participated in an accounting fraud, which materially overstated the Company's financial results in violation of Generally Accepted Accounting Principles ("GAAP"). Defendants materially overstated the Company's financial results with improper misrepresentations and failure to disclose adverse facts where the Company's failure to

implement an effective system of internal control to remediate their material weaknesses over financial reporting would cause them to report falsified and intentionally inflated financial results to bolster the Company's stock price. Specifically, these statements were false and/or misleading statements and/or failed to disclose: (1) Luckin's number of items per-store per-day were inflated including the net-sales per-day, selling revenue per-day, revenue contribution from freshly brewed, other products, and others were inflated; (2) Luckin's financial reporting overstated the truth and misled the public about the overall health of the Company and Luckin did not file a restatement with the SEC; (3) Luckin's reporting of items per order has been overstated; and (4) that, as a result of the foregoing, Defendants' positive statements about Luckin's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis at all relevant times.

## THE TRUTH EMERGES- DAMAGES SUFFERED BY PLAINTIFF AND CLASS

On January 31, 2020, Muddy Waters published a report alleging that Luckin had fabricated the Company's financial performance metrics, beginning in third quarter 2019. The Muddy Waters Report purported to cite "smoking gun evidence," including *inter alia,* thousands of hours of store video, thousands of customer receipts, and diligent monitoring of the Company's mobile application metrics, which allegedly showed that, since the third quarter of 2019, Luckin had inflated its per-store per-day sales figures, its net selling price per item, its advertising expenses, and its revenue contribution from "other products."

On this news, Luckin's ADS price fell $3.91 per share, or 10.74% to close at $32.49 per share on January 31, 2020.

In response to the Muddy Waters Report, Luckin denied all of the claims therein. In addition, investor Andrew Left of Citron disclosed that he had taken a long position in Luckin, and, citing from BCC, stated that the Muddy Waters Report would "fall short on accuracy."

Thereafter, on April 2, 2020, Luckin disclosed to the media an internal investigation that found that hundreds of millions of dollars in sales were fabricated. The press release states as follows:

> **BEIJING, China, April 02, 2020 (GLOBE NEWSWIRE)** -- Luckin Coffee Inc. ("Luckin Coffee" or the "Company") (NASDAQ: LK) today announced that the Company's Board of Directors (the "Board") has formed a special committee (the "Special Committee") to oversee an internal investigation into certain issues raised to the Board's attention during the audit of the consolidated financial statements for the fiscal year ended December 31, 2019 (the "Internal Investigation").
>
> The Special Committee is comprised of three independent directors of the Board, Mr. Sean Shao, Mr. Tianruo Pu and Mr. Wai Yuen Chong, with Mr. Shao serving as its chairman. The Special Committee has retained independent advisors, including independent legal advisors and forensic accountants, in connection with the Internal Investigation. The Special Committee has retained Kirkland & Ellis as its independent outside counsel. Kirkland & Ellis is assisted by FTI Consulting as an independent forensic accounting expert. The Internal Investigation is at a preliminary stage.
>
> ***The Special Committee today brought to the attention of the Board information indicating that, beginning in the second quarter of 2019, Mr. Jian Liu, the chief operating officer and a director of the Company, and several employees reporting to him, had engaged in certain misconduct, including fabricating certain transactions. The Special Committee recommended certain interim remedial measures, including the suspension of Mr. Jian Liu and such employees implicated in the misconduct and the suspension and termination of contracts and dealings with the parties involved in the identified fabricated transactions. The Board accepted the Special Committee's recommendations and implemented them with respect to the currently identified individuals and parties involved in the fabricated transactions. The Company will take all appropriate actions, including legal actions, against the individuals responsible for the misconduct.***
>
> ***The information identified at this preliminary stage of the Internal Investigation indicates that the aggregate sales amount associated with the fabricated transactions from the second quarter of 2019 to the fourth quarter of***

**2019 amount to around RMB2.2 billion. Certain costs and expenses were also substantially inflated by fabricated transactions during this period.** The above figure has not been independently verified by the Special Committee, its advisors or the Company's independent auditor, and is subject to change as the Internal Investigation proceeds.  The Company is assessing the overall financial impact of the misconduct on its financial statements.  As a result, investors should no longer rely upon the Company's previous financial statements and earning releases for the nine months ended September 30, 2019 and the two quarters starting April 1, 2019 and ended September 30, 2019, including the prior guidance on net revenues from products for the fourth quarter of 2019, and other communications relating to these consolidated financial statements. The investigation is ongoing and the Company will continue to assess its previously published financials and other potential adjustments.

Luckin Coffee will release additional information concerning the Internal Investigation in due course and is committed to taking appropriate measures to improve its internal controls.

As a result of the press release, Luckin ADSs fell $19.80 per ADS or approximately 75.6% to close at $6.40 per ADS on April 2, 2020, damaging its investors.

In light of the revelations in the Muddy Waters Report, on April 10, 2020, this federal securities class action was brought by Plaintiff on behalf of herself and all other purchasers of Luckin ADSs. The action alleges that Luckin, Individual Defendants, and Underwriter Defendants made materially false and misleading statements and concealed materially adverse information regarding the Company during the Class Period.

## ARGUMENT

### (I)     THE ACTION SHOULD BE CONSOLIDATED

The Actions cited above involve class action claims asserted on behalf of all purchasers or acquirers of Luckin ADSs. Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz v. Lee,* 199 F.R.D 129, 131. In *Weltz*, the Court held that, "in securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced." *Id.* Consolidation is appropriate where, as here, there are multiple actions

9

involving common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir.), *cert. denied,* 498 U.S. 920 (1990). Applying the law here, the cases cited above involve common questions of law or fact. Therefore, the Actions should be consolidated.

### (II)   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.  Movant Satisfies the Procedural Requirements for Appointment of Lead Plaintiff

Section 21D of the Exchange Act, 15 U.S.C. § 78u-4, establishes a procedure for the appointment of a lead plaintiff in "each private action arising under the [Securities Act or Exchange Act] that is brought as a plaintiff class action pursuant to Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice here was published by Plaintiff in the Cohen v. Luckin Coffee, et al., matter on Globe Newswire on February 13, 2020. See Declaration of Long Z. Liu, ("Liu Decl."), Exhibit A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4 (a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78 u-4 (a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that- -

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a)(3)(B)(iii).

### 1.   Movant is Presumptively the Most Adequate Plaintiff

The PSLRA sets forth procedures for the appointment of a lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). The PSLRA provides that this Court:

Shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4 (a)(3)(B)(i). In adjudicating this motion, the Court must be guided by the presumption that the most adequate plaintiff is the person or group of persons who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Fed. R.Civ. P. 23 and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Applying the law here, Movant has filed a complaint and is willing to serve as a representative party on behalf of the Class as evidenced by her duly executed certification attached to the Complaint. See Liu Decl., Exhibit B. In addition, the Movant has selected and

retained counsel who is experienced in issues related to securities and litigation to represent her and the Class. See Liu Decl., Exhibit C.

Therefore, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4 (a)(3)(B) and is entitled to have her application for appointment as Lead Plaintiff and her selection of Lead Counsel, as set forth herein, considered and approved by this Court.

**2.  Movant Has the Largest Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. § 21(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the class.

In the period between May 17, 2020 and January 31, 2020, Shek acquired 36,150 ADS of Luckin Coffee. Then in the period of February 1, 2020 to April 2, 2020, Shek acquired an additional 10,900 ADS. Moreover, for the period of May 17, 2020 to April 2, 2020, Shek suffered an estimated total net loss of $668,103 as a result of Defendants' misconduct. For the period of May 17, 2019 to January 31, 2020 Movant's net loss was $465,802. Furthermore, for the period of February 1, 2020 to April 2, 2020, Movant's net loss was an additional $202,301. Accordingly, Movant undoubtedly is the investor with the largest financial interest in the outcome of the litigation. See Liu Decl., Exhibit B.

Moreover, there is no other plaintiff or lead plaintiff applicant who has a larger loss than she does. In fact, on April 12, 2020, upon checking Pacer there were no other cases filed nor was a motion filed to serve as lead Plaintiff in this case that involved a larger financial interest than Movant's. As such, Movant has the greatest financial interest in the relief sought by the class in

12

this litigation. Movant satisfies all of the PSLRA's prerequisites for appointment as Lead

Plaintiff and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4 (a)(3) (B).

### 3.  Movant Otherwise Satisfies FRCP Rule 23

In addition to requiring the lead plaintiff to have the largest financial interest, the PSLRA

requires that the lead plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the

Federal Rules of Civil Procedure. Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a)

provides that a party may serve as a class representative only if the following four requirements

are satisfied:

> (1) The class is so numerous that joinder of all members is impracticable, (2)
> there are questions of law or fact common to the class, (3) the claims or
> defenses of the representative parties are typical of the claims or defenses of
> the class, and (4) the representative parties will fairly and adequately protect
> the interests of the class.

Of the four prerequisites to class certification, only two, typicality and adequacy, directly

address the personal characteristics of the class representatives. Consequently, in deciding a

motion to serve as lead plaintiff, the Court should focus its inquiry on the typicality and

adequacy prongs of Rule 23(a).  Lax v. First Merchants, 1997 U.S. Dist. LEXIS 11866, at 20;

Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS, at *7-8 (M.D. Fla. Feb6, 1997).

Here, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby

justifying her appointment as Lead Plaintiff. The typicality requirement of Fed. R. Civ. P.

23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the

claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "claim will meet the typicality

requirement if 'each class member's claim arises from the same course of conduct, and each

class member makes similar legal arguments to prove defendants' liability." *In re Drexel*

*Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992); *see also, Fields v. Biomatrix,*

13

*Inc.,* 198 F.R.D. 451, 456 (D.N.J. 2000). The typicality standard is met even where minor distinctions exist. *Id.* As one court noted: "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete identification between the claims constituting each individual action is not required." *Chisholm v. Transouth Fin. Corp.,* 184 F.R.D. 556, 563 (E.D. Va 1999). The typicality requirement is clearly satisfied here, because Movant seeks the same relief and advances the same legal theories as the other class members.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflicts between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Garfinkel v. Memory Metals, Inc.,* 695 F. Supp. 1397, 1405 (D.Conn. 1988). Here, Movant is the most adequate representative of the Class. The interests of Movant are clearly aligned with the members of the Class and there is no evidence of any antagonism between Movant's interests and those of the other members of the Class she seeks to represent. In addition, as shown below, the Movant's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movant prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23.

**(III)   MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED**

Pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class she seeks to represent. In regards to this issue, Movant has selected Liu Law, Inc. to serve as Lead Counsel. Liu Law, Inc. has experience in

14

representing shareholders in securities class actions, and has also made an appearance in major actions in this Court and other courts.

Date: April 12, 2020                     Respectfully Submitted,

                                         **LIU LAW, INC**


                                         By: _____
                                             Long Z. Liu (Pro Hac Vice Pending)
                                             Abraham S. Odabachian (Pro Hac Vice Pending)
                                             Attorneys for Plaintiff Wai Chun Shek