**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTIN COHEN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) Civil Action No. 1:20-cv-01293-LJL |
| Plaintiff, | ) ) <u>CLASS ACTION</u> |
| v. | ) ) **ORAL ARGUMENT REQUESTED** |
| LUCKIN COFFEE INC., JENNY ZHIYA QIAN, and REINOUT HENDRIK SCHAKEL, | ) ) ) |
| Defendants. | ) ) |

| | |
|---|---|
| WAI CHUN SHEK, Individually and On Behalf of All Others Similarly Situated, | ) ) ) Civil Action No. 1:20-cv-02977 |
| Plaintiff, | ) ) <u>CLASS ACTION</u> |
| v. | ) ) |
| LUCKIN COFFEE INC., JENNY ZHIYA QIAN, CHARLES ZHENGYAO LU, REINOUT HENDRIK SCHAKEL, JINYI GUO, JIAN LIU, HUI LI, ERHAI LIU, CREDIT SUISSE SECURITIES (USA) LLC, MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, KEYBANC CAPITAL MARKETS INC. and NEEDHAM & COMPANY, LLC | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DANIEL L.
MIREMONT AND KEVIN P. CONWAY FOR APPOINTMENT AS LEAD PLAINTIFF,
APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, AND
<u>CONSOLIDATION OF RELATED ACTIONS</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

FACTUAL BACKGROUND ...................................................................................................... 2

ARGUMENT ............................................................................................................................... 4

    A.    The Luckin Investor Group Is The Most Adequate Plaintiff ............................................. 5

        1.    The Luckin Investor Group Believes That It Has The Largest Financial Interest In The Relief Sought By The Class ................................................5

        2.    The Luckin Investor Group Satisfies The Requirements Of Rule 23 .....................6

    B.    The Luckin Investor Group Selected Well-Qualified Counsel To Represent The Class  9

    C.    Consolidation Of All Related Actions Is Warranted ..................................................... 10

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085 (VSB), 2018 WL 1634872
(S.D.N.Y. Apr. 4, 2018).............................................................................. 9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188
(S.D.N.Y. 2008)........................................................................................ 11

*Brady v. Topships Inc.*, 324 F. Supp. 3d 335 (E.D.N.Y. 2018) ...................... 7

*Chilton v. Chiumento Grp.*, 365 F. App'x 298 (2d Cir. 2010)........................ 5

*Goldstein v. Puda Coal, Inc.*, No. 11 Civ. 02598, 2011 WL 6075861
(S.D.N.Y. Dec. 6, 2011) ............................................................................. 8

*In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.* 258 F.R.D. 260
(S.D.N.Y. 2009)........................................................................................ 8, 9

*Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y. 2007)..................................... 11

*Lopez v. CTPartners Executive Search Inc.*, No. 15 Civ. 1476 (PAE), 2015 WL 2431484
(S.D.N.Y. May 18, 2015)............................................................................ 7

*Stitt v. On Deck Capital, Inc.*, No. 15 Civ. 6126 (AT), 2016 WL 889535
(S.D.N.Y. Feb. 17, 2016) ............................................................................ 6

*Taylor v. Barnes & Noble, Inc.*, 14-CV-108 (KMW) (FM), 2014 WL 12769396
(S.D.N.Y. July 16, 2014) ............................................................................ 11

*Villella v. Chemical & Mining Co. of Chile Inc.*, No. 15 Civ. 2106 (ER), 2015 WL 6029950
(S.D.N.Y. Oct. 14, 2015) ............................................................................ 2

**Statutes**

15 U.S.C. § 77z .............................................................................. passim

15 U.S.C. § 78u .............................................................................. passim

**Rules**

Fed. R. Civ. P. 23 .......................................................................... passim

Fed. R. Civ. P. 42 ................................................................................. 1

Daniel L. Miremont and Kevin P. Conway (the "Luckin Investor Group") respectfully submit this memorandum of law in support of their motion (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of their selection of Kehoe Law Firm, P.C. ("KLF") as Lead Counsel for the Class; (3) for consolidation of all related securities class actions pursuant to Federal Rule of Civil Procedure 42(a); and (4) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

There are at least four related securities class actions filed against Luckin. The related actions allege that the Company's Chief Operating Officer and a Director of Luckin, and other senior-level employees, fabricated sales and engaged in other financial-related misconduct that rendered the Company's publicly reported financial metrics materially false and misleading.[1]

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(B)(i), 77z-1(a)(3)(B)(i). In that regard, the Court is to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Federal Rule of Civil Procedure 23(a). 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I), 77z-1(a)(3)(B)(iii)(I). For the reasons set forth below, the Luckin Investor Group

---

[1] In addition to the above captioned actions, Luckin investors filed two actions in the Eastern District of New York. *See Christophe Sterckx v. Luckin Coffee Inc.*, No. 1:20-cv-01677 (E.D.N.Y) ("*Sterckx*"); *Gopu v. Luckin Coffee Inc.*, 1:20-cv-1747 (E.D.N.Y.) ("*Gopu*"). The Luckin Investor Group has simultaneously filed a motion seeking Lead Plaintiff appointment in *Sterckx* and *Gopu*.

believes it is the "most adequate plaintiff" by virtue of, among other things, the approximately $380,000 in losses it incurred on its investments in Luckin securities.[2]

The Luckin Investor Group also satisfies the relevant requirements of Rule 23(a) because its claims are typical of all members of the Class, and it will fairly and adequately represent the Class.  Moreover, the members of the Luckin Investor Group fully understand the Lead Plaintiff's obligations to the Class under the PSLRA and are willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action.  *See* Declaration of Javier Bleichmar ("Bleichmar Decl."), Ex. A.  Before seeking a role as Lead Plaintiff, the members of the Luckin Investor Group held a joint conference call to discuss, among other things, the merits of the claims, the significant losses they incurred, future litigation strategy, and their common goals in the litigation and to ensure the Class receives the best possible result.

Further, the Luckin Investor Group has selected KLF, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class.  Accordingly, the Luckin Investor Group respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## FACTUAL BACKGROUND

Luckin sells coffee, non-coffee drinks, and pre-made food items in the People's Republic of China.  ¶7.[3]  On or around May 17, 2019, Luckin conducted an Initial Public Offering ("IPO") of approximately 33 million Luckin ADSs, representing 264 million Luckin Class A common

---

[2] For purposes of this motion, the Luckin Investor Group has provided its financial interest under the longest noticed Class Period of May 17, 2019 through April 6, 2020 alleged in *Gopu*.  *See Villella v. Chemical & Mining Co. of Chile Inc.*, No. 15 Civ. 2106 (ER), 2015 WL 6029950, at *5 n.5 (S.D.N.Y. Oct. 14, 2015) (for the purposes of appointing a Lead Plaintiff, the broadest potential class period governs.)

[3] All citations to ¶__ refer to the complaint filed in *Sterckx*, unless otherwise indicated.

shares, at $17.00 per ADS, generating $561 million in gross proceeds.  *Id*.  On or around January 10, 2020, the Company conducted a second public offering ("SPO") of approximately 9 million Luckin ADSs, representing 264 million Luckin Class A common shares, at $42.00 per ADS, generating approximately $385 million in gross proceeds.  ¶33.

In the offering materials associated with the IPO and the SPO, and during the Class Period, Luckin misrepresented that its COO and Director, as well as various other senior-level employees, fabricated sales thus inflating various financial metrics, including sales figures, expenses, and revenue.  ¶56.  On January 31, 2020, Muddy Waters published a report alleging that the Company had fabricated various financial performance metrics as far back as the third quarter of 2019.  ¶57. Muddy Waters cited "smoking gun evidence," including thousands of hours of video from Luckin's retail locations, customer receipts, and the results of monitoring of Luckin's mobile application, all of which indicated that Luckin inflated its per-store per-day sales figures, its net selling price per item, its advertising expenses, and its revenue contribution from "other products." ¶57.  On this news, the price of Luckin's ADSs fell $3.91 per ADS, or 10.74%, to close at $32.49 per share on January 31, 2020.  ¶62.

On February 12, 2020, J Capital, a China-focused investment research firm, published a detailed report on Luckin that supported the findings in the Muddy Waters Report.  ¶64.  Then, on April 2, 2020, Luckin disclosed that a Special Committee formed by the Company's Board of Directors discovered "information indicating that, beginning in the second quarter of 2019, Mr. Jian Liu, the chief operating officer and director of the Company, and several employees reporting to him, had engaged in certain misconduct including fabricating certain transactions." ¶65.  Luckin further disclosed that the information identified indicates that the aggregate sales amount associated with the fabricated transactions amounted to approximately RMB2.2 billion.  *Id*.  On

this news, the price of Luckin ADSs fell $19.80 per ADS, or approximately 75.6%, to close at $6.40 per ADS on April 2, 2020.  ¶66.

Then, on April 6, 2020, Goldman Sachs announced that an entity controlled by Defendant Liu had defaulted on a $518 million margin loan facility and a group of lenders was putting 76.3 million of the Company's ADS—pledged as collateral for the loan by Defendants Liu and Zhiya—up for sale.  *Gopu* ECF No. 1 at ¶¶137-38.  On this news, the price of Luckin's ADS shares declined over 18%, to fall to their lowest-ever price of $4.39 per share at close on April 6, 2020.  *Id.* at ¶139.

## ARGUMENT

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A), 77z-1(a)(3)(A).  On February 13, 2020, Plaintiff Martin Cohen filed the first of the related actions in the Southern District of New York and alleged that Defendants defrauded investors during the period of November 13, 2019 to January 31, 2020.  *See Cohen* ECF No. 1 at ¶1.  On the same day, counsel for Mr. Cohen published a notice on *Globe NewsWire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by April 13, 2020.  *See* Bleichmar Decl. Ex. B.

On April 2, 2020, Plaintiff Christophe Sterckx filed a substantially similar action against Luckin which asserts a Class Period of May 17, 2019 to April 2, 2020 and included allegations that Defendants violated Sections 11 and 15 of the Securities Act related to Luckin's IPO and SPO.  *See Sterckx* ECF No. 1 at ¶1.  On April 3, 2020, Sterckx's counsel published a notice on *PRNewswire* alerting investors to the expanded Class Period and additional claims.  *See* Bleichmar Decl. Ex. C.  Then, on April 8, 2020, Plaintiffs Vijaya and Nirmala Gopu filed a substantially

similar action against Luckin which expanded the Class Period to May 17, 2019 to April 6, 2020 and added allegations that Defendants violated Section 12(a)(2) of the Securities Act related to Luckin's IPO and SPO.  On April 9, 2020, notice was published on *Business Wire* alerting investors to the expanded Class Period and reminding them of the April 13 deadline.[4]  *See* Bleichmar Decl. Ex. D.  Accordingly, the Luckin Investor Group satisfies the PSLRA's 60-day requirement through the filing of this motion.

**A.    The Luckin Investor Group Is The Most Adequate Plaintiff**

The Luckin Investor Group respectfully submits that it is entitled to be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i), 77z-1(a)(3)(B)(i).  When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I), 77z-1(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption).

**1.    The Luckin Investor Group Believes That It Has The Largest Financial Interest In The Relief Sought By The Class**

The Luckin Investor Group should be appointed Lead Plaintiff because it believes that it has the largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(bb), 77z-1(a)(3)(B)(iii)(I)(bb).  The Luckin Investor Group incurred total losses of approximately $380,000 from its members' investments in Luckin securities during the Class

---

[4] On April 10, 2020, Plaintiff Wai Chun Shek filed a substantially similar action against Luckin which asserts a Class Period of May 17, 2019 to January 31, 2020 and included allegations that Defendants violated Sections 11 and 15 of the Securities Act related to Luckin's IPO and SPO that are substantially similar to the allegations in *Sterckx* and *Gopu*.  *See Wai* ECF No. 1 at ¶1.

Period.[5]  To the best of the Luckin Investor Group's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.  Accordingly, the Luckin Investor Group believes that it has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. §§ 78u-4(a)(3)(B)(iii), 77z-1(a)(3)(B)(iii).

> **2.     The Luckin Investor Group Satisfies The Requirements Of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, the Luckin Investor Group satisfies the requirements of Rule 23.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(cc), 77z-1(a)(3)(B)(iii).  On a motion to serve as Lead Plaintiff, the movant must make only "a preliminary showing" that the movant satisfies the adequacy and typicality requirements of Rule 23(a).  *Stitt v. On Deck Capital, Inc.*, No. 15 Civ. 6126 (AT), 2016 WL 889535, at *2 (S.D.N.Y. Feb. 17, 2016) (citation omitted).  Here, the Luckin Investor Group unquestionably satisfies both requirements.

The Luckin Investor Group's claims are typical of the claims of other purchasers of Luckin securities.  Typicality is satisfied when each class member's claims "arise from the same course of events, and the other class members make similar legal arguments to prove liability."  *Id.*  Here, the Luckin Investor Group's and all other class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical.  Like all other class members, the Luckin Investor Group: (1) purchased Luckin securities during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged as a result.  *Id.* at *2-3 (typicality satisfied when movant

---

[5] The Luckin Investor Group's PSLRA-required Certifications are attached as Exhibit A to the Bleichmar Decl. submitted herewith.  A chart setting forth calculations of the Luckin Investor Group's financial interest is attached as Exhibit E to the Bleichmar Decl.

"claims that [defendant] issued false and misleading statements that caused the company's shares to trade at an artificially inflated price [and] claims arise from the same course of conduct affecting each member of the proposed class"). As such, the Luckin Investor Group is typical of the class it seeks to represent.

The Luckin Investor Group likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A Lead Plaintiff must not have interests that are antagonistic to the class the movant seeks to represent, must have a sufficient interest in the outcome of the case to ensure vigorous advocacy, and must retain counsel that is capable and qualified to vigorously represent the interests of the Class. *See Lopez v. CTPartners Executive Search Inc.*, No. 15 Civ. 1476 (PAE), 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015). The Luckin Investor Group satisfies these elements because it has a substantial financial stake in the litigation which provides the ability and incentive to vigorously represent the Class' claims. The Luckin Investor Group's interests are aligned with those of the other class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between the Luckin Investor Group and other class members.

Indeed, the Luckin Investor Group has offered evidence to the Court that it will adequately protect the interests of the Class. As set forth in the Joint Declaration of Daniel L. Miremont and Kevin P. Conway, the members of the Luckin Investor Group have demonstrated their commitment to working together cohesively to prosecute this case and maximize recovery for the Class. *See* Bleichmar Decl., Ex. F, Joint Decl.; *cf. Brady v. Topships Inc.*, 324 F. Supp. 3d 335, 347 (E.D.N.Y. 2018) (joint declaration "provided evidence of [an investor group's] ability to cohesively manage the litigation"); *In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.* 258 F.R.D.

7

260, 270 (S.D.N.Y. 2009) (appointing a group in view of "declarations demonstrating cooperative efforts among" its members); *Goldstein v. Puda Coal, Inc.*, No. 11 Civ. 02598, 2011 WL 6075861, at *7 (S.D.N.Y. Dec. 6, 2011) (appointing a group of investors who submitted a sworn declaration). Here, the Joint Declaration establishes that the Luckin Investor Group is a cohesive group of Luckin investors that determined on their own to jointly seek appointment as Lead Plaintiff and has already shown its ability to manage the litigation effectively and in the best interests of the Class. *See* Bleichmar Decl., Ex. F., Joint Decl. ¶¶ 2-8.

The Joint Declaration sets forth the reasons why the individual members of the Luckin Investor Group decided to collaborate in this litigation and describes how the group was formed. Specifically, prior to seeking Lead Plaintiff appointment, each member of the Luckin Investor Group consulted with their proposed Lead Counsel regarding the merits of the claims against Defendants, their losses arising from Defendants' conduct, and the proposed litigation strategy. *Id*. ¶¶ 7-8. Through the course of those consultations, each member of the Luckin Investor Group learned of the existence of the other member of the group and expressed interest in partnering with other like-minded investors in seeking appointment as Lead Plaintiff. *Id*. ¶ 7.

Prior to seeking appointment as Lead Plaintiff, the members of the Luckin Investor Group participated in a conference call on April 10, 2020 to formalize their leadership of the action and their oversight of counsel. *Id*. ¶ 9. Together they discussed, among other things: the facts at issue in the case; the strength of the claims against Defendants, the size of their respective losses; the strategy for prosecuting the action; the benefits the Class would receive from the leadership of a small coordinated group of investors; their interests in prosecuting the case in a collaborative and like minding manner; and their interests in ensuring that the Class receives the best possible outcome in this case. *Id*. ¶¶ 9-11.

The evidence submitted by the Luckin Investor Group demonstrating its commitment to advancing the interests of the Class supports its appointment and confirms that it satisfies the adequacy and typicality requirements of Rule 23.  *See, e.g.*, *In re Bank of Am.*., 258 F.R.D. at 270 (concluding that "demonstrated cooperation among plaintiffs" through discussions and declarations memorializing their joint oversight over counsel and the action "satisfies concerns about designating groups as lead plaintiffs").

Further, the Luckin Investor Group has demonstrated its adequacy through its selection of KLF as Lead Counsel to represent the Class in this action.  As discussed more fully below, KLF is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

**B.      The Luckin Investor Group Selected Well-Qualified Counsel To Represent The Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(v), 77z-1(a)(3)(B)(v).  "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Aude v. Kobe Steel, Ltd.*, 17-CV-10085 (VSB), 2018 WL 1634872 at *4 (S.D.N.Y. Apr. 4, 2018) (internal quotation omitted).  KLF, the Luckin Investor Group's choice for Lead Counsel for the Class, is highly experienced in prosecuting complex litigation generally and securities and other financial litigation in particular.  Indeed, KLF attorneys assigned to this matter are highly experienced litigators, having served as lead and co-lead counsel on behalf of dozens of institutional investors, and have secured significant recoveries on behalf of investors in some of the most prominent securities fraud cases in recent history.  KLF's attorneys' experience includes the landmark recovery of $3.2 billion for the class in *In re Tyco Ltd. Sec. Litig.*, MDL No. 02-1335-PB (D.N.H.); a settlement of $2.4 billion for the class in *In re Bank of*

*America Corp. Sec. Litig.*, 09-MDL-2058 (S.D.N.Y.); a $627 million settlement *In re Wachovia Corp. Preferred Sec. and Bond/Notes Litig.*, 09-cv-6351 (S.D.N.Y.); and a $615 million settlement in *In re Lehmann Brothers Equity/Debt Sec. Litig.*, 08-cv-5523 (S.D.N.Y.). *See* KLF Firm Resume, attached as Ex. G to the Bleichmar Decl.

Similarly, BFA, the Luckin Investor Group's choice for Local Counsel for the Class, is among the foremost securities class action law firms in the country. BFA's partners have represented investors and secured significant recoveries in some of the most prominent securities fraud cases in recent decades. The firm's recent matters include a $234 million recovery in *In re MF Global Holdings Sec. Litig.*, 1:11-cv-07866-VM (S.D.N.Y.); a $219 million recovery in *In re Genworth Financial Inc. Sec. Litig.*, 3:14-cv-00682-JAG (E.D. Va.), the largest securities class action recovery ever achieved in the Eastern District of Virginia; and a $120 million recovery in *Freedman v. Weatherford Int'l, Ltd.*, 1:12-cv-02121-LAK (S.D.N.Y.). *See* BFA's Firm Resume, attached as Ex. H to the Bleichmar Decl.

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve the Luckin Investor Group's selection of KLF as Lead Counsel for the Class.

## C.   Consolidation Of All Related Actions Is Warranted

There are at least two related actions pending in this District against Defendants:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Martin Cohen v. Luckin Coffee Inc.* | 1:20-cv-01293 | February 13, 2020 |
| *Wai Chun Shek v. Luckin Coffee Inc.* | 1:20-cv-02977 | April 10, 2020 |

These actions present substantially similar factual and legal issues because they both allege claims under Sections 10(b) and 20(a) of the Exchange Act, relating to substantially similar periods of time, and are premised on similar types of misstatements, including that Luckin's reported

financial metrics were false and misleading because the Company's COO and Director, and other senior-level employees, fabricated sales and engaged in other financial-related misconduct.  Rule 42(a) grants broad discretion to consolidate cases that involve common questions of law or fact, as here.  *See Taylor v. Barnes & Noble, Inc.*, 14-CV-108 (KMW) (FM), 2014 WL 12769396, at *2-4 (S.D.N.Y. July 16, 2014).  While *Cohen* and *Wai* assert different class periods, and *Wai* adds additional defendants and additional claims alleging violations of the Securities Act, these differences do not render consolidation inappropriate because such "differences do not outweigh the interests of judicial economy served by consolidation."  *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).  Indeed, actions separately alleging Securities Act and Exchange Act claims are "well-suited for consolidation" when "based on the same series of events." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (consolidating two cases where the first filed complaint alleged Securities Act claims and the second added Exchange Act claims).

## CONCLUSION

For the reasons discussed above, the Luckin Investor Group respectfully requests that the Court:  (1) appoint it to serve as Lead Plaintiff; (2) approve its selection of KLF as Lead Counsel for the Class; (3) consolidate all related actions pursuant to Rule 42(a); and (4) grant any such further relief as the Court may deem just and proper.

Dated:  April 13, 2020                                 Respectfully Submitted,

**BLEICHMAR FONTI & AULD LLP**

*/s/ Javier Bleichmar*
Javier Bleichmar
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile:  (212) 205-3960

jbleichmar@bfalaw.com

*Local Counsel for the Luckin Investor Group*

**KEHOE LAW FIRM, P.C.**
John A. Kehoe
Michael Yarnoff
Two Penn Center Plaza
1500 JFK Boulevard, Suite 1020
Philadelphia, PA 19102
Telephone: (212) 792-6676
Facsimle: (510) 350-9701
jkehoe@kehoelawfirm.com
myarnoff@kehoelawfirm.com

*Counsel for Proposed Lead Plaintiff the Luckin Investor Group and Proposed Lead Counsel for the Class*