COHEN TAUBER SPIEVACK &
WAGNER P.C.
Alan Arkin
420 Lexington Avenue, Suite 2400
New York, New York 10170
Tel: (212) 381-8730
Email: aarkin@ctswlaw.com

BERGER MONTAGUE PC
Michael Dell'Angelo
Andrew Abramowitz
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bm.net
         aabramowitz@bm.net

*Attorneys for Proposed Lead Plaintiff*
*Movant Michael Bergenholtz and*
*Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN COHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, and REINOUT HENDRIK SCHAKEL,<br><br>Defendants | CIVIL ACTION NO. 1:20-cv-01293 |
| WAI CHUN SHEK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, CHARLES ZHENGYAO LU, | CIVIL ACTION NO. 1:20-cv-02977 |

REINOUT HENDRIK SCHAKEL, JINYI
GUO, JIAN LIU, HUI LI, ERHAI LIU,
CREDIT SUISSE SECURITIES (USA) LLC,
MORGAN STANLEY & CO. LLC, CHINA
INTERNATIONAL CAPITAL
CORPORATION HONG KONG
SECURITIES LIMITED, HAITONG
INTERNATIONAL SECURITIES COMPANY
LIMITED, KEYBANC CAPITAL MARKETS
INC., and NEEDHAM & COMPANY, LLC,

                    Defendants

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT MICHAEL BERGENHOLTZ'S
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF LEAD COUNSEL**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND ..................................................................................................3

ARGUMENT ..........................................................................................................................5

I.  THE ACTIONS SHOULD BE CONSOLIDATED ................................................5

II.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ...............................6

    A.  The PSLRA Standard for Appointing Lead Plaintiff ...............................6

    B.  Movant Is the "Most Adequate Plaintiff" ................................................7

        1.  This Motion Is Timely ..................................................................7

        2.  Movant Has a Substantial Financial Interest ..............................7

        3.  Movant Satisfies Rule 23's Typicality and Adequacy Requirements .........8

            a.  Movant's Claims Are Typical of Those of the Class.......................8

            b.  Movant Satisfies the Adequacy Requirement of Rule 23 ...............9

III.  MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL .......................10

CONCLUSION ......................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                  **Page(s)**

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.,*
    252 F.R.D. 188 (S.D.N.Y. 2008) ................................................................5

*Faig v. Bioscrip, Inc.,*
    No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013).............................8, 9

*Ferrari v. Impath, Inc.,*
    2004 WL 1637053 (S.D.N.Y. July 20, 2004) ..............................................5

*In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.,*
    No. 08 MDL 1963 (RWS), 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ......................................9

*In re Cendant Corp. Litig.,*
    264 F.3d 201 (3d Cir. 2001) .................................................................10

*In re Elan Corp. Sec. Litig.,*
    No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009)................................9

*In re Orion Sec. Litig.,*
    No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ........................................5

*In re Third Ave. Mgmt. LLC Sec. Litig.,*
    No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016)................................8

*Kemp v. Universal Am. Fin. Corp.,*
    No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ......................................8

*Kux-Kardos v. VimpelCom, Ltd.,*
    151 F. Supp. 3d 471 (S.D.N.Y. 2016) ........................................................8

*Lowinger v. Global Cash Access Holdings, Inc.,*
    No. 08 Cv. 3516 (SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008) ................................5

*Micholle v. Ophthotech Corp.,*
    No. 17-CV- 210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ................................7, 9

*Randall v. Fifth St. Fin. Corp.,*
    No. 15-cv-7759 (LANK), 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016).......................................8

*Xu v. Gridsum Holding Inc.,*
    No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) ....................................5

**Statutes**

15 U.S.C. § 78u-4 ..............................................................................*passism*

**Rules**

Fed. R. Civ. P. 23 ................................................................................................2, 6, 8, 9

Fed. R. Civ. P. 42(a) ...................................................................................................6

Proposed Lead Plaintiff Michael Bergenholtz ("Bergenholtz" or "Movant") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of Movant's Motion for the entry of an Order: (i) consolidating the above-captioned actions (the "Actions"); (ii) appointing Movant as Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Luckin Coffee, Inc. ("Luckin" or the "Company") securities between May 17, 2019 and April 6, 2020, both dates inclusive (the "Class Period"), including on or traceable to the Company's initial public offering on May 17, 2019 ("IPO") and its secondary offering on January 10, 2020 ("SPO"); (iii) approving Movant's selection of Berger Montague PC ("Berger Montague") as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.[1]

## PRELIMINARY STATEMENT

Movant respectfully submits that it should be appointed Lead Plaintiff on behalf of all investors who acquired Luckin securities, including American Depositary Shares ("ADSs"), during the Class Period (the "Class"), and who were damaged as a result of Defendants' alleged fraud. The Actions allege violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Exchange Act against Luckin, certain of its officers and directors, and underwriters of Luckin's IPO and SPO (collectively, the "Defendants").

---

[1] A copy of Movant's Certification pursuant to the PSLRA is attached as Ex. A to the Declaration of Alan Arkin, Esq. ("Arkin Decl."), furnished herewith.

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I).

For the reasons articulated herein, Movant respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Movant has incurred losses of $93,890.13 on his Class Period transactions in Luckin securities as calculated on both a last-in-first-out ("LIFO") and first-in-first-out ("FIFO") basis. Accordingly, Movant has the largest known loss of any other movant, and a substantial financial interest in recovering losses attributable to Defendants' violations of federal securities laws.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that: (i) Movant's claims arise from the same course of events as those of the other Class members, (ii) Movant relies on similar legal theories to prove Defendants' liability, and (iii) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve Movant's selection of Berger Montague as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Berger Montague is nationally recognized as a leader in shareholder litigation and securities class actions, and overwhelmingly has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Movant respectfully requests that the Court consolidate the above-captioned actions, appoint it as Lead Plaintiff for the Class, and approve its selection of Lead Counsel.

## FACTUAL BACKGROUND

Based in Xiamen, China, Luckin is engaged in the retail sale of freshly brewed drinks, including coffee, and light meals. The Company operates stores under the Luckin brand and sells its products through a mobile app throughout the People's Republic of China.

According to Defendants, by the inception of the Class Period and at the time of Luckin's May 17, 2019 IPO, the Company had purportedly grown rapidly and expanded exponentially since its founding. While Defendants reported prior to the Class Period that Luckin had experienced certain operational and control weaknesses, Defendants represented that such deficiencies had been addressed and it was therefore reasonable for investors to rely on the Company's financial results, forecasts, and guidance. Indeed, Defendants' representations about Luckin's performance and prospects had a material impact on the market and caused a monumental increase in the price of the Company's shares, including a more than 100% increase in the price of Luckin ADSs during the short period from November 2019 to January 2020.

Unbeknownst to investors, Luckin was suffering from a host of undisclosed adverse factors that were negatively impacting its business and that would foreseeably cause it to report declining financial results.

Allegations of improprieties first surfaced on January 31, 2020, when Muddy Waters Research issued a report claiming to have "smoking gun evidence" that showed that Luckin inflated its sales figures and revenues. A second financial research firm, J Capital, corroborated the Muddy Waters Research allegations in a report on February 12, 2020, stating that it had reviewed data from Shanghai-based Business Connect China ("BCC") showing that "Luckin's reported figure of 444 items sold per day in 3Q19 is likely to be higher than their actual sales."

Although the Company denied any improprieties following those two reports, on April 2, 2020 – only days after two new Independent Board members joined the Luckin Board and Audit Committee – Luckin belatedly admitted that its Chief Operating Officer, Defendant Jian Liu, and other employees of the Company had engaged in an illegal scheme to artificially inflate sales figures such that revenues had been overstated by as much as $310 million during 2019, including during the period preceding the May 17, 2019 IPO. On April 2, 2020, investors learned that Defendant Liu had been removed from the Company and that Luckin would likely report a massive loss for the fourth quarter of 2019 to account for the hundreds of millions of dollars in fraudulent revenue. The Company further withdrew prior guidance and did not furnish revised projections.

The revelations of April 2, 2020 cost investors dearly. Luckin's ADSs imploded, falling over 80% in the single trading day, from the prior day's close of $26.20 per share to a new 52-week low of $6.40, and then to a close at $5.38 the following trading day.

Finally, on April 6, 2020, Goldman Sachs & Co. LLC ("Goldman Sachs") announced that an entity controlled by Luckin's Chairman of the Board and co-founder had defaulted on a $518 million margin loan facility, and a group of lenders was putting 76.3 million of the Company's ADSs – pledged as collateral for the loan by Luckin's Chairman and its CEO – up for sale, with Goldman Sachs acting as the "disposal agent." In other words, Goldman's announcement revealed that while the Company's shares were trading at artificially inflated prices, the highest members of senior management cashed out over 76 million shares to act as collateral for *personal* loans. This news caused Luckin's ADSs to fall to their lowest-ever price of $4.39 per share on April 6, 2013.

4

**ARGUMENT**

**I.    THE ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) ("[T]he Court shall not make the determination of the most adequate plaintiff until after the decision on the motion to consolidate is rendered.") (quotation marks omitted).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve common questions of law or fact." *Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018) (quotation marks omitted). In securities class action cases, such as this one, courts have deemed consolidation particularly appropriate where the actions "are based on the same public statements and reports" if there are "common questions of law and fact and [if] the defendant will not be prejudiced." *Ferrari v. Impath, Inc.,* 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004). *See also Lowinger v. Global Cash Access Holdings, Inc*., No. 08 Cv. 3516 (SWK), 2008 WL 2566558, at *1 (S.D.N.Y. June 26, 2008). "[S]light differences in the facts alleged and legal issues raised do not preclude consolidation." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008).

Here, the Actions are well-suited for consolidation. The complaint filed in each of the Actions alleges that Defendants violated the Securities Act and Exchange Act. Each Action sets forth substantially identical allegations relating to similar parties, transactions, and events – primarily Defendants' materially false and misleading statements and omissions concerning Luckin's financial performance and sales. Because consolidation will promote

judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Federal Rule of Civil Procedure 42(a).

Accordingly, Movant respectfully requests that the Court consolidate the Actions, and any other subsequently-filed action.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant respectfully submits that it should be appointed Lead Plaintiff because it filed the instant Motion in a timely manner, has a substantial financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> > (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
> >
> > (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u- 4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, No. 17-CV- 210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018). Under the framework established by the PSLRA, Movant is the most adequate plaintiff and should be appointed Lead Plaintiff.

**B.      Movant Is the "Most Adequate Plaintiff"**

**1.      This Motion Is Timely**

Movant has filed this Motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *Globe Newswire,* a widely-circulated, business-oriented news wire service, on February 13, 2020. *See* Notice, Arkin Decl., Ex. B. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before April 13, 2020. Movant filed its Motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

**2.      Movant Has a Substantial Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at \*1-2 (S.D.N.Y. May 1, 2006).

Movant has incurred a substantial loss of $93,890.13 on his transactions in Luckin securities on both a LIFO and FIFO basis during the Class Period. *See* Loss Analysis, Arkin Decl., Ex. C; *see also Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at \*2 (S.D.N.Y. Dec. 19, 2013) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff"). Accordingly, Movant has a substantial financial interest as a qualified movant seeking Lead Plaintiff status and is presumptively the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759 (LANK), 2016 WL 462479, at \*1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.   Movant Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16-cv-02758 (PKC), 2016 WL 2986235, at \*1 (S.D.N.Y. May 13, 2016). At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016); *see also Faig*, 2013 WL 6705045, at \*3 ("[A]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.") (quotation marks omitted). Here, Movant unquestionably satisfies both requirements.

### a.   Movant's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and

plaintiff's claims are based on the same legal theory. *See Faig*, 2013 WL 6705045, at \*3. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants made material misstatements and omissions regarding Luckin's financial performance, sales, and compliance policies in violation of the federal securities laws. Like all members of the Class, Movant purchased Luckin securities in reliance on Defendants' public statements, including their alleged misrepresentations and omissions, and was damaged thereby.

Because Movant's claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *See Micholle*, 2018 WL 1307285, at \*6.

### b. Movant Satisfies the Adequacy Requirement of Rule 23

In addition, Movant satisfies the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."

Courts in this District assess a movant's adequacy based on: "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at \*2 (S.D.N.Y. May 11, 2009) (quoting *In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*, No. 08 MDL 1963 (RWS), 2009 WL 50132, at \*8 (S.D.N.Y. Jan. 5, 2009)).

Movant will fairly and adequately represent the interests of the proposed Class. It has resources and motivation sufficient to pursue the above-captioned action to a successful conclusion. It has also retained counsel highly experienced in prosecuting securities class actions

vigorously and efficiently, *see infra* Section III, and timely submitted its choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movant's interests and those of the absent Class members. Rather, they are perfectly aligned. Movant suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action.

Finally, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement.

## III. MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Movant has selected the law firm of Berger Montague to represent the Class. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The Firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague has served as lead or co-lead counsel in numerous other major securities class action cases, both within this District and beyond, where substantial settlements were achieved

on behalf of investors, including: *In re Merrill Lynch Securities Litigation* (S.D.N.Y.) (recovery of $475 million); *In re Sotheby's Holding, Inc. Securities Litigation* (S.D.N.Y.) (a $70 million settlement, of which $30 million was contributed, personally, by an individual defendant; *In re KLA Tencor Securities Litigation* (N.D. Cal.) (settlement of $65); *In re CIGNA Corp. Securities Litigation* (E.D. Pa.) (settlement of $93 million); and *In re Rite Aid Corp. Securities Litigation* (E.D. Pa.) (settlements totaling $334 million). *See* Berger Montague Firm Resume, Arkin Decl., Ex. D.

In addition, Movant has selected the law firm of Cohen Tauber Spievack & Wagner, P.C. ("Cohen Tauber") to serve as Local Counsel. Cohen Tauber is a sophisticated, full-service boutique law firm comprised of approximately twenty experienced lawyers. The firm's lawyers have experience in all forms of complex civil litigation, including commercial litigation, securities litigation, civil fraud, and corporate governance matters, among others. Cohen Tauber represents publicly traded and privately held clients, including multinational corporations, middle-market companies, business owners, and entrepreneurs. *See* Cohen Tauber Firm Resume, Arkin Decl., Ex. E.

In light of the foregoing, by approving Movant's selection of Berger Montague as Lead Counsel for the Class and Cohen Tauber as Local Counsel, the Court can be assured that the Class will receive the highest caliber of representation. Thus, the Court should approve these selections.

## <u>CONCLUSION</u>

For the foregoing reasons, Movant Michael Bergenholtz respectfully requests that the Court grant its motion and enter an Order: (i) consolidating the above-captioned actions; (ii) appointing Movant as Lead Plaintiff; (iii) approving Movant's selection of Berger Montague

as Lead Counsel for the Class and Cohen Tauber as Local Counsel; and (iv) granting such other

and further relief as the Court may deem just and proper.

Dated: April 13, 2020                              Respectfully submitted,


   /s/ Alan Arkin_____
Alan Arkin
COHEN TAUBER SPIEVACK & WAGNER P.C.
420 Lexington Avenue, Suite 2400
New York, New York 10170
Tel: (212) 381-8730
Email: aarkin@ctswlaw.com
***Attorneys for Lead Plaintiff Movant Michael
Bergenholtz and Proposed Local Counsel for the
Class***

Michael Dell'Angelo
Andrew Abramowitz
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bm.net
       aabramowitz@bm.net


***Attorneys for Lead Plaintiff Movant Michael
Bergenholtz and Proposed Lead Counsel for the
Class***