**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTIN COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, and REINOUT HENDRIK SCHAK,<br><br>                Defendants. | Case No.: 1:20-cv-01293-LJL<br><br>Hon. Lewis J. Liman |
| WAI CHUN SHEK, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, CHARLES ZHENGYAO LU, REINOUT HENDRIK SCHAKEL, JINYI GUO, JIAN LIU, HUI LI, ERHAI IU, CREDIT SUISSE SECURITIES (USA) LLC, MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, KEYBANC CAPITAL MARKETS INC., AND NEEDHAM & COMPANY, LLC<br><br>                Defendants. | Case No.: 1:20-cv-02977-NRB<br><br>Hon. Naomi Reice Buchwald |

**MEMORANDUM OF LAW IN SUPPORT OF LUCKIN INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.     FACTUAL BACKGROUND ................................................................................................ 2

II.    PROCEDURAL HISTORY ................................................................................................. 5

III.   ARGUMENT ....................................................................................................................... 6

     A.   Consolidation of the Actions Is Appropriate ................................................................ 6

     B.   Appointing Luckin Investor Group as Lead Plaintiff Is Appropriate ........................... 7

         1.   Luckin Investor Group Filed a Timely Motion. ......................................................... 8

         2.   Luckin Investor Group Has the Largest Financial Interest. ........................................ 9

         3.   Luckin Investor Group Satisfies the Relevant Requirements of Rule 23 ................... 9

             a.   Luckin Investor Group's Claims Are Typical. .................................................. 10

             b.   Luckin Investor Group Is an Adequate Representative. .................................... 11

     C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. .................................. 11

IV.   CONCLUSION ................................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Cendant Corp.*,
   264 F.3d 201 (3d Cir. 2001) .................................................................................................. 11

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*,
   269 F.R.D. 291 (S.D.N.Y. 2010) ..................................................................................... 10, 11

*Deinnocentis v. Dropbox, Inc.*,
   No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ................... 12

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................................. 10

*Francisco v. Abengoa, S.A.*,
   No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) .................. 12

*Isaacs v. Musk*,
   No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018), ......... 12

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) .................................................................................................. 6

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
   No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ............... 10

*Levin v. Res. Capital Corp.*,
   No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Oct. 5, 2016) ................ 12

*Mitchell v. Complete Mgmt., Inc.*,
   Case No. 99-CV-1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999) ......................... 6

*Pope v. Navient Corp.*,
   No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018) ............ 12

*Primavera Familienstiftung v. Askin*,
   173 F.R.D. 115 (S.D.N.Y. 1997). ............................................................................................ 6

*Salinger v. Sarepta Therapeutics, Inc.*,
   No. 19-CV-8122 (VSB), 2019 U.S. Dist. LEXIS 218248 (S.D.N.Y. Dec. 17, 2019) ............. 8

*In re Sundial Growers Inc. Sec. Litig.*,
   No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019) .............................................................. 12

*In re Tesla, Inc. Sec. Litig.*,
   No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) ........... 12

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) .................................................................................. 8, 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) ................. 11

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................. 6

*Zhang v. Valaris PLC, et al.*,
    No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019) ............................................................. 12

**Statutes**

15 U.S.C. § 78u-4(a) ............................................................................................................ *passim*

15 U.S.C. § 77z-1(a) ............................................................................................................ *passim*

**Rules**

FED. R. CIV. P. 23 .......................................................................................................... 2, 8, 9, 10

Fed. R. Civ. P. 42(a) ................................................................................................................ 6, 7

Xin Huang. Chunwei Zuo, and Majid Hajizadeh Bashy (collectively the "Luckin Investor Group") respectfully submits this memorandum of law in support of its motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint it as lead plaintiff, and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B), on behalf of a putative class of purchasers of Luckin Coffee, Inc., ("Luckin" or the "Company") securities who : (a) purchased or otherwise acquired Luckin ADSs in or traceable to the Company's public offering of ADSs conducted on or around May 17, 2019 (the "IPO"); and/or (b) purchased or otherwise acquired Luckin ADSs in or traceable to the Company's public offering of ADSs conducted on or around January 10, 2020 (the "2020 Offering", and with the IPO, the "Offerings"); (c) purchased or otherwise acquired publicly traded securities of Luckin from May 17, 2019 through April 6, 2020, inclusive (the "Class" who purchased during the "Class Period")[1], inclusive (the "Class Period"), against Defendants Luckin, Jenny Zhiya Qian ("Qian"), and Reinout Hendrik Schakel ("Schakel") (collectively "Defendants").

---

[1] The Class Period alleged in the action entitled *Cohen v. Luckin Coffee, Inc., et al.,* Case No. 1:20-cv-1293 (the "*Cohen* Action") is November 13, 2019 and January 31, 2020, inclusive. There are two other similar class action pending in the Eastern District of New York against Luckin, with more inclusive class periods: *Sterckx v. Luckin Coffee, Inc., et al.,* No. 1:20-cv-01677-KAM (E.D.N.Y.) (the "*Sterckx* Action"), which defines a larger, more inclusive class period of May 17, 2019 and April 2, 2020, and *Gopu v. Luckin Coffee, Inc., et al.,* Case No. 1:20-cv-1747 (E.D.N.Y.) (the "*Gopu* Action"), which defines a larger, more inclusive class period of May 17, 2019 and April 6, 2020 . The Luckin Investor Group adopts the most inclusive class period, defined in the *Gopu* Action. See *Rauch v. Vale S.A.,* 378 F. Supp. 3d 198, 208, n.11 (E.D.N.Y. 2019) ("For the purposes of appointing lead plaintiff in cases involving two potential class periods, courts use the longer class period in the analysis").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Luckin Investor Group believes that he is the "most adequate" plaintiff, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Luckin Investor Group satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Luckin Investor Group's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.   FACTUAL BACKGROUND[2]

Luckin was founded in 2017 and is based in Xiamen, the People's Republic of China ("China"). ¶ 2. The Company engages in the retail sale of freshly brewed drinks, and pre-made food and beverage items in China, offering freshly brewed drinks, including freshly brewed coffee and non-coffee drinks, and food and beverage items, such as light meals. *Id*. The Company

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Cohen* Complaint") filed in the *Cohen* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Cohen* Complaint. The facts set forth in the *Cohen* Complaint are incorporated herein by reference. Citations to "*Gopu* ¶ __" are to paragraphs of the Class Action Complaint (the "*Gopu* Complaint") filed in the *Gopu* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Cohen and Gopu* Complaints. The facts set forth in the *Cohen and Gopu* Actions are incorporated herein by reference.

operates pickup stores, relax stores, and delivery kitchens under the Luckin brand, as well as Luckin mobile app, Weixin mini-program, and other third-party platforms that cover the customer purchase process. *Id.*

Luckin reports net revenues in three groups—freshly brewed drinks, other products, and others. ¶ 21. "Freshly brewed drinks" include product offerings such as freshly brewed coffee and non-coffee drinks, such as Luckin tea. "Other products" mainly consist of food and beverage items, such as light meals, and "Luckin Pop" products, including cups and other merchandise products. "Others" revenues mainly include delivery fees paid by Luckin customers. *Id.*

Throughout the Class Period, at the time of the May 2019 IPO, and the January 2020 Secondary Offering, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. *Gopu* ¶ 4. Specifically, Defendants consistently claimed that Luckin maintained cutting-edge proprietary marketing, artificial-intelligence, and management tools that allowed Defendants to collect and manage information about the Company, in real time. *Id.* Defendants' statements regarding their ability to collect and review financial and operational information about Luckin was critical to investors because these tools were supposed to allow the Company to consistently review and test its accounting assumptions and, when necessary, make adjustments thereto. *Id.* Throughout the Class Period, Defendants repeatedly stated that Luckin had already made all necessary adjustments to the Company's financial statements and balance sheet, and that Luckin's revenues and products sold were periodically reviewed and adjusted, such that reports related thereto had already been determined to be accurate and sufficient. *Id.*

On January 31, 2020, Muddy Waters Research ("Muddy Waters") published an anonymous report alleging that Luckin had fabricated certain of the Company's financial performance metrics,

beginning in the third quarter of 2019 ("3Q19") (the "Muddy Waters Report"). ¶ 4. The Muddy Waters Report purported to cite "smoking gun evidence," including, *inter alia*, thousands of hours of store video, thousands of customer receipts, and diligent monitoring of the Company's mobile application metrics, which allegedly showed that, since 3Q19, Luckin had inflated its per-store per-day sales figures, its net selling price per item, its advertising expenses, and its revenue contribution from "other products." *Id*.

On this news, Luckin's American depositary share ("ADS") price fell $3.91 per share, or 10.74%, to close at $32.49 per share on January 31, 2020. ¶ 5.

In response to the Muddy Waters Report, Luckin denied all of the claims therein. ¶ 6. In addition, investor Andrew Left of Citron Research ("Citron") disclosed that he had taken a long position in Luckin, and, citing data from Business Connect China ("BCC"), stated that the Muddy Waters Report would "fall short on accuracy." *Id.*

On February 12, 2020, however, J Capital Research ("J Capital"), a China-focused investment research firm, published a more detailed report supporting the findings in the Muddy Waters Report and specifically rebutting Citron's statements in support of Luckin (the "J Capital Report"). ¶ 7.

Dispite the J Capital report, on April 2, 2020, Defendants disclosed that Chief Operating Officer, Defendant Jian Liu, and other employees of the Company, had engaged in a scheme and illegal course of conduct to artificially inflate revenues, by as much as US$310 million during 2019, and were falsely reported from the inception of 2Q:19, that period commenced April 1, 2019 – at least 6 weeks prior to the May 17, 2019 IPO. *Gopu* ¶ 10. On this news, Luckin ADSs took a nose-dive, and closed at $6.40 on April 2, 2020, a drop of more than 80% from the prior days closing of $26.20 per share. *Gopu* ¶ 12.

Then, on April 6, 2020, Goldman Sachs & Co. LLC ("Goldman Sachs") announced that an entity controlled by Defendant Lu had defaulted on a $518 million margin loan facility and a group of lenders was putting 76.3 million of the Company's ADS—pledged as collateral for the loan by Defendants Lu and Zhiya—up for sale, with Goldman Sachs acting as the "disposal agent." *Gopu* ¶ 13. Goldman Sach's announcement revealed that while the Company's shares were artificially inflated by and through Defendants' misrepresentations, Defendants Lu and Zhiya cashed out over 76 million shares to act as collateral for personal loans. *Id.*

This revelation caused Luckin ADSs to drop again, taking them to their lowest-ever price of $4.39 per share at close on April 6, 2020. *Id.*

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned Actions against Defendants. Plaintiff Martin Cohen ("Cohen") commenced the first filed action against Luckin on February 13, 2020. On that same day, counsel acting on Cohen's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Luckin Investor Group's Motion ("Hopkins Decl.").

As more news surrounding Luckin began to emerge after the filing of the *Cohen* Action, three more Actions were filed against Luckin. Two Actions, *Sterckx v. Luckin Coffee, Inc., et al.*, Case No. 1:20-cv-1677 (E.D.N.Y. Apr. 2, 2020) *("*the *Sterckx* Action") and *Gopu v. Luckin Coffee, Inc., et al.,* Case No. 1:20-cv-1747 (E.D.N.Y. Apr. 8, 2020) (the "*Gopu* Action"), were filed in the Eastern District of New York.

Finally, *Shek v. Luckin Coffee, Inc., et al.,* Case No. 1:20-cv-2977 (S.D.N.Y. Apr. 10, 2020) (the "*Shek* Action") was filed in the Southern District of New York, and is pending before this

Court.

### III.   ARGUMENT

#### A.   Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered.15 U.S.C. § 78u-4(a)(3)(B)(ii); 15 U.S.C. § 77z-1(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* FED. R. CIV. P. 42(a). "[D]istrict courts have 'broad discretion to determine whether consolidation is appropriate,' weighing 'considerations of judicial economy' against 'a paramount concern for a fair and impartial trial.'" *Jakobsen v. Aphria, Inc.*, No. 18-cv-11376 (GBD), 2019 U.S. Dist. LEXIS 64440, at *4 (S.D.N.Y. Mar. 27, 2019) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Id*. at *5 ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact." (citation and quotations omitted)); *O'Brien v. Pareteum Corp.,* No. 19-cv-9767, 2020 U.S. Dist. LEXIS 4914, at *5 (S.D.N.Y. Jan. 10, 2020). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve

6

the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Jakobsen*, 2019 U.S. Dist. LEXIS 64440, at *5.

### B. Appointing Luckin Investor Group as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

7

As set forth below, Luckin Investor Group satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Luckin Investor Group has, to the best of its knowledge, the largest financial interest in this litigation—having lost $1,451,506.81 as a result of its transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Luckin Investor Group is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, Luckin Investor Group respectfully submits that it should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Luckin Investor Group Filed a Timely Motion.

On February 13, 2020 pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i); 15 U.S.C. § 77z-1(a)(3)(A)(i), counsel for Cohen published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Luckin securities that they had 60 days from the publication of the February 13, 2020 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl.; *Salinger v. Sarepta Therapeutics, Inc.,* No. 19-CV-8122 (VSB), 2019 U.S. Dist. LEXIS 218248, at *3 (S.D.N.Y. Dec. 17, 2019) (filing a notice on *Globe Newswire* satisfied the PSLRA's notice requirement).

Luckin Investor Group timely filed its motion within the 60-day period following publication of the February 13, 2020 Press Release, submitted herewith sworn certifications attesting that he is willing to serve as a representative of the Class and attaching its transactions in Luckin securities. *See* Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA

8

notice, Luckin Investor Group satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa)..

### 2. Luckin Investor Group Has the Largest Financial Interest.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii). At the time of this filing, Luckin Investor Group believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Luckin Investor Group purchased Luckin securities at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. As a result of the alleged fraud against Defendants, Luckin Investor Group suffered an approximate loss of $1,451,506.81. *See* Hopkins, Ex. B. Luckin Investor Group is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Luckin Investor Group believes that it has the "largest financial interest in the relief sought by the Class." Thus, Luckin Investor Group satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3. Luckin Investor Group Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §

77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Luckin Investor Group need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-12 (S.D.N.Y. Nov. 24, 2008).

### a.     Luckin Investor Group's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 U.S. Dist. LEXIS 95506, at *12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Luckin Investor Group's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Luckin Investor Group alleges that Defendants' material misstatements and omissions, and fraudulent scheme, concerning Luckins's business, operational,

and compliance policies, violated the federal securities laws. Luckin Investor Group, like all members of the Class, purchased Luckin securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where Luckin Investor Groups purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Luckin Investor Group's interests and claims are "typical" of the interests and claims of the Class.

### b.     Luckin Investor Group Is an Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297. Luckin Investor Group has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute these Actions, and Luckin Investor Group's financial losses ensure that it has sufficient incentive to ensure vigorous advocacy. *See* Hopkins Decl., Ex. B. Finally, Luckin Investor Group is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

### C.     Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §

78u-4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(v).

Here, Luckin Investor Group has selected Levi & Korsinsky to pursue this litigation on its behalf and retained the firm as the Class's Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See Deinnocentis v. Dropbox, Inc.,* No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020*); Zhang v. Valaris PLC, et al.,* No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019); *In re Sundial Growers Inc. Sec. Litig.,* No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019); *Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Francisco v. Abengoa, S.A.*, No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi

Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions");  Thus, the Court may rest assured that by granting Luckin Investor Group's motion, the Class will receive the highest caliber of legal representation possible.

## IV.  CONCLUSION

For the foregoing reasons, Luckin Investor Group respectfully requests the Court grant its Motion and enter an Order: (1) consolidating the Actions; (2) appointing Luckin Investor Group as lead plaintiff, (3) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: April 13, 2029                              Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By:  /s/ *Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
Email: shopkins@zlk.com

*Lead Counsel for Luckin Investor Group
and [Proposed] Lead Counsel for the Class*