**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTIN COHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>                             Plaintiff,<br><br>      v.<br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, and REINOUT HENDRIK SCHAKEL,<br><br>                          Defendants. | Case No. 1:20-CV-01293-LJL<br><br>CLASS ACTION |

**MIKE FARHAT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND.................................................................................................... 2

ARGUMENT .......................................................................................................................... 4

I.      FARHAT SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ............. 4

      A.     The PSLRA Standard for Appointing Lead Plaintiff................................................. 4

      B.     Under the PSLRA, Farhat Should Be Appointed Lead Plaintiff .............................. 5

              1.     Farhat Filed a Timely Motion ................................................................... 5

              2.     Farhat Has the Largest Financial Interest in the Relief Sought
                   by the Class ............................................................................................... 6

              3.     Farhat Meets Rule 23's Typicality and Adequacy Requirements ............. 6

II.     FARHAT'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD
      BE APPROVED ....................................................................................................... 9

CONCLUSION...................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Blackmoss Inv., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ...................................................................................6, 7, 8

*In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014)...................................................................................9

*In re Doral Fin. Corp. Secs. Litig.*,
   414 F.Supp.2d 398 (S.D.N.Y. 2006).....................................................................................1

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ...................................................................................4, 5, 6

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC),
   2009 WL 2259502 (S.D.N.Y. July 29, 2009) ....................................................................6, 8

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
   No. 11 Civ. 0917 (BSJ) (JCF),
   2011 WL 2078010 (S.D.N.Y. May 19, 2011) .......................................................................8

*In re Millennial Media, Inc. Sec. Litig.*,
   87 F. Supp. 3d 563 (S.D.N.Y. 2015)....................................................................................5

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS),
   2008 WL 2811358 (S.D.N.Y. July 8, 2008) .........................................................................7

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
   275 F.R.D. 187 (S.D.N.Y. 2011) .........................................................................................8

*Quan v. Advanced Battery Techs., Inc.*,
   No. 11 Civ. 2279 (CM),
   2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011).........................................................................7

*Strougo v. Brantley Capital Corp.*,
   243 F.R.D. 100 (S.D.N.Y. 2007) .........................................................................................6

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) .........................................................................................4

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
   780 F.3d 597 (4th Cir. 2015) ..............................................................................................10

**Statutes**

15 U.S.C. §§ 78u-4 .................................................................................................2, 4, 5, 6, 9

Mike Farhat ("Farhat") respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of his motion for entry of an order (1) appointing Farhat as Lead Plaintiff, and (2) approving Farhat's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.[1]

## PRELIMINARY STATEMENT

Presently pending in this District is the above-captioned securities class action (the "Action")[2] brought on behalf of a putative class (the "Class") of persons or entities who purchased or otherwise acquired the securities of Luckin Coffee, Inc. ("Luckin" or the "Company") between November 13, 2019 and January 31, 2020, inclusive.[3]  With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the most adequate plaintiff as the lead plaintiff for the

---

[1]     Unless stated otherwise, the following conventions apply: (1) all internal citations are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration Of Richard W. Gonnello filed herewith.

[2]     In addition to the above-captioned Action, which was filed on February 13, 2020, the following related securities class actions were filed in the United States District Court for the Eastern District of New York; (1) the action captioned *Sterckx v. Luckin Coffee Inc. et al*, No. 1:20-cv-01677 (E.D.N.Y.) ("*Sterckx*"), which was filed on April 2, 2020; and (2) *Gopu, et. al. v. Luckin Coffee Inc., et al.*, No. 1:20-cv-01747-EK-SJB (E.D.N.Y.) ("*Gopu*"), which was filed on April 8, 2020.  Farhat acknowledges that all three actions will need to be transferred to a single court and consolidated as the actions share common questions of law and fact.

[3]     The *Sterckx* and *Gopu* actions both assert a larger class period, with *Sterckx*'s class period beginning May 17, 2019 and ending April 2, 2020, *Sterckx*, ECF No. 1 at ¶1, and *Gopu*'s class period beginning May 17, 2019 and ending April 6, 2020, inclusive, *Gopu*, ECF No. 1 at 1. Farhat adopts the largest class period asserted in *Gopu* (the "Class Period") and all of the loss causation events alleged in the three complaints.  *See, e.g.*, *In re Doral Fin. Corp. Secs. Litig.*, 414 F.Supp.2d 398, 403 (S.D.N.Y. 2006) ("For the purpose of determining lead plaintiff, I find that the use of the longer, most inclusive cl ass period . . . is proper, as it encompasses more potential class members").

Action "as soon as practicable."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  The most adequate plaintiff is the person who has the "largest financial interest in the litigation" and who also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure for class representatives.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

With losses of $375,919.66, *inter alia*, Farhat, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant.  Farhat also satisfies Rule 23's typicality and adequacy requirements.  Farhat's claims are typical of the Class's claims because he suffered losses on his Luckin investment as a result of the defendants' false and misleading statements. Further, Farhat has no conflict with the Class and will adequately protect the Class's interests given his significant stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and selection of experienced class counsel. Accordingly, Farhat is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Farhat is entitled to select, subject to the Court's approval, lead counsel to represent the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Farhat has engaged the Faruqi Firm for this purpose.  The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Farhat's motion should be granted in its entirety.

## FACTUAL BACKGROUND

Luckin is a Cayman Islands corporation with principal executive offices located at 17F Block A, Tefang Portman Tower, No. 81 Zhanhong Road, Siming District, Xiamen, Fujian, China. Luckin.  Action, Class Action Complaint For Violation Of The Federal Securities Laws at

¶14, ECF No. 1.  Luckin's American Depository Shares ("ADS") trade on the NASDAQ under the ticker symbol "LK."  *Id.* at ¶14.  Luckin engages in the retail sale of freshly brewed drinks, and pre-made food and beverage items in China, offering freshly brewed drinks, including freshly brewed coffee and non-coffee drinks, and food and beverage items, such as light meals. *Id.* at ¶20.  The Company operates pickup stores, relax stores, and delivery kitchens under the Luckin brand, as well as Luckin mobile app, Weixin mini-program, and other third-party platforms that cover the customer purchase process.  *Id*.

The complaint filed in the Action alleges that during the Class Period defendants knowingly and/or recklessly made materially false and misleading statements and/or failed to disclose that: (i) certain of Luckin's financial performance metrics, including per-store per-day sales, net selling price per item, advertising expenses, and revenue contribution from "other products" were inflated; (ii) Luckin's financial results thus overstated the Company's financial health and were consequently unreliable; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.  *Id.* at ¶20.

The truth emerged on January 31, 2020, when Muddy Waters Research ("Muddy Waters") published a report alleging that Luckin had fabricated certain of the Company's financial performance metrics, beginning in the third quarter of 2019 ("3Q19") (the "Muddy Waters Report").  *Id.* at ¶33.  The Muddy Waters Report purported to cite "smoking gun evidence," including, *inter alia*, thousands of hours of store video, thousands of customer receipts, and diligent monitoring of the Company's mobile application metrics, which allegedly showed that, since 3Q2019, Luckin had inflated its per-store per-day sales figures, its net selling price per item, its advertising expenses, and its revenue contribution from "other products."  *Id.* at ¶¶33-37.

On this news, Luckin's ADS price fell $3.91 per share, or 10.74%, to close at $32.49 per share on January 31, 2020. *Id* at ¶38.

Through the Action, Farhat seeks to recover for himself and absent class members the substantial losses that were suffered as a result of the defendants' fraud.

## ARGUMENT

## I.   FARHAT SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A.   The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B)(I).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff.  *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)). Under the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members."  Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Foley*, 272 F.R.D. at 127 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)); *see also In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009) (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Foley*, 272 F.R.D. at 127.

### B.      Under the PSLRA, Farhat Should Be Appointed Lead Plaintiff

As discussed below, Farhat should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Farhat holds the largest financial interest of any movant, and Farhat otherwise satisfies Rule 23's typicality and adequacy requirements.

#### 1.      Farhat Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the actions was required to publish notice within twenty (20) days of its filing.  Counsel for first filed plaintiff Martin Cohen published notice of the lead plaintiff deadline via *Globe Newswire* on February 13, 2020.  *See* Ex. A; *see also In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 567 (S.D.N.Y. 2015) (finding publication in *Globe Newswire* sufficient to satisfy the PSLRA's notice requirement).  Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before April 13, 2020.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Thus, Farhat's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Farhat timely signed and submitted the requisite certification, identifying all of his relevant Luckin trades during the Class Period, and detailing Farhat's suitability to serve as Lead Plaintiff in this case.  *See* Ex. B. The PSLRA's procedural requirements have therefore been met**.**

    2.       **Farhat Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have often looked to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Foley*, 272 F.R.D. at 127-28; *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *4 (S.D.N.Y. July 29, 2009). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g.*, *Foley*, 272 F.R.D. at 128; *In re GE*, 2009 WL 2259502, at *5.

Overall, during the Class Period, Farhat purchased 218,537 total Luckin shares, expended $255,980.26 in net funds, and suffered losses of $375,919.66 attributable to the fraud. *See* Ex. C. Farhat is unaware of any other movant with a larger financial interest in the outcome of this litigation.

    3.       **Farhat Meets Rule 23's Typicality and Adequacy Requirements**

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B). When assessing a potential lead plaintiff only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *see also Blackmoss*

*Inv., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "However, the claims of the class representative need not be identical to those of all members of the class." *Blackmoss*, 252 F.R.D. at 191; *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008) ("Indeed, [t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members do not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

Farhat's claims are clearly typical of the Class's claims. Farhat purchased Luckin shares during the Class Period, suffered damages as a result of the Company's false and misleading statements, and therefore can assert the Class's claims against Luckin and certain of its officers under the federal securities laws. Because the factual and legal bases of Farhat's claims are similar to those of the Class's claims, Farhat necessarily satisfies the typicality requirement. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279 (CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class."  Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole.  *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in his certification, *see* Ex. B, Farhat's interests are perfectly aligned with—and by no means antagonistic to—the Class.  *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917 (BSJ) (JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *Blackmoss*, 252 F.R.D. at 191 (same).

Further, Farhat's experience demonstrates he is able to fairly and adequately protect the interest of the Class.  Farhat previously served as a municipal judge in Texas, and is an experienced businessman who currently serves as Chairman and Chief Executive Officer of an international trading and business consultant firm.  Ex. B at ¶1.  Farhat has also achieved numerous accolades, and has also committed to various charitable endeavors, including serving as a director on the boards of several charitable organizations.  *Id.*

Farhat has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class.  As explained below in Section II, the Faruqi Firm is highly

regarded for its experience, knowledge, and ability to conduct complex securities class action litigation.  *See also* Ex. D (Faruqi Firm's resume).  Consequently, Farhat is amply adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Farhat respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## II.    FARHAT'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval.  Farhat has selected the Faruqi Firm to be Lead Counsel for the Class.  The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions.  *See* Ex. D; *see also In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases.").  For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g.*, *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2017) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final

approval of a $2.925 million settlement); *In re Geron Corp.*, *Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix*, *Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02 CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc.*

10

*Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Attigui v. Tahoe Resources, Inc.*, No. 2:18-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class); *Khanna v. Ohr Pharmaceutical Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (appointed as sole lead counsel for the class); *Lee v. Synergy Pharmaceuticals, Inc.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *Smith v. CV Sciences, Inc.*, No. 2:18-cv-01602-JAD-PAL (D. Nev.) (appointed as sole lead counsel for the class); *Sharma v. Amarin Corp., plc*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class); *Miranda v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (appointed as sole lead counsel for the class); *Malhotra v. Sonim Technologies, Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (appointed as sole lead counsel for the class).

## CONCLUSION

For the foregoing reasons, Farhat respectfully requests that the Court (1) appoint him as Lead Plaintiff; (2) approve his selection of the Faruqi Firm as Lead Counsel for the putative Class; and (3) grant such other relief as the Court may deem just and proper.

Dated: April 13, 2020

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:    */s/ Richard W. Gonnello*
         Richard W. Gonnello

Richard W. Gonnello
Sherief Morsy
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331

E-mail: rgonnello@faruqilaw.com
        smorsy@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Mike Farhat and [Proposed] Lead Counsel*
*for the putative Class*