UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, and REINOUT HENDRIK SCHAKEL,<br><br>Defendants. | Case No. 1:20-cv-01293-LJL |
| WAI CHUN SHEK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, CHARLES ZHENGYAO LU, REINOUT HENDRIK SCHAKEL, JINYI GUO, JIAN LIU, HUI LI, ERHAI LIU, CREDIT SUISSE SECURITIES (USA) LLC, MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, KEYBANC CAPITAL MARKETS INC., and NEEDHAM & COMPANY, LLC<br><br>Defendants. | Case No. 1:20-cv-02977-NRB |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HAPNEY INVESTMENT MANAGEMENT LLC, MOHSEN SAJJADIEH, MARC NEHORAYAN, AND WILLEM DEVELTER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS <u>LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................ 1

II. FACTUAL BACKGROUND .................................................................................... 2

III. PROCEDURAL BACKGROUND ............................................................................ 4

IV. ARGUMENT ............................................................................................................. 6

    A. The Related Actions Should Be Consolidated ........................................... 6

    B. Movants Should be Appointed Lead Plaintiff ............................................ 6

        1. Movants Filed a Timely Motion ..................................................... 7

        2. Movants Have the Largest Financial Interest ................................. 8

        3. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure ..................................................................................... 9

            a) Movants' Claims Are Typical ............................................ 9

            b) Movants Are Adequate Representatives ......................... 10

    C. The Court Should Approve Lead Plaintiff's Choice of Counsel ............ 11

V. CONCLUSION ........................................................................................................ 11

# **TABLE OF AUTHORITIES**

CASES

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.*,
   269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................. 9, 10

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ........................................................................................ 9, 11

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) ........................................................................................ 9

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) ........................................................................................... 6

*Kuriakose v. Federal Home Loan Mortg. Co.*,
   2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................................................. 9

*Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*,
   275 F.R.D. 187 (S.D.N.Y. 2011) ...................................................................................... 6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008) ........................................................................ 7, 8

STATUTES

15 U.S.C. § 77z-1(a)(3)(B) .................................................................................... *passim*

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................... *passim*

HAPNEY Investment Management LLC, Mohsen Sajjadieh, Marc Nehorayan, and Willem Develter (collectively, "Movants") respectfully submit this memorandum of law in support of their motion for an Order: (1) consolidating the above-captioned related actions; (2) appointing Movants as Lead Plaintiff pursuant to Section 27 of the Securities Act of 1933 (the "Securities Act") and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approving Movants' selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").[1]

## I. PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired: (1) Luckin Coffee Inc. ("Luckin" or the "Company") securities between May 17, 2019 and April 6, 2020, inclusive (the "Class Period"); (2) Luckin American Depositary Shares ("ADSs" or "shares") in connection with or traceable to the initial public offering on or about May 17, 2019 (the "IPO"); and (3) Luckin ADSs in connection with or traceable to the secondary public offering on or about January 10, 2020 (the "Secondary Offering"), including those who purchased Senior Convertible Notes in connection with the $400 million Note Offering conducted concurrently with the Secondary Offering.

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of

---

[1] On April 2, 2020, another action was filed in the United States District Court for the Eastern District of New York, captioned *Sterckx v. Luckin Coffee, Inc., et al.*, Case No. 1:20-cv-01677-KAM-VMS. Movants are moving for lead plaintiff in the *Sterckx* Action simultaneously herewith and, should they prevail, intend to seek to transfer and consolidate the actions in one forum.

1

adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movants believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on their financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims, and they are committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movants respectfully submit that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movants' selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class actions and the experience and resources to efficiently prosecute this action.

## II.   FACTUAL BACKGROUND

Luckin engages in the retail sale of freshly brewed drinks and pre-made food and beverage items in the People's Republic of China.

In May 2019, Luckin completed its IPO and sold approximately 33 million ADSs at $17 per ADS pursuant to the Registration Statement filed on April 22, 2019.

In January 2020, Luckin completed its Secondary Offering and sold approximately 9 million ADSs at $42 per ADS pursuant to the Registration Statement filed on January 7, 2020. At the same time, Luckin issued $400 million in aggregate principal of convertible senior notes.

On January 31, 2020, Muddy Waters published an anonymous report alleging that Luckin had fabricated certain of the Company's financial performance metrics beginning third quarter 2019. The report cited thousands of hours of store video, thousands of customer receipts, and

diligent monitoring of the Company's mobile application metrics, which allegedly showed that, since third quarter 2019, Luckin had inflated its per-store per-day sales figures, its net selling price per item, its advertising expenses, and its revenue contribution from "other products."

On this news, the price of Luckin's ADSs fell $3.91 per share, or nearly 11%, to close at $32.49 per share on January 31, 2020, on unusually heavy trading volume.

On February 3, 2020, Luckin issued a detailed press release purportedly denying the allegations in the report.

On March 27, 2020, Luckin announced the appointment of two purported independent directors and stated that defendant Erhai Liu had stepped down as a member of the Audit Committee.

On April 2, 2020, the Company announced the termination of its Chief Operating Officer, defendant Jian Liu, the formation of an independent special committee, and certain details of an ongoing internal investigation. Specifically, Luckin disclosed that from the second quarter 2019 to fourth quarter 2019, over RMB2.2 million in aggregate sales had been fabricated and that certain costs and expenses were substantially inflated by fabricated sales during this period.

On this news, the price of Luckin's ADSs fell $19.80 per share, or nearly 76%, to close at $6.40 per share on April 2, 2020, on unusually heavy trading volume.

On April 6, 2020, Goldman Sachs & Co. LLC revealed that an entity controlled by Luckin's cofounders had defaulted on a $518 million margin loan facility and a group of lenders was putting 76.3 million of the Company's ADSs—pledged as collateral for the loan by the Company's cofounders—up for sale.

On this news, the price of Luckin's ADSs fell $0.99, or over 18%, to close at $4.39 per share on April 6, 2020, on unusually heavy trading volume.

The complaints allege that, throughout the Class Period and in the Registration Statements filed in connection with the IPO and the Secondary Offering, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts concerning the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that certain of Luckin's financial performance metrics, including per-store per-day sales, net selling price per item, advertising expenses, and revenue contribution from "other products" were inflated; (2) that Luckin's financial results thus overstated the Company's financial health and were consequently unreliable and would likely require restatement; and (3) that, as a result, Defendants' statements about Luckin's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis at all relevant times.

### III.   PROCEDURAL BACKGROUND

On February 13, 2020, Martin Cohen filed a securities class action in this District against Luckin and its Chief Executive Officer, Jenny Zhiya Qian, and Chief Financial Officer, Reinout Hendrik Schakel, captioned *Cohen v. Luckin Coffee, Inc., et al.*, Case No. 1:20-cv-01293-LJL (the "*Cohen* Action"). This action is brought on behalf persons and entities that purchased or otherwise acquired Luckin securities between November 13, 2019 and January 31, 2020, alleging violations of the Exchange Act.

On April 2, 2020, Christophe Sterckx filed a securities class action in the Eastern District of New York against Luckin, its officers and directors who signed the registration statements filed in connection with the IPO and the Secondary Offering, and the underwriters for IPO and Secondary Offering, captioned *Sterckx v. Luckin Coffee, Inc., et al.*, Case No. 1:20-cv-01677-KAM-VMS (the "*Sterckx* Action"). This action is brought on behalf of persons and entities that purchased or otherwise acquired: (1) Luckin securities between May 17, 2019 and April 2, 2020,

4

inclusive; (2) Luckin ADSs in connection with or traceable to the IPO; and (3) Luckin ADSs in connection with or traceable to the Secondary Offering. The *Sterckx* Action alleges violations of the Securities Act and the Exchange Act.

On April 8, 2020, Vijaya and Nirmala Gopu filed a securities class action in Eastern District of New York against the defendants named in the *Sterckx* Action and two additional directors, Sean Shao and Thomas P. Meier, captioned *Gopu v. Luckin Coffee Inc., et al.*, 1:20-cv-01747-EK-SJB (the "*Gopu* Action"). This action is brought on behalf of persons and entities that purchased or otherwise acquired Luckin securities between May 17, 2019 and April 2, 2020, inclusive, including those who purchased Luckin ADSs in connection with or traceable to the IPO of the Secondary Offering, and including those who purchased Senior Convertible Notes in connection with the $400 million Note Offering conducted concurrently with the Secondary Offering. The *Gopu* Action alleges violations of the Securities Act and the Exchange Act.

On April 10, 2020, Wai Chun Shek filed another securities class action in this District against the same defendants as the *Sterckx* Action, captioned *Shek v. Luckin Coffee, Inc., et al.*, Case No. 1:20-cv-02977-NRB (the "*Shek* Action"). This action is brought on behalf of persons and entities that purchased or otherwise acquired: (1) Luckin securities between May 17, 2019 and January 31, 2020, inclusive; (2) Luckin ADSs in connection with or traceable to the IPO; and (3) Luckin ADSs in connection with or traceable to the Secondary Offering. The *Shek* Action alleges violations of the Securities Act and the Exchange Act. The *Cohen* and *Shek* Actions are collectively referred to herein as the "Related Actions."

## IV.     ARGUMENT

### A.     The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B.     Movants Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"— *i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;

6

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy all of the PSLRA criteria and have complied with all of the PSLRA's requirements for appointment as lead plaintiff. Movant have, to the best of their knowledge, the largest financial interest in this litigation and meet the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movants are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movants Filed a Timely Motion

Movants have made a timely motion in response to a PSLRA early notice. On February 13, 2020, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with the first-filed action against Luckin. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Movants had sixty days, or until April 13, 2020, to file a motion to be

appointed as Lead Plaintiff.[2] As purchasers of Luckin securities, Movants are members of the proposed class and have hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their PSLRA certifications, Movants attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as representatives of the class. Linkh Decl., Ex. C. Accordingly Movants satisfy the first requirement to serve as Lead Plaintiff for the class.

### 2. Movants Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

As a result of the revelations of the fraud as described above, Movants have suffered substantial financial losses.  *See* Linkh Decl., Ex. D.  To the best of their knowledge, Movants are not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest.  As such, Movants believe they have the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.  *See Varghese*, 589 F. Supp. 2d at 396.

---

[2] On April 3, 2020, notice was published in connection with the *Sterckx* Action announcing the expanded class definition and that deadline to file a lead plaintiff motion is April 13, 2020. Linkh Decl., Ex. B.

### 3. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

#### a) Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

9

Movants' claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Luckin's business, operations, and financial prospects violated the federal securities laws. Movants, like all of the members of the Class, purchased Luckin securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b) Movants Are Adequate Representatives

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movants have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they have sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. D. Xingcheng Li, CEO of HAPNEY Investment Management LLC, resides in Orange County, California. Mr. Li has a B.S. in Engineering and has been CEO of an investment management company for eight years. Mohsen Sajjadieh resides in Hoover, Alabama and has been managing his own portfolio since 1997. Mr. Sajjadieh has a B.S. in Electrical Engineering and owned an electrical consulting engineering company before retiring in 2014. Willem Develter resides in Wilemstad, Curacao and has been investing since 2017. Mr. Develter has a medical degree with a specialization in internal medicine and nephrology and has been an internist-nephrologist for over 13 years. Movants are not aware of any conflict between their claims and those asserted on behalf of the Class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movants have retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on their behalf and will retain the firm as the Class's lead counsel in the event they are appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in class action litigation, including securities class actions, and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit E. Thus, the Court may be assured that, by granting the Motion, the Class will receive the highest caliber of legal representation.

### V. CONCLUSION

For the foregoing reasons, HAPNEY Investment Management LLC, Mohsen Sajjadieh, Marc Nehorayan, and Willem Develter respectfully request that the Court grant their Motion and enter an Order (1) consolidating the related actions; (2) appointing Movants as Lead Plaintiff; (3) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: April 13, 2020   **GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

11

-and-

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movants HAPNEY Investment Management LLC, Mohsen Sajjadieh, Marc Nehorayan, and Willem Develter and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 13, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 13, 2020, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh
