# Exhibit D



| HAVERFORD, | 361 West Lancaster Avenue<br>Haverford, PA 19041<br>Voice: 610-642-8500<br>Toll Free: |
|---|---|
| WILMINGTON, | 2711 Centerville Rd.<br>Suite 201<br>Wilmington, DE 19808<br>Voice: 302-656-2500<br>Fax: 302-656-9053 |

<u>OUR ATTORNEYS</u>

*Partners*

3    Nicholas E. Chimicles

6    Robert J. Kriner, Jr.

7    Steven A. Schwartz

10   Kimberly Donaldson Smith

12   Timothy N. Mathews

14   Benjamin F. Johns

17   Scott M. Tucker

*Of Counsel & Senior Counsel*

18   Anthony Allen Geyelin

19   Tiffany J. Cramer

*Associates*

21   Andrew W. Ferich

24   Alison G. Gushue

25   Mark B. DeSanto

27   Stephanie E. Saunders

28   Zachary P. Beatty

30   Beena M. McDonald

32   Alex M. Kashurba

33   Samantha E. Holbrook

34   Emily L. Skaug

35   <u>PRACTICE AREAS</u>

39   <u>REPRESENTATIVE CASES</u>

# Our Attorneys-Partners

**Practice Areas:**

- Antitrust

- Automobile Defects and False Advertising

- Corporate Mismanagement & Shareholder Derivative Action

- Defective Products and Consumer Protection

- Mergers & Acquisitions

- Non-Listed REITs

- Other Complex Litigation

- Securities Fraud

**Education:**

- University of Virginia School of Law, J.D., 1973

- University of Virginia Law Review; co-author of a course and study guide entitled "Student's Course Outline on Securities Regulation," published by the University of Virginia School of Law

- University of Pennsylvania, B.A., 1970

**Memberships & Associations:**

- Supreme Court of Pennsylvania Disciplinary Board Hearing Committee Member, 2008-2014.

- Past President of the National Association of Securities and Commercial Law Attorneys based in Washington, D.C., 1999-2001

- Chairman of the Public Affairs Committee of the American Hellenic Institute, Washington, D.C.

- Member of the Boards of Directors of Opera Philadelphia, Pennsylvanians for Modern Courts, and the Public Interest Law Center of Philadelphia.

**Admissions:**

- Supreme Court of Pennsylvania

- United States Supreme Court

- Second Circuit Court of Appeals

- Third Circuit Court of Appeals

# NICHOLAS E. CHIMICLES



Mr. Chimicles has been lead counsel and lead trial counsel in major complex litigation, antitrust, securities fraud and breach of fiduciary duty suits for over 40 years. Representative Cases include:

- In three related cases involving the collection of improperly imposed telephone utility users taxes, Mr. Chimicles was co-lead counsel representing taxpayers in the Superior Court in Los Angeles, resulting in the creation of settlement finds totaling more than $120 million. *Ardon v. City of Los Angeles* ($92.5 million)(2016); *McWilliams v. City of Long Beach* ($16.6 million)(2018); and *Granados v. County of Los Angeles* ($16.9 million)(2018). The suits were settled after the Supreme Court of California unanimously upheld the rights of taxpayers to file class action refund claims under the California Government Code.

- *W2007 Grace Acquisition I, Inc., Preferred Stockholder Litigation,* Civ. No. 2:13-cv-2777, involved various violations of contractual, fiduciary and corporate statutory duties by defendants who engaged in various related-party transactions, wrongfully withheld dividends and financial information, and failed to timely hold an annual preferred stockholder meeting. This litigation resulted in a swift settlement valued at over $76 million after ten months of hard-fought litigation.

- *Lockabey v. American Honda Motor Co.,* Case No. 37-2010-87755 (Superior Ct., San Diego). A settlement valued at over $170 million resolved a consumer action involving false advertising claims relating to the sale of Honda Civic Hybrid vehicles as well as claims relating to a software update to the integrated motor assist battery system of the HCH vehicles. As a lead counsel, Mr. Chimicles led a case that, in the court's view, was "difficult and risky" and provided "significant public value."

- *City of St. Clair Shores General Employees Retirement System, et al. v. Inland Western Retail Real Estate Trust, Inc.*, Case No. 07 C 6174 (N.D. Ill.). A $90 million settlement was reached in 2010 in this class action challenging the accuracy of a proxy statement that sought (and received) stockholder approval of the merger of an external advisor and property managers by a multi-billion dollar real estate investment trust, Inland Western Retail Real Estate Trust, Inc. The settlement provided that the owners of the advisor/property

3

- Fourth Circuit Court of Appeals
- Sixth Circuit Court of Appeals
- Ninth Circuit Court of Appeals
- Tenth Circuit Court of Appeals
- Eleventh Circuit Court of Appeals
- Court of Appeals for the D.C. Circuit
- Eastern District of Pennsylvania
- Eastern District of Michigan
- Northern District of Illinois
- District of Colorado
- Eastern District of Wisconsin
- Court of Federal Claims
- Southern District of New York

**Honors:**

- Recipient of the American Hellenic Institute's Heritage Achievement & National Public Service Award (2019)

- Fellow of the American Bar Foundation (2017) - an honorary organization of lawyers, judges and scholars whose careers have demonstrated outstanding dedication to the welfare of their communities and to the highest principles of the legal profession.

- Prestigious 2016 Thaddeus Stevens Award of the Public Interest Law Center (Philadelphia) in recognition of his leadership and service to this organization.

- Ellis Island Medal of Honor in May 2004, in recognition of his professional achievements and history of charitable contributions to educational, cultural and religious organizations.

- Pennsylvania and Philadelphia SuperLawyers, 2006-present.

- AV® rated by Martindale-Hubbell

manager entities (who are also officers and/or directors of Inland Western) had to return nearly 25% of the Inland Western stock they received in the merger.

- *In re Real Estate Associates Limited Partnerships Litigation*, No. CV 98-7035 DDP, was tried in the federal district court in Los Angeles before the Honorable Dean D. Pregerson. Mr. Chimicles was lead trial counsel for the Class of investors in this six-week jury trial of a securities fraud/breach of fiduciary duty case that resulted in a $185 million verdict in late 2002 in favor of the Class (comprising investors in the eight REAL Partnerships) and against the REALs' managing general partner, National Partnership Investments Company ("NAPICO") and the four individual officers and directors of NAPICO. The verdict included an award of $92.5 million in punitive damages against NAPICO. This total verdict of $185 million was among the "Top 10 Verdicts of 2002," as reported by the National Law Journal (verdictsearch.com). On post-trial motions, the Court upheld in all respects the jury's verdict on liability, upheld in full the jury's award of $92.5 million in compensatory damages, upheld the Class's entitlement to punitive damages (but reduced those damages to $2.6 million based on the application of California law to NAPICO's financial condition), and awarded an additional $25 million in pre-judgment interest. Based on the Court's decisions on the post-trial motions, the judgment entered in favor of the Class on April 28, 2003 totaled over $120 million.

- *CNL Hotels & Resorts, Inc. Securities Litigation*, Case No. 6:04-cv-1231 (M.D. Fla., Orl. Div. 2006). The case settled Sections 11 and 12 claims for $35 million in cash and Section 14 proxy claims by significantly reducing the merger consideration by nearly $225 million (from $300 million to $73 million) that CNL paid for internalizing its advisor/manager.

- *Prudential Limited Partnerships Litigation*, MDL 1005 (S.D.N.Y.). Mr. Chimicles was a member of the Executive Committee in this case where the Class recovered from Prudential and other defendants $130 million in settlements, that were approved in 1995. The Class comprised limited partners in dozens of public limited partnerships that were marketed by Prudential.

- *PaineWebber Limited Partnerships Litigation*, 94 Civ. 8547 (S.D.N.Y.). Mr. Chimicles was Chairman of the Plaintiffs' Executive Committee representing limited partners who had invested in more than 65 limited partnerships that PaineWebber organized and/or marketed. The litigation was settled for a total of $200 million, comprising $125 million in cash and $75 million in additional benefits resulting from restructurings and fee concessions and waivers.

- *In Re Phoenix Leasing Incorporated Limited Partnership Litigation*, Superior Court of the State of California, County of Marin, Case No. 173739. In February 2002, the Superior Court of Marin County, California, approved the settlement of this case which involved five public partnerships sponsored by Phoenix Leasing Incorporated and

4

- *Continental Illinois Corporation Securities Litigation*, Civil Action No. 82 C 4712 (N.D. Ill.) involving a twenty-week jury trial in which Mr. Chimicles was lead trial counsel for the Class that concluded in July, 1987 (the Class ultimately recovered nearly $40 million).

**Practice Areas:**

- Corporate Mismanagement & Shareholder Derivative Action
- Mergers & Acquisitions

**Education:**

- Delaware Law School of Widener University, J.D., 1988
- University of Delaware, B.S. Chemistry, 1983

**Memberships:**

- Delaware State Bar Association

**Admissions:**

- Supreme Court of Delaware

# ROBERT J. KRINER, JR.



Robert K. Kriner, Jr. is a Partner in the Firm's Wilmington, Delaware office. From 1988 to 1989, Mr. Kriner served as law clerk to the Honorable James L. Latchum, Senior Judge of the United States District Court for the District of Delaware.  Following his clerkship and until joining the Firm, Mr. Kriner was an associate with a major Wilmington, Delaware law firm, practicing in the areas of corporate and general litigation.

Mr. Kriner has prosecuted actions, including class and derivative actions, on behalf of stockholders, limited partners and other investors with claims relating to mergers and acquisitions, hostile acquisition proposals, the enforcement of fiduciary duties, the election of directors, and the enforcement of statutory rights of investors such as the right to inspect books and records. Among his recent achievements are Sample v. Morgan, C.A. No. 1214-VCS (obtaining full recovery for shareholders diluted by an issuance of stock to management), In re Genentech, Inc. Shareholders Litigation, Consolidated C.A. No. 3911-VCS (leading to a nearly $4 billion increase in the price paid to the Genentech stockholders) and In re Kinder Morgan, Inc. Shareholders Litigation, Consolidated Case No. 06-C-801 (action challenging the management led buyout of Kinder Morgan, settled for $200 million).

Recently, Mr. Kriner led the prosecution of a derivative action in the Delaware Court of Chancery by stockholders of Bank of America Corporation relating to the January 2009 acquisition of Merrill Lynch & Co. In re Bank of America Corporation Stockholder Derivative Litigation, C.A. No. 4307-CS. The derivative action concluded in a settlement which included a $62.5 million payment to Bank of America.

**Practice Areas:**

- Antitrust
- Corporate Mismanagement & Shareholder Derivative Action
- Defective Products and Consumer Protection
- Other Complex Litigation
- Securities Fraud

**Education:**

- Duke University School of Law, J.D., 1987
- ◊ Law & Contemporary Problems Journal, Senior Editor
- University of Pennsylvania, B.A., 1984 - *cum laude*

**Memberships & Associations:**

- National Association of Shareholder and Consumer Attorneys (NASCAT) Executive Committee Member
- American Bar Association
- Pennsylvania Bar Association

**Admissions:**

- United States Supreme Court
- Pennsylvania Supreme Court
- Third Circuit Court of Appeals
- Sixth Circuit Court of Appeals
- Eighth Circuit Court of Appeals
- Ninth Circuit Court of Appeals
- Eastern District of Pennsylvania
- Western District of Pennsylvania
- Eastern District of Michigan
- District of Colorado

**Honors:**

- National Trial Lawyers Top 100
- AV Rating from Martindale Hubbell
- Pennsylvania Super Lawyer, 2006-Present
- America's Top 100 High Stakes Litigator

# Steven A. Schwartz



Steven A. Schwartz has prosecuted complex class actions in a wide variety of contexts. Notably, Mr. Schwartz has been successful in obtaining several settlements where class members received a full recovery on their damages. Representative cases include:

- *In re Cigna-American Specialty Health Administrative Fee Litigation*, No. 2:16-cv-03967-NIQA (E. D. Pa.). I served as co-lead counsel in this national class action alleging that defendant Cigna and its subcontractor, ASH, violated the written terms of ERISA medical benefit by treating ASH's administrative fees as medical expenses to artificially inflate the amount of "benefits" owed by plans and the cost-sharing obligations of plan participants and beneficiaries. The Court approved the $8.25 million settlement in which class members were automatically mailed checks representing a full or near-full recovery of the actual amount they paid for the administrative fees. ECF 101 at 4, 23-24.

- *Rodman v. Safeway Inc.*, No. 11-3003-JST (N.D. Cal.). Mr. Schwartz served as Plaintiffs' Lead Trial Counsel and presented all of the district court and appellate arguments in this national class action regarding grocery delivery overcharges. He was successful in obtaining a national class certification and a series of summary judgment decisions as to liability and damages resulting in a $42 million judgment, which represents a full recovery of class members' damages plus interest. The $42 million judgment was entered shortly after a scheduled trial was postponed due to Safeway's discovery misconduct, which resulted in the district court imposing a $688,000 sanction against Safeway. The Ninth Circuit affirmed the $42 million judgment. 2017 U.S. App. LEXIS 14397 (9th Cir. Aug. 4, 2017).

- *In re Apple iPhone/iPod Warranty Litig.*, No. 3:10-1610-RS (N.D. Cal.). Mr. Schwartz served as co-lead counsel in this national class action in which Apple agreed to a $53 million non-reversionary, cash settlement to resolve claims that it had improperly denied warranty coverage for malfunctioning iPhones due to alleged liquid damage. Class members were automatically mailed settlement checks for more than 117% of the average replacement costs of their iPhones, net of attorneys' fees, which represented an average payment of about $241.

- *In re Sears, Roebuck & Co. Front-Loading Washer Prods. Liab. Litig.*, No. 06 C 7023, (N.D. Ill.) & Case 1:09-wp-65003-CAB (N. D. Ohio) (MDL No. 2001). Mr. Schwartz served as co-lead class counsel in this case which related to defective central control units ("CCUs") in front load washers manufactured by Whirlpool and sold by Sears. After extensive litigation, including two trips to the Seventh Circuit and a trip to the United States Supreme Court challenging the certification of the plaintiff class, he negotiated a settlement shortly before trial that the district court held, after a contested proceeding approval proceeding, provided a "full-value, dollar-for-dollar recovery" that was "as good, if not a

7

better, [a] recovery for Class Members than could have been achieved at trial." 2016 U.S. Dist. LEXIS 25290 at *35 (N.D. Ill. Feb. 29, 2016).

- *Chambers v. Whirlpool Corp., et al., Case No.* 11-1773 FMO (C.D. Cal.). Mr. Schwartz served as co-lead counsel in this national class action involving alleged defects resulting in fires in Whirlpool, Kenmore, and KitchenAid dishwashers. The district court approved a settlement which he negotiated that provides wide-ranging relief to owners of approximately 24 million implicated dishwashers, including a full recovery of out-of-pocket damages for costs to repair or replace dishwashers that suffered overheating Events. In approving the settlement, Judge Olguin of the Central District of California described Mr. Schwartz as "among the most capable and experienced lawyers in the country in [consumer class actions]." 214 F. Supp. 3d 877, 902 (C.D. Cal. 2016).

- *Wong v. T-Mobile*, No. 05-cv-73922-NGE-VMM (E.D. Mich.). In this billing overcharge case, Mr. Schwartz served as co-lead class counsel and negotiated a settlement where T-Mobile automatically mailed class members checks representing a 100% net recovery of the overcharges and with all counsel fees paid by T-Mobile in addition to the class members' 100% recovery.

- *In re Certainteed Corp. Roofing Shingle Products Liability Litig.*, No, 07-md-1817-LP (E.D. Pa.). In this MDL case related to defective roof shingles, Mr. Schwartz served as Chair of Plaintiffs' Discovery Committee and worked under the leadership of co-lead class counsel. The parties reached a settlement that provided class members with a substantial recovery of their out-of-pocket damages and that the district court valued at between $687 to $815 million.

- *Shared Medical Systems 1998 Incentive Compensation Plan Litig.*, Mar. Term 2003, No. 0885 (Phila. C.C.P.). In this case on behalf of Siemens employees, after securing national class certification and summary judgment as to liability, on the eve of trial, Mr. Schwartz negotiated a net recovery for class members of the full amount of the incentive compensation sought (over $10 million) plus counsel fees and expenses. At the final settlement approval hearing, Judge Bernstein remarked that the settlement "should restore anyone's faith in class action[s]. . . ." Mr. Schwartz served as co-lead counsel in this case and handled all of the arguments and court hearings.

- *In re Pennsylvania Baycol: Third-Party Payor Litig.*, Sept. Term 2001, No. 001874 (Phila. C.C.P.) ("Baycol"). Mr. Schwartz served as co-lead class counsel in this case brought by health and welfare funds and insurers to recover damages caused by Bayer's withdrawal of the cholesterol drug Baycol. After extensive litigation, the court certified a nationwide class and granted plaintiffs' motion for summary judgment as to liability, and on the eve of trial, he negotiated a settlement providing class members with a net recovery that approximated the maximum damages (including pre-judgment interest) that class members suffered. That settlement represented three times the net recovery of Bayer's voluntary claims process (which AETNA and CIGNA had negotiated and was accepted by many large insurers who opted out of the class early in the litigation).

8

- *Wolens v. American Airlines, Inc*. Mr. Schwartz served as plaintiffs' co-lead counsel in this case involving American Airlines' retroactive increase in the number of frequent flyer miles needed to claim travel awards. In a landmark decision, the United States Supreme Court held that plaintiffs' claims were not preempted by the Federal Aviation Act. 513 U.S. 219 (1995). After eleven years of litigation, American Airlines agreed to provide class members with mileage certificates that approximated the full extent of their alleged damages, which the Court, with the assistance of a court-appointed expert and after a contested proceeding, valued at between $95.6 million and $141.6 million.

- *In Re ML Coin Fund Litigation*, (Superior Court of the State of California for the County of Los Angeles). Mr. Schwartz served as plaintiffs' co-lead counsel and successfully obtained a settlement from defendant Merrill Lynch in excess of $35 million on behalf of limited partners, which represented a 100% net recovery of their initial investments (at the time of the settlement the partnership assets were virtually worthless due to fraud committed by Merrill's co-general partner Bruce McNall, who was convicted of bank fraud).

- *Nelson v. Nationwide*, July Term 1997, No. 00453 (Phila. C.C.P.). Mr. Schwartz served as lead counsel on behalf of a certified class. After securing judgment as to liability in the trial court (34 Pa. D. & C. 4th 1 (1998)), and defeating Nationwide's Appeal before the Pennsylvania Superior Court, 924 PHL 1998 (Dec. 2, 1998), he negotiated a settlement whereby Nationwide agreed to pay class members approximately 130% of their bills.

# Kimberly  Donaldson Smith

**Practice Areas:**

- Securities Fraud

- Non-Listed REITs

- Corporate Mismanagement & Shareholder Derivative Action

- Mergers & Acquisitions

**Education:**

- Villanova University School of Law, J.D., 1999 - *cum laude*

- Boston University, B.A. Political Science, 1996

- 

**Memberships & Associations:**

- Pennsylvania Bar Association

- Villanova Law School Alumni Association

**Admissions:**

- Pennsylvania Supreme Court

- New Jersey Supreme Court

- Third Circuit Court of Appeals

- District of New Jersey

- Eastern District of Pennsylvania

**Honors:**

- Pennsylvania SuperLawyer: 2013– Present

- Named Pennsylvania Rising Star by Super Lawyers: 2006-2012

- Sutton Who's Who in American Law



Kimberly Donaldson Smith is a partner in the Firm's Haverford Office. Kimberly has been counseling clients and prosecuting cases on complex issues involving securities, business transactions and other class actions for over 15 years.

Kimberly concentrates her practice in sophisticated securities class action litigation in federal courts throughout the country, and has served as lead or co-lead counsel in over a dozen class actions. She is very active in investigating and initiating securities and shareholder class actions.

Kimberly is currently prosecuting federal securities claims on behalf of investors in numerous cases. Kimberly was instrumental in the outstanding settlements achieved for investors in:

- *W2007 Grace Acquisition I, Inc., Preferred Stockholder Litigation,* Civ. No. 2:13-cv-2777 (W.D. Tenn.)(a settlement valued at over $76 million for current and former W2007 Grace preferred stockholders);

- *In re Empire State Realty Trust, Inc. Investor Litigation*, Case 650607/2012, NY Supreme Court (a $55,000,000 cash settlement fund and $100 million tax savings for the Empire investors);

- *CNL Hotels & Resorts Inc. Federal Securities Litigation*, Case No. 04-cv-1231 (M.D. Fla.)(a $35,000,000 cash settlement fund and a $225 million savings for the CNL shareholders);

- *Inland Western Retail Real Estate Trust, Inc., et al. Litigation*, Case 07 C 6174 (U.S.D.C. N.D. Ill) (a $90 million savings for the Inland shareholders subjected to a self-dealing transaction); and

- *Wells REIT Securities Litigation*, Case 1:07-cv-00862/1:07-cv-02660 (U.S.D.C. N.D. GA)(a $7 million cash settlement fund for the Wells REIT investors).

Notably, Kimberly was an integral member of the trial team that successfully litigated *the In re Real Estate Associates Limited Partnership Litigation*, No. CV 98-7035 DDP (CD. Cal.) through a six-week jury trial that resulted in a landmark $184 million plaintiffs' verdict, which is one of the largest jury verdicts since the passage of the Private Securities Litigation Reform Act of 1995. The Real Estate Associates judgment was settled for $83 million, which represented full recovery for the Class (and an amount in excess of the damages calculated by Plaintiffs' expert).

Kimberly's pro bono activities include serving as a volunteer attorney with the Support Center for Child Advocates, a Philadelphia-based, nonprofit organization that provides legal and social services to abused and neglected children. Since 2006, Kimberly has been recognized by

Law & Politics and the publishers of Philadelphia Magazine as a Pennsylvania Super Lawyer or Rising Star, as listed in the Super Lawyers' publications.

**Practice Areas:**

- Antitrust
- Corporate Mismanagement
- Consumer Fraud & Deceptive Products
- Securities Fraud Litigation

**Education:**

- Rutgers School of Law-Camden, J.D., 2003 - *with High Honors*
- Rutgers University-Camden, B.A., 2000 - *with Highest Honors*

**Memberships & Associations:**

- National Association of Shareholder and Consumer Attorneys (NASCAT) Amicus Committee Member
- Rutgers Journal of Law & Religion – Lead Marketing Editor (2002-2003)

**Admissions:**

- Pennsylvania
- New Jersey
- Eastern District of Pennsylvania
- District of New Jersey
- United States Court of Appeals for the Third Circuit
- United States Court of Appeals for the Fourth Circuit
- United States Court of Appeals for the Ninth Circuit
- United States Court of Appeals for the Eleventh Circuit

**Honors:**

- 2019 Lawdragon 500 Leading Plaintiff Lawyer
- Super Lawyers 2019
- Pennsylvania Super Lawyers Rising Star 2008, 2010, 2013-2014
- Rutgers Law Legal Writing Award 2003

# Timothy N. Mathews



Tim Mathews is a partner in the firm's Haverford office.  He has been described as "among the most capable and experienced lawyers in the country" in consumer class action litigation.  *Chambers v. Whirlpool*, 214 F. Supp 3d 877 (C.D.Cal. 2016).  He is also an experienced appellate attorney in the United States Courts of Appeals for the Third, Fourth, Ninth, and Eleventh Circuits, as well as the Supreme Court of California.  Representative cases in which Mr. Mathews has held a lead role include:

- *Rodman v. Safeway, Inc.* (N.D.Cal.) – $42 million judgment against Safeway, Inc., representing 100% of damages plus interest for grocery delivery overcharges;
- *Ardon v. City of Los Angeles* (Superior Court, County of Los Angeles) – $92.5 million tax refund settlement with the City of Los Angeles after winning landmark decision in the Supreme Court of California securing the rights of taxpayers to file class-wide tax refund claims under the CA Government Code;
- *McWilliams v. City of Long Beach* (Superior Court, County of Los Angeles) - $16.6 million telephone tax refund settlement;
- *Granados v. County of Los Angeles* - $16.9 million telephone tax refund settlement;
- *In re 24 Hour Fitness Prepaid Memberships. Litig.* (N.D.Cal.) - Full-relief settlement providing over $8 million in refunds and an estimated minimum of $16 million in future rate reductions, for class of consumers who purchased prepaid gym memberships;
- *Chambers v. Whirlpool Corp.* (C.D.Cal.) – Settlement providing 100% of repair costs and other benefits for up to 24 million dishwashers that have an alleged propensity to catch fire due to a control board defect;
- *In re Apple iPhone Warranty Litig.* (N.D.Cal.) – $53 million settlement in case alleging improper iPhone warranty denials; class members received on average 118% of their damages;
- *In re Colonial Bancgroup, Inc*.– Settlements totaling $18.4 million for shareholders in securities lawsuit involving one of the largest U.S. bank failures of all time;
- *International Fibercom* (D.Ariz.) – Represented plaintiff in insurance coverage actions against D&O carriers arising out of securities fraud claims; achieved a near-full recovery for the plaintiff; and
- *In re Mutual Funds Investment Litigation*, MDL 1586 (D.Md.) – Lead Fund Derivative Counsel in the multidistrict litigation arising out of

the market timing and late trading scandal of 2003, which involved seventeen mutual fund families and hundreds of parties, and resulted in over $250 million in settlements.

Mr. Mathews graduated from Rutgers School of Law-Camden with high honors, where he served as Lead Marketing Editor for the Rutgers Journal of Law & Religion, served as a teaching assistant for the Legal Research and Writing Program, received the 1L legal Writing Award, and received a Dean's Merit Scholarship and the Hamerling Merit Scholarship.  He received his B.A. from Rutgers University-Camden in 2000 with highest honors, where he was inducted into the Athenaeum honor society.

Mr. Mathews also serves as a member of the Planning Commission for the township of Lower Merion.  His pro bono work has included representation of the Holmesburg Fish and Game Protective Association in Philadelphia.  He also served on the Amicus Committee for the National Association of Shareholder and Consumer Attorneys (NASCAT) for over ten years.

**Practice Areas:**

- Antitrust
- Automobile Defects and False Advertising
- Defective Products and Consumer Protection
- Other Complex Litigation
- Securities Fraud
- Data Breach

**Education:**

- Penn State Dickinson School of Law, J.D., 2005 - Woolsack Honor Society
- Penn State Harrisburg, M.B.A., 2004 - Beta Gamma Sigma Honor Society
- Washington and Lee University, B.S., 2002 - *cum laude*

**Memberships & Associations:**

- Executive Committee, Young Lawyers Division of the Philadelphia Bar Association (2011-2014)
- Board Member, The Dickinson School of Law Alumni Society
- Editorial Board, Philadelphia Bar Reporter (2013-2016)

**Admissions:**

- Third Circuit Court of Appeals
- D.C. Circuit Court of Appeals
- Eastern District of Pennsylvania
- Middle District of Pennsylvania
- District of New Jersey
- District of Colorado
- Northern District of Illinois
- Central District of Illinois
- U.S. Court of Federal Claims

**Honors:**

- Named a "Lawyer on the Fast Track" by *The Legal Intelligencer*
- Named a Pennsylvania "Rising Star" 2010-2018
- Recognized as a "Top 40 Under 40" lawyer by The National Trial Lawyers

# Benjamin F. Johns



Benjamin F. Johns first began working at the firm as a Summer Associate while pursuing a J.D./M.B.A. joint degree program in business school and law school. He became a full-time Associate upon graduation, and is now a Partner. Over the course of his legal career, Ben has argued in state and federal courts, at both the appellate and trial level. He has argued and briefed dispositive motions to dismiss, for class certification and for summary judgment. Among other witnesses, he has also deposed prison guards, lawyers, bankers, experts, engineers, I.R.S. officials, and information technology personnel. He has provided substantial assistance in the prosecution of the following cases:

- *In re Nexus 6P Product Liability Litig.*, No. 5:17-cv-02185-BLF (N.D. Cal.) (Mr. Johns served as co-lead counsel – and argued two of the motions to dismiss – in this defective smartphone class action.  The case resulted in a settlement valued at $9.75 million, which Judge Beth Labson Freeman described as "substantial" and an "excellent resolution of the case.");

- *In re MyFord Touch Consumer Litig*., No. 13-cv-03072-EMC (N.D. Cal.) (Mr. Johns served as court-appointed co-lead counsel in this consumer class action concerning allegedly defective MyFord Touch infotainment systems, which settled for $17 million shortly before trial);

- *Gordon v. Chipotle Mexican Grill, Inc*., No. 17-cv-01415-CMA-SKC (D. Colo.) (Mr. Johns served as co-lead counsel of behalf of a class of millions of cardholders who were impacted by a data breach at Chipotle restaurants. After largely defeating a motion to dismiss filed by Chipotle, the case resulted in a favorable settlement for affected consumers);

- *Weeks v. Google LLC,* No. 5:18-cv-00801-NC, 2019 U.S. Dist. LEXIS 215943, at *8-9 (N.D. Cal. Dec. 13, 2019) (Mr. Johns was co-lead counsel – and successfully argued against a motion to dismiss – in this defective smartphone class action. A $7.25 million settlement was reached, which Magistrate Judge Nathanael M. Cousins described as being an "excellent result.");

- *Udeen v. Subaru of Am., Inc*., No. 18-17334 (RBK/JS), 2019 U.S. Dist. LEXIS 172460, at *21 (D.N.J. Oct. 4, 2019) (Mr. Johns is co-lead counsel in this consumer class action involving defective infotainment systems in certain Subaru automobiles. The district court recently granted preliminary approval of a settlement valued at $6.25 million);

- *Bray et al. v. GameStop Corp.,* No. 1:17-cv-01365-JEJ (D. Del.) (Mr. Johns served as co-lead counsel for consumers affected by a data breach at GameStop. After largely defeating a motion to dismiss, the case was resolved on favorable terms that provided significant relief to GameStop customers);

- *In re: Elk Cross Timbers Decking Marketing, Sales Practices and Products Liability Litig.*, No. 15-cv-18-JLL-JAD (D.N.J.) (Mr. Johns served on the Plaintiffs' Steering Committee in this MDL proceeding, which involved allegedly defective wood-composite decking, and which ultimately resulted in a $20 million settlement).

- *In re Checking Account Overdraft Litig.,* No. 1:09-MD-02036-JLK (S.D.

14

Fla.). (Ben was actively involved in these Multidistrict Litigation proceedings, which involve allegations that dozens of banks reorder and manipulate the posting order of debit transactions.  Settlements collectively in excess of $1 billion were reached with several banks.  Ben was actively involved in prosecuting the actions against U.S. Bank ($55 million settlement) and Comerica Bank ($14.5 million settlement);

- *In re Flonase Antitrust Litig.,* 2:08-cv-03301-AB (E.D. Pa.). (indirect purchaser plaintiffs alleged that the manufacturer of Flonase (a nasal allergy spray) filed "sham" citizen petitions with the FDA in order to delay the approval of less expensive generic versions of the drug.  A $46 million settlement was reached on behalf of all indirect purchasers.  Ben argued a motion before the District Court.);

- *In re TriCor Indirect Purchasers Antitrust Litig.,* No. 05-360-SLR (D. Del.).  ($65.7 million settlement on behalf of indirect purchasers who claimed that the manufacturers of a cholesterol drug engaged in anticompetitive conduct designed to keep generic versions off of the market.);

- *Physicians of Winter Haven LLC, d/b/a Day Surgery Center v. STERIS Corporation,* No. 1:10-cv-00264-CAB (N.D. Ohio). ($20 million settlement on behalf of hospitals and surgery centers that purchased a sterilization device that allegedly did not receive the required pre-sale authorization from the FDA.);

- *West v. ExamSoft Worldwide, Inc*., No. 14-cv-22950-UU (S.D. Fla.) ($2.1 million settlement on behalf of July 2014 bar exam applicants in several states who paid to use software for the written portion of the exam which allegedly failed to function properly);

- *Henderson v. Volvo Cars of North America, LLC,* No. 2:09-cv-04146-CCC-JAD (D. N.J.). (provided substantial assistance in this consumer automobile case that settled after the plaintiffs prevailed, in large part, on a motion to dismiss);

- *In re Marine Hose Antitrust Litig.,* No. 08-MDL-1888 (S.D. Fla.) (Settlements totaling nearly $32 million on behalf of purchasers of marine hose);

- *In re Philips/Magnavox Television Litig.,* No. 2:09-cv-03072-CCC-JAD (D. N.J.).  (Settlement in excess of $4 million on behalf of consumers whose flat screen televisions failed due to an alleged design defect.  Ben argued against one of the motions to dismiss.);

- *Allison, et al. v. The GEO Group*, No. 2:08-cv-467-JD (E.D. Pa.), and *Kurian v. County of Lancaster*, No. 2:07-cv-03482-PD (E.D. Pa.).  (Settlements totaling $5.4 million in two civil rights class action lawsuits involving allegedly unconstitutional strip searches at prisons);

- *In re Canon Inkjet Printer Litig*., No. 2-14-cv-03235-LDW-SIL (E.D.N.Y.) (Ben was co-lead counsel in this consumer class action involving allegedly defective printers that resulted in a $930,000 settlement.);

- *In re Recoton Sec. Litig.*, 6:03-cv-00734-JA-KRS (M.D.Fla.).  ($3 million settlement for alleged violations of the Securities Exchange Act of 1934); and

- *Smith v. Gaiam, Inc.*, No. 09-cv-02545-WYD-BNB (D. Colo.). (Obtained a settlement in this consumer fraud case that provided full recovery to approximately 930,000 class members).

Ben has also had success at the appellate level in cases to which he substantially contributed.  *See Cohen v. United States*, 578 F.3d 1 (D.C.

Cir. 2009), *reh'g granted per curiam*, 599 F.3d 652 (D.C. Cir. 2010), *remanded by*, 650 F.3d 717 (D.C. Cir. 2011) (en banc) (reversing district court's decision to the extent that it dismissed taxpayers' claims under the Administrative Procedure Act); *Lone Star Nat'l Bank, N.A. v. Heartland Payment Sys.*, No. 12-20648, 2013 U.S. App. LEXIS 18283 (5th Cir. Sept. 3, 2013) (reversing district court's decision dismissing financial institutions' common law tort claims against a credit card processor).

Ben was elected by fellow members of the Philadelphia Bar Association to serve a three year term on the Executive Committee of the organization's Young Lawyers Division. He also served on the Editorial Board of the Philadelphia Bar Reporter, and the Board of Directors for the Dickinson School of Law Alumni Society. Ben was also a head coach in the Narberth basketball summer league for several years. He has been published in the Philadelphia Lawyer magazine and the Philadelphia Bar Reporter, presented a Continuing Legal Education course , and spoken to a class of law school students about the practice. While in college, Ben was on the varsity basketball team and spent a semester studying abroad in Osaka, Japan. Ben has been named a "Lawyer on the Fast Track" by The Legal Intelligencer, a "Top 40 Under 40" attorney by The National Trial Lawyers, and a Pennsylvania "Rising Star" for the past nine years.

# Scott M. Tucker

**Practice areas:**

- Corporate Mismanagement and Shareholder Derivative Actions
- Mergers and Acquisitions

**Education:**

- SUNY Cortland, B.S., 2002, *cum laude*
- Syracuse University College of Law, 2006, J.D., *cum laude*
- Whitman School of Management at Syracuse University, 2006, M.B.A

**Admissions:**

- Supreme Court of Delaware
- Supreme Court of Connecticut
- District of Colorado
- District of Delaware
- Third Circuit Court of Appeals

**Honors:**

- Named a 2016, 2017, 2018, and 2019 Delaware "Rising Star"
- Martindale Hubbell-Distinguished rated
- 2015–2017 Secretary of the Board of Bar Examiners of the Supreme Court of the State of Delaware
- 2013 – 2015 Assistant Secretary of the Board of Bar Examiners of the Supreme Court of the State of Delaware
- 2010 – 2013 Associate Member of the Board of Bar Examiners of the Supreme Court of the State of Delaware
- Member, Richard S. Rodney Inn of Court



Scott M. Tucker is a Partner in the Firm's Wilmington Office. Mr. Tucker is a member of the Firm's Mergers & Acquisitions and Corporate Mismanagement and Shareholder Derivative Action practice areas. Together with the Firm's Partners, Mr. Tucker assisted in the prosecution of the following actions:

- *In re Kinder Morgan, Inc. Shareholders Litigation*, Consol. C.A. No. 06-C-801 (Kan.) (action challenging the management led buyout of Kinder Morgan Inc., which settled for $200 million).

- *In re J.Crew Group, Inc., Shareholders Litigation.* C.A. No. 6043-CS (Del. Ch.) (action that challenged the fairness of a going private acquisition of J.Crew by TPG and members of J.Crew's management which resulted in a settlement fund of $16 million and structural changes to the go-shop process, including an extension of the go-shop process, elimination of the buyer's informational and matching rights and requirement that the transaction be approved by a majority of the unaffiliated shareholders).

- *In re Genentech, Inc. Shareholder Litigation*, C.A. No. 3911-VCS (Del. Ch.) (action challenging the attempt by Genentech's controlling stockholder to take Genentech private which resulted in a $4 billion increase in the offer).

- *City of Roseville Employees' Retirement System, et al. v. Ellison, et al.*, C.A. No. 6900-VCP (Del. Ch.) (action challenging the acquisition by Oracle Corporation of Pillar Data Systems, Inc., a company majority-owned and controlled by Larry Ellison, the Chief Executive Officer and controlling shareholder of Oracle, which led to a settlement valued at $440 million, one of the larger derivative settlements in the history of the Court of Chancery.

- *In re Sanchez Derivative Litigation*, C.A. No. 9132-VCG (Del. Ch.) (action challenging a related party transaction between Sanchez Energy Inc. and Sanchez Resources, LLC a privately held company, which settled for roughly $30 million in cash and assets)

Mr. Tucker is a Member of the Richard S. Rodney Inn of Court. While attending law school, Mr. Tucker was a member of the Securities Arbitration Clinic and received a Corporate Counsel Certificate from the Center for Law and Business Enterprise.

# Our Attorneys Of Counsel & Senior Counsel

## Practice Areas:

- Antitrust
- Automotive Defects and False Advertising
- Defective Products and Consumer Protection
- Other Complex Litigation

## Education:

- Villanova Law School, J.D. - *cum laude*
- ◊ *Villanova Law Review*, Associate Editor
- ◊ *Villanova Moot Court Board*
- ◊ Obert Corporation Law Prize
- University of Virginia, B.A., English literature

## Memberships & Associations:

- Pennsylvania Bar Association
- Passe´ International

## Admissions:

- Pennsylvania
- Eastern District of Pennsylvania
- Federal Circuit

# Anthony Allen Geyelin



Tony is of Counsel to the firm at the Haverford office, where for the last decade he has used his extensive private and public sector corporate and regulatory experience to assist the firm in the effective representation of its many clients. Tony has previously worked as an associate in the business department of a major Philadelphia law firm; served as Chief Counsel and then Acting Insurance Commissioner with the Pennsylvania Insurance Department in Harrisburg; and represented publicly traded insurance companies based in Pennsylvania and Georgia as their senior vice president, general counsel and corporate secretary.

Tony has represented the firm's clients in a number of significant litigations, including the AHERF, Air Cargo, Certainteed, Cipro, Clear Channel, Del Monte, Honda Hybrid Vehicles, Insurance Brokers, iPhone LDI, Intel, Marine Hoses, Phoenix Leasing, and Reliance Insolvency matters.

Outside of the office Tony's pro bono, professional and charitable activities have included volunteering as a Federal Public Defender; service as a member and officer of White-Williams Scholars, the Schuylkill Canal Association, and the First Monday Business Club of Philadelphia; and serving as a member of the National Association of Insurance Commissioners and the Radnor Township (PA) Planning Commission.

# Tiffany J. Cramer

**Practice Areas:**

- Corporate Mismanagement & Shareholder Derivative Action

- Mergers & Acquisitions

**Education:**

- Villanova University School of Law, J.D., 2007

◊ Co-President of Asian-Pacific American Law Students Association

- Tufts University, B.A., 2002 – *cum laude* in Political Science

**Memberships & Associations:**

- Delaware State Bar Association

- The Richard S. Rodney American Inn of Court

**Admissions:**

- Delaware, 2007

- U.S. District Court for the District of Delaware, 2008



Tiffany J. Cramer is Senior Counsel in the Wilmington office. Her entire practice is devoted to litigation, with an emphasis on corporate mismanagement & derivative stockholder actions and mergers & acquisitions.

Together with the Firm's Partners, Ms. Cramer has assisted in the prosecution of numerous shareholder and unitholder class and derivative actions arising pursuant to Delaware law, including:

- *In re Starz Stockholder Litigation,* C.A. No. 12584-VCG (Del. Ch.) (Co-Lead Counsel in Court of Chancery class action challenging the acquisition of Starz by Lions Gate Entertainment Corporation, which led to a settlement of $92.5 million).

- *In re Freeport McMoRan Copper & Gold, Inc. Deriv. Litig.,* C.A. No. 815-VCN (Del. Ch.) (Co-Lead Counsel in Court of Chancery derivative litigation arising from Freeport McMoRan Copper & Gold, Inc.'s acquisition of Plains Exploration Production Co. and McMoran Exploration Production Co, which led to a settlement valued at nearly $154 million, including an unprecedented $147.5 million dividend paid to Freeport's stockholders).

- *City of Roseville Employees' Retirement System, et al. v. Ellison, et al.,* C.A. No. 6900-VCP (Del. Ch.) (Co-Lead Counsel in the Court of Chancery derivative action challenging the acquisition by Oracle Corporation of Pillar Data Systems, Inc., a company majority-owned and controlled by Larry Ellison, the Chief Executive Officer and largest shareholder of Oracle, which led to a settlement valued at $440 million, one of the larger derivative settlements in the history of the Court of Chancery).

- *In Re Genentech, Inc. Shareholders Litigation*, Consol. C.A. No. 3911-VCS (Del. Ch.) (Co-Lead Counsel in the Court of Chancery class action litigation challenging Roche Holding's buyout of Genentech, Inc., which resulted in a settlement providing for, among other things, an additional $4 billion in consideration paid to the minority shareholders of Genentech, Inc.).

- *In re Atlas Energy Resources, LLC Unitholder Litigation*, Consol. C.A. No. 4589-VCN (Co-Lead Counsel in the Court of Chancery class action litigation challenging Atlas America, Inc.'s acquisition of Atlas Energy Resources, LLC, which resulted in a settlement providing for an additional $20 million fund for former Atlas Energy Unitholders).

- *In re Barnes & Noble Stockholder Derivative Litigation*, C.A. No. 4813-CS (Del. Ch.) (Co-Lead Counsel in the Court of Chancery derivative litigation arising from Barnes & Noble, Inc.'s acquisition of Barnes & Noble College Booksellers, Inc., which resulted in a settlement of nearly $30 million).

Ms. Cramer is a Member of the Richard S. Rodney American Inn of Court. Ms. Cramer has also been selected to the Delaware "Rising Stars" list from Super Lawyers: 2016 and 2017. While in law school, she served as law clerk to the Honorable Jane R. Roth of the United States Court of Appeals for the

19

Third Circuit. While in college, she played the bassoon as a member of the Tufts Symphony Orchestra.

**Practice Areas:**

- Antitrust
- Corporate Mismanagement
- Consumer Fraud & Defective Products
- Whistleblower/False Claims Act
- Employee Benefits/ ERISA
- Data Breach

**Education:**

- Villanova University School of Law, J.D., 2012
  - ♦ Journal of Catholic Social Thought – Executive Editor (2011-2012),
- Georgetown University, B.A. (Government), 2009

**Memberships and Associations:**

- Member, Philadelphia Bar Association
- Member, Georgetown University Alumni Admissions Program (AAP)
- Member, Young Friends of the Philadelphia Orchestra

**Admissions:**

- Admitted, Pennsylvania Bar
- Admitted, New Jersey Bar
- Admitted, District of Columbia Bar
- Admitted, United States District Court for the Eastern District of Pennsylvania
- Admitted, United States District Court for the District of New Jersey
- Admitted, United States District Court for the District of Columbia
- Admitted, United States District Court for the District of Colorado
- Admitted, United States District Court for the Central District of Illinois
- Admitted, United States Court of Appeals for the District of Columbia Circuit

**Honors:**

- Pennsylvania Super Lawyers Rising Star 2017, 2018, & 2019

# Andrew W. Ferich



Andrew W. Ferich is an associate in the Firm's Haverford office. Andy focuses his practice on complex litigation, including in the Firm's consumer protection, ERISA/ employee benefits, and whistleblower/*qui tam* practice groups. He has made significant contributions to expanding the firm's ERISA practice.

Andy routinely briefs and litigates dispositive motions to dismiss, for class certification, and for summary judgment. He has also appeared and argued before state and federal courts of various jurisdictions, and possesses major jury trial experience. Andy is admitted to practice in Pennsylvania, New Jersey, and the District of Columbia, and has been admitted to practice in multiple federal courts.

Andy has played a principal role in prosecuting the following matters, among others:

- *In re Nexus 6P Prods. Liab. Litig.,* No. 5:17-cv-02185-BLF (N.D. Cal.) (final approval of a $9.75 million settlement granted in this class action lawsuit which alleged that Google smartphones contained a defect that caused "bootlooping" and sudden battery drain; CSK&D served as co-lead class counsel);

- *Weeks, et al. v. Google LLC,* 5:18-cv-00801-NC (N.D. Cal.) (final approval of a $7.25 million settlement granted in this consumer class action alleging that Google sold first-generation Pixel smartphones with a known microphone defect; CSK&DS was appointed co-lead class counsel);

- *Udeen, et al. v. Subaru of America, Inc.*, No. 1:18-cv-17334-RBK-JS (D.N.J.) (Andy is co-lead counsel in this consumer class action involving defective infotainment systems in certain Subaru automobiles. The district court recently granted preliminary approval of a settlement valued at $6.25 million );

- *In re: Elk Cross Timbers Decking Marketing, Sales Practices and Products Liability Litigation*, No. 2;15-cv-00018-JLL-JAD (D.N.J.) (final approval of settlement valued at approximately $20 million granted in this products liability MDL proceeding relating to allegedly defective wood-composite decking; CSK&DS was appointed to the Plaintiffs' Steering Committee);

- *Gordon, et al. v. Chipotle Mexican Grill, Inc.*, No. 1:17-cv-01415-CMA (D. Colo.) (final approval granted in class action relating to a data breach that allegedly exposed consumers' payment card data to hackers; CSK&D served as co-lead class counsel);

- *Bray, et al. v. GameStop Corp.*, 1:17-cv-01365 (D. Del.) (final approval of settlement granted in this class action relating to a data breach that exposed the personal and payment card information of consumers who made purchases through defendant's website; CSK&D served as class counsel);

- *Perdue v. Hy-Vee, Inc.*, No. 1:19-cv-01330 (C.D. Ill.) (Andy was appointed interim co-lead counsel in this class action relating to a data breach that allegedly exposed millions of consumers' payment card data to hackers);

- *In re Anadarko Basin Oil and Gas Lease Antitrust Litigation*, No. 16-cv-209-HE (W.D. Okla.) (antitrust action under federal antitrust laws brought on behalf of a class of landowners who leased land to defendants for drilling for natural gas and received less in lease bonuses and royalties than they should have due to defendants' anticompetitive lease bid-rigging scheme; parties have agreed to settlement and preliminary approval is pending);

- *DeMarco, et al. v. AvalonBay Communities, Inc., et al.,* No. 2:15-cv-00628-JLL-JAD (D.N.J.) (settled class action lawsuit on behalf of hundreds of tenants and former tenants of AvalonBay community that was destroyed in a massive fire, in which case CSK&D has been appointed interim co-lead counsel);

- *In re: MacBook Keyboard Litig.*, No: 5:18-cv-02813-EJD (N.D. Cal.) (motion to dismiss denied in this class action lawsuit alleging that Apple sold 2015 and later MacBook, 2016 and later MacBook Pro, and 2018 MacBook Air laptops with a known defect plaguing the butterfly keyboards, and allowing dust and other debris to disrupt keyboard use; CSK&DS is appointed interim co-lead counsel);

- *Davis, et al. v. Washington University in St. Louis, et al.*, No. 4:17-cv-01641-RLW (E.D. Mo.) (ERISA class action alleging excessive fees and other breaches of fiduciary duties relating to university 403(b) retirement plan; CSK&D is appointed interim co-lead counsel);

- *Stanley, et al. v. The George Washington University*, No. 1:18-cv-00878 (D.D.C.) (ERISA class action alleging excessive fees and other breaches of fiduciary duty relating to university 403(b) retirement plan);

- *Rollolazo et al. v. BMW of North America, LLC*, et al, No. 8:16-cv-00966-TJH-SS (C.D. Cal.) (class action lawsuit against BMW on behalf of owners of the BMW i3 REx—a plug-in electric hybrid vehicle with a gas engine known as a Range Extender—wherein Plaintiffs have alleged that a defect in the Range Extender causes class vehicles to suddenly decelerate); and

- *Kirkpatrick, et al. v. HomeAway.com, Inc.,* No. 1:16-cv-00733-LY (W.D. Tex.) (consumer class action on behalf of owners of rental/vacation properties across the country alleging that owners entered into rental listing subscription agreements with HomeAway and its

22

websites based upon the false and broken promise that renters and travelers would never be assessed a fee at booking).

Andy is also involved in and has made significant contributions to the development of the firm's whistleblower and *qui tam* practice area. He is involved in multiple cases on behalf of relators and whistleblowers seeking to recover on behalf of the United States government through a variety of channels.

Andy received his law degree from Villanova University School of Law in 2012. While in law school, he clerked for a well-known suburban Philadelphia law firm.  Prior to joining the Firm, Andy was an associate at a well-known international litigation firm in Philadelphia where he focused his practice on commercial litigation, financial services litigation, and antitrust matters.

Prior to law school, Andy attended Georgetown University and was a member of the Division I baseball team. During his time in college, Andy also worked on Capitol Hill and for a well-known think tank.

**Practice Areas:**

- Automobile Defects and False Advertising
- Defective Products and Consumer Protection
- Other Complex Litigation
- Securities Fraud

**Education:**

- Villanova University School of Law, J.D., 2006
- ◊ Villanova Environmental Law Journal – managing editor of student works (2006), staff writer (2005)
- University of California, Los Angeles, B.A., 2003 – *cum laude*

**Membership & Associations:**

- Member, Philadelphia Bar Association

**Admissions:**

- Pennsylvania
- New Jersey
- Eastern District of Pennsylvania
- District of New Jersey

**Honors:**

- Pennsylvania Super Lawyers Rising Star 2013-2016

# Alison Gabe Gushue



Alison G. Gushue is an associate in the Firm's Haverford Office. Her practice is devoted to litigation, with an emphasis on consumer fraud, securities, and derivative cases. Ms. Gushue also provides assistance to the Firm's Institutional Client Services Group.

Prior to joining the firm, Ms. Gushue was counsel to the Pennsylvania Securities Commission in the Division of Corporation Finance. In this capacity, she was responsible for reviewing securities registration filings for compliance with state securities laws and for working with issuers and issuers' counsel to bring noncompliant filings into compliance.

Together with the Partners, Ms. Gushue has provided substantial assistance in the prosecution of the following cases:

- *Lockabey et al. v. American Honda Motor Co., Inc.*, Case No. 37-2010-00087755-CU-BT (San Diego Super. Ct.) (settlement valued by court at $170 million for a class of 460,000 purchasers and lessees of Honda Civic Hybrids to resolve claims that the vehicle was advertised with fuel economy representations it could not achieve under real-world driving conditions, and that a software update to the IMA system further decreased fuel economy and performance)

- *In re DVI Inc. Securities Litigation*, Case No. 2:03-cv-05336-LDD (over $17m in settlements recovered for the shareholder class in lawsuit alleging that the company's officers and directors, in conjunction with its external auditors and outside counsel, violated the federal securities laws)

- *In re LG Front Loading Washing Machine Litigation*, Case No. 2:08-cv-61 (D.N.J); and In re Whirlpool Front Loading Washing Machine Litigation, Case No. 1:08-wp-65000 (N.D. Oh.) (pending cases which allege that LG and Whirlpool's front loading washing machines suffer from a defect that leads to the formation of mold and mildew on the inside of the washing machines and production of foul and noxious odors)

Ms. Gushue has also provided pro bono legal services to nonprofit organizations in Philadelphia such as the Philadelphia Bankruptcy Assistance Project and the Public Interest Law Center of Philadelphia.

**Practice Areas:**

- Securities Fraud Class Actions & Complex Litigation

- Consumer Protection and Multi-District Litigation

- Other Complex Litigation/ Mass Actions

**Education:**

- University of Miami School of Law, J.D. 2013 – *cum laude*

    ◊ University of Miami NSAC Law Review

    ◊ Dean's List-Spring 2013 (4.0 GPA); Spring 2012; Fall 2012

    ◊ Advanced Business Litigation Skills-honors recognition

- University of Miami, B.B.A.,2009 – Finance

**Admissions:**

- Member, Florida Bar

- Member, Pennsylvania Bar

- Member, New Jersey Bar

- Admitted, United States District Court for the Eastern District of Pennsylvania

- Admitted, United States District Court for the Southern District of Florida

- Admitted, United States District Court for the District of New Jersey

- Admitted, United States District Court for the District of Colorado

**Publications:**

- Practicing Law Institute's 23rd Annual Consumer Financial Services Institute - Chapter 57: The Impact of *Payment Card II* on Class Action Litigation & Settlements

**Honors:**

- Pennsylvania Super Lawyers Rising Star 2018

- Pennsylvania Super Lawyers Rising Star 2019

- Pennsylvania Super Lawyers Rising Star 2020

# Mark B. DeSanto



Mark B. DeSanto is an Associate Attorney in the Firm's Haverford office. He has extensive experience in securities, consumer protection, data breach, TCPA and other forms of class actions. Prior to joining the Firm, he was an attorney in the Radnor office of a national class action law firm where he represented sophisticated institutional and individual investors in complex class actions against corporate defendants and their executives for violations of federal securities laws, as well as consumers in nationwide consumer protection class actions. To date, Mr. DeSanto has been involved in the prosecution of the following federal court class actions:

- *Lietz v. Cigna Corp. (In re Cigna-American Specialty Health Admin. Fee Litig.)*, No. 2:16-cv-03967-NIQA, 2019 U.S. Dist. LEXIS 146899 (E.D. Pa. Aug. 29, 2019) (settled – $8.25 million) (represented insureds alleging that Cigna violated ERISA by charging an elevated amount for services that included an administrative fee charged by Cigna's third-party claims management provider, and only passing on a small portion of the elevated amount charged to the doctor, while knowingly hiding this fee from insureds);

- *High St. Rehab., LLC v. Am. Specialty Health Inc.*, No. 2:12-cv-07243-NIQA, 2019 U.S. Dist. LEXIS 147847 (E.D. Pa. Aug. 29, 2019) (settled – $11.75 million) (represented a class of chiropractors and other similar healthcare practitioners alleging, *inter alia*, that Cigna and its third-party claims management provider's use of utilization management review ("UMR") when evaluating out-of-network claims for chiropractic services performed on individuals who participated in employer-sponsored health benefits Plans that Cigna insured and/or for which Cigna administered benefits claims violated ERISA);

- *In re St. Jude Medical, Inc. Securities Litigation*, Civ. No. 10-0851 (D. Minn.) (settled – $39.25 million) (represented financial institutions in class action lawsuit brought on behalf of all St. Jude Medical Inc. shareholders, alleging that the company and its executives violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934);

- *In re Target Corporation Customer Data Security Breach Litigation*, MDL No. 14–2522 (D. Minn.) (settled – $39 million) (represented a class of payment card issuing financial institutions in nationwide class action against Target for its highly-publicized 2013 data breach in which roughly 110 million Target customers' personal and financial information was compromised by hackers);

- *Louisiana Municipal Police Employees' Retirement System v. Green Mountain Coffee Roasters, Inc. et al.*, Civ. No. 2:11-cv-00289 (D. Vt.) (settled – $36.5 million) (represented financial institutions in class action lawsuit brought on behalf of all Keurig Green Mountain shareholders, alleging that the company and its executives violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934);

25

- *Washtenaw County Employees' Retirement System v. Walgreen Co. et al.*, Civ. No. 1:15-cv-03187 (N.D. Ill.) (represented financial institutions in class action lawsuit brought on behalf of all Walgreens shareholders, alleging that the company and its executives violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934);

- *Dennington et al. v. State Farm Fire & Casualty Co. et al.*, Civ. No. 4:14-cv-04001-SOH (W.D. Ark.) (represented a class of State Farm insureds in nationwide class action against State Farm alleging that it breached its homeowners insurance policies by unlawfully depreciating labor when calculating actual cash value payments to insureds);

- *Green v. American Modern Home Ins. Co.*, Civ. No. 4:14-cv-04074-SOH (W.D. Ark.) (represented a class of American Modern insureds in nationwide class action against American Modern alleging that it breached its homeowners insurance policies by unlawfully depreciating labor when calculating actual cash value payments to insureds); and,

- *Larey et al. v. Allstate Property and Casualty Co.*, Civ. No. 14-cv-04008-SOH (W.D. Ark.) (represented a class of Allstate insureds in nationwide class action against Allstate alleging that it breached its homeowners insurance policies by unlawfully depreciating labor when calculating actual cash value payments to insureds).

Mr. DeSanto is admitted to practice law in Pennsylvania, New Jersey, and Florida.  He earned his Juris Doctor, *cum laude*, from the University of Miami School of Law in 2013, where he was also a member of the NSAC Law Review. During his second and third years of law school, Mr. DeSanto worked at a boutique securities litigation firm on Brickell Avenue in Downtown Miami.  Mr. DeSanto earned his Bachelor of Business Administration, with a major in Finance, from the University of Miami in 2009.

26

**Practice Areas:**

- Securities Fraud

- Corporate Mismanagement and Shareholder Derivative Action

- Defective Products and Consumer Protection

- Other Complex Litigation

**Education:**

- Drexel University Thomas R. Kline School of Law, J.D., 2015

- Drexel University, B.S. in Business Administration, 2005

**Memberships and Associations:**

- Member, Philadelphia Bar Association

- Member, Pennsylvania Bar Association

**Admissions:**

- Pennsylvania, 2015

# Stephanie E. Saunders



Stephanie E. Saunders is an associate in the Firm's Haverford office. She focuses her practice on complex litigation including securities fraud, shareholder derivative, and consumer protection cases. She also provides assistance to the Firm's Client Development Group which is responsible for establishing and maintaining strong client relations.

Stephanie received her law degree from the Drexel University Thomas R. Kline School of Law in 2015. Her law school career was marked by several academic honors which included being named the CALI Excellence for the Future Award® recipient in Legal Methods & Legal Writing for earning the highest grade in the class. While in law school, she clerked for the Firm and conducted her practice-intensive semester long co-op with the Firm during her second year of law school.

Upon graduating from Drexel University's LeBow College of Business in 2005, Stephanie began her professional career in marketing. She was an integrated marketing and promotions manager with Condé Nast Publications in Manhattan where she managed and executed print and digital advertising campaigns. Upon returning to the Philadelphia region, she joined PNC Wealth Management where she was the marketing segment manager of Hawthorn, an ultra-high net worth multi-family office, where she was responsible for the development of integrated marketing plans, advertising, and client events.

**Practice Areas:**

- Securities Fraud

- Corporate Mismanagement and Shareholder Derivative Action

- Defective Products and Consumer Protection

- Other Complex Litigation

**Education:**

- Michigan State University College of Law, J.D. *summa cum laude*, 2017

- Michigan State Law Review – managing editor (2016-2017), staff editor (2015-2016)

- York College of Pennsylvania, B.A. *magna cum laude*, 2013

**Admissions:**

- Pennsylvania

- Eastern District of Pennsylvania

# Zachary P. Beatty



Zachary P. Beatty is an associate in the Firm's Haverford office. He focuses his practice on complex litigation including securities fraud, shareholder derivative suits, and consumer protection class actions.

Zachary received his law degree from Michigan State University College of Law in 2017. While in law school, Zachary served as a managing editor for the Michigan State Law Review. His law school career was marked by several academic honors including earning Jurisprudence Awards for receiving the highest grades in his Corporate Finance, Business Enterprises, Constitutional Law II, and Advocacy classes. Zachary clerked for a small central Pennsylvania law firm and clerked for the Honorable Carol K. McGinley in the Lehigh County Court of Common Pleas. He also clerked for the Firm's Haverford office. Zachary graduated from York College of Pennsylvania where he majored in history.

Zach has assisted in prosecuting the following matters, among others:

- *Oddo v. Arcoaire Air Conditioning & Heating*, No. 8:15-cv-01985-CAS -E (C.D. Cal.) (consumer class action against Carrier Corporation arising out of the sale of air conditioners that contained an unapproved rust inhibitor in the compressor, which causes widespread failures of thermostatic expansion valves. The plaintiffs allege that the unapproved rust inhibitor was present in virtually all Carrier-manufactured air conditioners from December 2013 through August 2014);

- *Livingston v. Trane U.S. Inc.*, No. 2:17-cv-06480-ES-MAH (D.N.J.) (consumer class action against Trane U.S. Inc. arising out of the sale of air conditioners that contained an unapproved rust inhibitor in the compressor, which causes widespread failures of thermostatic expansion valves);

- *In re MyFord Touch Consumer Litig.*, No. C-13-3072 EMC (N.D. Cal.) (consumer class action against Ford alleging flaws, bugs, and failures in certain Ford automobile infotainment systems. CSK&D is co-lead counsel in this certified class action);

- *Weeks v. Google LLC*, No. 5:18-cv-00801-NC (N.D. Cal.) (consumer class action against Google relating to Pixel smartphones alleging that Google sold these phones with a known defect);

- *In re Nexus 6P Prods. Liab. Litig.*, No. 5:17-cv-02185-BLF (N.D. Cal.) (class action lawsuit alleging that smartphones manufactured by Google and Huawei contain defects that cause the phones to "bootloop" and experience sudden battery drain; CSK&D has been

appointed interim co-lead class counsel;

- *Gordon v. Chipotle Mexican Grill, Inc.*, No. 1:17-cv-01415- CMA (D. Colo.) (class action relating to a data breach suffered by Chipotle that allegedly exposed consumers' payment card data to hackers, in which case CSK&D has been appointed interim co-lead counsel); and

- *Chambers v. Whirlpool Corp.*, No. 11-1773-0FMO (C.D. Cal.) (a national class action involving alleged defects resulting in fires in Whirlpool, Kenmore, and KitchenAid dishwashers. The district court approved a settlement which he negotiated that provides wide-ranging relief to owners of approximately 24 million implicated dishwashers, including a full recovery of out-of-pocket damages for costs to repair or replace dishwashers that suffered Overheating Events).

**Practice Areas:**

- Securities Fraud

- Corporate Mismanagement and Shareholder Derivative Action

- Defective Products and Consumer Protection

- Other Complex Litigation

- Client Business Development

**Education:**

- Widener University Delaware Law School, J.D., 1998

- Pennsylvania State University, B.A., 1995

**Memberships and Associations:**

- Member, American Association of Justice (AAJ)

- Member, Philadelphia Bar Association

- Member, South Asian Bar Association, Philadelphia Chapter

**Admissions:**

- Pennsylvania

- District of Columbia

# Beena M. McDonald



Beena Mallya McDonald is an Associate in the Firm's Haverford office.  She focuses her practice on complex litigation including securities fraud and consumer protection cases.  She also serves as a part of the firm's Client Business Development group, responsible for overseeing client portfolio monitoring and evaluation services, and establishing and maintaining client relationships.

Beena is very active in investigating and initiating securities and shareholder class actions, and has assisted in the representation of sophisticated institutional and individual investors in complex class actions against corporate defendants and their executives for violations of federal securities laws, as well as consumers in nationwide consumer protection class actions, including:

- *In re Nexus 6P Prods. Liab. Litig.*, No. 5:17-cv-02185-BLF (N.D. Cal.) (class action lawsuit alleging that smartphones manufactured by Google and Huawei contain defects that cause the phones to "bootloop" and experience sudden battery drain; after overcoming a motion to dismiss, a $9.75 million settlement was reached, which Judge Beth Labson Freeman described as "substantial" and an "excellent resolution of the case.");

- *Weeks, et al. v. Google LLC*, No. 5:18-cv-00801-NC (N.D. Cal.) (consumer class action against Google relating to Pixel smartphones, alleging that Google sold these phones with a known microphone defect; after defeating a motion to dismiss, a $7.25 million settlement was reached, which Magistrate Judge Nathanael M. Cousins described as being an "excellent result.");

- *In re: MacBook Keyboard Litig.,* No: 5:18-cv-02813-EJD (N.D. Cal.) (class action lawsuit alleging that Apple sold 2015 and later MacBook and 2016 and later MacBook Pro laptops with a known defect plaguing the butterfly keyboards, and allowing dust and other debris to disrupt keyboard use; CSK&D is appointed interim co-lead counsel);

- *Westmoreland County v. Inventure Foods*, No. CV2016-002718 (Super Ct. Ariz.) (state securities shareholder class action filed against Inventure Foods., Inc., after identifying that the company's stock price had suffered a precipitous decline due to troubles at a manufacturing facility, including a major food recall.  After mediation, a preliminary settlement was reached that recovers over 35% of damages for investors.)

- *Orrstown Financial Services, Inc., et al., Securities Litig.*, No. 12-cv-00793 (USDC M.D. Pa.) (federal securities class action lawsuit by large transportation authority institutional investor client, named sole lead plaintiff, challenging false and misleading statements made by Orrstown to investors about its internal controls and financial condition);

- *Gordon v. Chipotle Mexican Grill, Inc.*, No. 1:17-cv-01415- CMA (D. Colo.) (class action relating to a data breach suffered by Chipotle that allegedly exposed consumers' payment card data to hackers, in which case CSK&D has been appointed interim co-lead counsel);

- *Christofferson v. Creation Entertainment, Inc.*, No. 19STCV11000 (Sup. Ct. CA). (class action relating to a data breach suffered by Creation Entertainment that allegedly exposed consumers' payment card data to hackers, in which case CSK&D is interim co-lead counsel).

Beena most recently served as a Special Assistant U.S. Attorney in the Southern District of California where she prosecuted major corruption, drug importation and illegal immigration cases. Upon initially receiving her law degree, she successfully tried hundreds of criminal cases as an Assistant Defender with Defender Association of Philadelphia. She has also served as lead counsel in civil jury and bench trials and arbitrations throughout the Philadelphia area while in-house at Allstate Insurance Company.

Beena's extensive trial experience is also bolstered by her business management experience working for a Fortune 200 company, allowing her to bring this business acumen to her current practice on behalf of defrauded investors and consumers.

31

# Alex M. Kashurba

**Practice Areas:**

- Defective Products and Consumer Protection
- Securities Fraud Class Actions
- Other Complex Litigation

**Education:**

- University of Michigan Law School, J.D. cum laude, 2014
- The College of William & Mary, B.A. cum laude, 2011

**Admissions:**

- Pennsylvania
- New Jersey
- Western District of Pennsylvania
- District of New Jersey
- Central District of Illinois



Alex M. Kashurba is an associate in the Firm's Haverford office. He focuses his practice on complex litigation including securities, consumer protection, and data privacy class actions.

Alex received his law degree from the University of Michigan Law School. While in law school, he interned for the United States Attorney's Office for the Eastern District of Pennsylvania as well as the Office of General Counsel for the United States House of Representatives. Prior to joining the Firm, Alex served as a law clerk in the United States District Court for the Western District of Pennsylvania, including for the Honorable Kim R. Gibson and the Honorable Nora Barry Fischer. Alex graduated from The College of William & Mary where he majored in Government.

Alex has assisted in prosecuting the following matters, among others:

- *Udeen, et al. v. Subaru of America, Inc.*, No. 1:18-cv-17334-RBK-JS (D.N.J.) (preliminary approval granted of a settlement valued at $6.25 million in this consumer class action involving defective infotainment systems in certain Subaru automobiles);
- *In re Nexus 6P Prods. Liab. Litig.*, No. 5:17-cv-02185-BLF (N.D. Cal.) (final approval of a $9.75 million settlement granted in this class action lawsuit which alleged that Google smartphones contained a defect that caused "bootlooping" and sudden battery drain; CSK&D served as co-lead class counsel);
- *Weeks, et al. v. Google LLC*, 5:18-cv-00801-NC (N.D. Cal.) (final approval of a $7.25 million settlement granted in this consumer class action alleging that Google sold first-generation Pixel smartphones with a known microphone defect; CSK&DS was appointed co-lead class counsel);
- *Gordon, et al. v. Chipotle Mexican Grill, Inc.*, No. 1:17-cv-01415-CMA (D. Colo.) (final approval granted in class action relating to a data breach that allegedly exposed consumers' payment card data to hackers; CSK&D served as co-lead class counsel).

# Samantha E. Holbrook

**Practice Areas:**

- Consumer protection
- Consumer fraud and defective products
- Other complex litigation

**Education:**

- Temple Beasley School of Law, J.D., 2011
- Pennsylvania State University, B.A., Political Science, 2007
- Pennsylvania State University, B.A., Spanish, 2007

**Admissions:**

- Pennsylvania
- Eastern District of Pennsylvania
- New Jersey



Samantha E. Holbrook is an Associate Attorney in the firm's Haverford office.  She has extensive experience in consumer protection class action litigation. Prior to joining the firm, Ms. Holbrook was an attorney in the Radnor office of a national class action law firm where she represented consumers and investors in nationwide class actions.  Ms. Holbrook has experience handling and litigating all aspects of the prosecution of national class action litigation asserting claims under state and federal law challenging predatory lending practices, product defects, breach of fiduciary duty, antitrust claims, consumer fraud and unfair and deceptive acts and practices in federal courts throughout the country.

Ms. Holbrook has assisted in obtaining substantial recoveries in numerous class actions on behalf of investors and participants in employee stock ownership plans including the following:

Board of Trustees of the AFTRA Retirement Fund, et al. v. JPMorgan Chase Bank, N.A., 09-CV-686 (SAS), 2012 WL 2064907 (S.D.N.Y. June 7, 2012) (approving $150 million settlement)

In re 2008 Fannie Mae ERISA Litigation, Case No. 09-cv-1350 (S.D.N.Y.) ($9 million settlement on behalf of participants in the Federal National Mortgage Association Employee Stock Ownership Plan)

Ms. Holbrook has also obtained favorable recoveries on behalf of multiple nationwide classes of borrowers whose insurance was force-placed by their mortgage services.

# Emily L. Skaug

**Education:**

- Widener University Delaware Law School, J.D., 2018

- University of Delaware, B.A., 2015

**Admissions:**

- Pennsylvania

- New Jersey



Emily L. Skaug is an associate in the Firm's Wilmington office.  Together with the Firm's Partners, she focuses her practice on complex litigation, including shareholder derivative and other investor rights cases.

Emily received her Bachelor of Arts in Psychology from University of Delaware. She received her law degree from Widener University Delaware Law School in 2018. While in law school, Emily was a student ambassador and was involved in Wills for Heroes and Delaware Volunteer Legal Services.  After graduating law school, Emily interned in the Delaware Superior Court for the Honorable Jan R. Jurden, President Judge and later served as a law clerk for the Honorable John A. Parkins, Jr. and the Honorable Calvin L. Scott, Jr.

# Practice Areas

**Health & Welfare Fund Assets**

*CSK&D Protects Clients' Health & Welfare Fund Assets Through Monitoring Services & Vigorously Pursuing Health & Welfare Litigation.*

At no cost to the client, CSK&D seeks to protect its clients' health & welfare fund assets against fraud and other wrongdoing by monitoring the health & welfare fund's drug purchases, Pharmacy benefit Managers and other health service providers.  In addition, CSK&D investigates potential claims and, on a fully-contingent basis, pursues legal action for the client on meritorious claims involving the clients' heath & welfare funds.  These claims could include: the recovery of excessive charges due to misconduct by health service providers; antitrust claims to recover excessive prescription drug charges and other costs due to corporate collusion and misconduct; and, cost-recovery claims where welfare funds have paid for health care treatment resulting from defective or dangerous drugs or medical devices.

**Monitoring Financial Investments**

*CSK&D Protects Clients' Financial Investments Through Securities Fraud Monitoring Services.*

Backed by extensive experience, knowledge of the law and successes in this field, CSK&D utilizes various information systems and resources (including forensic accountants, financial analysts, seasoned investigators, as well as technology and data collection specialists, who can cut to the core of complex financial and commercial documents and transactions) to provide our institutional clients with a means to actively protect the assets in their equity portfolios.  As part of this no-cost service, for each equity portfolio, CSK&D monitors relevant financial and market data, pricing, trading, news and the portfolio's losses.  CSK&D investigates and evaluates potential securities fraud claims and, after full consultation with the client and at the client's direction, CSK&D will, on a fully-contingent basis, pursue legal action for the client on meritorious securities fraud claims.

**Corporate Transactional**

*CSK&D Protects Shareholders' Interest by Holding Directors Accountable for Breaches of Fiduciary Duties*

Directors and officers of corporations are obligated by law to exercise good faith, loyalty, due care and complete candor in managing the business of the corporation.  Their duty of loyalty to the corporation and its shareholders requires that they act in the best interests of the corporation at all times.  Directors who breach any of these "fiduciary" duties are accountable to the stockholders and to the corporation itself for the harm caused by the breach.  A substantial part of the practice of Chimicles Schwartz Kriner & Donaldson-Smith LLP involves representing shareholders in bringing suits for breach of fiduciary duty by corporate directors.

# Practice Areas

**Securities Fraud**

*CSK&D Protects and Recovers Clients' Assets Through the Vigorous Pursuit of Securities Fraud Litigation.*

CSK&D has been responsible for recovering over $1 billion for institutional and individual investors who have been victims of securities fraud.  The prosecution of securities fraud often involves allegations that a publicly traded corporation and its affiliates and/or agents disseminated materially false and misleading statements to investors about the company's financial condition, thereby artificially inflating the price of that stock.  Often, once the truth is revealed, those who invested at a time when the company's stock was artificially inflated incur a significant drop in the value of their stock.  CSK&D's securities practice group comprises seasoned attorneys with extensive trial experience who have successfully litigated cases against some of the nation's largest corporations.  This group is strengthened by its use of forensic accountants, financial analysts, and seasoned investigators.

**Antitrust and Unfair Competition**

*CSK&D Enforces Clients' Rights Against Those Who Violated Antitrust Laws.*

CSK&D successfully prosecutes an array of anticompetitive conduct, including price fixing, tying agreements, illegal boycotts and monopolization, anticompetitive reverse payment accords, and other conduct that improperly delays the market entry of less expensive generic drugs .  As counsel in major litigation over anticompetitive conduct by the makers of brand-name prescription drugs, CSK&D has helped clients recover significant amounts of price overcharges for blockbuster drugs such as BuSpar, Coumadin, Cardizem, Flonase , Relafen, and Paxil, Toprol-XL, and TriCor.

**Real Estate Investment Trusts**

*CSK&D is a Trail Blazer in Protecting Clients' Investments in Non-Listed Equities.*

CSK&D represents limited partners and purchaser of stock in limited partnerships and real estate investment trusts (non-listed REITs) which are publicly-registered but not traded on a national stock exchange.  These entities operate outside the realm of a public market that responds to market conditions and analysts' scrutiny, so the investors must rely entirely on the accuracy and completeness of the financial and other disclosures provided by the company about its business, its finances, and the value of its securities.  CSK&D prosecutes: (a) securities law violations in the sale of the units or stock; (b) abusive management practices including self-dealing transactions and the payment of excessive fees; (c) unfair transactions involving sales of the entities' assets; and (d) buy-outs of the investors' interests.

# Practice Areas

**Shareholder Derivative Action**

*CSK&D is a Leading Advocate for Prosecuting and Protecting Shareholder Rights through Derivative Lawsuits and Class Actions.*

CSK&D is at the forefront of persuading courts to recognize that actions taken by directors (or other fiduciaries) of corporations or associations must be in the best interests of the shareholders.  Such persons have duties to the investors (and the corporation) to act in good faith and with loyalty, due care and complete candor.  Where there is an indication that a director's actions are influenced by self-interest or considerations other than what is best for the shareholders, the director lacks the independence required of a fiduciary and, as a consequence, that director's decisions cannot be honored.  A landmark decision by the Supreme Court of Delaware underscored the sanctity of this principal and represented a major victory for CSK&D's clients.

**Corporate Mismanagement**

*CSK&D is a Principal Advocate for Sound Corporate Governance and Accountability.*

CSK&D supports the critical role its investor clients serve as shareholders of publicly held companies.  Settlements do not provide exclusively monetary benefits to our clients.  In certain instances, they may include long term reforms by a corporate entity for the purpose of advancing the interests of the shareholders and protecting them from future wrongdoing by corporate officers and directors.  On behalf of our clients, we take corporate directors' obligations seriously.  It's a matter of justice. That's why CSK&D strives not to only obtain maximum financial recoveries, but also to effect fundamental changes in the way companies operate so that wrongdoing will not reoccur.

**Defective Products and Consumer Protection**

*CSK&D Protects Consumers from Defective Products and Deceptive Conduct.*

CSK&D frequently represents consumers who have been injured by false advertising, or by the sale of defective goods or services.  The firm has achieved significant recoveries for its clients in such cases, particularly in those involving defectively designed automobiles and other consumer products.  CSK&D has also successfully prosecuted actions against banks and other large institutions for engaging in allegedly deceptive conduct.

# Practice Areas

**Data Breaches**

*CSK&D Protects Consumers Affected by Data Breaches*

CSK&D has significant experience in prosecuting class action lawsuits on behalf of consumers who have been victimized by massive payment card data breaches. Large-scale payment data breaches have been on the rise over the past couple years. These breaches occur when cybercriminals gain unauthorized access to a company's payment systems or computer servers. When they occur, consumers are forced to take significant precautionary measures such as cancelling other cards and accounts, obtaining replacement cards (often for a fee), purchasing credit monitoring and identity theft, and spending large amounts of time reviewing accounts and statements for incidences of fraud. Two recent examples of settlements that CSK&D has resolved are: *Crystal Bray v. GameStop Corp.,* No. 1:17-cv-01365 (D. Del.) and *Gordon, et al. v. Chipotle Mexican Grille, Inc.,* No. 1:17-cv-01415-CMA-SKC (D. Colo.).

# Representative Cases

## Securities Cases Involving Real Estate Investments

***CNL Hotels & Resorts Inc. Securities Litigation***, **Case No. 6:04-CV-1231, United States District Court, Middle District of Florida.**

CSK&D was Lead Litigation Counsel in CNL Hotels & Resorts Inc. Securities Litigation**,** representing a Michigan Retirement System, other named plaintiffs and over 100,000 investors in this federal securities law class action that was filed in August 2004 against the nation's second largest hotel real estate investment trust, CNL Hotels & Resorts, Inc. (f/k/a CNL Hospitality Properties, Inc.) ("CNL Hotels") and certain of its affiliates, officers and directors.  CNL raised over $3 billion from investors pursuant to what Plaintiffs alleged to be false and misleading offering materials. In addition, in June 2004 CNL proposed an affiliated-transaction that was set to cost the investors and the Company over $300 million ("Merger").

The Action was filed on behalf of: (a) CNL Hotels shareholders entitled to vote on the proposals presented in CNL Hotels' proxy statement dated June 21, 2004 ("Proxy Class"); and (b) CNL Hotels' shareholders who acquired CNL Hotels shares pursuant to or by means of CNL Hotels' public offerings, registration statements and/or prospectuses between August 16, 2001 and August 16, 2004 ("Purchaser Class").

The Proxy Class claims were settled by (a) CNL Hotels having entered into an Amended Merger Agreement which significantly reduced the amount that CNL Hotels paid to acquire its Advisor, CNL Hospitality Corp., compared to the Original Merger Agreement approved by CNL Hotels' stockholders pursuant to the June 2004 Proxy; (b) CNL Hotels having entered into certain Advisor Fee Reduction Agreements, which significantly reduced certain historic, current, and future advisory fees that CNL Hotels paid its Advisor before the Merger; and (c) the adoption of certain corporate governance provisions by CNL Hotels' Board of Directors. **In approving the Settlement, the Court concluded that in settling the Proxy claims, "a substantial benefit [was] achieved (estimated at approximately $225,000,000)" and "this lawsuit was clearly instrumental in achieving that result."**   The Purchaser Class claims were settled by Settling Defendants' payment of **$35,000,000**, payable in three annual installments (January 2007 to January 2009).

On August 1, 2006, the Federal District Court in Orlando, Florida granted final approval of the Settlement as fair, reasonable, and adequate, and in rendering its approval of an award of attorneys' fees and costs to Plaintiffs' Counsel, the Court noted that "Plaintiffs' counsel pursued this complex case diligently, competently and professionally" and "achieved a successful result."  More than 100,000 class members received notice of the proposed settlement and no substantive objection to the settlement, plan of allocation or fee petition was voiced by any class member.

# Representative Cases

## Securities Cases Involving Real Estate Investments

*In re Real Estate Associates Limited Partnership Litigation*, Case No. CV 98-7035, United States District Court, Central District of California.

Chimicles Schwartz Kriner & Donaldson-Smith LLP achieved national recognition for obtaining, in a federal securities fraud action, the first successful plaintiffs' verdict under the PSLRA. Senior partner Nicholas E. Chimicles was Lead Trial Counsel in the six-week jury trial in federal court in Los Angeles, in October 2002. The jury verdict, in the amount of $185 million (half in compensatory damages; half in punitive damages), was ranked among the top 10 verdicts in the nation for 2002. After the court reduced the punitive damage award because it exceeded California statutory limits, the case settled for $83 million, representing full recovery for the losses of the class. At the final hearing, held in November 2003, the Court praised Counsel for achieving both a verdict and a settlement that "qualif[ied] as an exceptional result" in what the Judge regarded as "a very difficult case…" In addition, the Judge noted the case's "novelty and complexity…and the positive reaction of the class. Certainly, there have been no objections, and I think Plaintiffs' counsel has served the class very well."

**Case Summary:** In August of 1998, over 17,000 investors ("Investor Class") in 8 public Real Estate Associates Limited Partnerships ("REAL Partnerships") were solicited by their corporate managing general partner, defendant National Partnership Investments Corp. ("NAPICO"), and other Defendants via Consent Solicitations filed with the Securities and Exchange Commission ("SEC"), to vote in favor of the sale of the REAL Partnerships' interests in 98 limited partnerships ("Local Partnerships"). In a self-dealing and interested transaction, the Investor Class was asked to consent to the sale of these interests to NAPICO's affiliates ("REIT Transaction"). In short, Plaintiffs alleged that defendants structured and carried out this wrongful and self-dealing transaction based on false and misleading statements, and omissions in the Consent Solicitations, resulting in the Investor Class receiving grossly inadequate consideration for the sale of these interests. Plaintiffs' expert valued these interests to be worth a minimum of $86,523,500 (which does not include additional consideration owed to the Investor Class), for which the Investor Class was paid only $20,023,859.

Plaintiffs and the Certified Class asserted claims under Section 14 of the Securities Exchange Act of 1934 ("the Exchange Act"), alleging that the defendants caused the Consent Solicitations to contain false or misleading statements of material fact and omissions of material fact that made the statements false or misleading. In addition, Plaintiffs asserted that Defendants breached their fiduciary duties by using their positions of trust and authority for personal gain at the expense of the Limited Partners. Moreover, Plaintiffs sought equitable relief for the Limited Partners including, among other things, an injunction under Section 14 of the Exchange Act for violation of the "anti-bundling rules" of the SEC, a declaratory judgment decreeing that defendants were not entitled to indemnification from the REAL Partnerships.

**Trial:** This landmark case is the *first* Section 14 – proxy law- securities class action seeking damages, a significant monetary recovery, for investors that has been tried, and ultimately won, before a jury anywhere in the United States since the enactment of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Trial began on October 8, 2002 before a federal court jury in Los Angeles. The jury heard testimony from over 25 witnesses, and trial counsel moved into evidence approximately 4,810 exhibits; out of those 4,810 exhibits, witnesses were questioned about, or referred to, approximately 180 exhibits.

# Representative Cases

## Securities Cases Involving Real Estate Investments

On November 15, 2002, the ten‑member jury, after more than four weeks of trial and six days of deliberation, unanimously found that Defendants knowingly violated the federal proxy laws and that NAPICO breached its fiduciary duties, and that such breach was committed with oppression, fraud and malice. The jury's unanimous verdict held defendants liable for compensatory damages of $92.5 million in favor of the Investor Class. On November 19, 2002, a second phase of the trial was held to determine the amount of punitive damages to be assessed against NAPICO. The jury returned a verdict of $92.5 million in punitive damages. In total, trial counsel secured a unanimous jury verdict of $185 million on behalf of the Investor Class.

With this victory, Mr. Chimicles and the trial team secured the 10th largest verdict of 2002. (See, National Law Journal, "The Largest Verdicts of 2002", February 2, 3003; National Law Journal, "Jury Room Rage", Feb. 3. 2002). Subsequent to post-trial briefing and rulings, in which the court reduced the punitive damage award because it exceeded California statutory limits, the case settled for $83 million. The settlement represented full recovery for the losses of the class.

**Prosecuting and trying this Case required dedication, tenacity, and skill:** This case involved an extremely complex transaction. As Lead Trial Counsel, CSK&D was faced with having to comprehensively and in an understandable way present complex law, facts, evidence and testimony to the jury, without having them become lost (and thus, indifferent and inattentive) in a myriad of complex terms, concepts, facts and law. The trial evidence in this case originated almost exclusively from the documents and testimony of Defendants and their agents. As Lead Trial Counsel, CSK&D was able, through strategic cross-examination of expert witnesses, to effectively stonewall defendants' damage analysis. In addition, CSK&D conducted thoughtful and strategic examination of defendants' witnesses, using defendants' own documents to belie their testimony.

**The significance of the case:** The significance of this trial and the result are magnified by the public justice served via this trial and the novelty of issues tried. This case involved a paradigm of corporate greed, and CSK&D sent a message to not only the Defendants in this Action, but to all corporate fiduciaries, officers, directors and partners, that it does not pay to steal, lie and cheat. There needs to be effective deterrents, so that "corporate greed" does not pay. The diligent and unrelenting prosecution and trial of this case by CSK&D sent that message.

Moreover, the issues involved were novel and invoked the application of developing case law that is not always uniformly applied by the federal circuit courts. In Count I, Plaintiffs alleged that defendants violated § 14 of the Exchange Act. Subsequent to the enactment of the PLSRA, the primary relief sought and accorded for violations of the proxy laws is a preliminary injunction. Here, the consummation of the REIT Transaction foreclosed that form of relief. Instead, Plaintiffs' Counsel sought significant monetary damages for the Investor Class on account of defendants' violations of the federal proxy laws. CSK&D prevailed in overcoming defendants' characterization of the measure of damages that the Investor Class was required to prove (defendants argued for a measure of damages equivalent to the difference in the value of the security prior to and subsequent to the dissemination of the Consent Solicitations), and instead, successfully recouped damages for the value of the interests and assets given up by the Investor Class. The case is important in the area of enforcement of fiduciary duties in public partnerships which are a fertile ground for unscrupulous general partners to cheat the public investors.

41

# Representative Cases

## Securities Cases Involving Real Estate Investments

### *Aetna Real Estate Associates LP*

Nicholas Chimicles and Pamela Tikellis represented a Class of unitholders who sought dissolution of the partnership because the management fees paid to the general partners were excessive and depleted the value of the partnership.  The Settlement, valued in excess of $20 million, included the sale of partnership property to compensate the class members, a reduction of the management fees, and a special cash distribution to the class.

### *City of St. Clair Shores General Employees Retirement System, et al. v. Inland Western Retail Real Estate Trust, Inc., Case No. 07 C 6174*, **United States District Court, Northern District of Illinois .**

CSK&D was principal litigation counsel for the plaintiff class of stockholders that challenged the accuracy of a proxy statement that was used to secure stockholder approval of a merger between an external advisor and property managers and the largest retail real estate trust in the country.  In 2010, in a settlement negotiation lead by the Firm, we succeeded in having $90 million of a stock, or 25% of the merger consideration, paid back to the REIT.

### *Wells and Piedmont Real Estate Investment Trust, Inc., Securities Litigation, Case Nos. 1:07-cv-00862, 02660*, **United States District Court, Northern District of Georgia.**

CSK&D served as co-lead counsel in this federal securities class action on behalf of Wells REIT/Piedmont shareholders.  Filed in 2007, this lawsuit charged Wells REIT, certain of its directors and officers, and their affiliates, with violations of the federal securities laws for their conducting an improper, self-dealing transaction and recommending that shareholders reject a mid-2007 tender offer made for the shareholders' stock.  On the verge of trial, the Cases settled for $7.5 million and the Settlement was approved in 2013.

### *In re Cole Credit Property Trust III, Inc. Derivative and Class Litigation, Case No. 24-C-13-001563,* **Circuit Court for Baltimore City.**

In this Action filed in 2013, CSK&D, as chair of the executive committee of interim class counsel, represents Cole Credit Property Trust III ("CCPT III") investors, who were, without their consent, required to give Christopher Cole (CCPT III's founder and president) hundreds of millions of dollars' worth of consideration for a business that plaintiffs allege was worth far less.  The Action also alleges that, in breach of their fiduciary obligations to CCPT III investors, CCPT III's Board of Directors pressed forward with this wrongful self-dealing transaction rebuffing an offer from a third party that proposed to acquire the investors' shares in a $9 billion dollar deal.  Defendants have moved to dismiss the complaint, and plaintiffs have filed papers vigorously opposing the motion.

# Representative Cases

## Securities Cases Involving Real Estate Investments

***Roth v. The Phoenix Companies, Inc. and U.S. Bank National Association, in its capacity as Indenture Trustee, Index No. 650634/2016 (N.Y. Sup. Ct.).***

CSK&D served as lead counsel in this action on behalf of bondholders in connection with a 2015 going-private merger.  In early 2016, Phoenix sought Bondholder's consent to amend the Company's Indenture to severely limit Bondholder's access to financial information and to allow the Trustee to waive certain of its oversight responsibilities.  CSK&D promptly filed a complaint seeking injunctive relief, and within seven days, CSK&D secured material benefits for Bondholders, including, most significantly, ongoing access to material financial and corporate information which increased the value of the Bonds by $17.5 million and secured ongoing liquidity for the Bonds. In approving the settlement, the Court stated that "I think the plaintiffs were successful in getting everything they could have gotten …. I think it's a great settlement."

***Gamburg, et al., v. Hines Real Estate Investment Trust, Inc., et al, Case No. 24C16004496 (Cir. Ct. Baltimore City, MD).***

CSK&D served as co-lead counsel in this direct and derivative action filed in 2016 on behalf of Hines REIT and its stockholders which challenges various self-dealing conduct by the managers and directors of Hines REIT.  The action alleged, among other things, that $15 million in fees were paid to affiliates in violation of contractual and fiduciary duties.  Defendants moved to dismiss the action, and the Court held a hearing in December 2015.  In an expedited partial ruling on an issue of first impression, the Court held that plaintiffs were entitled to proceed with their derivative claims even subsequent to the then-impending liquidation – a crucial initial decision in favor of the stockholders that preserved rights that could have otherwise been extinguished upon the liquidation.  While the Court's ruling on the remaining issues raised in Defendants' motion was pending, the parties reached a settlement in January 2018.  On June 6, 2018 the court granted final approval of the Settlement which provides for the cash payment of $3.25 million, which represents a recovery of over 20% of the fees paid to affiliates.

***In re Empire State Realty Trust, Inc. Investor Litigation, Case 650607/2012,*** **New York Supreme Court.**

In this action filed in 2012, CSK&D represents investors who own the Empire State Building, as well as several other Manhattan properties, whose interests and assets are proposed to be consolidated into a new entity called Empire State Realty Trust Inc.  The investors filed an action against the transaction's chief proponents, members of the Malkin family, certain Malkin-controlled companies, and the estate of Leona Helmsley, claiming breaches of fiduciary for, among other things, such proponents being disproportionately favored in the transaction. A Settlement of the Litigation has been reached and was approved in full by the Court.  The Settlement consists of: a cash settlement fund of $55 million, modifications to the transaction that result in an over $100 million tax deferral benefit to the investors, and defendants will provide additional material information to investors about the transaction.

# Representative Cases

## Securities Cases Involving Real Estate Investments

***Delaware County Employees Retirement Fund v. Barry M. Portnoy, et al.***, **Case No. 1:13-cv-10405, United States District Court, District Court of Massachusetts.**

CSK&D is lead counsel in an action pending in federal court in Boston filed on behalf of Massachusetts-based CommonWealth REIT ("CWH") and its shareholders against CWH's co-founder Barry Portnoy and his son Adam Portnoy ("Portnoys"), and their wholly-owned entity Reit Management & Research, LLC ("RMR"), and certain other former and current officers and trustees of CWH (collectively, "Defendants"). The Action alleges a long history of management abuse, self-dealing, and waste by Defendants, which conduct constitutes violations of the federal securities laws and fiduciary duties owed by Defendants to CWH and its shareholders.  Plaintiff seeks damages and to enjoin Defendants from any further self-dealing and mismanagement.  The Defendants sought to compel the Plaintiff to arbitrate the claims, and Plaintiff has vigorously opposed such efforts on several grounds including that CWH and its shareholders did not consent to arbitration and the arbitration clause is facially oppressive and illegal.  The parties are awaiting the Court's ruling on that matter.

# Representative Cases

## Securities Cases (Non-Real Estate)

### *Westmoreland County v. Inventure Foods, Case No. CV2016-002718 (Super. Ct. Ariz.)*

In this securities shareholder class action, CSK&D served as Lead Counsel against Inventure Foods, and certain of its officers and underwriters, arising out of the company's secondary stock offering held in September 2014.  As portfolio monitoring counsel for Westmoreland, CSK&D first identified that the company's stock price had suffered a precipitous decline, rather soon after the offering, due to troubles at the Company's manufacturing facility, including a major food recall.  Before filing a complaint, CSK&D investigated the potential causes of the problems – including securing documents from the FDA and GA Department of Agriculture, talking to former employees and engaging a listeria expert. Subsequent to the investigation, CSK&D filed the first complaint alleging that the Defendants violated the Securities Act of 1933 by issuing a false and misleading Registration Statement and Prospectus in connection with the stock offering. In a pair of rulings entered on February 24, 2017, and August 4, 2017, the Court rejected defendants' motions to dismiss the action.  The parties proceeded with Mediation and reached a proposed Settlement which was preliminarily approved by the court on June 6, 2018.  On November 2, 2018 the court granted final approval of the settlement which recovers over 35% of damages for investors (which percentage even assumes all offering shares were damaged).

### *Orrstown Financial Services, Inc., et al,* **Securities Litigation***,* **Case No. 12-cv-00793 United States District Court, Middle District of Pennsylvania.**

In this federal securities fraud class action filed in 2012, CSK&D serves as Lead Counsel on behalf of Lead Plaintiff Southeastern Pennsylvania Transportation Authority (SEPTA).  The action alleges that Orrstown bank, its holding company, and certain of its officers, violated the Securities Exchange Act by misleading investors concerning material information about Orrstown's loan portfolio, underwriting practices, and internal controls.  CSK&D investigated the cause of the decline which included reviewing Orrstown's filings with the SEC, making FOIA requests on the Federal Reserve Bank of Philadelphia and the PA Department of Banking, and interviewing former employees of Orrstown.  The Court denied in large part Defendants' motions to dismiss, and the parties are currently engaged in discovery.  This case demonstrates CSK&D's ability to identify potential claims, fully investigate them, bring litigation on behalf of a pension fund, secure appointment of lead plaintiff for its client and then vigorously prosecute the case.

### *ML-Lee Litigation, ML Lee Acquisition Fund L.P.* **and** *ML-Lee Acquisition Fund II L.P.* **and** *ML-Lee Acquisition Fund (Retirement Accounts)***, (C.A. Nos. 92-60, 93-494, 94-422, and 95-724), United States District Court, District of Delaware.**

CSK&D represented three classes of investors who purchased units in two investment companies, ML-Lee Funds (that were  jointly created by Merrill Lynch and Thomas H. Lee). The suits alleged breaches of the federal securities laws, based on the omission of material information and the inclusion of material misrepresentations in the written materials provided to the investors, as well as breaches of fiduciary duty and common law by the general partners in regard to conduct that benefited them at the expense of the limited partners. The complaint included claims under the often-ignored Investment Company Act of 1940, and the case witnessed numerous opinions that are considered seminal under the ICA.  The six-year litigation resulted in **$32 million** in cash and other benefits to the investors.

# Representative Cases

## Securities Cases (Non-Real Estate)

***In re Colonial BancGroup, Inc. Securities Litigation*, Case No. 09-CV-00104, United States District Court, Middle District of Alabama.**

CSK&D is actively involved in prosecuting this securities class action arising out of the 2009 failure of Colonial Bank, in which Norfolk County Retirement System, State-Boston Retirement System, City of Brockton Retirement System, and Arkansas Teacher Retirement System are the Court-appointed lead plaintiffs.  The failure of Colonial Bank was well-publicized and ultimately resulted in several criminal trials and convictions of Colonial officers and third parties involved in a massive fraud in Colonial's mortgage warehouse lending division.  The pending securities lawsuit includes allegations arising out of the mortgage warehouse lending division fraud, as well as allegations that Colonial misled investors concerning its operations in connection with two public offerings of shares and bonds in early 2008, shortly before the Bank's collapse.  In April 2012, the Court approved a $10.5 million settlement of Plaintiffs' claims against certain of Colonial's directors and officers.  Plaintiffs' claims against Colonial's auditor, PwC, and the underwriters of the 2008 offerings are ongoing.

***Continental Illinois Corporation Securities Litigation*, Civil Action No. 82 C 4712, United States District Court, Northern District of Illinois.**

Nicholas Chimicles served as lead counsel for the shareholder class in this action alleging federal securities fraud.  Filed in the federal district court in Chicago, the case arose from the 1982 oil and gas loan debacle that ultimately resulted in the Bank being taken over by the FDIC.  The case involved a twenty-week jury trial conducted by Mr. Chimicles in 1987.  Ultimately, the Class recovered nearly $40 million.

***PaineWebber Limited Partnerships Litigation, 94 Civ. 8547,* United States District Court, Southern District of New York .**

The Firm was chair of the plaintiffs' executive committee in a case brought on behalf of tens of thousands of investors in approximately 65 limited partnerships that were organized or sponsored by PaineWebber.  In a landmark settlement, investors were able to recover $200 million in cash and additional economic benefits following the prosecution of securities law and RICO (Racketeer Influenced and Corrupt Organizations Act) claims.

# Representative Cases

## Delaware and Other Merger and Acquisition Suits

### *In re: Starz Shareholder Litigation, Cons. C.A. No. 12584-VCG (Del. Ct. Ch.)*

In this stockholder class action, CSK&D served as co-lead counsel in this stockholder class action lawsuit against Starz, its controlling stockholder, John C. Malone ("Malone"), and certain of its officers and directors, arising out of the acquisition of Starz by Lions Gate Entertainment Corp. ("Lions Gate") (the "Merger"). Pursuant to the Merger, Malone who is also a director of Lions Gate, was to receive superior consideration, including voting rights in Lions Gate, while the remaining Starz stockholders would receive less valuable consideration and lose their voting rights. The Action alleges that the process undertaken by the Starz's board of directors in connection with the Merger was orchestrated by Malone and tainted by multiple conflicts. The Complaint also alleges that the consideration proposed is unfair and represents an effort by Malone to enlarge his already-massive media empire and to ensure his control position, to the detriment of Starz's minority stockholders. On August 16, 2016, the Court appointed Norfolk County as Co-Lead Plaintiff and CSK&D, specifically Robert Kriner, as Co-Lead Counsel. After a 2-day mediation session in August 2018, the parties have reached a proposed settlement of a $92.5 million payment to former shareholder of Starz. The Settlement Agreement and supporting papers were filed with the court on October 9, 2018, and the court has scheduled the settlement hearing for December 10, 2018.

### *In re Sanchez Energy Derivative Litigation*, C.A. No. 9132-VCG (Del. Ch.).

In this derivative action, CSK&D served as co-lead counsel for plaintiffs in this derivative action which challenged the acquisition by Sanchez Energy Corporation of assets in the Tuscaloosa Marine Shale from Sanchez Resources LLC, an affiliate of Sanchez Energy's CEO, Tony Sanchez, III, and Executive Chairman Tony Sanchez, Jr. The case alleged wrongful self-dealing in the acquisition in which Sanchez Energy paid the affiliate acreage prices which far exceeded prices paid in comparable transactions. On November 6, 2017, the Delaware Court of Chancery approved a Settlement valued at more than $30 million. In approving the Settlement, the Court characterized it as a very good result in CSK&D having obtained a substantial portion of the home-run damages available at trial.

### *In re Freeport-McMoran Sulphur, Inc. Shareholder Litigation*, C.A. No. 16729, Delaware Court of Chancery.

In this shareholder class action, CSK&D served as Lead Plaintiffs' Counsel representing investors in a stock-for-stock merger of two widely held public companies, seeking to remedy the inadequate consideration the stockholders of Sulphur received as part of the merger. In June 2005, the Court of Chancery denied defendants' motions for summary judgment, allowing Plaintiffs to try each and every breach of fiduciary duty claim asserted in the Action. In denying defendants' motions for summary judgment the Court held there were material issues of fact regarding certain board member's control over the Board including the Special Committee members and the fairness of the process employed by the Special Committee implicating the duty of entire fairness and raising issues regarding the validity of the Board action authorizing the merger. The decision has broken new ground in the field of corporate litigation in Delaware. Before the trial commenced, Plaintiffs and Defendants agreed in principle to settle the case. The settlement, which was approved in April 2006, provides for a cash fund of $17,500,000.

# Representative Cases

## Delaware and Other Merger and Acquisition Suits

**In re Genentech, Inc. Shareholders Litigation, C.A. No. 3911-VCS, Delaware Court of Chancery.**

In this shareholder class action, CSK&D served as Co-Lead Counsel representing minority stockholders of Genentech, Inc. in an action challenging actions taken by Roche Holdings, Inc. ("Roche") to acquire the remaining approximately 44% of the outstanding common stock of Genentech, Inc. ("Genentech") that Roche did not already own. In particular, Plaintiffs challenged that Roche's conduct toward the minority was unfair and violated pre-existing governance agreements between Roche and Genentech. During the course of the litigation, Roche increased its offer from $86.50 per share to %95 per share, a $4 billion increase in value for Genentech's minority shareholders. That increase and other protections for the minority provided the bases for the settlement of the action, which was approved by the Court of chancery on July 9, 2009.

**In re Kinder Morgan Shareholder Litigation, C.A. No. 06-c-801, District Court of Shawnee County, Kansas**

In this shareholder class action, CSK&D served as Co-Lead Counsel representing former stockholders of Kinder Morgan, Inc. (KMI) in an action challenging the acquisition of Kinder Morgan by a buyout group lead by KMI's largest stockholder and Chairman, Richard Kinder. Plaintiffs alleged that Mr. Kinder and a buyout group of investment banks and private equity firms leveraged Mr. Kinder's knowledge and control of KMI to acquire KMI for less than fair value. As a result of the litigation, Defendants agreed to pay $200 million into a settlement fund, believed to be the largest of its kind in any buyout-related litigation. The district Court of Shawnee County, Kansas approved the settlement on November 19, 2010.

**In re Chiron Shareholder Deal Litigation, Case No. RG05-230567 (Cal. Super.) & In re Chiron Corporation Shareholder Litigation, C.A. No. 1602-N, Delaware Court of Chancery**

CSK&D represents stockholders of Chiron Corporation in an action which challenged the proposed acquisition of Chiron Corporation by its 42% stockholder, Novartis AG. Novartis announced a $40 per share merger proposal on September 1, 2005, which was rejected by Chiron on September 5, 2005. On October 31, Chiron announced an agreement to merge with Novartis at a price of $45 per share. CSK&D was co-lead counsel in the consolidated action brought in the Delaware Court of Chancery. Other similar actions were brought by other Chiron shareholders in the Superior Court of California, Alameda City. The claims in the Delaware and California actions were prosecuted jointly in the Superior Court of California. CSK&D, together with the other counsel for the stockholders, obtained an order from the California Court granting expedited proceedings in connection with a motion preliminary to enjoin the proposed merger. Following extensive expedited discovery in March and April, 2006, and briefing on the stockholders' motion for injunctive relief, and just days prior to the scheduled hearing on the motion for injunctive relief, CSK&D, together with Co-lead counsel in the California actions, negotiated an agreement to settle the claims which included, among other things, a further increase in the merger price to $48 per share, or an additional $330 million for the public stockholders of Chiron. On July 25, 2006, the Superior Court of California, Alameda County, granted final approval to the settlement of the litigation.

# Representative Cases

## Delaware and Other Merger and Acquisition Suits

### *Gelfman v. Weeden Investors, L.P., Civ. Action No. 18519-NC, Delaware Court of Chancery*

Chimicles Schwartz Kriner & Donaldson-Smith LLP served as class counsel, along with other plaintiffs' firms, in this action against the Weeden Partnership, its General Partner and various individual defendants filed in the Court of Chancery in the State of Delaware.  In this Class Action, Plaintiffs alleged that Defendants breached their fiduciary duties to the investors and breached the Partnership Agreement. The Delaware Chancery Court conducted a trial in this action which was concluded in December 2003. Following the trial, the Chancery Court received extensive briefing from the parties and heard oral argument. On June 14, 2004, the Chancery Court issued a memorandum opinion, which was subsequently modified, finding that the Defendants breached their fiduciary duties and the terms of the Partnership Agreement, with respect to the investors, and that Defendants acted in bad faith ("Opinion"). This Opinion from the Chancery Court directed an award of damages to the classes of investors, in addition to other relief.  In July 2004, Class Counsel determined that it was in the best interests of the investors to settle the Action for over 90% of the value of the monetary award under the Opinion (over $8 million).


### *I.G. Holdings Inc., et al.  v. Hallwood Realty, LLC, et al., C.A. No. 20283, Delaware Court of Chancery.*

In the Delaware Court of Chancery, C& T represented the public unitholders of Hallwood Realty L.P.  The action challenged the general partner's refusal to redeem the Partnership's rights plan or to sell the Partnership to maximize value for the public unitholders. Prior to the filing of the action, the Partnership paid no distributions and  Units of the Partnership normally traded in the range of $65 to $85 per unit. The prosecution of the action by CSK&D caused the sale of the Partnership, ultimately yielding approximately $137 per Unit for the unitholders plus payment of the attorneys' fees of the Class.

# Representative Cases

## Delaware and Other Merger and Acquisition Suits

***Southeastern Pennsylvania Transportation Authority v. Josey***, **et. al., C.A. No. 5427, Delaware Court of Chancery.**

Chimicles Schwartz Kriner & Donaldson-Smith served as class counsel in this action challenging the acquisition of Mariner Energy, Inc. by Apache Corporation.  Following expedited discovery, CSK&D negotiated a settlement which led to the unprecedented complete elimination of the termination fee from the merger agreement and supplemental disclosures regarding the merger.  On March 15, 2011, the Delaware Court of Chancery granted final approval to the settlement of the litigation.

***In re Pepsi Bottling Group, Inc. Shareholders Litigation***, **C.A. No. 4526, Delaware Court of Chancery.**

The Firm served as class counsel, along with several other firms challenging PepsiCo's buyout of Pepsi Bottling Group, Inc. CSK&D's efforts prompted PepsiCo to raise its buyout offer for Pepsi Bottling Group, Inc. by approximately $1 billion and take other steps to improve the buyout on behalf of public stockholders.

***In re Atlas Energy Resources LLC, Unitholder Litigation***, **Consol C.A. No. 4589, Delaware Court of Chancery.**

The Firm was co-lead counsel in an action challenging the fairness of the acquisition of Atlas Energy Resources LLC by its controlling shareholder, Atlas America, Inc.  After over two-years of complex litigation, the Firm negotiated a $20 million cash settlement, which was finally approved by the court on May 14, 2012.

***In re J. Crew Group, Inc. S'holders Litigation***, **C.A. No. 6043, Delaware Court of Chancery.**

The Firm was co-lead counsel challenging the fairness of a going private acquisition of J.Crew by TPG and members of J.Crew's management.  After hard-fought litigation, the action resulted in a settlement fund of $16 million and structural changes to the go-shop process, including an extension of the go-shop process, elimination of the buyer's informational and matching rights and requirement that the transaction to be approved by a majority of the unaffiliated shareholders.  The settlement was finally approved on December 16, 2011.

# Representative Cases

## Delaware and Other Merger and Acquisition Suits

***In re McKesson Derivative Litigation, Saito**, et al.  v. McCall, et al., C.A. No. 17132, Delaware Court of Chancery.*

As Lead Counsel in this stockholder derivative action, CSK&D challenged the actions of the officers, directors and advisors of McKesson and HBOC in proceeding with the merger of the two companies when their managements were allegedly aware of material accounting improprieties at HBOC.  In addition, CSK&D also brought (under Section 220 of the Delaware Code) a books and records case to discover information about the underlying events. CSK&D successfully argued in the Delaware Courts for the production of the company's books and records which were used in the preparation of an amended derivative complaint in the derivative case against McKesson and its directors. Seminal opinions have issued from both the Delaware Supreme Court and Chancery Court about Section 220 actions and derivative suits as a result of this lawsuit. Plaintiffs agreed to a settlement of the derivative litigation subject to approval by the Delaware Court of Chancery, pursuant to which the Individual Defendants' insurers will pay $30,000,000 to the Company. In addition, a claims committee comprised of independent directors has been established to prosecute certain of Plaintiffs' claims that will not be released in connection with the proposed settlement. Further, the Company will maintain important governance provisions among other things ensuring the independence of the Board of Directors from management. On February 21, 2006, the Court of Chancery approved the Settlement and signed the Final Judgment and Order and Realignment Order.

***Barnes & Noble Inc.,** C.A. No. 4813, Delaware Court of Chancery.*

CSK&D served as Co-Lead Counsel in a shareholder lawsuit brought derivatively on behalf of Barnes & Noble ("B&N") alleging wrongdoing by the B&N directors for recklessly causing B&N to acquire Barnes & Noble College Booksellers, Inc. ("College Books") the "Transaction") from B&N's founder, Chairman and controlling stockholder, Leonard Riggio ("Riggio") at a grossly excessive price, subjecting B&N to excessive risk.  The case settled for nearly $30 million and finally approved by the court on September 4, 2012.

***Sample v. Morgan**, et. al., C.A. No. 1214-VCS, Delaware Court of Chancery.*

Action alleging that members of the board of directors of Randall Bearings, Inc. breached their fiduciary duties to the company and its stockholders and committed corporate waste. The action resulted in an eve-of-trial settlement including revocation of stock issued to insiders, a substantial cash payment to the corporation and reformation of the Company's corporate governance. The Court finally approved the settlement on August 5, 2008.

***Manson v. Northern Plain Natural Gas Co**., LLC, et. al., C.A. No. 1973-N, Delaware Court of Chancery.*

Chimicles Schwartz Kriner & Donaldson-Smith served as counsel in a class and derivative action asserting contract and fiduciary duty claims stemming from dropdown asset transactions to a partnership from an affiliate of its general partner. The case settled for a substantial adjustment (valued by Plaintiff's expert to be worth more than $100 million) to the economic terms of units issued by the partnership in exchange for the assets.  The settlement was finally approved by the Court on January 18, 2007.

51

# Representative Cases

## Consumer Cases

**Lockabey v. American Honda Motors Co., Inc., Case No. 37-2010-00087755-CU-BT-CTL, San Diego County Superior Court**

Mr. Chimicles is co-lead counsel in a nationwide class action involving fuel economy problems encountered by purchasers of Honda Civic Hybrids ("HCH"). *Lockabey v. American Honda Motors Co., Inc.*, Case No. 37-2010-00087755-CU-BT-CTL (Super. Ct. San Diego). After nearly five years of litigation in both the federal and state courts in California, a settlement benefiting nearly 450,000 consumers who had leased or owned HCH vehicles from model years 2003 through 2009. Following unprecedented media scrutiny and review by the attorneys general of each state as well as major consumer protection groups, the settlement was approved on March 16, 2012 in a 40 page opinion by the Honorable Timothy B. Taylor of the San Diego County (CA) Superior Court in which the Court stated:

> *The court views this as a case which was difficult and risky… The court also views this as a case with significant public value which merited the 'sunlight' which Class Counsel have facilitated..*

Depending on the number of claims that are filed (deadline will not expire until 6 months after a pending single appeal is resolved), the Class will garner benefits ranging from $100 million to $300 million.

**In re Pennsylvania Baycol: Third-Party Payor Litigation, Case No. 001874, Court of Common Pleas, Philadelphia County.**

In connection with the withdrawal by Bayer of its anti-cholesterol drug Baycol, CSK&D represents various Health and Welfare Funds, including the Pennsylvania Employees Benefit Trust Fund, and a certified national class of "third party payors" seeking damages for the sums paid to purchase Baycol for their members/insureds and to pay for the costs of switching their members/insureds from Baycol to an another cholesterol-lowering drug. The Philadelphia Court of Common Pleas granted plaintiffs' motion for summary judgment as to liability; this is the first and only judgment that has been entered against Bayer anywhere in the United States in connection with the withdrawal of Baycol. The Court subsequently certified a national class, and the parties reached a settlement (recently approved by the court) in which Bayer agreed to pay class members a net recovery that approximates the maximum damages (including pre-judgment interest) suffered by class members. The class settlement negotiated by CSK&D represents a net recovery for third party payors that is between double and triple the net recovery pursuant to a non-litigated settlement negotiated by lawyers representing third party payors such as AETNA and CIGNA that was made available to and accepted by numerous other third party payors (including the TRS). CSK&D had advised its clients to reject that offer and remain in the now settled class action. On June 15, 2006 the court granted final approval of the settlement.

# Representative Cases

## Consumer Cases

***Shared Medical Systems 1998 Incentive Compensation Plan Litigation, Philadelphia County Court of Common Pleas, Commerce Program, No. 0885.***

Chimicles Schwartz Kriner & Donaldson-Smith LLP is lead counsel in this action brought in 2003 in the Philadelphia County Court of Common Pleas. The case was brought on behalf of approximately 1,300 persons who were employees of Defendant Siemens Medical Solutions Health Services Corporation (formerly Shared Medical Systems, Inc.) who had their 1998 incentive compensation plan ("ICP") compensation reduced 30% even though the employees had completed their performance under the 1998 ICP contracts and had earned their incentive compensation based on the targets, goals and quotas in the ICPs.   The Court had scheduled trial to begin on February 4, 2005. On the eve of trial, the Court granted Plaintiffs' motion for summary judgment as to liability on their breach of contract claim.  With the rendering of that summary judgment opinion on liability in favor of Plaintiffs, the parties reached a settlement in which class members will receive a net recovery of the full amount of the amount that their 1998 ICP compensation was reduced. On May 5, 2005, the Court approved the settlement, stating that the case "should restore anyone's faith in class actions as a reasonable way of proceeding on reasonable cases."

***Wong v. T-Mobile USA, Inc.*, Case No. CV 05-cv-73922-NGE-VMM, United States District Court, Eastern District of Michigan.**

Chimicles Schwartz Kriner & Donaldson-Smith LLP and the Miller Law Firm P.C. filed a complaint alleging that defendant T-Mobile overcharged its subscribers by billing them for data access services even though T-Mobile's subscribers had already paid a flat rate monthly fee of $5 or $10 to receive unlimited access to those various data services. The data services include Unlimited T-Zones, Any 400 Messages, T-Mobile Web, 1000 Text Messages, Unlimited Mobile to Mobile, Unlimited Messages, T-Mobile Internet, T-Mobile Internet with corporate My E-mail, and T-Mobile Unlimited Internet and Hotspot. Chimicles Schwartz Kriner & Donaldson-Smith LLP and the Miller Law Firm defeated a motion by T-Mobile to force resolution of these claims via arbitration and successfully convinced the Court to strike down as unconscionable a provision in T-Mobile's subscription contract prohibiting subscribers from bringing class actions. After that victory, the parties reached a settlement requiring T-Mobile to provide class members with a net recovery of the full amount of the un-refunded overcharges with all costs for notice, claims administration, and counsel fees paid in addition to class members' 100% net recovery. The gross amount of the overcharges, which occurred from April 2003 through June 2006, is approximately $6.7 million. To date, T-Mobile has refunded approximately $4.5 million of those overcharges. A significant portion of those refunds were the result of new policies T-Mobile instituted after the filing of the Complaint. Pursuant to the Settlement, T-Mobile will refund the remaining $2.2 million of un-refunded overcharges.

***In re Checking Account Overdraft Litig.*,  No. 1:09-MD-02036-JLK, United States District Court, Southern District of Florida.**

These Multidistrict Litigation proceedings involve allegations that dozens of banks reorder and manipulate the posting order of consumer debit transactions to maximize their revenue from overdraft fees.  Settlements in excess of $1 billion have been reached with several banks.  CSK&D was active in the overall prosecution of these proceedings, and was specifically responsible for prosecuting actions against US Bank (pending $55 million settlement) and Comerica Bank (pending $14.5 million settlement).

# Representative Cases

## Consumer Cases

***In re Apple iPhone/iPod Warranty Litig.,*** **No. 10-CV-01610, United States District Court, Northern District of California** .

CSK&D is interim co-lead counsel in this case brought by consumers who allege that that Apple improperly denied warranty coverage for their iPhone and iPod Touch devices based on external "Liquid Submersion Indicators" (LSIs).  LSIs are small paper-and-ink laminates, akin to litmus paper, which are designed to turn red upon exposure to liquid.  Plaintiffs alleged that external LSIs are not a reliable indicator of liquid damage or abuse and, therefore, Apple should have provided warranty coverage.   The district court recently granted preliminary approval to a settlement pursuant to which Apple has agreed to pay $53 million to settle these claims.

***Henderson v. Volvo Cars of North America LLC, et al.,*** **No. 2:09-CV-04146-CCC-JAD, United States District Court, District of New Jersey.**

CSK&D was lead counsel in this class action lawsuit brought behalf of approximately 90,000 purchasers and lessees of Volvo vehicles that contained allegedly defective automatic transmissions.  After the plaintiffs largely prevailed on a motion to dismiss, the district court granted final approval to a nationwide settlement in March 2013.

***In re Philips/Magnavox Television Litig.*,** **No. 2:09-cv-03072-CCC-JAD, United States District Court, District of New Jersey.**

This class action was brought by consumers who alleged that a defective electrical component was predisposed to overheating, causing their televisions to fail prematurely.  After the motion to dismiss was denied in large part, the parties reached a settlement in excess of $4 million.

***Physicians of Winter Haven LLC, d/b/a Day Surgery Center v. STERIS Corporation*,** **No. 1:10-cv-00264-CAB, United States District Court, Northern District of Ohio.**

This case was brought on behalf of a class of hospitals and surgery centers that purchased a sterilization device that allegedly did not receive the required pre-sale authorization from the FDA.  The case settled for approximately $20 million worth of benefits to class members.  CSK&D, which represented an outpatient surgical center, was the sole lead counsel in this case.

***Smith v. Gaiam, Inc.*,** **No. 09-cv-02545-WYD-BNB, United States District Court, District of Colorado.**

CSK&D was co-lead counsel in this consumer case in which a settlement that provided full recovery to approximately 930,000 class members was achieved.

***In re Certainteed Corp. Roofing Shingle Products Liability Litigation*,** **No, 07-MDL-1817-LP, United States District Court, Eastern District of Pennsylvania.**

This was a consumer class action involving allegations that CertainTeed sold defective roofing shingles. The parties reached a settlement which was approved and valued by the Court at between $687 to $815 million.

# Representative Cases

## Antitrust Cases

***In re TriCor Indirect Purchasers Antitrust Litig.*, No. 05-360-SLR, United States District Court, District of Delaware.**

CSK&D was liaison counsel in this indirect purchaser case which resulted in a $65.7 million settlement. The plaintiffs alleged that manufacturers of a cholesterol drug engaged in anticompetitive conduct, such as making unnecessary changes to the formulation of the drug, which was designed to keep generic versions off of the market.

***In re Flonase Antitrust Litig.*, No. 2:08-cv-3301, United States District Court, Eastern District of Pennsylvania.**

CSK&D was liaison counsel and trial counsel on behalf of indirect purchaser plaintiffs in this pending antitrust case. The plaintiffs allege that the manufacturer of Flonase engaged in campaign of filing groundless citizens petitions with the Food and Drug Administration which was designed to delay entry of cheaper, generic versions of the drug. The court has granted class certification, and denied motions to dismiss and for summary judgment filed by the defendant. A $46 million settlement was reached on behalf of all indirect purchasers a few months before trial was to commence.

***In re In re Metoprolol Succinate End-Payor Antitrust Litig.*, No. 1:06-cv-00071, United States District Court, District of Delaware.**

CSK&D was liaison counsel for the indirect purchaser plaintiffs in this case, which involved allegations that AstraZeneca filed baseless patent infringement lawsuits in an effort to delay the market entry of generic versions of the drug Toprol-XL. After the plaintiffs defeated a motion to dismiss, the indirect purchaser case settled for $11 million.

***In re Insurance Brokerage Antitrust Litigation*, No. 2:04-cv-05184-GEB-PS, United States District Court, District of New Jersey.**

This case involves allegations of bid rigging and steering against numerous insurance brokers and insurers. The district court has granted final approval to settlements valued at approximately $218 million.