**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTIN COHEN, Individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>       v.<br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, and REINOUT HENDRIK SCHAKEL,<br>                Defendants. | 1:20-cv-01293-LJL<br><br>CLASS ACTION |
| WAI CHUN SHEK, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>       v.<br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, CHARLES ZHENGYAO LU, REINOUT HENDRIK SCHAKEL, JINYI GUO, JIAN LIU, HUI LI, ERHAI LIU, CREDIT SUISSE SECURITIES (USA) LLC, MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY, KEYBANC CAPITAL MARKETS INC., and NEEDHAM & COMPANY, LLC,<br><br>                Defendants. | 1:20-cv-02977-NRB<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF LEONARD ROSS'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Plaintiff Leonard Ross respectfully submits this memorandum of law in support of his motion for:

(a) consolidation of the above-captioned actions pursuant to Federal Rule of Civil Procedure 42(a);

(b) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Section 27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), both as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(c) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

## PRELIMINARY STATEMENT

Presently pending are the two above-captioned securities class actions (the "Actions") asserting virtually identical violations of the Exchange Act and the Securities Act against Defendants on behalf of all persons or entities (the "Class") who (i) purchased the publicly traded securities of Luckin Coffee Inc., ("Luckin" or the "Company") between May 17, 2019 and April 6, 2020, inclusive (the "Class Period"); and (ii) purchased American Depositary Receipt Shares ("ADS") in connection with or traceable to the Company's Initial Public Offering on or about May 17, 2019 (the "IPO"), or in connection with Luckin's public secondary offering on or about January 10, 2020 (the "Secondary Offering"); and (iii) purchased Senior Convertible Notes in connection with the $400 million Note Offering conducted concurrently with the Secondary Offering.   Mr. Ross moves for these Actions to be consolidated pursuant to Federal

Rule of Civil Procedure 42(a) because they involve common questions of law and fact and because consolidation here would promote judicial economy.[1]

Under the PSLRA, class action complaints alleging violations of the Securities Act and the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Mr. Ross, a Florida resident with over fifty years of investing experience and an automotive accessories business, satisfies these requirements and should be appointed Lead Plaintiff. First, Mr. Ross lost $3,725,000.00 on his transactions in Luckin securities. Mr. Ross believes that his loss is the largest financial loss in the litigation and his substantial financial interest will ensure his vigorous prosecution of the Class's claims. Second, Mr. Ross satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Additionally, Mr. Ross has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, Mr. Ross respectfully requests that the Court grant his motion to consolidate the Actions, to appoint him as Lead Plaintiff, and to approve his selection of Bernstein Liebhard as Lead Counsel.

## SUMMARY OF ALLEGATIONS

---

[1] In addition to the above captioned actions, Luckin investors filed two actions in the Eastern District of New York. *See Sterckx v. Luckin Coffee Inc.,* No. 1:20-cv-01677 (E.D.N.Y) ("*Sterckx*"); *Gopu v. Luckin Coffee Inc.*, 1:20-cv-01747 (E.D.N.Y.) ("*Gopu*"). Mr. Ross has simultaneously filed a motion seeking Lead Plaintiff appointment in *Sterckx* and *Gopu*.

Luckin purports to engage in the retail sale of freshly brewed drinks, including freshly brewed coffee and non-coffee drinks; and food and beverage items such as light meals.

Defendants were motivated to and actually did conceal the true operational and financial condition of Luckin and materially misrepresented and failed to disclose the conditions that were already adversely affecting Luckin at the time of the May 2019 IPO, the January 2020 Secondary Offering, and throughout the Class Period.   Specifically the Defendants made false and/or misleading statements and/or failed to disclose that: (i) certain of Luckin's financial performance metrics, including per-store per-day sales, net selling price per item, advertising expenses, and revenue contribution from "other products" were inflated; (ii) Luckin's financial results thus overstated the Company's financial health and were consequently unreliable and would likely require restatement; and (iii) as a result, Defendants' statements about Luckin's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis at all relevant times.

On January 31, 2020, Muddy Waters, a short-seller, announced that it had initiated a short position in Luckin Coffee and published an anonymous report that it had acquired alleging that Luckin had fabricated certain of the Company's financial performance metrics.   On this news, Luckin's ADS price fell $3.91 per share, or 10.74% on January 31, 2020.

On April 2, 2020 the Defendants disclosed that Chief Operating Officer, Jian Liu, and other employees at the Company had engaged in a scheme and illegal course of conduct to artificially inflate revenues, such that revenues had been inflated by as much as $310 million during 2019, and were falsely reported from the inception of the Second Quarter of 2019.   On this news, shares of Luckin fell over 80% in a single trading day, from the prior day's close of $26.20 per share to a new 52-week low of $6.40, and then to a close of $5.38 the following day.

3

Finally, on April 6, 2020, Goldman Sachs & Co. LLC announced that an entity controlled by Defendant Lu had defaulted on a $518 million margin loan facility and a group of lenders was putting 76.3 million of the Company's ADS up for sale.  On this news Luckin's ADS fell over 18%, closing at $4.39 per share at close.

## ARGUMENT

## I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Actions alleges substantially similar factual and legal grounds to support allegations of violations of the Exchange Act and/or Securities Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.   THE COURT SHOULD APPOINT MR. ROSS AS LEAD PLAINTIFF

### A.   The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act or the Securities Act] that is

brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B); Section 27 of the Securities Act of 1933 and 15 U.S.C. §§ 77z-1(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i); 15 U.S.C. § 77z-1(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i); 15 U.S.C. § 77z-1(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)      has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of

the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth *infra*, Mr. Ross meets the foregoing criteria, and therefore is entitled to the presumption of being the "most adequate plaintiff" of the Class.

### B.      Mr. Ross is the Most Adequate Plaintiff

Mr. Ross respectfully submits that he is presumptively the "most adequate plaintiff" because he has filed the complaint in this action, has made a motion in response to an Early Notice, has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.      Mr. Ross's Motion is Timely

On February 13, 2020, Pomerantz LLP published the Early Notice via *Globe Newswire*. *See* Declaration of Laurence J. Hasson ("Hasson Decl."), Ex. A.  Accordingly, putative class members had until April 13, 2020 to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class."); 15 U.S.C. § 77z-1(a)(3)(A)(i)(II).

Mr. Ross has timely filed his motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A); 15 U.S.C. § 77z-1(a)(2)(A), attesting to his review of the complaint in this action and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Hasson Decl., Ex. B. Accordingly, Mr. Ross satisfies the first requirement to serve as Lead Plaintiff for the Class.

**2.    Mr. Ross Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

Mr. Ross suffered a substantial loss of $3,725,000.00 in connection with his transactions in Luckin securities. *See* Hasson Decl., Ex. C.  Mr. Ross is not aware of any other movant that has a greater financial interest than him in this litigation. Accordingly, Mr. Ross has the largest financial interest in this litigation.

**3.    Mr. Ross Meets the Requirements of Fed. R. Civ. P. 23**

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original). Mr. Ross satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*

**1.    Mr. Ross's Claims Are Typical of Those of the Class**

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016). Mr. Ross's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named

7

defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and

- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Mr. Ross as to all members of the Class. Since Mr. Ross's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### 2.    Mr. Ross Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd*., 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Mr. Ross is an adequate Lead Plaintiff. Mr. Ross and the other members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Mr. Ross's substantial financial stake in the litigation, Class members can be assured that Mr. Ross has the incentive to vigorously prosecute the claims.

Additionally, Mr. Ross has further demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action

litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

## III.     THE COURT SHOULD APPROVE MR. ROSS'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class.  *See* Hasson Decl., Ex. D (Firm Résumé of Bernstein Liebhard).  Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country.  Some of the firm's most recent Lead Counsel appointments include *In re Hexo Corp Sec. Litig.*, No. 1:19-cv-10965-NRB (S.D.N.Y.); *Stirling v. Ollie's Bargain Outlet Holdings Inc.*, No. 1:19-cv-08647-JPO (S.D.N.Y.); and *In re Fiat Chrysler Automobiles N.V. Sec. Litig.*, No. 1:19-cv-06770-ERK (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country.  In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years.  Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes as Lead Counsel and Co-Lead Counsel include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 1:12-cv-01203-VEC (S.D.N.Y. 2016) ($33 million settlement)

- *In re Tower Group International, Ltd. Sec. Litig.*, No. 1:13-cv-05852-AT (S.D.N.Y. 2015) ($20.5 million settlement)

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Mr. Ross respectfully requests that this Court: (1) consolidate the Actions; (2) appoint him as Lead Plaintiff; and (3) approve his selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated: April 13, 2020                                Respectfully submitted,

                                                     /s/*Laurence J. Hasson*
                                                     **BERNSTEIN LIEBHARD LLP**
                                                     Stanley D. Bernstein
                                                     Laurence J. Hasson
                                                     Matthew E. Guarnero
                                                     10 East 40th Street

New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  bernstein@bernlieb.com
        lhasson@bernlieb.com
        mguarnero@bernlieb.com

*Counsel for Leonard Ross and Proposed Lead
Counsel for the Proposed Class*

**CERTIFICATE OF SERVICE**

I, Laurence J. Hasson, hereby certify that on April 13, 2020, a true and correct copy of the annexed **MEMORANDUM OF LAW IN SUPPORT OF LEONARD ROSS'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: April 13, 2020                                    /s/*Laurence J. Hasson*
                                                                      Laurence J. Hasson