**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTIN COHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, and REINOUT HENDRIK SCHAKEL,<br><br>Defendants. | Case No. 1:20-cv-01293-LJL<br><br>Judge Lewis J. Liman |
| WEI CHUN SHEK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LUCKIN COFFEE INC., JENNY ZHIY A QIAN, CHARLES ZHENGYAO LU, REINOUT HENDRIK SCHAKEL, JINYI GUO, JIAN LIU, HUI LI, ERHAI LIU, CREDIT SUISSE SECURITIES (USA) LLC, MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, KEYBANC CAPITAL MARKETS INC., AND NEEDHAM & COMPANY, LLC,<br><br>Defendants. | Case No. 1:20-cv-02977-NRB<br><br>Judge Naomi Reice Buchwald |

**MEMORANDUM OF LAW IN SUPPORT OF JIMMY CHAN'S**
**MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................1

SUMMARY OF RELEVANT FACTS ............................................................................2

ARGUMENT ...................................................................................................................3

      I.      THESE ACTIONS SHOULD BE CONSOLIDATED............................................3

      II.     MR. CHAN SHOULD BE APPOINTED LEAD PLAINTIFF.............................4

            A.     Mr. Chan Is Timely Moving for Appointment As
                  Lead Plaintiff .................................................................................4

            B.     Mr. Chan Has the Largest Financial Interest In The
                  Relief Sought of Any Investor Able to Adequately
                  Represent the Class ........................................................................5

      III.    MR. CHAN'S SELECTION OF AF&T AS LEAD COUNSEL SHOULD
              BE APPROVED ...............................................................................................7

CONCLUSION................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Bhojwani v. Pistiolis*,
    2007 WL 9228588 (S.D.N.Y. July 31, 2007) ........................................................................... 6

*Born v. Quad/Graphics, Inc.*,
    2020 WL 994427 (S.D.N.Y. Mar. 2, 2020) ................................................................................ 6

*Camp v. Qualcomm Inc.*,
    2019 WL 277360 (S.D. Cal. Jan. 22, 2019)................................................................................ 5

*Cook v. Allergn PLC*,
    2019 WL 1510894 (S.D.N.Y. Mar. 21, 2019) ........................................................................... 6

*In re Aratana Therapeutics Inc. Sec. Litig.*,
    2017 WL 2491494 (S.D.N.Y. June 6, 2017) ............................................................................. 4

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)....................................................................................................... 5

*In re Elan Corp. Sec. Litig.*,
    2009 WL 1321167 (S.D.N.Y. May 11, 2009) ........................................................................... 6

*Micholle v. Ophthotech Corp.*,
    2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ........................................................................... 5

*Morrison v. Nat'l Australia Bank Ltd.*,
    561 U.S. 247 (2010)................................................................................................................... 6

*Sgalambo v. McKenzie*,
    268 F.R.D. 170 (S.D.N.Y. 2010) ............................................................................................. 7

*Tan v. NIO Inc.*,
    2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020)............................................................................. 6

*Tomaszewski v. Trevena, Inc.*,
    2019 WL 2288267 (E.D. Pa. May 29, 2019) ............................................................................ 5

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................. 4

**Statutes and Rules**

15 U.S.C. § 77z–1 .............................................................................................................................. 1

15 U.S.C. §78u-4 ...................................................................................................................... 1, 4, 5, 7

Fed. R. Civ. P. 23 ........................................................................................................................... 6, 7

Fed. R. Civ. P. 42 ............................................................................................................................... 3

Movant Jimmy Chan respectfully submits this memorandum of law in support of his motion for: (i) consolidation of the above-captioned actions; (ii) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z–1(a)(3)(B),[1] as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of his selection of the law firm of Abraham, Fruchter & Twersky, LLP ("AF&T") to serve as Lead Counsel for the class.

## PRELIMINARY STATEMENT

Two securities fraud class actions have been filed on behalf of purchasers of Luckin Coffee Inc. ("Luckin" or the "Company") securities in this District.  The *Cohen* action is brought on behalf of all purchasers of Luckin securities from November 13, 2019 through January 31, 2020, and the *Shek* action is brought on behalf of all purchasers of Luckin securities from May 17, 2020 through January 31, 2020 (the "Class Period").[2]

Mr. Chan is seeking appointment as Lead Plaintiff based upon his net purchases of 8,190 shares of American Depository Shares ("ADSs"), each of which represents eight shares of the Company's ordinary shares, held through the disclosure of the Company's fraud.  Mr. Chan believes that he has the largest financial interest of any class member able to adequately in the relief sought by the class and is an otherwise typical and adequate representative of the Class.  In

---

[1] The Securities Act and the Exchange Act are indistinguishable for purposes of lead plaintiff provisions, so plaintiff only cites to Exchange Act provisions herein.

[2] Two related and overlapping actions were also filed against the same defendants in the U. S. District Court for the Eastern District of New York.  *See Sterckx v. Luckin Coffee Inc. et al.*, No. 1:20-cv-01677-KAM-VMS (E.D.N.Y.) (the "*Sterckx* Action"); *Gopu et al. v. Luckin Coffee Inc. et al.*, No. 1:20-cv-01747-EK-SJB (E.D.N.Y.) (the "*Gopu* Action").  Mr. Chan intends to prosecute these actions in one judicial district but is filing a concurrent motion for appointment as lead plaintiff in the Southern and Eastern District actions to uniform prosecution of the claims asserted.

addition, Mr. Chan's choice of AF&T as proposed lead counsel should also be approved by this Court because of AF&T's substantial experience in litigating securities class actions

<u>**SUMMARY OF RELEVANT FACTS**</u>

Luckin is organized under the laws of the Cayman Islands with its principal place of business in the People's Republic of China. Luckin engages in the retail sale of freshly brewed drinks, and pre-made food and beverage items in the China, offering freshly brewed drinks, including coffee and non-coffee drinks; and food and beverage items, such as light meals. As of March 31, 2019, the Company purported to operate 2,370 stores, including 2,163 pick-up stores, 109 relax stores, and 98 delivery kitchens, in 28 cities.

Luckin trades in the United States through ADSs representing eight shares, or the right to receive eight shares, of its common stock. The Company and certain shareholders have participated in public offerings selling those ADSs to investors on U.S. markets through registration statements and prospectuses filed with the U.S. Securities and Exchange Commission ("SEC"). In addition, the Company filed Forms 6-K filed with the SEC purporting to accurately report Luckin's results of operations and financial condition.

On January 31, 2020, Muddy Waters Capital ("Muddy Waters"), announced that it had initiated a short position and published an anonymous report (the "Anonymous Report") analyzing what it called "Smoking Gun" evidence of fraud by Luckin. The Anonymous Report referred to Luckin as a "Fundamentally Broken Business," and identified numerous "Flaws" in the Company's Business Model. By Monday, February 3, 2020, Luckin disclosed a complete response and denial that rebutted all of the charges made therein.

On April 2, 2020, Luckin shocked the market after it published a press release announcing the termination of its Chief Operating Officer, Defendant J. Liu, announcing the formation of an

Independent Special Committee, and providing certain information related to a then disclosed

ongoing internal investigation, stating, in pertinent part:

> The Special Committee today brought to the attention of the Board information indicating that, beginning in the second quarter of 2019, Mr. Jian Liu, the chief operating officer and a director of the Company, and several employees reporting to him, had engaged in certain misconduct, including fabricating certain transactions. The Special Committee recommended certain interim remedial measures, including the suspension of Mr. Jian Liu and such employees implicated in the misconduct and the suspension and termination of contracts and dealings with the parties involved in the identified fabricated transactions. The Board accepted the Special Committee's recommendations and implemented them with respect to the currently identified individuals and parties involved in the fabricated transactions. The Company will take all appropriate actions, including legal actions, against the individuals responsible for the misconduct.

> The information identified at this preliminary stage of the Internal Investigation indicates that the aggregate sales amount associated with the fabricated transactions from the second quarter of 2019 to the fourth quarter of 2019 amount to around RMB2.2 billion. Certain costs and expenses were also substantially inflated by fabricated transactions during this period. The above figure has not been independently verified by the Special Committee, its advisors or the Company's independent auditor, and is subject to change as the Internal Investigation proceeds. The Company is assessing the overall financial impact of the misconduct on its financial statements. As a result, investors should no longer rely upon the Company's previous financial statements and earning releases for the nine months ended September 30, 2019 and the two quarters starting April 1, 2019 and ended September 30, 2019, including the prior guidance on net revenues from products for the fourth quarter of 2019, and other communications relating to these consolidated financial statements. The investigation is ongoing and the Company will continue to assess its previously published financials and other potential adjustments.

In reaction to the disclosure of April 2, 2020, Luckin's ADSs collapsed over 75%, from

their previous closing price of $26.20 to $6.40 per ADS.

## ARGUMENT

### I.        THESE ACTIONS SHOULD BE CONSOLIDATED

Consolidation followed by appointment of lead plaintiff is proper where actions "involve

a common question of law or fact."   Fed. R. Civ. P. 42(a).   The PSLRA contemplates

consolidation where "more than one action on behalf of a class asserting substantially the same

claim or claims arising under this chapter have been filed."  15 U.S.C. §78u-4(a)(3)(B)(ii).

Indeed, "in securities actions where the complaints are based on the same public statements and

reports, consolidation is appropriate if there are common questions of law and fact and the parties

will not be prejudiced." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (internal quotations

and citation omitted).

    Here, these two actions are related cases are pending in this District asserting securities

fraud claims with respect to Luckin. "[C]ourts routinely consolidate securities class actions

arising from the same allegedly actionable statements." *In re Aratana Therapeutics Inc. Sec.

Litig.*, 2017 WL 2491494, at *3 (S.D.N.Y. June 6, 2017).  No exception to that general practice

applies here.

## II.      MR. CHAN SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA provides a method for determining the "most adequate plaintiff" to serve as

the lead plaintiff in a securities fraud class action.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  *First*, the

plaintiff must file a complaint or make a timely motion to be appointed lead plaintiff.  *See* 15

U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa).  *Second*, the proposed lead plaintiff needs to have "the largest

financial interest in the relief being sought by the [C]lass."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

*Third*, the proposed lead plaintiff needs to "otherwise satisf[y] the requirements of Rule 23 of the

Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

### A.      Mr. Chan Is Timely Moving for Appointment As Lead Plaintiff

The PSLRA provides that any class member may move for appointment as Lead Plaintiff

within 60 days of the publication of notice that the first action asserting substantially the same

claims has been filed.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  On February 13, 2020, notice of the

action brought by plaintiff Cohen was published via *Globe Newswire* and provided April 13, 2020,

*i.e.,* the last day that is within 60 days of the publication of notice of the filing of the *Cohen*

4

Complaint, as the deadline to submit lead plaintiff applications.[3]   Mr. Chan satisfies this requirement through the filing of this Motion.

> **B.**      **Mr. Chan Has the Largest Financial Interest In The Relief Sought of Any Investor Able to Adequately Represent the Class**

Mr. Chan should be appointed Lead Plaintiff because he has the largest financial interest of any investor able to adequately represent investors.  Having the largest financial interest is a entitles a movant to a presumption that he should eb appointed as lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Here, Mr. Chan believes that he is, unfortunately, the investor with the largest financial interest having purchased a total of 9,190 Luckin ADSs and having held 8,190 of those ADSs through disclosure of the Company's fraud.  *See, e.g*., Abraham Decl., Ex. 2.

The PSLRA "establishes a detailed and integrated procedure for selecting a lead plaintiff[.]"  *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).  "Sworn declarations are integral to the PSLRA process, as they assure district courts that the proposed plaintiff…is interested and able to serve as lead plaintiff."  *Tomaszewski v. Trevena, Inc.*, 2019 WL 2288267, at *4 (E.D. Pa. May 29, 2019).  Here, Vijaya and Nirmala Gopu (the "Gopus") fail to identify in their PSLRA certification the expiration date of the various put options they sold short and on occasion repurchased during the putative class period.  *See* Abraham Decl. Ex. 3 (The Gopus PSLRA certification).  This failure to properly file a certification containing the very basic information as required by the PSLRA, standing alone, disqualifies the Gopus from serving as the lead plaintiff in this action.  *See, e.g., Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3-4 (S.D. Cal. Jan. 22, 2019) (errors in pleadings disqualifies the movant from serving as a lead plaintiff); *Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (rejecting a

---

[3] *See* Exhibit ("Ex.") 1 of the Declaration of Jeffrey S. Abraham in Support of the Motion of Jimmy Chan ("Abraham Decl."), submitted herewith.

movant's application because "errors in his submissions…militate against appointment and render him inadequate to serve as lead plaintiff under Rule 23's adequacy requirement."); *Bhojwani v. Pistiolis*, 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) ("carelessness about detail" "undermines the adequacy" of a lead plaintiff movant).

Moreover, a significant portion of the Gopus' claimed losses are apparently a result of options trading, which included sales of both puts and calls during the same time period. *See* Abraham Decl., Ex. 3. Therefore, the Gopus' claims are atypical of the claims of the class that they seek to represent. *See* Fed. R. Civ. P. 23(a)(3), which is a requirement for being appointed the Lead Plaintiff. *See, e.g., Born v. Quad/Graphics, Inc.*, 2020 WL 994427, at *1 (S.D.N.Y. Mar. 2, 2020); *Tan v. NIO Inc.*, 2020 WL 1031489, at *5 (E.D.N.Y. Mar. 3, 2020). The appointment of the Gopus as lead plaintiff, instead, "would introduce factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and he could subject the class to unique defenses, causing unnecessary conflict." *Cook v. Allergn PLC*, 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019) (quoting *In re Elan Corp. Sec. Litig.*, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009)).

Wai Chun Shek ("Shek"), who is the named plaintiff in the second filed case in this District also does not appear to be an adequate representative. It is unclear where Shek lives but based upon the nature of his signature, it appears that it is not the United States. Shek's certification redacts his address, making it is unclear whether the country in which he lives would provide *res judicata* effect to any judgement of this Court which is a necessary prerequisite to serving as a class representative and lead plaintiff, especially coupled with the fact that his certification lists purchases of common stock, rather than ADSs, which common stock does not trade in the United States. *See, e.g., Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 273 (2010) ("Section 10(b)

reaches the use of a manipulative or deceptive device or contrivance only in connection with the purchase or sale of a security listed on an American stock exchange, and the purchase or sale of any other security in the United States."). In such circumstances, at least based upon the information contained in the PSLRA certification filed with the Court, Shek cannot be considered an adequate class representative or lead plaintiff.

In contrast, Mr. Chan's claims are irrefutably typical of the Class he seeks to represent. He purchased Luckin ADSs at prices artificially inflated by defendants' materially false and misleading statements and omissions and suffered damages when the truth was revealed. *See, e.g., Sgalambo v. McKenzie*, 268 F.R.D. 170, 173-74 (S.D.N.Y. 2010) (citation omitted).

Mr, Chan similarly satisfies the adequacy requirement of Rule 23 and will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4) . "The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class ...." *McKenzie*, 268 F.R.D. at 174 (citation omitted).

### III.     MR. CHAN'S SELECTION OF AF&T AS LEAD COUNSEL SHOULD BE APPROVED

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Mr. Chan has selected and retained AF&T to serve as Lead Counsel. AF&T has extensive experience serving as lead or co-lead counsel in similar actions and has repeatedly demonstrated its commitment, professionalism, and ability to achieve outstanding results including Judge Castel very recently approving a $48,750,000 settlement of an action in which AF&T acted as sole lead

counsel.  *See In re TerraForm Global, Inc. Securities Litigation,* No. 1:16-cv-07967-PKC._That is but one of many successful recoveries obtained in securities fraud class actions by AF&T.  *See, e.g., Godinez v. Alere Inc., et al.*, No. 1:16-cv-10766 (PBS), ECF No. 152 (D. Mass. Dec. 22, 2017) (AF&T, as co-lead counsel, achieved a $20 million settlement); *In re Peregrine Systems, Inc. Securities Litigation*, No. 02- CV-0870-BEN (RBB) (S.D. Cal.) (AF&T, as co-lead counsel, obtained a settlement of approximately $117.5 million); *Citiline Holdings, Inc. v. iStar Financial, Inc.*, No. 08-cv-3612-RWS (S.D.N.Y) (AF&T as co-lead counsel obtained a $29 million settlement); *see also* Abraham Decl., Ex. 4 (AF&T's firm biography).

## <u>CONCLUSION</u>

Therefore, for the reasons set above, the Court should: (i) consolidated the above-captioned actions; (ii) appoint Mr. Chan as Lead Plaintiff; and (iii) approve Mr. Chan's selection of the law firm of Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel for the class.

Dated: April 13, 2020                      Respectfully submitted,

                                       **ABRAHAM, FRUCHTER**
                                        **& TWERSKY, LLP**

                               /s/ *Jeffrey S. Abraham*
                              Jeffrey S. Abraham (JA-2946)
                              Michael J. Klein
                              Sean M. Handron-O'Brien
                              One Penn Plaza, Suite 2805
                              New York, New York 10119
                              Tel. (212) 279-5050
                              Fax. (212) 279-3655
                              JAbraham@aftlaw.com
                              MKlein@aftlaw.com
                              SHandronobrien@aftlaw.com

                              *Attorneys for Mr. Chan and Proposed*
                              *Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under the penalty of perjury that on April 13, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Jeffrey S. Abraham*
Jeffrey S. Abraham
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, New York 10119
Tel. (212) 279-5050
Fax. (212) 279-3655
JAbraham@aftlaw.com
