UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, and REINOUT HENDRIK SCHAKEL,<br><br>　　　　　　　　Defendants. | No.  1:20-cv-01293-LJL<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SATYANARAYANA KANCHANAPALLI TO APPOINT LEAD PLAINTIFF <u>AND APPROVE SELECTION OF LEAD COUNSEL</u>**

010911-11/1255989 V1

## I.   INTRODUCTION

Presently pending before this Court is the first-filed securities class action brought on behalf of investors who purchased or otherwise acquired securities of Luckin Coffee Inc. ("Luckin" or the "Company") and certain of its senior executives.

Significantly, two later-filed securities class action actions have been filed against Luckin and others in the Eastern District of New York: (i) *Sterckx v. Luckin Coffee Inc., et al.*, 1:20cv01677 (E.D.N.Y.); and (ii) *Gopu, et al. v. Luckin Coffee Inc., et al*, 1:20-cv-01747 (E.D.N.Y.). Though the instant case alleges a class period of November 13, 2019 and January 31, 2020, inclusive, the related *Gopu* action was filed on behalf of investors who purchased or otherwise acquired Luckin securities in connection with the Company's May 17, 2019 initial public offering and April 6, 2020, inclusive. Therefore, for purposes of this motion, the longest and most inclusive alleged class period is used – May 17, 2019 through April 6, 2020, inclusive (the "Class Period").[1]

The Related Actions allege that Defendants made materially false and misleading statements in the registration statements for the Company's public offerings and in other forums. Specifically, the actions allege Defendants misrepresented and failed to disclose that: (1) certain of Luckin's financial performance metrics, including per-store per-day sales, net selling price per item, advertising expenses, and revenue contribution from "other products" were inflated; (2) Luckin's financial results thus overstated the Company's financial health and were consequently unreliable and would likely require restatement; and (3) as a result, the Company's public statements were materially false and misleading at all relevant times. These allegations give rise

---

[1] The instant action, together with *Sterckx* and *Gopu*, are collectively referred to as the Related Actions.

to claims under the Securities Act of 1933 and the Securities Exchange Act of 1934, which are governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Pursuant to the PSLRA, the Court is to appoint "the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u-4(a)(3)(B)(ii). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Satyanarayana Kanchanapalli respectfully submits that he is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff. Mr. Kanchanapalli believes he has the largest financial interest in the Related Actions by virtue of his substantial investment in Luckin securities during the alleged class period. *See* Certification and Loss Chart, Declaration of Lucas E. Gilmore ("Gilmore Decl."), Exhibits ("Ex.") B and C, submitted herewith; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Specifically, Mr. Kanchanapalli acquired and retained 17,600 Luckin shares during the Class Period and suffered over $227,000 in losses.

In addition to asserting the largest financial interest in this litigation, Mr. Kanchanapalli also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class. Further, Mr. Kanchanapalli, an Irving, Texas-based Project Manager of a multinational information technology service and consulting company, is a sophisticated securities investor who fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and

able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action.  *See* Gilmore Decl., Ex. B.

Mr. Kanchanapalli has also demonstrated his adequacy through his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as proposed Lead Counsel for the Class. Hagens Berman is a nationally recognized securities class action firm with a track record in obtaining substantial recoveries of behalf of harmed investors.  Hagens Berman is qualified to prosecute this case and has extensive experience in securities fraud litigation, all of which will benefit the Class.

Accordingly, based on Mr. Kanchanapalli's significant financial interest and commitment to oversee this action, Movant respectfully requests the Court appoint him as Lead Plaintiff.

## II.     FACTUAL BACKGROUND

Luckin is a China based company engaged in operation of coffee stores.  On or about May 17, 2019, the Company completed an initial public offering ("IPO"), issuing approximately 33 million Luckin American Depository Shares ("ADSs"), representing 264 million Luckin Class A common shares, at $17.00 per ADS and generating $561 million in gross offering proceeds from their sale of Luckin ADSs in the IPO.  Thereafter, on or about January 10, 2020, the Company completed a secondary offering, issuing approximately 9 million Luckin ADSs, representing 264 million Luckin Class A common shares, at $42.00 per ADS and generating approximately $385 million in gross offering proceeds from their sale of Luckin ADSs in the secondary offering.

According to the Related Actions, Defendants in the IPO and secondary offering Registration Statements and throughout the Class Period made false and misleading statements and omissions.  Specifically, the Related Actions allege that Defendants failed to disclose that: (1) certain of Luckin's financial performance metrics, including per-store per-day sales, net

selling price per item, advertising expenses, and revenue contribution from "other products" were inflated; (2) Luckin's financial results thus overstated the Company's financial health and were consequently unreliable and would likely require restatement; and (3) as a result, the Company's public statements were materially false and misleading at all relevant times.

The Related Actions allege that the truth emerged through a series of disclosures, beginning on January 31, 2020, when Muddy Waters published a report alleging that Luckin had fabricated certain of the Company's financial performance metrics, beginning in 3Q19. The Muddy Waters Report purported to cite "smoking gun evidence," including, among other things, thousands of hours of store video, thousands of customer receipts, and diligent monitoring of the Company's mobile application metrics, which allegedly showed that, since 3Q19, Luckin had inflated its per-store per-day sales figures, its net selling price per item, its advertising expenses, and its revenue contribution from "other products."  On this news, Luckin's ADS price fell $3.91 per share, or 10.74%, to close at $32.49 per share on January 31, 2020.  However, Defendants were able to stop Luckin's share price from declining further by denying Muddy Waters' claims.

Then, on April 2, 2020, before the market opened, Luckin disclosed that "beginning in the second quarter of 2019, Jian Liu, the COO and a Director of the Company, and several employees reporting to him, had engaged in certain misconduct, including fabricating certain transactions." The Company further revealed that "the aggregate sales amount associated with the fabricated transactions from the second quarter of 2019 to the fourth quarter of 2019 amount to around RMB2.2 billion." As a result, the COO was suspended, and Luckin stated that previously issued financial statements should no longer be relied upon.  On this news, Luckin ADSs plummeted $19.80 per ADS or approximately 75.6%, to close $6.40 per ADS on April 2, 2020.

Finally, on April 6, 2020, trading in Luckin was halted indefinitely after a group of lenders led by Goldman Sachs had reportedly taken action to seize 76.4 million LK shares due to an entity controlled by the Luckin's chairman Charles Zhengyao Lu's default on a secured loan. Upon the revelation of these previously undisclosed facts, the value of Luckin's ADS shares declined over 18%, to fall to their lowest-ever price of $4.39 per share at close on April 6, 2020.

### III.    ARGUMENT

#### A.    Mr. Kanchanapalli Should Be Appointed Lead Plaintiff

Mr. Kanchanapalli should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As set forth below, Movant believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

##### 1.    The Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A).  The notice published in this action on February 13, 2020 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline. *See* Published Notice, Gilmore Decl., Exhibit A.  Because Mr. Kanchanapalli filed the motion within sixty days of publication of the notice of action, the motion is timely.

### 2. Mr. Kanchanapalli Has The Largest Financial Interest

While the PSLRA does not explicitly identify the methodology to use to determine the plaintiff with the largest financial interest, courts in this Circuit have considered the factors set forth in *Lax v. First Merchs. Acceptance Corp.*, No. 97-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997), which are: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered. Consistent with other courts in this Circuit, we place the greatest emphasis on the approximate loss suffered by the movant. S*ee Teran v. Subaye, Inc.*, No. 11-2614, 2011 WL 4357362, at *2 (S.D.N.Y. Sept. 16, 2011) (collecting cases).

Here, Mr. Kanchanapalli purchased and retained 17,600 Luckin shares during the class period, expending $454,291.61 and suffered losses of $227,945.52. *See* Gilmore Decl., Exs. B and C. To the best of Movant's counsel's knowledge, there is no other movant with a larger financial interest. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3. Movant Satisfies The Requirements Of Rule 23

In addition to possessing a significant financial interest, Mr. Kanchanapalli "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage in the litigation, only a preliminary showing of typicality and adequacy is required. *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005).

The typicality threshold is satisfied where the presumptive lead plaintiff's claims arise from the same conduct from which the other class members' claims and injuries arise. *Teran*, 2011 WL 4357362, at *5. Here, "[Kanchanapalli] alleges that he purchased [Luckin] securities during the Class Period in reliance upon the allegedly false and misleading statements by the

defendants about [Luckin]'s business and financial condition, and that he suffered damages as a result." *Omega Healthcare Inv'rs, Inc.*, 2018 WL 1626078, at *3; *see also* Gilmore Decl., Ex. B.

Mr. Kanchanapalli also meets the adequacy requirement, which is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation, (2) there is no conflict between the proposed lead plaintiff and the members of the class, and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *Id*. First, Kanchanapalli has retained as his counsel Hagens Berman, which has experience prosecuting securities class actions. Second, Kanchanapalli's financial interest should ensure vigorous advocacy on behalf of the class. Finally, there is no reason to believe that Kanchanapalli has interests that are adverse to those of the class members.

**B.     The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  "The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention."  *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (*quoting Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)).  Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate.  *See, e.g.*, *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 625 (S.D.N.Y. 2015) (relying on a declaration detailing counsel's extensive experience with complex class action litigations).

Mr. Kanchanapalli has selected Hagens Berman to serve as Lead Counsel for the proposed Class.  Hagens Berman has previously been appointed as lead counsel and has a

-7-

demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Gilmore Decl., Ex. D. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases. *See* Ex. D at page 31. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions. *See* Ex. D at page 32. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

### IV. CONCLUSION

For the foregoing reasons, Mr. Kanchanapalli respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (2) approve Mr. Kanchanapalli's selection of Hagens Berman to serve as Lead Counsel for the putative Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED:  April 13, 2020                        Respectfully submitted,

                                                   HAGENS BERMAN SOBOL SHAPIRO LLP

                                                   By   */s/ Jason A. Zweig*
                                                         JASON A. ZWEIG, JZ-8107

                                                 555 Fifth Avenue, Suite 1700
                                                 New York, NY 10017
                                                 Telephone: (212) 752-5455
                                                 Facsimile:  (917) 210-3980
                                                 jasonz@hbsslaw.com

                                                 Reed R. Kathrein
                                                 Lucas E. Gilmore
                                                 Danielle Smith
                                                 HAGENS BERMAN SOBOL SHAPIRO LLP
                                                 715 Hearst Avenue, Suite 202
                                                 Berkeley, CA  94710
                                                 Telephone: (510) 725-3000
                                                 Facsimile:  (510) 725-3001
                                                 reed@hbsslaw.com
                                                 lucasg@hbsslaw.com
                                                 danielles@hbsslaw.com

010911-11/1255989 V1

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff
Satyanarayana Kanchanapalli*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 13, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

                                                       */s/ Jason A. Zweig*
                                                       JASON A. ZWEIG