POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: 646-581-9966
Fax: 646-607-2426
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

THE ROSEN LAW FIRM, P.A.
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Co-Lead Counsel for Lead Plaintiffs and Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN COHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, and REINOUT HENDRIK SCHAKEL,<br><br>Defendants. | CASE No.: 1:20-cv-01293- LJL<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE LUCKIN INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL<br><br><u>CLASS ACTION</u> |

*Additional Caption on Following Page*

| | |
|---|---|
| WAI CHUN SHEK, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br><br>                v.<br><br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, CHARLES ZHANGYAO LU, REINOUT HENDRIK SCHAKEL, JINYI GUO, JIAN LIU, HUI LI, CREDIT SUISSE SECURITIES (USA) LLC, MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, KEYBANC CAPITAL MARKETS INC., AND NEEDHAM & COMPANY, LLC,<br><br>                Defendants. | CASE No.: 1:20-cv-02977-NRB<br><br><u>CLASS ACTION</u> |

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ............................................................................... 2

ARGUMENT ............................................................................................................................. 5

    I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............................ 5

    II.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS ........................... 5

          A.    Movants Are Willing to Serve as Class Representatives ........................... 6

          B.    Movants Have the Largest Financial Interest in the Action ....................... 6

          C.    Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................................................................... 7

                1.    Movants' Claims are Typical ........................................................ 7

                2.    Movants Are Adequate .................................................................. 8

          D.    Movants Are Presumptively the Most Adequate Plaintiffs ........................ 9

    III.   MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED ............ 10

CONCLUSION ........................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barnet v. Elan Corp.*,
  236 F.R.D. 158 (S.D.N.Y. 2005) ....................................................................................... 3

*Dean v. China Agritech, Inc.*,
  2011 WL 5148598 (C.D. Cal. Oct. 27, 2011) .................................................................. 11

*Deering v. Galena Biopharma, Inc.*, No. 3:14-CV-00367-SI,
  2014 WL 4954398 (D. Or. Oct. 3, 2014) .......................................................................... 1

*Henning v. Orient Paper, Inc.*,
  2011 WL 2909322 (C.D. Cal. July 20, 2011) .................................................................. 11

*Hufnagle v. RINO International Corp.*,
  2013 WL 3976833 (C.D. Cal. Aug. 1, 2013) ................................................................... 11

*In re Bally Total Fitness, Sec. Litig.*,
  2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ...................................................................... 7

*In re Cendant Corp. Litigation*,
  264 F.3d. 201 (3d Cir. 2001) ............................................................................................. 8

*In re China Educ. Alliance, Inc. Sec. Litig.*,
  2011 WL 4978483 (C.D. Cal. Oct. 11, 2011) .................................................................. 11

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ................................................................................... 6, 7

*In re Fuwei Films Sec. Litig.*,
  634 F.Supp.2d 419 (S.D.N.Y. 2009) ............................................................................... 11

*In re: Galena Biopharma Inc. Sec. Litig.*,
  3:14-cv-00367 (D. Or.) .................................................................................................... 10

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ...................................................................................... 1

*In re Livent, Inc. Noteholders Sec. Litig.*,
  210 F.R.D. 512 (S.D.N.Y. 2002) ...................................................................................... 8

*In re Olsten Corp. Sec. Litig.*,
  3 F.Supp.2d 286 (E.D.N.Y. 1998) .................................................................................... 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................................ 7

*Lax v. Merch. Acceptance Corp.*,
   1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ..........................................................6

*Lewy v. SkyPeople Fruit Juice, Inc.*,
   2012 WL 3957916 (S.D.N.Y. Sept. 10, 2012) ....................................................11

*Munoz v. China Expert Technology, Inc.*,
   2011 WL 5346323 (S.D.N.Y. Nov. 7, 2011) ......................................................11

*Perry v. Duoyuan Printing, Inc.*,
   2013 WL 4505199 (S.D.N.Y. Aug. 22, 2013 .....................................................11

*Rose v. Deer Consumer Products, Inc.*,
   2011 WL 6951969 (C.D. Cal. Dec. 29, 2011) ...................................................11

*Snellink v. Gulf Resources, Inc.*,
   870 F.Supp.2d 930 (C.D. Cal. 2012) .................................................................11

*Stream SICAV v. Smartheat, Inc.*,
   2013 WL 5526289 (S.D.N.Y. Oct. 7, 2013) ......................................................11

*Takara Trust v. Molex*,
   229 F.R.D. 577 (N.D. Ill. 2005) ...........................................................................6

*Turner v. ShengdaTech, Inc.*, No. 11 CIV. 1918 TPG,
   2011 WL 6110438 (S.D.N.Y. Dec. 6, 2011) .......................................................3

*Vanleeuwen v. Keyuan Petrochemicals, Inc.*,
   2013 WL 2247394 (C.D. Cal May 9, 2013) ......................................................11

## **Statutes**

15 U.S.C. § 77z-1(a)(3)(A)(ii) ........................................................................................5

15 U.S.C. § 77z-1(a)(3)(B) .............................................................................................5

15 U.S.C. § 77z-1(a)(3)(B)(iii) .......................................................................................6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) ..................................................................................9

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) ..........................................................................10

15 U.S.C. § 77z- 1(a)(3)(B)(v) ......................................................................................10

15 U.S.C. § 78u-4(a)(3)(A)(ii) .......................................................................................3

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii) .......................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ........................................................................................... 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ..................................................................................... 10

15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................................................. 10

## **Rules**

Federal Rules of Civil Procedure 23 ................................................................................. 6, 7, 8

Federal Rule of Civil Procedure 42 ....................................................................................... 1, 5

Movants John Hickey, Regent Mercantile Holdings Limited, James Sproul,[1] Li Tutang and Khaled Abdullah Almdamegh (collectively, "Movants" or the "Luckin Investor Group") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Federal Rule of Civil Procedure 42(a) and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     consolidating the above-captioned actions (the "Related Actions") as they involve common questions of law and fact and consolidation would promote judicial economy;

(b)     appointing Movants as Lead Plaintiffs for a class consisting of all (1) purchasers or acquirers of the publicly traded securities of Luckin Coffee Inc. ("Luckin" or the "Company") between May 17, 2019 and April 6, 2020,[2] both dates inclusive (the "Class Period"); (2) purchasers or acquirers of Luckin American Depositary Shares ("ADSs") in or traceable to the Company's public offering of American depositary shares ("ADSs") conducted on or around May 17, 2019

---

[1] The financial interest of James Sproul in this litigation also reflects Class Period transactions in Luckin securities by his brother (Alessandro Sproul) and their grandfather (Elvio DelZatto), both of whom have assigned their claims in this litigation to James Sproul.  *See* Ex. 1 hereto.

[2] The action *Cohen v. Luckin Coffee Inc., et al.,* 1:20-cv-01293- LJL ("*Cohen* Action") has a class period between November 13, 2019 and January 31, 2020, inclusive. The action *Shek v. Luckin Coffee Inc., et al.*, Case No. 1:20-cv-02977-NRB (the "*Shek* Action") filed in the Southern District of New York (S.D.N.Y.). alleges a Class Period between May 17, 2019 and January 31, 2019, inclusive. The action *Sterckx v. Luckin Coffee Inc. et al.*, 1:20-cv-01677-KAM-VMS ("*Sterckx* Action"), filed in the Eastern District of New York ("E.D.N.Y."), has a class period of between May 17, 2019 and April 2, 2020, inclusive. The action *Gopu, et al. v. Luckin Coffee Inc., et al.*, Case No. 1:20-cv-01747-EK-SJB (the "*Gopu* Action"), filed in the E.D.N.Y., has a class period between May 17, 2019 and April 6, 2020, inclusive. A more inclusive class period is favored at the lead plaintiff stage. *Deering v. Galena Biopharma, Inc.*, No. 3:14-CV-00367-SI, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage).

(the "IPO"); and/or (3) purchasers or acquirers of Luckin ADSs in or traceable to the Company's public offering of ADSs conducted on or around January 10, 2020 (the "2020 Offering", and with the IPO, the "Offerings")[3]; and

(c)     approving Movants' selections of The Rosen Law Firm, P.A. ("Rosen Law") and Pomerantz LLP ("Pomerantz") as Co-Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

The *Cohen* Action was commenced on February 13, 2020 against Luckin, Jenny Zhiya Qian, and Reinout Hendrik Schakel (the "Officer Defendants") alleging violations of the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and the deadline to seek appointment as Lead Plaintiff. *See* Ex. 2 hereto.

On April 10, 2020, the *Shek* Action was filed in this Court against Luckin, the Officer Defendants as well as Charles Zhangyao Lu, Jinyi Guo, Jian Liu, Hui Li (the "Director Defendants") and Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Haitong International Securities Company Limited, Keybanc Capital Markets Inc., and Needham & Company, LLC (the "Underwriter Defendants") (collectively, "Defendants"). The *Shek* Action asserted claims under the Exchange Act and the Securities Act.

The notice issued on February 13, 2020 announcing the filing of the *Cohen* Action triggered the lead plaintiff deadline in the *Shek* Action as well. Where, as here, multiple putative class actions have been filed asserting substantially the same claims arising under the PSLRA, as

---

[3] The *Shek, Sterckx* and *Gopu* Actions also assert claims on behalf of purchasers and/or acquirers of Luckin ADSs pursuant and/or traceable to the Offerings.

{00370479;1 }                                                  2

here, then "only the plaintiff … in the first filed action shall be required to cause notice to be published..." 15 U.S.C. § 78u-4(a)(3)(A)(ii); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 161 (S.D.N.Y. 2005) (60-day period triggered by the notice issued for the first-filed action); *Turner v. ShengdaTech, Inc.*, No. 11 CIV. 1918 TPG, 2011 WL 6110438, at *3 (S.D.N.Y. Dec. 6, 2011) (notice issued for the first-filed action adequately notified potential lead plaintiffs of deadline, despite the multiple actions having different class periods).

Two related cases were filed in the E.D.N.Y. On April 2, 2020, the action *Sterckx v. Luckin Coffee Inc., et al.*, Case No. 1:20-cv-01677-KAM-VMS (the "*Sterckx* Action") was filed in the E.D.N.Y.[4] Then, on April 8, 2020, the action *Gopu, et al. v. Luckin Coffee Inc., et al.*, Case No. 1:20-cv-01747-EK-SJB (the "*Gopu* Action") was filed in the E.D.N.Y. Both the *Sterckx* Action and *Gopu* Action assert claims under the Exchange Act and Securities Act.

Defendant Luckin operates in China selling freshly brewed coffee and non-coffee drinks and pre-made food and beverage items including light meals. The Company operates pickup stores, relax stores, and delivery kitchens under the Luckin brand, as well as Luckin mobile app, Weixin mini-program, and other third-party platforms that cover the customer purchase process.

The complaints in the Related Actions allege that during the Class Period, Defendants made false and misleading statements and/or failed to disclose that: (1) certain of Luckin's financial performance metrics, including per-store per-day sales, net selling price per item, advertising expenses, and revenue contribution from "other products" were inflated; (2) Luckin's financial results thus overstated the Company's financial health and were

---

[4] Movants intend to file concurrently a similar motion to consolidate, appoint lead plaintiffs, and approve lead plaintiffs' selection of counsel in the E.D.N.Y. actions.

{00370479;1 }                                      3

consequently unreliable; and (3) as a result, the Company's public statements were materially false and misleading at all relevant times.

On January 31, 2020, Muddy Waters Research ("Muddy Waters") published an anonymous report alleging that Luckin had fabricated certain of the Company's financial performance metrics, beginning in the third quarter of 2019 ("3Q19") (the "Muddy Waters Report"). The Muddy Waters Report purported to cite "smoking gun evidence," including, *inter alia*, thousands of hours of store video, thousands of customer receipts, and diligent monitoring of the Company's mobile application metrics, which allegedly showed that, since 3Q19, Luckin had inflated its per-store per-day sales figures, its net selling price per item, its advertising expenses, and its revenue contribution from "other products."

On this news, the price of Luckin's ADSs fell $3.91 per share, or 10.74%, to close at $32.49 per share on January 31, 2020.

In response to the Muddy Waters Report, Luckin denied all of the claims therein. In addition, investor Andrew Left of Citron Research ("Citron") disclosed that he had taken a long position in Luckin, and, citing data from Business Connect China ("BCC"), stated that the Muddy Waters Report would "fall short on accuracy."

On February 12, 2020, however, J Capital Research ("J Capital"), a China-focused investment research firm, published a more detailed report supporting the Muddy Water Report's findings and specifically rebutting Citron's statements in support of Luckin (the "J Capital Report").

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Luckin securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 77z-1(a)(3)(A)(ii); 15 U.S.C. § 77z-1(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the Related Actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Securities Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II. MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria, and thus are entitled to the presumption of being the "most adequate plaintiff[s]" for the Class.

### A. Movants Are Willing to Serve as Class Representatives

Movants have filed herewith PSLRA certifications attesting that they are willing to serve as representatives of the class and remain willing to provide testimony at deposition and trial, if necessary. *See* Ex. 3 hereto. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[5] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008).

---

[5] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig*., 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movants lost a total of $9,415,544 in connection with their purchases of Luckin ADSs. *See* Ex. 4 hereto. Movants are not aware of any other movant that has suffered greater losses in Luckin ADSs during the Class Period. Accordingly, to the best of their knowledge, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D of the Exchange Act and Section 27 of the Securities Act further provide that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movants will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movants' Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the Exchange Act and Securities Act by issuing false and misleading statements about Luckin's business. Movants' interests are closely aligned with the other Class members' and Movants' interests are, therefore, typical of the other members of the Class.

### 2. Movants Are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

The Luckin Coffee Investor Group is a small, cohesive group of investors who have demonstrated their adequacy and ability to work collaboratively by the submission of the Joint Declaration in Support of Lead Plaintiff Motion (the "Joint Declaration"), attached hereto as Exhibit 5. The Joint Declaration details each members' educational history, occupation, location, and experience investing. As the Joint Declaration highlights, having like-minded, geographically dispersed investors to represent the Class is beneficial for the litigation. Joint Declaration ¶7. Before filing this motion, Movants discussed with their counsel and with one another, *inter alia*, the strength of this case, the responsibilities and duties of being a lead plaintiff, their shared desire

to obtain the best result for the Class, and case strategy. *Id*. ¶8. Movants have each other's contact information so they can communicate efficiently. *Id*. Moreover, two of the members of the Luckin Investor Group—James Sproul and Ian Burns, the principal of Regent Mercantile Holdings Limited—have a relationship that significantly predates this litigation, having known one another for approximately seven years as a consequence of overlapping business interests.

Here, Movants have communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiffs. The Joint Declaration also states that Movants selected their counsel based on counsel's experience and recoveries for investors. *Id*. ¶10. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from investments in Luckin securities and are, therefore, extremely motivated to pursue claims in this action.

### D. Movants Are Presumptively the Most Adequate Plaintiffs

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

>   (aa) will not fairly and adequately protect the interests of the class; or
>
>   (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

The presumption that Movants are the most adequate Lead Plaintiffs is not, therefore subject to rebuttal. Accordingly, Movants have suffered financial losses and have the largest financial interest in this case of any timely lead plaintiff. The ability of Movants to represent the

Class fairly and adequately is discussed above. Movants are not aware of any unique defenses Defendants could raise against them that would render Movants inadequate to represent the Class.

### III. MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z- 1(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movants have selected Rosen Law and Pomerantz as Co-Lead Counsel. The firms have been actively researching Movants' and Class Plaintiffs' claims as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Pomerantz has been involved in the case since its inception by filing the initial complaint. Both firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' resumes. *See* Exs. 6 and 7 hereto. Furthermore, the firms have an extensive history of working together to bring significant recoveries to investors, including *Koopman v. Fiat Chrysler Automobiles N.V.,* 1:15-cv-07199 (S.D.N.Y.) ($110 million settlement); *Menaldi v. Och-Ziff Capital Management Group LLC*, 1:14-cv-03251 (S.D.N.Y.) ($29 million settlement) and *In re: Galena Biopharma Inc. Sec. Litig.*, 3:14-cv-00367 (D. Or.) ($20 million settlement). Additionally, Rosen Law has extensive experience litigating numerous securities class actions against Chinese insurers as well as Chinese-specific issues that arise in cases such as this. Rosen Law employs Chinese trained and speaking counsel as well as other professionals on staff. Rosen Law's recent notable achievements include securing a $250 settlement for Alibaba Group Holding Ltd. investors, the largest U.S. securities class action

settlement against a Chinese issuer. Other cases involving Chinese-based companies in which Rosen Law was able to achieve recovery for investors include , *Munoz v. China Expert Technology, Inc.,* 2011 WL 5346323 (S.D.N.Y. Nov. 7, 2011) (issues concerning Chinese State Secrecy laws and discovery in China); *Rose v. Deer Consumer Products, Inc*., 2011 WL 6951969 (C.D. Cal. Dec. 29, 2011) (service of process issues relating to PRC defendants). Rosen Law has also successfully prosecuted claims against Chinese issuers by winning numerous dismissal motions in such actions.[6] *See* Exhibits 4 and 5. As a result of both firms' extensive experience in litigation involving issues similar to those raised in here, the Luckin Coffee Investor Group's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Co-Lead Counsel by the Luckin Coffee Investor Group, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Movants as Lead Plaintiffs for the Class; and (3) approving Movants' selection of Rosen Law and Pomerantz as Co-Lead Counsel.

---

[6] Reported cases include: *In re Fuwei Films Sec. Litig*., 634 F.Supp.2d 419 (S.D.N.Y. 2009) (dismissal denial); *Lewy v. SkyPeople Fruit Juice, Inc*., 2012 WL 3957916 (S.D.N.Y. Sept. 10, 2012); *Stream SICAV v. Smartheat, Inc*., 2013 WL 5526289 (S.D.N.Y. Oct. 7, 2013); *Perry v. Duoyuan Printing, Inc*., 2013 WL 4505199 (S.D.N.Y. Aug. 22, 2013); *In re China Educ. Alliance, Inc. Sec. Litig*., 2011 WL 4978483 (C.D. Cal. Oct. 11, 2011); *Hufnagle v. RINO International Corp.*, 2013 WL 3976833 (C.D. Cal. Aug. 1, 2013) (denial of motion filed by auditor of PRC company); *Henning v. Orient Paper, Inc*., 2011 WL 2909322 (C.D. Cal. July 20, 2011); *Snellink v. Gulf Resources, Inc*., 870 F.Supp.2d 930 (C.D. Cal. 2012); *Vanleeuwen v. Keyuan Petrochemicals, Inc*., 2013 WL 2247394 (C.D. Cal May 9, 2013); *Dean v. China Agritech, Inc*., 2011 WL 5148598 (C.D. Cal. Oct. 27, 2011).

| | |
|---|---|
| Dated: April 13, 2020 | Respectfully submitted,<br><br>POMERANTZ LLP<br><br>*/s/ Jeremy A. Lieberman*<br>Jeremy A. Lieberman<br>J. Alexander Hood<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Telephone: 646-581-9966<br>Fax: 646-607-2426<br>Email: jalieberman@pomlaw.com<br>Email: ahood@pomlaw.com<br><br>POMERANTZ LLP<br>Patrick V. Dahlstrom<br>10 South LaSalle Street, Suite 3505<br>Chicago, Illinois 60603<br>Telephone: (312) 377-1181<br>Email: pdahlstrom@pomlaw.com<br><br>THE ROSEN LAW FIRM, P.A.<br>Phillip Kim, Esq. (PK 9384)<br>Laurence M. Rosen, Esq. (LR 5733)<br>275 Madison Avenue, 40th Floor<br>New York, New York 10016<br>Telephone: (212) 686-1060<br>Fax: (212) 202-3827<br>Email: pkim@rosenlegal.com<br>Email: lrosen@rosenlegal.com<br><br>*[Proposed] Co-Lead Counsel for Lead Plaintiffs and Class*<br><br>THE SCHALL LAW FIRM<br>Brian Schall<br>1880 Century Park East, Suite 404<br>Los Angeles, CA 90067<br>Telephone: 310-301-3335<br>Fax: 877-590-0482<br>Email: brian@schallfirm.com<br><br>*[Proposed] Additional Counsel for Lead Plaintiffs and Class*<br><br>KASKELA LAW LLC |

{00370479;1}                                  12

                Seamus Kaskela
                18 Campus Boulevard, Suite 100
                Newtown Square, PA 19073
                Telephone: (888) 715-1740
                Email: skaskela@kaskelalaw.com

                *[Proposed] Additional Counsel for Lead Plaintiffs and Class*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 13, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<em>/s/ Jeremy A. Lieberman</em>