# EXHIBIT 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | **CV 20-963-MWF (AFMx)** | **Date: May 18, 2020** |
| Title: | In re: Beyond Meat, Inc. Derivative Litigation | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND FOR APPOINTMENT AS LEAD PLAINTIFF [16]; PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND FOR APPOINTMENT AS LEAD PLAINTIFF [24]; PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND FOR APPOINTMENT AS LEAD PLAINTIFF [28]

Before the Court are three motions:

The first is Plaintiff Elizabeth F. Matthews's Motion for Appointment of Counsel and as Lead Plaintiff (the "Matthews Motion"), filed on March 30, 2020. (Docket No. 16). The second is Plaintiffs KK Limited, Tony Ho, Charlemagne Ruiz, and Frida Kazarian's (the "Beyond Meat Investor Group") Motion for Appointment of Counsel and Lead Plaintiff (the "Beyond Meat Investor Group Motion"), filed on March 30, 2020. (Docket No. 24). The third is Plaintiff Block Investments Corporation's ("Block Investments") Motion for Appointment of Counsel and Lead Plaintiff (the "Block Investments Motion"), filed on March 30, 2020. (Docket No. 28).

Matthews filed an Opposition to the Beyond Meat Investor Group Motion and the Block Investments Motion on April 6, 2020. (Docket No. 37). Block Investments then supplemented its Motion on April 6, 2020. (Docket No. 38). Additionally, on April 6, 2020, the Beyond Meat Investor Group filed a notice of non-opposition with

_____

Case 1:20-cv-01293-JRC Document 108-14 Filed 05/20/20 Page 3 of 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 20-963-MWF (AFMx)**                **Date:  May 18, 2020**
Title:        In re: Beyond Meat, Inc. Derivative Litigation

respect to the other two motions, noting that "the Beyond Meat Investor Group does not appear to have the largest financial interest in this litigation within the meaning of the PSLRA."  (Docket No. 35).

Matthews then filed a Reply in support of her Motion on April 13, 2020. (Docket No. 39).  Finally, Block Investments filed a Reply in support of its Motion on April 13, 2020.  (Docket No. 40).

The motions were noticed to be heard on April 27, 2020.  The Court read and considered the papers on the motions and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  Vacating the hearing was further required by the Continuity of Operations Plan ("COOP") arising from the COVID-19 emergency.  The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons set forth below, the motions are ruled upon as follows:

- The Block Investments Motion is **GRANTED**.  Block Investments is appointed as Lead Plaintiff in this Action.  Bernstein Liebhard LLP is appointed Lead Counsel, and Kaplan Fox & Kilsheimer LLP is appointed as Liaison Counsel.

- The Beyond Meat Investor Group Motion and the Matthews Motion are **DENIED**.

## I.    **BACKGROUND**

On January 30, 2020, Plaintiff Larry Tran initiated this action with his complaint against Beyond Meat, Inc. ("Beyond Meat"), Ethan Brown, and Mark J. Nelson (the "*Tran Action*").  (Docket No. 1).  Generally, the *Tran Action* concerns allegations arising from a lawsuit brought by a former supplier of Beyond Meat, Don Lee Farms in Los Angeles Superior Court, along with a lawsuit brought by one of Beyond Meat's new manufacturing partners, ProPortion Foods, LLC ("ProPortion"), captioned *Don*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-963-MWF (AFMx)**          **Date:  May 18, 2020**
**Title:**      In re: Beyond Meat, Inc. Derivative Litigation

*Lee Farms v. Savage River, Inc.*, Case No. BC662838 (Cal. Super. Ct.) ("*Don Lee Farms*").  (*Id.*).  *Don Lee Farms* included allegations that Beyond Meat had employed lax food safety practices, that Don Lee Farms found plastics, cardboard and a metal nozzle in ingredients that Beyond Meat supplied, and that a Beyond Meat truck had arrived at a Don Lee Farms processing facility with a load contaminated with an unidentified white powder.  (*Id.*).

Subsequent to the *Tran Action*, two related actions were filed against Beyond Meat concerning the same allegations, captioned *Eric Weiner v. Ethan Brown et al.*, Case No. 20-2524-MWF and *Kimberly Brink et al. v. Ethan Brown et al.*, Case No. 20-2574-MWF.  On April 1, 2020, the Court consolidated the actions and ordered the various parties to "meet and confer regarding the potential need for the appointment of a lead plaintiff, along with lead counsel."  (Docket No. 32 at 3).  The Court furthered ordered that if the parties were unable to reach an agreement, "counsel must submit short (no more than five pages) applications for lead counsel and/or lead plaintiff."  (*Id.*).

No additional motion practice has taken place in this action, and the parties do not indicate whether discovery has commenced.

## II.    APPOINTMENT OF LEAD PLAINTIFF

### A.    Legal Standard

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(ii), courts must "appoint the most adequate plaintiff as lead plaintiff."  The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  § 78u-4(a)(3)(B)(iii).  The PSLRA "provides a simple three-step process for identifying the lead plaintiff pursuant to these criteria."  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 20-963-MWF (AFMx)**          **Date:  May 18, 2020**
Title:       In re: Beyond Meat, Inc. Derivative Litigation

"The first step consists of publicizing the pendency of the action, the claims made and the purported class period."  *Id*. (citing 15 U.S.C. § 78u-4(a)(3)(A)). Specifically, the "first plaintiff to file an action covered by the Reform Act must post this notice 'in a widely circulated national business-oriented publication or wire service.'"  *Id*. (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)).

In the next step, the "district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff' and hence the presumptive lead plaintiff . . . the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'"  *Id*. at 729-730 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).  "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."  *Id*. at 730.  "It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'"  *Id*.

Finally, the last step involves giving "other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements."  *Id*. (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

## B.     **Discussion**

The Court determines that Block Investments should be the lead Plaintiff, pursuant to the three-step process mandated by the PSLRA:

***First***, the Court determines that all of the motions were timely, as notice was posted pursuant to the PSLRA and all the motions were filed by the deadline posted in the notice of March 30, 2020.  (Declaration of Danielle S. Myers, Ex. A. (Docket No. 18-1)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-963-MWF (AFMx)**                **Date:  May 18, 2020**
Title:        In re: Beyond Meat, Inc. Derivative Litigation

___

*Second*, the Court determines that Block Investments has the biggest financial interest in this action.  According to the Block Investments Motion, Block Investments lost $1,933,589.69 as a result of Beyond Meat's alleged actions.  (Block Investments Motion at 6).  This is more than the amount both the Beyond Meat Investor Group and Matthews lost collectively.  According to the Beyond Meat Investor Group Motion, the Beyond Meat Investors Group suffered a loss of $519,163, while the Matthews Motion indicates that Matthews has suffered approximately $227,863 in losses as a result of Beyond Meat's alleged actions.  (Beyond Meat Investors Group Motion at 5-6; Matthews Motion at 4-5).  Additionally, no party disputes that Block Investments has the largest financial interest in this action.

The Court further determines Block Investments prima facie satisfies the requirements of Rule 26.  Block Investment's claims are typical of the proposed class, in that it suffered the same injury resulting from the same conduct by Beyond Meat and bases its claims on the same, or similar, legal theories of the class (namely did Defendants violate the federal security laws by their actions, and if so, what were the damages).  (Block Investments Motion at 7).  The Court further determines that Block Investments will fairly and adequately protect the interests of the proposed class.  Accordingly, the Court determines that Block Investments is the presumptive Lead Plaintiff.

*Third*, the Court determines that no "movant has come forward with '*proof*' sufficient to rebut th[e] presumption" that Block Investments should be the lead plaintiff.  *Chupa v. Armstrong Flooring, Inc.*, No. 2-19-CV-9840-CAS (MRWx), 2020 WL 1032420, at *3 (C.D. Cal. Mar. 2, 2020) (emphasis added).  Matthews, the only movant who attempts to rebut the presumption, argues that Block Investments is a "shadowy British Virgin Island entity" and that "nothing is available about Block Investments except Jose Carbajal's name and his role as 'president' of the 'investment company.'"  (Matthews Opposition at 1-2).  However, the Court agrees with Block Investments that "Matthews' attempts to rebut Block [Investment]'s presumptive lead plaintiff status amount to nothing more than speculation about possible issues relating to Block" Investments as opposed to *proof*.  (Docket No. 40 at 7).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-963-MWF (AFMx)              **Date:** May 18, 2020
**Title:**       In re: Beyond Meat, Inc. Derivative Litigation

For example, with respect to Matthews' arguments regarding Block Investments' status as an institutional investor, "institutional investors and others with large losses will, more often than not, satisfy the typicality and adequacy requirements." *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001)). With respect to Matthews' arguments regarding Block Investment's incorporation in the British Virgin Isles, courts routinely permit institutional investors from the British Virgin Isles to serve as lead plaintiffs in PSLRA cases. *See, e.g., Chao Lu v. Jumei Int'l Holding Ltd.*, No. 14CV9826, 2015 WL 4104570, at *3 n.1 (S.D.N.Y. June 22, 2015) (appointing two "Virgin Islands companies" as lead plaintiffs); *Freudenberg v. E*Trade Fin. Corp.*, No. CIV A 07 CIV. 10400, 2008 WL 2876373, at *3 (S.D.N.Y. July 16, 2008) (appointing two "investment companies organized and existing under the laws of the British Virgin Islands" as lead plaintiffs).

Finally, with respect to Matthews' arguments regarding the need for "additional information" relating to "Block Investments' business, management, or structure," those arguments do not constitute proof sufficient to rebut the presumption. (Opposition at 3-5); *see Melucci v. Corcept Therapeutics Inc.*, No. 19-CV-01372-LHK, 2019 WL 4933611, at *5 (N.D. Cal. Oct. 7, 2019) ("The Court finds unpersuasive . . . arguments that the lack of clarity around the [presumptive lead plaintiff]'s 'assets, leadership structure, voting procedures, [and] litigation experience' renders [it] an inadequate class representative.").

Accordingly, none of Matthews' arguments with respect to Block Investments are sufficient "proof" to rebut Block Investments' status as presumptive lead plaintiff. Accordingly, the Block Investments Motion is **GRANTED** to the extent it seeks Block Investments to be appointed Lead Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-963-MWF (AFMx)                    Date:  May 18, 2020
Title:      In re: Beyond Meat, Inc. Derivative Litigation

## III.   Appointment of Class Counsel

### A.   Legal Standard

The PSLRA mandates that "'[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.'" *Cohen v. U.S. Dist. Court for N. Dist. of California*, 586 F.3d 703, 709 (9th Cir. 2009) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(v)).  "This provision clearly identifies the most adequate plaintiff as the actor that select[s] and retain[s] class counsel," although "this power is subject to court approval and is therefore not absolute." *Id*.  However, "the district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Id*. at 711.  Instead, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id*. at 712.  Therefore, "courts 'should generally defer' to the lead plaintiff's reasonable choice of lead counsel." *Fragala v. 500.com*, No. CV 15-01463 MMM (EX), 2015 WL 12513580, at *11 (C.D. Cal. July 7, 2015) (quoting *Cohen*, 586 F.3d at 712).

### B.   Discussion

The Court is satisfied that Block Investments' choice of counsel, Bernstein Liebhard LLP as Lead Counsel and Kaplan Fox & Kilsheimer LLP as Liaison Counsel, is reasonable.  According to information submitted by Block Investments, Bernstein Liebhard LLP has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class.  (Block Investments Motion at 8) (citing Declaration of Laurence King ("King Declaration") Exhibit D) (Docket No. 30-4).  This is confirmed by the numerous securities class action cases where Bernstein Liebhard LLP was appointed as Lead Counsel or Co-Lead Counsel, in addition to the number of settlements Bernstein Liebhard LLP has achieved on behalf of securities classes it has represented.  (*Id*.).

The Court is equally satisfied with the information submitted by Block Investments with respect to Kaplan Fox & Kilsheimer LLP as Liaison Counsel, as Kaplan Fox has extensive plaintiff's side securities class action work, and has been

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-963-MWF (AFMx)**                    **Date:  May 18, 2020**
Title:        In re: Beyond Meat, Inc. Derivative Litigation

successful in many securities class actions previously.  (*See* King Declaration Exhibit
E (Docket No. 30-5)).  Finally, the Court notes that no party objected to the
appointment of Bernstein Liebhard as Lead Counsel or Kaplan Fox & Kilsheimer as
Liaison Counsel (other than Matthews asserting that Block Investments should not be
appointed Lead Plaintiff).

Accordingly, the Block Investments Motion is **GRANTED** to the extent it seeks
to name Bernstein Liebhard LLP as Lead Counsel and Kaplan Fox & Kilsheimer LLP
as Liaison Counsel.

**IV.    CONCLUSION**

Accordingly, the motions are ruled upon as follows:

- The Block Investments Motion is **GRANTED**.  Block Investments is
appointed Lead Plaintiff, Bernstein Liebhard LLP is appointed Lead
Counsel, and Kaplan Fox & Kilsheimer LLP is appointed as Liaison
Counsel.

- The Matthews Motion and the Beyond Meat Investor Group Motions are
**DENIED**.

IT IS SO ORDERED.