UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN COHEN, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:20-cv-01293-LJL **(Consolidated)** |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | |
| LUCKIN COFFEE INC., JENNY ZHIYA QIAN and REINOUT HENDRIK SCHAKEL, | |
| Defendants. | |

THE PENSION FUND'S REPLY TO COMPETING LEAD PLAINTIFF MOTIONS

## I. INTRODUCTION

The field of movants seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") is down from eighteen to five: (1) Teamsters Local 710 Pension Fund (the "Pension Fund"), a U.S.-based institutional investor; (2) Chesi Assets Limited and Interactive Digital Finance Limited ("Interactive") (together, the "Chesi/Interactive Group"); (3) Khaled Abdullah Almdamegh, John Hickey, Regent Mercantile Holdings Limited, James Sproul, and Li Tutang (together, the "Almdamegh Group"); (4) Sjunde AP-Fonden ("AP7") and Louisiana Sheriffs' Pension & Relief Fund (together, the "AP7/Louisiana Sheriffs Fund Group"); and (5) Chaile Steinberg.[1]  Only one of these movants satisfies **both** the financial interest **and** Rule 23 prongs of the PSLRA: the Pension Fund.

Indeed, by failing to substantively oppose the Pension Fund's motion, the remaining movants effectively conceded that the Pension Fund is typical and adequate, and is thus not subject to any unique defenses. 15 U.S.C. §78u-4(a)(3)(B)(iii). Unlike the remaining movants, the Pension Fund meets all of the statutory requirements as it filed a timely motion, suffered a substantial $2.1 million loss, satisfies the Rule 23 requirements, is not subject to any unique defenses, and, as an institutional investor with prior experience serving as lead plaintiff in a securities case that selected qualified counsel, it is the quintessential lead plaintiff candidate. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

---

[1] Movants the Conway Group, Mike Farhat, the Bashy Group, Amrik Hira, Satyanarayana Kanchanapalli, and Leonard Ross filed notices of non-opposition to the competing lead plaintiff motions. *See* ECF Nos. 74, 84, 88, 90, 91, 94. Movants Michael Bergenholtz, Boston Retirement System, Jimmy Chan, the Develter Group, Fulton County Employees' Retirement System, and Wei Zuo withdrew their motions. *See* ECF Nos. 77, 78, 86, 87, 89, 92. Movant Wai Chun Shek did not file a response brief and has presumably abandoned his motion. *See In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 443 (S.D.N.Y. 2013) ("Two additional movants . . . did not file opposition briefs, and thus the Court deems their applications abandoned or withdrawn.").

Moreover, the Chesi/Interactive Group, the Almdamegh Group, the AP7/Louisiana Sheriffs Fund Group, and Chaile Steinberg cannot trigger the PSLRA's most adequate plaintiff presumption because they suffer from a host of disqualifying defects. Consequently, their motions should be denied.

## II. ARGUMENT

### A. The Remaining Movants Effectively Conceded that the Pension Fund Is Adequate and Typical

The remaining movants' opposition briefs made no significant "argument against [the Pension Fund] other than pointing out its relatively low[er] financial stake in the litigation." *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing institutional investor that lacked the largest financial interest as lead plaintiff because it was the first movant "that satisfie[d] both prongs of Rule 23"); *see* ECF Nos. 93 at 6; 98 at 22; 97 at 2; 101 (failing to make any argument against the Pension Fund). Indeed, the only argument made against the Pension Fund beyond its relatively lower financial interest by any of the remaining movants was the Almdamegh Group's contention that the PSLRA does not "privilege" institutional investors, an argument undermined by the Almdamegh Group's own admission that "there is no dispute in the congressional record that Congress hoped that institutional investors would seek appointment as lead plaintiffs." ECF No. 93 at 10.

Importantly, the Court ordered that all movants file their "***opposition*** to any motion for appointment of lead plaintiff" by May 13, 2020. ECF No. 9 at 2.[2]  Here, none of the remaining movants opposed the Pension Fund's motion by arguing that it was unable to meet the Rule 23 requirements. Nor could they have, as the Pension Fund is entirely typical and adequate.

---

[2] Unless otherwise noted, all emphasis is added and citations are omitted.

Accordingly, the Pension Fund is the only candidate that satisfies all of the PSLRA's requirements and its motion should be granted.

### B. The Remaining Movants Cannot Trigger the "Most Adequate Plaintiff" Presumption

As discussed in the Pension Fund's opposition, the remaining movants do not satisfy the Rule 23 requirements as they will be subject to a host of unique defenses that will become a significant focus of the litigation. *See generally* ECF No. 95.

### C. The Chesi/Interactive Group Cannot Trigger the "Most Adequate Plaintiff" Presumption

First, Interactive's sole director and owner, Tiah Thee Kian, pled guilty to submitting a false report to the Malaysian stock exchange and, as a result, was fined $783,000, forced to quit as chief executive of his financial firm, and barred from corporate boardrooms for five years – evidence that precludes the Court's consideration of Interactive as a lead plaintiff candidate. *In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004) (denying entity's motion whose principal representative was subject to "complaints to securities regulators including misrepresentation"); *see also* ECF No. 98 at 2, 10 (AP7/Louisiana Sheriffs Fund Group arguing that "Mr. Tiah's criminal conduct . . . completely bars him and the entities he controls from serving as lead plaintiff" and "Chesi Assets's willingness to knowingly seek appointment with a notorious violator of the securities laws undermines its own adequacy").  Second, because the Chesi/Interactive Group purchased 100% of their Luckin Coffee Inc. ("Luckin") American Depository Shares after January 31, 2020 – the day *Muddy Waters* revealed that Luckin fabricated certain of its financial performance metrics – it is "subject to the defense that the alleged misstatements or omissions were really not a factor in the purchasing decision but rather that other investment considerations drove the decision." *George v. China Auto. Sys., Inc.*, 2013 WL 3357170,

- 3 -

at \*6 (S.D.N.Y. July 3, 2013).³ And third, the Chesi/Interactive Group's lead plaintiff candidacy is further undercut by the fact that it filed a materially false Certification after the statutory deadline. *Bhojwani v. Pistiolis*, 2007 WL 9228588, at \*3 (S.D.N.Y. July 31, 2007) (finding discrepancies in certification "indicate[] a certain carelessness about detail that undermines the adequacy of [the movant] as a lead plaintiff"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 410 (S.D.N.Y. 2004) ("'[PSLRA] precludes consideration of . . . any other pleading . . . filed *after* the sixty (60) day window has closed.'") (emphasis in original).

Accordingly, the Chesi/Interactive Group cannot satisfy the Rule 23 typicality and adequacy requirements because its members are subject to a host of unique defenses that have already become a major focus of the litigation.

---

³ The Chesi/Interactive Group's authority purportedly supporting its typicality despite its atypical trading pattern is clearly inapplicable. *See* ECF No. 97 at 9 n.6. Unlike the Chesi/Interactive Group, the potential lead plaintiff in *In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019), purchased Boeing securities *prior* to the initial disclosure at issue. *See id.* at \*9. Similarly, the partial disclosure at issue in *In re Comverse Tech., Inc. Sec. Litig.*, 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008), did not adequately disclose the underlying fraud. *See id.* at \*2. Instead, the partial disclosure only revealed that the company had created a special committee to merely "'*review* matters relating to the company's stock option grants'" while also stressing that the company had ***not*** "'***determined*** whether the review [would] result in any restatement of the company's historical financial statements.'" *Id.* Here, partial disclosure was "significantly stronger" in that the *Muddy Waters* report purported to cite "smoking gun evidence" allegedly showing that Luckin had inflated its per-store per-day sales figures, its net selling price per item, its advertising expenses, and its revenue contribution from "other products." *Comverse*, 2008 WL 820015, at \*3; ECF No. 1 at ¶4. These revelations were also substantially similar to Luckin's admission toward the end of the Class Period that it fabricated millions of dollars of its sales. ECF No. 54 at 3-4. Moreover, rather than evidencing its typicality, the Chesi/Interactive Group commissioning an expert report at this early stage proves that its atypical trading pattern has already become a distraction to the class that will be both expensive and unavoidable. *See* ECF No. 99-2. Accordingly, only by denying the Chesi/Interactive Group's motion can the Court "ensure that the lead plaintiff will not prejudice the class by subjecting the class to the delay, expense, and uncertainty of litigating unique defenses." *Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp.*, 2012 WL 3638629, at \*13 (D.N.J. Aug. 22, 2012).

### D. The Almdamegh Group Cannot Trigger the "Most Adequate Plaintiff" Presumption

It is self-evident that the Almdamegh Group is an "artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as 'lead plaintiff,' which can then select the equally artificial grouping of counsel as 'lead counsel.'" *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 307-08 (S.D.N.Y. 2001).  Indeed, "the [five] members of the [Almdamegh] Group have submitted no evidence of how they came to be introduced to each other." *Galmi v. Teva Pharm. Indus. Ltd.*, 302 F. Supp. 3d 485, 495 (D. Conn. 2017); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 622 (S.D.N.Y. 2015) (finding group to be "wholly artificial" because counsel "served as the catalyst for the group's formation").  Nor does the Almdamegh Group's latest declaration – submitted with its opposition brief – claiming that the five group members "have continued to [] communicate since the filing of our Lead Plaintiff motion" (*see* ECF No. 93-2 at ¶2) support the group's artificial amalgamation given that "[a]ny subsequent relationship that the members of these groups may have developed, after being introduced to each other by their lawyers, is insufficient in the court's view to qualify them as 'most adequate' lead plaintiff." *In re Silicon Storage Tech., Inc.*, 2005 U.S. Dist. LEXIS 45246, at *6-*8, *33 (N.D. Cal. May 3, 2005).  And the fact that four of the Almdamegh Group's five Certifications are in different formats (*see* ECF No. 66-3) – not to mention that the Almdamegh Group's briefs identify four separate law firms – strongly indicates that there are likely additional referring law firms behind the scenes.  *See* ECF Nos. 66, 93.  Simply put, the Almdamegh Group's amalgamation will only "ensure[] that the lawyers, who are invariably the matchmakers behind [this] marriage[] of convenience, are the true drivers of the litigation." *Petrobras*, 104 F. Supp. 3d at 621-22; *see also* ECF Nos. 97 at 10 (Chesi/Interactive Group arguing that the Almdamegh Group's "patchwork of movants and counsel stands as the antithesis to the PSLRA's policy goals and, therefore, renders this

- 5 -

makeshift 'group' inadequate under Rule 23"); ECF No. 98 at 17, 20 (AP7/Louisiana Sheriffs Fund Group contending that "[s]everal factors strongly suggest that [the Almdamegh Group] was cobbled together by counsel without any meaningful participation by the movants" and that Ian Burns, who signed the Certification for one of the Almdamegh Group members, "has connections to financial crimes and international arms dealing that the [Almdamegh Group] concealed from the Court").

The Almdamegh Group's motion should thus be denied.

### E. The AP7/Louisiana Sheriffs Fund Group Cannot Trigger the "Most Adequate Plaintiff" Presumption

In addition to being another example of a lawyer-driven amalgamation, the AP7/Louisiana Sheriffs Fund Group cannot satisfy the Rule 23 requirements as it will also subject the class to numerous unique defenses. As thoroughly outlined in the Pension Fund's opposition, as a Swedish money manager, AP7 is subject to a unique defense regarding its lack of Article III standing that will prejudice the class pursuant to *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 111 (2d Cir. 2008). ECF No. 95 at 12-13; *Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191 (S.D.N.Y. 2011) (refusing to appoint AP7 as lead plaintiff because "AP7 does not own the securities at issue" and holding that at this stage "it is sufficient to note that arguments could be raised regarding AP7's third party standing, which subjects it to a unique defense and may prejudice the class"). AP7 elected instead to receive a power of attorney (*see* ECF No. 67-1 at ¶4), which under *W.R. Huff* does not confer standing. 549 F.3d at 105 ("'[t]he grant of a power of attorney . . . is not the equivalent of an assignment of ownership; and, standing alone, a power of attorney does not enable the grantee to bring suit in his own name'"). Nor does the prudential exception apply because, as Professor Jonathan R. Macey of Yale Law School, outlined, "there is no reasonable argument that the 'injured party' faces an impediment in asserting its interests, since there are other movants . . . with actual standing seeking to serve as Lead Plaintiff on

- 6 -

behalf of the Class." ECF No. 97 at 20 (citing ECF No. 99-3 at ¶¶26-29). At a minimum, AP7's standing-related unique defense is "'meritorious enough to require the plaintiff to "devote considerable time to rebut [it]."'" *Gordon v. Sonar Capital Mgmt. LLC*, 92 F. Supp. 3d 193, 201 (S.D.N.Y. 2015).

AP7 is further subject to a unique defense concerning the *res judicata* effect Sweden may give to this Court's judgments. *See, e.g.*, *Blimpie Int'l, Inc. v. ICA Menyforetagen AB*, 1997 WL 143907, at *7 (S.D.N.Y. Mar. 25, 1997) (recognizing that Sweden would not recognize a judgment from this Court). And finally, AP7 is presumptively barred from serving as lead plaintiff in this case by the PSLRA's "Five-in-Three Provision," which limits service as lead plaintiff to "no more than 5 securities class actions . . . during any 3-year period." 15 U.S.C. §78u-4(a)(3)(B)(vi); ECF No. 95 at 16-20. Likewise, the Louisiana Sheriffs' Pension & Relief Fund is on the cusp of being barred by the PSLRA's Five-In-Three provision as it is seeking to serve as lead plaintiff for the fifth and sixth times. ECF No. 95 at 20 n.16.

As such, the AP7/Louisiana Sheriffs Fund Group cannot satisfy the Rule 23 typicality and adequacy requirements and its motion should thus be denied.[4]

---

[4] Movant Chaile Steinberg's contention that she should be appointed lead plaintiff, despite her alleged $5,044 loss, simply because she continues to hold the shares she purchased in Luckin's initial public offering (ECF No. 101 at 3) is without merit as "[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004). *See also Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, 2015 WL 1345931, at *4-*5 (S.D.N.Y. Mar. 19, 2015) (finding argument that movant should be appointed co-lead plaintiff because he purchased a distinct security from the presumptive lead plaintiff "unpersuasive"); *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 20 (D.D.C. 2006) (declining movants' request for appointment of separate lead plaintiff based on nature of investment); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 670 (C.D. Cal. 2005) (rejecting movants' request to "appoint co-lead plaintiffs – one to represent the section 11 claimants and one to represent the section 10(b) claimants"); *In re Nw. Corp. Sec. Litig.*, 299 F. Supp. 2d 997, 1007 (D.S.D. 2003) (finding that presumptive lead plaintiff "need not have suffered a loss on each type of security at issue to serve as the Lead Plaintiff in this litigation").

### III.    CONCLUSION

The Pension Fund, the ideal and preferred lead plaintiff candidate, is the only movant that satisfies the PSLRA's lead plaintiff requirements and its motion is substantively unopposed.  By contrast, the remaining movants cannot trigger the PSLRA's most adequate plaintiff presumption because they suffer from a host of disqualifying defects.  Accordingly, each competing motion should be denied.

DATED:  May 22, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 22, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

## Mailing Information for a Case 1:20-cv-01293-LJL Cohen v. Luckin Coffee Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Simon Abraham**
  jabraham@aftlaw.com

- **Leslie A. Blau**
  blaulaw@gmail.com

- **Javier Bleichmar**
  jbleichmar@bfalaw.com

- **Jeffrey Craig Block**
  jeff@blockesq.com,jason@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Jonathan K Chang**
  jonathan.chang@dpw.com,ecf.ct.papers@dpw.com

- **Frederic Scott Fox , Sr**
  ffox@kaplanfox.com

- **Richard William Gonnello**
  rgonnello@faruqilaw.com,msullivan@faruqilaw.com,ecf@faruqilaw.com,klenahan@faruqilaw.com,dbehnke@faruqilaw.com

- **Laurence Jesse Hasson**
  lhasson@bernlieb.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,lpina@labaton.com,ElectronicCaseFiling@labaton.com,cwood@labaton.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Long Z Liu**
  office@theliulawfirm.com

- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Elizabeth S Metcalf**
  emetcalf@safirsteinmetcalf.com,psafirstein@safirsteinmetcalf.com

- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com,dawn.hartman@ksfcounsel.com,kimmiller225@yahoo.com

- **Lawrence Jay Portnoy**
  lawrence.portnoy@davispolk.com,ecf.ct.papers@davispolk.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Gerald H. Silk**
  jerry@blbglaw.com

- **Steven B. Singer**
  ssinger@saxenawhite.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Brian Stryker Weinstein**
  brian.weinstein@dpw.com,ecf.ct.papers@davispolk.com

- **Jason Allen Zweig**
  jasonz@hbsslaw.com,lisal@hbsslaw.com,ceciliah@hbsslaw.com,nicolleg@hbsslaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Philip             Dongjoon Kim
Clifford Chance US, LLP (NYC)
```

31 West 52nd Street
New York, NY 10019