November 3, 2020

**Via ECF and Email**

Honorable John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      **Re: In re Luckin Coffee Inc. Securities Litigation - No. 1:20-cv-01293 (JPC)**

Dear Judge Cronan:

      In accordance with the Court's October 21, 2020 Order (ECF No. 176), the parties respectfully submit the following joint status letter in the above-referenced matter.

1. *Counsel Information*

    a. The names and contact information for Lead Counsel for plaintiffs Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund (together, "Lead Plaintiffs") and the proposed class are as follows:

    **Kessler, Topaz, Meltzer & Check, LLP**
    Sharan Nirmul, snirmul@ktmc.com
    Gregory M. Castaldo, gcastaldo@ktmc.com
    Richard A. Russo, Jr., rrusso@ktmc.com
    280 King of Prussia Road
    Radnor, PA 19087
    Telephone: (610) 667-7706
    Facsimile: (610) 667-7056

    **Bernstein Litowitz Berger & Grossmann LLP**
    Salvatore J. Graziano, salvatore@blbglaw.com
    John Rizio-Hamilton, johnr@blbglaw.com
    Jai Chandrasekhar, jai@blbglaw.com
    1251 Avenue of the Americas
    New York, New York 10020
    Telephone: (212) 554-1400
    Facsimile: (212) 554-1444

    b.  The names and contact information for counsel for Defendant Luckin Coffee, Inc. ("Luckin") are as follows:

**Davis Polk & Wardwell LLP**
Lawrence Portnoy, lawrence.portnoy@davispolk.com
Brian S. Weinstein, brian.weinstein@davispolk.com
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4874

Jonathan K. Chang, jonathan.chang@davispolk.com
18/F, The Hong Kong Club Building
3A Chater Road, Hong Kong SAR
Tel: +852-2533-1028
Fax: +852-2533-4358

    c.  The names and contact information for counsel for Underwriter Defendants Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, Needham & Company, LLC, and KeyBanc Capital Markets Inc. are as follows:

**Cahill Gordon & Reindel LLP**
David G. Januszewski, djanuszewski@cahill.com
Herbert S. Washer, hwasher@cahill.com
Sheila C. Ramesh, sramesh@cahill.com
Samuel G. Mann, smann@cahill.com
32 Old Slip
New York, New York 10005
(212) 701-3000

2. *Joint Statement of the Case*

Luckin is a retail coffee company headquartered in China. Lead Plaintiffs brought this federal securities class action on behalf of themselves and a class ("Class") consisting of all persons and entities that purchased or otherwise acquired the American Depository Shares ("ADSs") of Luckin from May 17, 2019 through April 1, 2020, inclusive (the "Class Period"), including those who purchased ADSs in or traceable to the Company's initial public offering on or about May 17, 2019 (the "IPO"), or Luckin's secondary public offering on or about January 10, 2020 (the "SPO"), and were damaged thereby.  Plaintiffs assert their claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l(a)(2), and 77o, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated under those sections, including SEC Rule 10b-5, 17 C.F.R. § 240.10b-5.

In the Consolidated Class Action Complaint ("Complaint"), ECF No. 150, filed on

September 24, 2020, Lead Plaintiffs allege that Defendants issued materially false or misleading registration statements and prospectuses in connection with Luckin's May 2019 IPO and January 2020 SPO and, throughout the Class Period, certain Defendants made materially false or misleading statements and omissions in other public filings. Lead Plaintiffs allege that these false statements and omissions concerned an admitted fraudulent scheme carried out by Luckin's senior executives, which began prior to Luckin's IPO. Pursuant to this scheme, Luckin's senior executives artificially inflated Luckin's financial results by reporting hundreds of millions of dollars in fake sales. Lead Plaintiffs allege that Luckin's senior executives generated these fake sales in several ways, such as having Luckin employees create individual accounts with their cell phone numbers and then using those accounts to purchase coffee vouchers, and creating fake corporate accounts and then using those accounts to execute fictitious bulk purchases of coffee, including to corporate customers that were sham companies connected to Luckin's chairman. Once the scheme was finally revealed, the price of Luckin's ADSs declined from a Class Period high of $51.38 on January 17, 2020 to just $1.38 on June 26, 2020, the last day its ADSs traded publicly on the NASDAQ.

As noted in section 4, below, the deadline for defendants who have been served (Luckin, Credit Suisse, Morgan Stanley, Needham, and KeyBanc) to answer or otherwise respond to the Complaint is November 23, 2020. The served defendants intend to file motions to dismiss.

### 3. *Jurisdiction and Venue*

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, Section 22 of the Securities Act, 15 U.S.C. § 77v, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa. Venue is proper in this District under Section 22 of the Securities Act, 15 U.S.C. § 77v, Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(b), (c), and (d). Many of the alleged acts and transactions that constitute the alleged violations of law complained of in the Complaint, including the dissemination to the public of materially false or misleading statements, occurred in this District. In addition, at all relevant times during the Class Period, Luckin's ADSs were offered, sold, and traded on the NASDAQ. In connection with the acts, conduct, and other wrongs alleged in the Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the U.S. mails, interstate telephone communications, and facilities of the national securities markets.

Lead Plaintiff AP7 is a Swedish public pension fund, with its principal place of business in Sweden, and Lead Plaintiff Louisiana Sheriffs is a public pension fund with its principal place of business in Louisiana. Defendant Luckin is a corporation registered in the Cayman Islands, with its principal place of business in China. Defendant Credit Suisse Securities (USA) LLC is a financial services company incorporated in Delaware, with a principal place of business in New York, New York. Defendant Morgan Stanley & Co. LLC is a financial services company registered in Delaware with a principal place of business in New York, New York. Defendant China International Capital Corporation Hong Kong Securities Limited is a financial services company located in Hong Kong, SAR. Defendant Haitong International Securities Company Limited is a financial services company located in Hong Kong, SAR. Defendant Needham &

Honorable John P. Cronan
November 3, 2020
Page 4 of 6

Company, LLC is a financial services company registered in Delaware with a principal place of business in New York, New York. Defendant KeyBanc Capital Markets, Inc. is a financial services company registered in Ohio and with a principal place of business in Cleveland, Ohio. All other parties are individuals.

4. ***Impending Deadlines***

Pursuant to the Court's August 17, 2020 Order, ECF No. 147, Plaintiffs filed the Complaint on September 24, 2020.  Luckin and Defendants Credit Suisse, Morgan Stanley, Needham, and KeyBanc must answer or otherwise respond to the Complaint on November 23, 2020.  Plaintiffs are required to file a response to any motion to dismiss that is filed within sixty days of the filing, or January 22, 2021, and Defendants must file replies to Plaintiffs' response within thirty days of the filing of that response, or February 22, 2021.

Pursuant to the Court's June 26, 2020 Order, ECF No. 129, to the extent any additional Defendants are served with the Complaint, Plaintiffs must confer with those Defendants within seven days of service to discuss a proposed schedule for responding to the Complaint, provided that any additional Defendants served are provided with no less than thirty days from the date of service to file a response and that in all events such response shall not be due before Luckin's response.  Service has not yet been effectuated on any Defendant other than Luckin, Credit Suisse, Morgan Stanley, Needham, and KeyBanc.

As noted in section 2, above, the defendants that have been served (Luckin, Credit Suisse, Morgan Stanley, Needham, and KeyBanc) intend to file motions to dismiss.  Pursuant to the first paragraph of this Court's October 21, 2020 Order (ECF No. 176), the parties plan to comply with the scheduling order entered by Judge Liman.

The parties respectfully request permission to file memoranda of law related to any motions to dismiss in excess of the limits set by Rule 2(b) of Chambers' Individual Rules and Practices.  The parties propose 40 pages for memoranda of law in support or opposition and 20 pages for reply memoranda.  Plaintiffs respectfully request the option of filing an omnibus memorandum of law equivalent in length to Defendants' memoranda of law.

5. ***Conference Dates***

There are currently no conferences scheduled in this matter.

6. ***Outstanding Motions***

There are no outstanding motions in this matter.

7. ***Pending Appeals***

There are no pending appeals in this matter.

### 8. Discovery to Date

Discovery has not commenced in this matter. Pursuant to the Private Securities Litigation Reform Act of 1995, discovery is stayed "during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u–4(b)(3)(B).

### 9. Settlement Discussions

There have been no settlement discussions to date.

### 10. Alternate Dispute Resolution Discussions

The parties have not yet discussed the use of alternate dispute resolution mechanisms. Plaintiffs believe that engagement of a private mediator may be appropriate after the pleading stage of this case.

### 11. Anticipated Length of Trial

The length of trial in this action will depend, in part, on the issues remaining in dispute at that time and the number of Defendants ultimately served. At this point in time, subject to information obtained in discovery, Plaintiffs estimate that any trial in this action would require approximately fifteen trial days.

### 12. Other Pertinent Information

Plaintiffs are presently unaware of any dispositive or novel issues in this matter. All of the Defendants remaining to be served are foreign entities or foreign nationals. Plaintiffs are actively attempting to serve these Defendants through the Hague Convention.

Respectfully submitted,

**DAVIS POLK & WARDWELL LLP**

*/s/ Lawrence Portnoy* (with permission)
Lawrence Portnoy

*Counsel for Luckin Coffee, Inc.*

**CAHILL GORDON & REINDEL LLP**

*/s/ David G. Januszewski* (with permission)
David G. Januszewski

**KESSLER TOPAZ MELTZER & CHECK, LLP**

*/s/ Sharan Nirmul*
Sharan Nirmul

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Salvatore J. Graziano* (with permission)
Salvatore J. Graziano

Honorable John P. Cronan
November 3, 2020
Page 6 of 6

| | |
|---|---|
| *Counsel for Underwriter Defendants Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, Needham & Company, LLC, and KeyBanc Capital Markets Inc.* | *Counsel for Lead Plaintiffs Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund and Lead Counsel for the Putative Class* |