UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
:
:
:
:
IN RE LUCKIN COFFEE INC. SECURITIES  :
LITIGATION                           : Case No. 1:20-cv-01293-JPC-JLC
:
:
:
:
:
------------------------------------------------------------x

**DEFENDANT THOMAS P. MEIER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. ALLEGATIONS ...................................................................................................................... 2

III. ARGUMENT .......................................................................................................................... 4

    A.    MR. MEIER SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION .................................................................................................... 4

        1.    SERVING ON THE BOARD OF A FOREIGN CORPORATION DOES NOT GIVE RISE TO PERSONAL JURISDICTION.................... 5

        2.    SIGNING AN SEC FILING DOES NOT GIVE RISE TO PERSONAL JURISDICTION ...................................................................... 6

    B.    THE SECTION 11 CLAIM AGAINST MR. MEIER SHOULD BE DISMISSED FOR FAILURE TO PLEAD STANDING OR FALSITY (COUNT III) ................................................................................................................. 8

    C.    THE SECTION 15(a) CLAIM AGAINST MR. MEIER SHOULD BE DISMISSED FOR FAILURE TO PLEAD CONTROL OR CULPABLE PARTICIPATION (COUNT V) .............................................................................. 9

        1.    THE COMPLAINT FAILS TO PLEAD THAT MR. MEIER IS A CONTROL PERSON ............................................................................. 9

        2.    THE COMPLAINT FAILS TO PLEAD THAT MR. MEIER CULPABLY PARTICIPATED IN ANY PREDICATE VIOLATION (COUNT V) ....................................................................... 13

IV. CONCLUSION..................................................................................................................... 14

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Alstom SA Sec. Litig.*,
  406 F. Supp. 2d 346 (S.D.N.Y. 2005)......................................................................................6, 7

*Asahi Metal Indus. Co. v. Superior Court*,
  480 U.S. 102 (1987).......................................................................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).......................................................................................................................9

*In re AstraZeneca Sec. Litig.*,
  559 F. Supp. 2d 453 (S.D.N.Y. 2008).........................................................................................6

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
  2004 WL 909173 (S.D.N.Y. Apr. 28, 2004)..............................................................................5

*Atuahene v. City of Hartford*,
  10 F. App'x 33 (2d Cir. 2001) ...................................................................................................10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).......................................................................................................................9

*In re BISYS Sec. Litig.*,
  397 F. Supp. 2d 430 (S.D.N.Y. 2005)..................................................................................10, 12

*In re Braskem S.A. Sec. Litig.*,
  246 F. Supp. 3d 731 (S.D.N.Y. 2017).........................................................................................3

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)...................................................................................................................4, 8

*In re CINAR Corp. Sec. Litig.*,
  186 F. Supp. 2d 279 (E.D.N.Y. 2002) .......................................................................10, 11, 13, 14

*Das v. Rio Tinto PLC*,
  332 F. Supp. 3d 786 (S.D.N.Y. 2018).........................................................................................7

*DeMaria v. Andersen*,
  153 F. Supp. 2d 300 (S.D.N.Y. 2001).......................................................................................13

*Fait v. Regions Fin. Corp.*,
  712 F. Supp. 2d 117 (S.D.N.Y. 2010), *aff'd*, 655 F.3d 105 (2d Cir. 2011) ..............................9

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984).......................................................................................................................5

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Int'l Shoe Co. v. Washington*,
 326 U.S. 310 (1945) ............................................................................................................... 4

*Jacobs v. Coopers & Lybrand, L.L.P.*,
 1999 WL 101772 (S.D.N.Y. Mar. 1, 1999) ...................................................................... 11, 12

*Leasco Data Processing Equip. Corp. v. Maxwell*,
 468 F.2d 1326 (2d Cir. 1972) ..................................................................................... 5, 6, 7, 8

*In re Lehman Bros. Mortg.-Backed Sec. Litig.*,
 650 F.3d 167 (2d Cir. 2011) ................................................................................................. 13

*In re Lehman Bros. Sec. & ERISA Litig.*,
 903 F. Supp. 2d 152 (S.D.N.Y. 2012) ..................................................................................... 1

*In re Magnetic Audiotape Antitrust Litig.*,
 334 F.3d 204 (2d Cir. 2003) ................................................................................................... 4

*P. Stolz Family P'ship, L.P. v. Daum*,
 166 F. Supp. 2d 871 (S.D.N.Y. 2001) ............................................................................... 9, 13

*In re Refco, Inc. Sec. Litig.*,
 503 F. Supp. 2d 611 (S.D.N.Y. 2007) ................................................................................... 11

*Rex & Roberta Ling Living Tr. u/a Dec. 6, 1990 v. B Commc'ns Ltd.*,
 2019 WL 1407453 (S.D.N.Y. Mar. 28, 2019) ..................................................................... 6, 7

*S.E.C. v. First Jersey Sec., Inc.*,
 101 F.3d 1450 (2d Cir. 1996) ......................................................................................... 13, 14

*In re Veon Ltd. Sec. Litig.*,
 2018 WL 4168958 (S.D.N.Y. Aug. 30, 2018) ........................................................................ 7

*Wilson v. Great Am. Indus., Inc.*,
 855 F.2d 987 (2d Cir. 1988) ................................................................................................. 14

*Youngers v. Virtus Inv. Partners Inc.*,
 195 F. Supp. 3d 499 (S.D.N.Y. 2016) ..................................................................................... 9

**Statutes**

15 U.S.C. § 77o(a) ...................................................................................................................... 14

15 U.S.C. § 77v ............................................................................................................................. 4

## TABLE OF AUTHORITIES
(continued)

Page(s)

15 U.S.C. § 77o ............................................................................................................................. 9

**Treatises**

Restatement (Second) of Conflict of Laws § 37 (1971) ................................................................. 5

Restatement (Third) of Torts: Liab. for Econ. Harm § 28(c) (2020) ............................................ 13

Defendant Thomas P. Meier respectfully submits this Memorandum of Law in support of his Motion to Dismiss the Consolidated Class Action Complaint ("Complaint" or "Compl.") filed by lead plaintiffs Sjunde AP-Fonden ("AP7") and Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs," together with AP7, "Plaintiffs") pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Mr. Meier additionally incorporates the Memorandum Of Law In Support Of Luckin Coffee Inc.'s Motion To Dismiss ("Luckin's Motion to Dismiss").[1]

## I. PRELIMINARY STATEMENT

Defendant Thomas P. Meier is a Swiss citizen and a former non-employee member of the Board of Directors of Luckin Coffee Inc. ("Luckin" or the "Company")—a coffee company based in, and that only sells its products in, the People's Republic of China. Mr. Meier became a non-employee director on May 17, 2019, the same day as Luckin's initial public offering. He resigned less than one year later, on April 23, 2020.

Mr. Meier has no place in this action. He does not factor into any of the events allegedly giving rise to Plaintiffs' claims, and the Complaint shows as much. Despite a voluminous 263 pages of allegations made with the benefit of findings from a months long investigation performed by an independent special committee of Luckin's board, intense media scrutiny, and proceedings brought by regulatory authorities in both the United States and China, the Complaint mentions Mr. Meier only six times—each merely to recite that Mr. Meier was a member of Luckin's Board and Audit Committee, that he signed one consent letter allowing his name to be used in one of Luckin's SEC filings before he became a director, and that he signed another SEC filing after.

---

[1] *See, e.g., In re Lehman Bros. Sec. & ERISA Litig.*, 903 F. Supp. 2d 152, 166 n.23 (S.D.N.Y. 2012) (permitting party to incorporate by reference other motions to dismiss). Points I – V of the Argument section of the Memorandum Of Law In Support Of Luckin Coffee Inc.'s Motion To Dismiss address Plaintiffs' lack of standing to assert claims under Section 11 and Plaintiffs' non-actionable allegations regarding certain alleged misstatements. Mr. Meier seeks dismissal on the same grounds and adopts these arguments in full herein.

1

Plaintiffs do not allege that Mr. Meier's participated in any scheme, that he was connected to or knew of any allegedly fraudulent conduct, or that he has any connection to the United States or this forum.

Mr. Meier should be dismissed from this case for three reasons. First, the Complaint fails to allege facts establishing personal jurisdiction over Mr. Meier. Mr. Meier is a foreign citizen, and his contacts with the United States are insufficient to satisfy due process requirements for personal jurisdiction. Second, the Complaint fails to plead standing to assert a claim against Mr. Meier (or any other defendant) under Section 11 of the Securities Act of 1933 ("Securities Act"). Finally, the Complaint fails to plead that Mr. Meier is a control person of Luckin or a culpable participant in any predicate violation of the Securities Act, as required to state a claim under Section 15(a) of the Act.

## II. ALLEGATIONS

A summary of the allegations is set forth in Luckin's Motion to Dismiss and, thus, is not repeated here. *See* Luckin's Motion to Dismiss at 4–9. This brief instead focuses on the allegations against Mr. Meier, a Swiss citizen who lives and conducts his business in Switzerland. Mr. Meier has spent his career working for and leading prominent Swiss consumer goods and retail businesses. *See* Decl. of L. Portnoy in Support of Motion to Dismiss, Dkt. 212-2, Ex. B at 139 (Nov. 23, 2020). Mr. Meier at no point held any shares of Luckin stock or otherwise had an ownership interest in the Company. *See id.* at 146; Decl. of L. Portnoy in Support of Motion to Dismiss, Dkt. 212-4, Ex. D at 153 (Nov. 23, 2020).

The Complaint contains few mentions of Mr. Meier. The totality of the particularized allegations against him can be summarized as follows:

1. Mr. Meier became a member of the Luckin Board of Directors (the "Board") in May 2019. Compl. ¶ 45.

2. Mr. Meier resigned from the Board of Directors on April 23, 2020 "following the revelation of the Exchange Act Defendants' fraud." Compl. ¶¶ 45, 391.

3. Prior to becoming a member of the Board, Mr. Meier signed a letter consenting to references to his name appearing on Luckin's May 2019 F-1 Registration Statement. Compl. ¶¶ 45, 451, 607.

4. While a member of the Board, Mr. Meier was an independent director and member of the Audit Committee. Compl. ¶ 45.

5. Mr. Meier signed Luckin's January 7, 2020 F-1 Registration Statement. Compl. ¶¶ 468, 607.

Based on these allegations, Plaintiffs attempt to hail Mr. Meier into court in New York and assert two claims against him. First, in Count III, they claim that he (together with all other defendants) is liable for Luckin's false registration statements under Section 11 of the Securities Act. Second, in Count V, they claim he is subject to secondary liability as a "control person" of Luckin under 15(a) of the Securities Act.

The Complaint does not allege that, at any point during his brief tenure at Luckin, Mr. Meier traveled to the United States or had communication with any individuals in the United States on Luckin business. The Complaint does not allege that Mr. Meier was ever in any communications with Luckin shareholders, or involved in any discussion of plans to do business in the United States. The Complaint does not allege that Mr. Meier knew that any of Luckin's statements were false. Nor does the Complaint allege in any particularized way that Mr. Meier had the power to influence or direct the Company's statements.[2]

---

[2] Broad-brush and nonspecific allegations applicable to all Director Defendants are plainly insufficient. *See In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 770 (S.D.N.Y. 2017) (rejecting "the most sweeping and conclusory allegations" that a Director Defendant had "the power and influence [to] control.") (quotation marks omitted).

## III. ARGUMENT

### A. MR. MEIER SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

On a motion to dismiss for lack of personal jurisdiction, the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). The Securities Act, which authorizes nationwide service of process, allows for personal jurisdiction over foreign defendants not present in the United States to the extent that the Due Process Clause of the Fifth Amendment permits. 15 U.S.C. § 77v. That analysis requires two determinations. First, a defendant must have minimum contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks omitted). Second, the exercise of jurisdiction, taking into account "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief," must be reasonable. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987). In this case, Plaintiffs cannot satisfy the first requirement because they have not—and cannot—plead sufficient factual allegations that Mr. Meier has minimum contacts with the United States.

A court analyzing minimum contacts under the Due Process Clause must evaluate the "quality and nature" of the defendant's contacts with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486 (1985) (quotation marks omitted). The ultimate question is whether the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," "such that he should reasonably anticipate being haled into court there." *Id*. at 474-75 (quotation marks omitted). Minimum contacts as to conduct that occurs outside of the jurisdiction are considered based on the "effects theory," under which "[t]he person sought to be charged must know, or have good reason

4

to know, that his conduct will have effects in the state seeking to assert jurisdiction over him." *Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326, 1341 (2d Cir. 1972).[3]

Plaintiffs have not attempted to allege any basis for *general* jurisdiction over Mr. Meier. They do not plead that Mr. Meier has contacts with the United States that are "continuous and systematic," such that the Court could exercise jurisdiction over Mr. Meier in a suit unrelated to his alleged contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (quotation marks omitted). Thus, Plaintiffs must establish *specific* jurisdiction based on contacts that are related to the claims against him. *Id.* at 425.

The Complaint asserts only two allegations that relate to Mr. Meier's jurisdictional contacts: (1) Mr. Meier served on the board of directors and Audit Committee of a company based in China, and (2) Mr. Meier signed or consented to references to his name on two SEC filings. Compl. ¶¶ 45, 391, 451, 468, 607. Neither allegation is sufficient to support personal jurisdiction.

### 1. SERVING ON THE BOARD OF A FOREIGN CORPORATION DOES NOT GIVE RISE TO PERSONAL JURISDICTION

The allegation that Mr. Meier served as a non-employee director of Luckin's board and a member of its Audit Committee is insufficient to establish minimum contacts. A person's "status as the director of a[n alleged] primary violator is not, by itself, sufficient to confer jurisdiction." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 2004 WL 909173, at *3 (S.D.N.Y. Apr. 28, 2004); *see id.* at *2 (dismissing complaint that lacked "legally sufficient allegations of jurisdiction") (quotation marks omitted). That is because membership on a board of directors "is too tenuous a connection to plausibly claim that this status alone directly and foreseeably gave rise" to the

---

[3] As described by the Restatement (Second) Conflict of Laws, "[a] state has power to exercise judicial jurisdiction over an individual who causes effects in the state by an act done elsewhere with respect to any cause of action arising from these effects unless the nature of the effects and of the individual's relationship to the state make the exercise of such jurisdiction unreasonable." Restatement (Second) of Conflict of Laws § 37 (1971).

5

alleged "effects" in this forum. *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 346, 399 (S.D.N.Y. 2005).

### 2. SIGNING AN SEC FILING DOES NOT GIVE RISE TO PERSONAL JURISDICTION

Plaintiffs' remaining allegations of contacts—that Mr. Meier signed one SEC filing and consented to references to his name in another—are also insufficient to establish that Mr. Meier knew, or had "good reason to know, that his conduct [would] have effects in the state seeking to assert jurisdiction over him." *Leasco*, 468 F.2d at 1341; *see also In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d 453, 467 (S.D.N.Y. 2008) ("[The] signing [of an SEC filing], undoubtedly in a foreign country, is insufficient for personal jurisdiction in this case.").

In *In re AstraZeneca Sec. Litig.*, the court denied a request for leave to amend a complaint to add allegations that two foreign directors—the Non-Executive Chairman and Deputy Chairman of a pharmaceutical company board—signed an SEC filing because such signatures could not alone establish personal jurisdiction. 559 F. Supp. 2d at 467. The signatures were insufficient contacts even though the SEC filings the defendants signed were the subject of alleged misstatements in the case, and the defendants also were alleged to have traveled to the United States on company business. *Id*.

To be sure, some courts have cited a defendant's signature on SEC filings as contributing to a finding of personal jurisdiction, but only in circumstances incomparable to Mr. Meier's. For example, in *Rex & Roberta Ling Living Tr. u/a Dec. 6, 1990 v. B Commc'ns Ltd.*, 2019 WL 1407453 (S.D.N.Y. Mar. 28, 2019), the court found a *prima facie* case for personal jurisdiction over the CEO and two CFOs of an Israeli communications company who were alleged to be members of a corrupt board subcommittee, observing that "allegations that a defendant signed off on materially misleading SEC filings [was] sufficient at the pleading stage to establish minimum

6

contacts." *Id*. at *4, *6. However, the officers in question were not outside directors like Mr. Meier, but rather executive officers who were themselves accused of the fraudulent conduct. *Id*.

The cases cited by *Rex & Roberta* also are distinguishable from the allegations against an outside director like Mr. Meier. *See, e.g.*, *Das v. Rio Tinto PLC*, 332 F. Supp. 3d 786, 801 (S.D.N.Y. 2018) (considering personal jurisdiction over defendant who "served as CEO of a company that is listed on the New York Stock Exchange"); *In re Veon Ltd. Sec. Litig.*, 2018 WL 4168958, at *6 (S.D.N.Y. Aug. 30, 2018) (noting that "each Individual Defendant served as a high-level official in a 'multinational' company"); *In re Alstom*, 406 F. Supp. 2d at 363 (finding personal jurisdiction over Director and Officer Defendants, all of whom were alleged to have known that documents were false or misleading, to have had access to the information of hidden facts, and to have had the "opportunity and motive to commit fraud"). In each of these cases, the court considered allegations of signatures on SEC filings in combination with allegations that the individual defendants were substantially involved in a corporate defendants' business operations or exerted control over the disputed statements. These circumstances contributed to findings that the individual defendants' actions had effects in the forum.

In contrast, in this case there are no allegations that Mr. Meier occupied a managerial position at Luckin, that he controlled or had power to control Company statements, that he entered the United States on company business, or that he communicated with anyone in the United States. In other words, there are no allegations beyond Plaintiffs' pro forma recitals that contribute in any way to a conclusion that Mr. Meier "[knew], or ha[d] good reason to know, that his conduct [would] have effects in" the United States. *Leasco*, 468 F.2d at 1341. Moreover, the sparse allegations based on just two SEC filings are of a particularly weak "quality and nature" and thus

represent tenuous links between Mr. Meier and this forum. The first filing—the May 2019 IPO F-1 Registration Statement—was not signed by Mr. Meier at all. Mr. Meier signed a letter consenting to references to his name, *before* becoming an outside director. Compl. ¶¶ 45, 451, 607. The second filing—the January 2020 SPO F-1 Registration Statement—was signed by Mr. Meier through a power of attorney in the Company's CEO and CFO, constituting another step between Mr. Meier and any effects in this forum. We are aware of no court in this circuit that has ever found minimum contacts based on allegations as bare as those asserted here.

Plaintiffs have failed to satisfy the burden of the effects test under *Leasco*, and, thus, fail to meet the constitutional minimum of establishing that Mr. Meier "purposefully avail[ed] [himself] of the privilege of conducting activities within the [United States]" "such that he should reasonably anticipate being haled into court." *Burger King,* 471 U.S. at 474-75 (quotation marks omitted).

### B. THE SECTION 11 CLAIM AGAINST MR. MEIER SHOULD BE DISMISSED FOR FAILURE TO PLEAD STANDING OR FALSITY (COUNT III)

As explained in Luckin's Motion to Dismiss, the Complaint fails to plead standing to assert any claims under Section 11. Luckin's Motion to Dismiss at 11–15. Consequently, the Count III must be dismissed in its entirety as to Mr. Meier (as well as the other Defendants).

In addition, the Complaint fails to plead the essential element of falsity with respect to the Section 11 claims to the extent they relate to the financial statements in Luckin's IPO registration statement; the personal loans of Luckin's former Chairman and former CEO; Luckin's remediation of internal control weaknesses; and puffery regarding Luckin's growth prospects. *Id*. at 17–30. These defects provide additional grounds for dismissing Count III in part.

### C. THE SECTION 15(a) CLAIM AGAINST MR. MEIER SHOULD BE DISMISSED FOR FAILURE TO PLEAD CONTROL OR CULPABLE PARTICIPATION (COUNT V)

The Section 15(a) claim against Mr. Meier fails as a matter of law. *See* 15 U.S.C. § 77o. To plead a violation of Section 15(a) of the Securities Act, a plaintiff must allege (1) a primary violation of Section 11 or 12(a)(2) by a controlled person or entity, and (2) direct or indirect control by the defendant of the alleged primary violator. *Fait v. Regions Fin. Corp.*, 712 F. Supp. 2d 117, 125 (S.D.N.Y. 2010), *aff'd*, 655 F.3d 105 (2d Cir. 2011). Some courts have held that plaintiff must also plead that the defendant culpably participated in the primary violation. *See, e.g.*, *P. Stolz Family P'ship, L.P. v. Daum*, 166 F. Supp. 2d 871, 873 (S.D.N.Y. 2001). On a motion to dismiss, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Count V of the Complaint should be dismissed as to Mr. Meier for failure to plead non-conclusory allegations of (1) control or (2) culpable participation.

#### 1. THE COMPLAINT FAILS TO PLEAD THAT MR. MEIER IS A CONTROL PERSON

Plaintiffs fail to adequately plead the element of control on the part of Mr. Meier. The "control" element has been discussed interchangeably in many cases considering Section 15(a) of the Securities Act, 15 U.S.C. § 77o, and the parallel control-person provision of Section 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78t. *See, e.g.*, *Youngers v. Virtus Inv. Partners Inc.*, 195 F. Supp. 3d 499, 523 (S.D.N.Y. 2016) (observing that "the control analysis is the same for Section 15 as it is for Section 20"). To plead control over a primary violator, a plaintiff must allege "that the defendant possessed the power to direct or cause the

9

direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." *In re BISYS Sec. Litig.*, 397 F. Supp. 2d 430, 451 (S.D.N.Y. 2005) (quotation marks omitted) (considering Section 20(a)).

Plaintiffs here assert that "each of the Director Defendants was a control person of Luckin *by virtue of his or her position*." Compl. ¶ 629 (emphasis added). Courts in this circuit have commonly held that a plaintiff who merely alleges that the defendant was an officer or director of the corporation *has not* sufficiently pled control. *See In re CINAR Corp. Sec. Litig.*, 186 F. Supp. 2d 279, 309 (E.D.N.Y. 2002) (noting that it is "well accepted" that such allegations are insufficient to plead control).

Plaintiffs attempt to bolster allegations of control, stating that "[a]s alleged above in ¶¶ 41-46, the Director Defendants also had a series of direct or indirect business or personal relationships with other directors or officers and major shareholders of Luckin." Compl. ¶ 631. But *nowhere* in those paragraphs (including paragraph 45, which pertains to Mr. Meier) or anywhere else in the Complaint do Plaintiffs plead any factual allegation of a "direct or indirect business or personal relationship" between Mr. Meier and any Luckin director, officer, or shareholder—because one did not exist. Plaintiffs do not even allege that Mr. Meier owned Luckin stock or held any other ownership interest in the Company—because he did not.[4] Conclusory statements and misleading internal references cannot obscure the fact that Plaintiffs fail to plead any plausible allegations of control related to Mr. Meier. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint fail[s] to satisfy th[e] minimum standard" of Fed. R. Civ. P. 8(a)(2)).

---

[4] *See* Decl. of L. Portnoy in Support of Motion to Dismiss, Dkt. 212-2, Ex. B at 146 (Nov. 23, 2020); Decl. of L. Portnoy in Support of Motion to Dismiss, Dkt. 212-4, Ex. D at 153 (Nov. 23, 2020).

Ultimately, Plaintiffs' claims against Mr. Meier again hinge on the allegation that his name appears on two SEC filings. This allegation is no more adequate to plead control than personal jurisdiction. First, Mr. Meier's letter consenting to references to his name in Luckin's May 2019 F-1 Registration Statement could not conceivably show control because Mr. Meier signed it *before* he even joined the Board of Directors. At minimum, the Section 15(a) claims against Mr. Meier must be dismissed to the extent they stem from Luckin's IPO Registration Statements.

Second, Mr. Meier's signature on Luckin's January 2020 F-1 Registration statement is not a sufficient basis to allege control as to that filing. Although a signature can be *indicative* of control on the part of the signatory, the allegations against Mr. Meier are insufficient to raise that inference. Courts that have observed that a signature can indicate control have typically considered signing to be just one of many factors supporting control.[5]

For example, *Jacobs v. Coopers & Lybrand, L.L.P.* considered the sufficiency of control allegations asserted against two directors, both of whom signed the same SEC filing, and the court came to two different conclusions based on the allegations. 1999 WL 101772 (S.D.N.Y. Mar. 1, 1999). The court found allegations of control for one director to be sufficient, noting that "[i]t does comport with common sense to presume that a person who signs his name to a report has some measure of control over those who write the report." *Id*. at *18. However, the court found the other director's signature to be insufficient, because (1) the director had a limited tenure on the board prior to the filing, and (2) the allegedly fraudulent activity began *before* the director had joined the board. With regard to the second director, the court explained that "[i]n his particular

---

[5] *See, e.g., In re CINAR Corp.*, 186 F. Supp 2d. at 309 (finding control person liability sufficiently alleged as to defendant who served as vice-president and general counsel to company)*; In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 638 (S.D.N.Y. 2007) (observing that "the complaint goes on to allege that [the defendant's] position as Executive Vice President and General Counsel gave him some degree of control over Refco, and that he was directly involved in its day-to-day operations, including financial reporting and accounting").

11

case, . . . it is not logical to presume that, as a signatory of the form, [he] was a person able to exert control over those who wrote the material misstatements the form contained." *Id*.

The same considerations compel the conclusion that Mr. Meier is not a control person in this case. Plaintiffs allege that fraud at Luckin "pre-dated its IPO," and thus pre-dated Mr. Meier's tenure with the Company, and that Mr. Meier served on the Board for only four months before the end of the third quarter of 2019, the financial results of which are the subject of the alleged misstatements. Compl. ¶¶ 2, 559.

Plaintiffs do not allege that Mr. Meier had any substantive role in drafting or revising—that is in "controlling" the creation of that document—but instead that Mr. Meier had control of the filing simply "by virtue of his . . . position as a . . . director" of Luckin. Compl. ¶ 629. Such allegations are conclusory recitals of Plaintiffs' burden.

Additionally, Plaintiffs allege facts that *refute* their claim of control. Plaintiffs claim that Mr. Meier's resignation, after the details of the fraud began to emerge, "supports an inference of . . . scienter" on the part of *other Defendants*. Compl. ¶ 391 (emphasis added). This argument supports only one inference: that Mr. Meier did not know about and was not in control of their actions.

Considering the totality of the allegations, Plaintiffs have not sufficiently pleaded that Mr. Meier "possessed the power to direct or cause the direction of the management and policies" of any alleged primary violators in this action. *In re BISYS Sec. Litig.*, 397 F. Supp. 2d at 451 (quotation marks omitted). Rather, "it is not logical to presume that, as a signatory of the form, [Meier] was a person able to exert control over those who wrote the [alleged] material misstatements the form contained." *Jacobs*, 1999 WL 101772, at *18.

12

### 2.  THE COMPLAINT FAILS TO PLEAD THAT MR. MEIER CULPABLY PARTICIPATED IN ANY PREDICATE VIOLATION (COUNT V)

Plaintiffs' claim under Section 15(a) should also be dismissed because Plaintiffs fail to plead that Mr. Meier was a culpable participant in any predicate violation of Section 11 or Section 12(a)(2). The Second Circuit has expressly left open whether "culpable participation" is an essential element of a Section 15(a) claim. *In re Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 186 (2d Cir. 2011) ("We need not decide here whether 'culpable participation' is a necessary element for § 15 liability because plaintiffs' § 15 claims fail in any event for inadequate pleading of the undisputed element of control."). District courts in the Circuit have reached different conclusions. *Compare, e.g., P. Stolz Family P'ship, L.P.*, 166 F. Supp. 2d at 873 (requiring culpable participation); *with In re CINAR Corp.*, 186 F. Supp. 2d at 310 (E.D.N.Y. 2002) (declining to require culpable participation).

Section 15(a) should be construed to require proof of culpable participation. It is well settled in the Second Circuit that a plaintiff must prove culpable participation to establish liability under Section 20(a) of the Exchange Act, which is the control-person liability provision of that act that is directly analogous to Section 15(a). *See S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472 (2d Cir. 1996). The same requirements should be applied to establish secondary liability for control persons under Section 15(a). *See P. Stolz Family P'ship, L.P.*, 166 F. Supp. 2d at 873; *DeMaria v. Andersen*, 153 F. Supp. 2d 300, 314 (S.D.N.Y. 2001) (requiring "particularized facts as to the controlling person's culpable participation in the violation of the controlled person"). Likewise, traditional tort principles concerning secondary liability for aiding and abetting generally require proof that the secondary actor knew about the primary violation and substantially assisted in it. *See* Restatement (Third) of Torts: Liab. for Econ. Harm § 28(c) (2020) ("A defendant is subject to liability for aiding and abetting a tort upon proof" that "the defendant knowingly and

13

substantially assisted in the commission or concealment of the tort."). Moreover, Section 15(a) expressly provides that a control person is *not* liable if he or she "had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist."  15 U.S.C. § 77o(a).  It follows from this provision that liability extends only to defendants who participate culpably in the underlying violation.

"Those courts that have not required allegations of culpable participation have reasoned that because claims under Section 11 and Section 12(a)(2) of the Securities Act do not contain an intent element . . . it would make little sense to compel plaintiffs to allege a culpable state of mind in order to state a claim under Section 15."  *In re CINAR Corp.,* 186 F. Supp. 2d at 310.  This reasoning is flawed.  Secondary liability does not rest on the same proof or standards of culpability as the underlying offense.  In fact, claims under Section 14(a) of the Exchange Act for false proxy statements do not contain an intent element; they can rest on mere negligence.  *See Wilson v. Great Am. Indus., Inc.*, 855 F.2d 987, 995 (2d Cir. 1988).  Yet it is well established that control person liability under the Exchange Act requires proof of culpable participation.  *See First Jersey,* 101 F.3d at 1472.  Thus, it cannot be said that Section 15(a) requires no showing of culpable participation simply because Sections 11 and 12(a)(2) claims do not require proof of intent.

Here, the Complaint does not even attempt to plead that Mr. Meier culpably participated in any violation of the Securities Act.  To the contrary, the Complaint admits it "does not assert that the Director Defendants"—such as Mr. Meier—"acted with fraudulent intent."  Compl. ¶ 627.  Thus, the Section 15(a) claims against Mr. Meier should be dismissed.

## IV. CONCLUSION

For the above reasons, Mr. Meier respectfully requests that the Court dismiss the claims against him with prejudice for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or, in the alternative, or for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: February 4, 2021

By: _____
Jason J. Mendro, SBN 5423710

GIBSON, DUNN & CRUTCHER LLP

1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.887.3726
Facsimile:  202.530.9626

*Attorney for Defendant Thomas P. Meier*