**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

March 5, 2021

<u>VIA ECF</u>

The Honorable John P. Cronan
United States Courthouse
Southern District of New York
500 Pearl St., Courtroom 12D
New York, NY 10007-1312

    Re:   *In re Luckin Coffee Inc. Securities Litigation*, Case No. 1:20-cv-01293-JPC (S.D.N.Y.)

Dear Judge Cronan:

    As Your Honor is aware, we represent plaintiffs Teamsters Local 710 Pension Fund, City of Fort Myers' Police Officers' Retirement System, Kimson Chemical, Inc. and Michael Bergenholtz ("State Class Plaintiffs") and serve as court-appointed lead counsel in *In re: Luckin Coffee Inc. Securities Litigation*, Index No. 651939/2020, a putative securities class action against Luckin Coffee Inc. ("Luckin") and other defendants pending in New York Supreme Court before Justice O. Peter Sherwood (the "State Class Action"). We write to correct certain representations made by counsel for the federal lead plaintiffs during yesterday's teleconference regarding the proposal by federal lead plaintiffs and Luckin to provisionally certify a class to negotiate a settlement of securities claims, including claims represented by the State Class Plaintiffs.

    First, counsel represented that the State Class Action is a "copy-cat" of the federal class action. That is incorrect. The first complaint was filed in the State Class Action on May 26, 2020 – weeks before the Court's federal lead plaintiff order. *See* ECF. No. 118. The State Class Action includes different claims, against a broader of set of defendants, and different factual allegations. It is also limited to non-fraud claims under the Securities Act of 1933 ("Securities Act") and thus does not implicate the heightened fraud standards at issue in the federal proceedings.

    Second, counsel represented that any delay would prejudice negotiations regarding the scheme of arrangement being pursued by Luckin's joint provisional liquidators ("JPL") in the Grand Court of the Cayman Islands. That is incorrect. The timeline that we have been provided by the JPL is in the range of six to nine months. Thus, allotting a short time during which the parties can attempt to reach an arrangement that works for all interested stakeholders would not prejudice the JPL proceedings. To the contrary, it would further an efficient resolution by minimizing objections and galvanizing support from a wider range of Luckin securities purchasers to the scheme of arrangement. Indeed, a recent hearing on the petition was adjourned by the Grand Court of the Cayman Islands by more than a month. Notably, JPL's counsel did not also represent that our proposal would imperil a resolution of class claims, but rather stated that they welcomed everyone to the negotiating table. This is consistent with our discussions with the JPL to date.

**Robbins Geller Rudman & Dowd LLP**

The Honorable John P. Cronan
March 5, 2021
Page 2

  Third, counsel represented that allowing the State Class Plaintiffs to weigh in on their proposal would somehow be detrimental to class members. That is incorrect. The State Class Plaintiffs represent Securities Act claims arising from the sale of over $1.7 billion worth of Luckin securities. These securities have subsequently plummeted in value, causing investors to suffer hundreds of millions of dollars in losses. The federal lead plaintiffs do not have standing to pursue some or all of these claims, making them atypical and inadequate class representatives. It is imperative that the putative class in the State Class Action have appropriate representatives at the table to ensure that their claims do not get short shrift in settlement negotiations. Indeed, we respectfully submit that Rule 23 of the Federal Rules of Procedure ("Rule 23") demands it. The highly unorthodox procedure proposed by the federal lead plaintiffs presents a potential end-run around Rule 23 protections. Notably, in their submission the federal lead plaintiffs did not cite any cases in which their proposed "provisional" procedure has been adopted.

  The above examples illustrate the critical importance of not rushing to adopt lead plaintiff's proposal and allowing interested stakeholders to weigh in. A brief pause to allow more comprehensive negotiations amongst interested parties and the submission of a fuller factual and legal record before the Court will only help inform the decision-making process. There is nothing to lose by allowing a more deliberative process and much that could be gained.

                 Respectfully submitted,

                 /s/ David A. Rosenfeld
                 David A. Rosenfeld

BEC:hs

cc: Samuel H. Rudman, Esq.
   Brian E. Cochran, Esq.
   Avital O. Malina, Esq.
   Michael C. Dell'Angelo, Esq.
   Edward F. Haber, Esq.
   Barbara A. Podell, Esq.
   Andrew Abramowitz, Esq.
   Justin M. Alaburda, Esq.
   Victoria L. Ferrise, Esq.
   Justin M. Lovdahl, Esq.
   Adam M. Stewart, Esq.
   All Counsel of Record in federal action (via ECF)