```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                    :
                                                    :
                                                    :
IN RE LUCKIN COFFEE INC.                            :      20-CV-1293 (JPC)
SECURITIES LITIGATION                               :         ORDER
                                                    :
                                                    :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On March 2, 2021, Lead Plaintiffs in this Action, Sijunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund, submitted a Stipulation and [Proposed] Order Regarding Provision Class Certification for Settlement Purposes (the "Stipulation and Proposed Order") and a letter on behalf of Lead Plaintiffs and Defendant Luckin Coffee Inc. ("Luckin") requesting that the Court enter the Stipulation and Proposed Order. (Dkts. 234, 235.) The Court scheduled a teleconference for March 4, 2021 to discuss the Stipulation and Proposed Order. (Dkt. 236.) The Court then received two additional letters. First, Teamsters Local 710 Pension Fund, City of Fort Myers' Police Officers' Retirement System, Kimson Chemical Inc., and Michael Bergenholtz (the "State Class Plaintiffs"), which are court-appointed lead counsel in *In re: Luckin Coffee Inc. Securities Litigation*, Index No. 651939/2020 (the "State Class Action"), a putative securities class action against Luckin and other defendants pending in New York Supreme Court, submitted a letter requesting to attend the conference because the Stipulation and Proposed Order "implicates the claims being pursued and putative classes represented by State Class Plaintiffs." (Dkt. 237 at 1.) Second, the Winslow Funds, which consist of a number of different funds that are unnamed members of the putative class in this case and in the State Class Action and which have also brought their own claims in New York state court, submitted a letter requesting to attend the teleconference because the Stipulation and Proposed Order "does not provide the Winslow Funds, who have significant claims against Luckin and other defendants, sufficient information to weigh the impact

of the requested relief without further information." (Dkt. 238 at 1.) The Court granted these requests, and permitted the parties to attend the public conference. (*See* Dkts. 239, 240.) In addition, on the morning of March 4, 2021, shortly before the start of the conference, the Court received a voicemail from counsel for the plaintiffs in *Kingstown Capital Management LP v. Luckin Coffee Inc.*, No. 20 Civ. 7029 (JPC) (S.D.N.Y.) (the "Kingstown Entities"), also requesting to attend the conference. Then, during the March 4, 2021 conference, the Court heard from counsel for Lead Plaintiffs, Luckin, and the Joint Provisional Liquidators, as well as the three parties mentioned above, regarding the Stipulation and Proposed Order. Finally, on March 5, 2021, the State Class Plaintiffs submitted a letter purporting to "correct certain representations" made by the Lead Plaintiffs during the March 4, 2021 conference and further arguing in support of their position. (Dkt. 243 at 1.)

Having considered the parties' arguments during the March 4, 2021 conference, Lead Plaintiffs' letter, and the Stipulation and Proposed Order, the Court finds that the Stipulation and Proposed Order is proper, and will "so order" it in a separately docketed order. First, the Court concludes that, for the reasons set forth in Lead Plaintiffs' letter (Dkt. 234) and the Stipulation and Proposed Order (Dkt. 235), provisional class certification for settlement purposes only is proper under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The Court next turns to the State Class Plaintiffs', Winslow Funds', and Kingstown Entities' argument that conditional certification would harm their interests. As an initial matter, it is not clear on what basis those entities have standing to challenge the provisional class certification, as they have pointed only to general "harm" that they would face in light of the parallel suits in both state and federal court. Regardless, the Court finds that there is no convincing reason to delay in entering the Stipulation and Proposed Order, as the State Class Plaintiffs, Winslow Funds, and Kingstown Entities have not demonstrated that any prejudice would result from the Court's provisional certification of the

purported class in this case.  The provisional certification, which concerns a class "consisting of all persons and entities who purchased or otherwise acquired Luckin [American Depository Shares] from May 17, 2019 through July 15, 2020, inclusive" (Dkt. 235 at 2), will not prevent the other actions from continuing, nor will it prevent those plaintiffs from engaging in their own negotiations with the Joint Provisional Liquidators.  In fact, the Joint Provisional Liquidators confirmed during the conference their willingness to continue working with all creditors.  Moreover, the provisional certification will not prevent those plaintiffs from opting out of any class in this case or from objecting to any class settlement that is reached.  In addition, provisional class certification very well may advance and expedite a resolution of this matter.  Accordingly, the Court finds no reason to delay entering the Stipulation and Order.

       SO ORDERED.

Dated: March 5, 2021
      New York, New York

                                     JOHN P. CRONAN
                            United States District Judge