New York
Northern California
Washington DC
São Paulo
London

Paris
Madrid
Hong Kong
Beijing
Tokyo

**Davis Polk**

**Lawrence Portnoy**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4874 tel
lawrence.portnoy@davispolk.com

March 26, 2021

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *In re Luckin Coffee Inc. Securities Litigation*, Case No. 20-cv-01293-JPC-JLC

Dear Judge Cronan:

We represent defendant Luckin Coffee Inc. ("Luckin") in the above-referenced matter. We submit this letter motion pursuant to Rule 3(B) of the Court's Individual Rules and Practices to request a one-week extension of Luckin's deadline to file, if necessary, its reply brief in support of its motion to dismiss the Consolidated Amended Complaint (ECF No. 210) from March 30, 2021 to April 6, 2021.

As this Court is aware (ECF No. 234), on February 5, 2021, Luckin's Joint Provisional Liquidators (the "JPLs") commenced the Chapter 15 Proceeding in Bankruptcy Court. *See In re Luckin Coffee Inc. (In Provisional Liquidation)*, No. 21-10228 (MG) (Bankr. S.D.N.Y.). On March 16, 2021, the Bankruptcy Court held a hearing on the Chapter 15 petition and stated, at the conclusion of the hearing, that it would "enter a written order that recognizes the Cayman proceeding as a foreign main proceeding." (Ex. A at 63:16-17.) Recognizing the Cayman proceeding as a foreign main proceeding would have the effect of automatically staying litigation against Luckin in the United States, including in this Action. The Bankruptcy Court, however, reserved judgment on the JPLs' further relief to stay litigation as to Luckin's co-defendants. (*Id.* at 63:17-19.) On March 22, 2021, two competing versions of a proposed order were submitted to the Bankruptcy Court. Both versions acknowledge a stay of litigation against Luckin. However, as of the time of this letter, the Bankruptcy Court has not entered any order.

Accordingly, in order to conserve the resources of the parties and this Court, Lead Plaintiffs[1] and Luckin have conferred and agreed to extend Luckin's deadline to file, if necessary, its reply brief in support of its motion to dismiss the Consolidated Amended Complaint from

---

[1] The Lead Plaintiffs are Sjunde AP-Fonden and Louisiana Sheriffs' Pension and Relief Fund.

March 30, 2021 until April 6, 2021.  The Underwriter Defendants[2] requested the same extension to file their reply brief in support of their motion to dismiss yesterday (ECF No. 248).

Extension of this deadline would not affect any other scheduled dates in this action.  This is Luckin's second request to extend this deadline; on February 19, 2021, the Court granted Luckin's first request for an extension.  Lead Plaintiffs consent to this request.

In light of the foregoing, Luckin respectfully requests that the Court grant this letter motion to extend Luckin's deadline to file its reply brief in support of its motion to dismiss the Consolidated Amended Complaint.

Respectfully submitted,

/s/ Lawrence Portnoy

Lawrence Portnoy

Luckin's request is granted.  Luckin shall have until April 6, 2021 to submit its reply brief.

SO ORDERED.

Electronic Filing

cc:   All counsel of record (via ECF)

Date:   March 26, 2021
        New York, New York

JOHN P. CRONAN
United States District Judge

---

[2] The Underwriter Defendants are Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Haitong International Securities Company Limited, KeyBanc Capital Markets Inc., and Needham & Company, LLC.

# EXHIBIT A

```
                                                          Page 1

 1   UNITED STATES BANKRUPTCY COURT

 2   SOUTHERN DISTRICT OF NEW YORK

 3   Case No. 20-10228

 4   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

 5   In the Matter of:

 6

 7   LUCKIN COFFEE,

 8

 9             Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11                  United States Bankruptcy Court

12                  One Bowling Green

13                  New York, NY  10004

14

15                  March 16, 2021

16                  10:13 AM

17

18

19

20

21   B E F O R E :

22   HON MARTIN GLENN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:   UNKNOWN
```

Page 2

1  HEARING re (Doc ## 1 to 8, 10, 13, 21, 22, 24, 25, 27, 29
2  to 33)
3
4  HEARING re Motion of the foreign representative for Chapter
5  15 recognition and final relief.  ECF Docket #3.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by:  Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   DLA PIPER LLP

 4        Attorneys for Foreign Representative

 5        1201 North Market Street

 6        Wilmington, DE 19801

 7

 8   BY:  CRAIG R. MARTIN (TELEPHONICALLY)

 9

10   CAMPBELLS

11        Attorneys for Foreign Representative

12        Floor 4, Willow House

13        Cricket Square

14        Grand Cayman KY1-9010

15        Cayman Islands

16

17   BY:  GUY MANNING (TELEPHONICALLY)

18

19   ROLNICK KRAMER SADIGHI LLP

20        Attorneys for Winslow Funds

21        1251 Avenue of the Americas

22        New York, NY 10020

23

24   BY:  LAWRENCE ROLNICK (TELEPHONICALLY)

25
```

1  DAVIS POLK & WARDWELL LLP
2       Attorneys for the Debtor
3       450 Lexington Avenue
4       New York, NY 10017
5
6  BY:  JONATHAN CHANG (TELEPHONICALLY)
7
8  BROWN RUDNICK LLP
9       Attorneys for
10      7 Times Square
11      New York, NY 10036
12
13 BY:  SIGMUND WISSNER-GROSS (TELEPHONICALLY)
14
15 EISEMAN LEVINE
16      Attorneys for Kimson
17      26 Knolls Drive
18      New Hyde Park, NY, 11040
19
20 BY:  LAURENCE MAY (TELEPHONICALLY)
21
22
23
24
25

```
 1  AFN LAW
 2       Attorneys for Lai Ye
 3       2022 East Jefferson Street
 4       Seattle, WA 98122
 5
 6  BY:  ANGUS NI (TELEPHONICALLY)
 7
 8  ALSO APPEARING TELEPHONICALLY:
 9  ALEXANDER LAWSON, Insolvency Practitioner
10  MARK XU
11  LILI ROARKE
12  YINI JAO
13  DUSTIN WALLER
14  HUSSAM AL RAJHI
15  DRAGAN JOVANOVIC
16  ALAN HARLING
17  TIFFANY WO
18  SHARAN NIRMUL
19  DEITRICH KNAUTH
20  JOEL LEVITIN
21  WILLIAM COBB
22  RICHARD BODNAR
23  LAWERENCE PORTNOY
24  DAVID JANUSZEWSKI
25  SAMUEL MANN
```

1  ADAM MINTZ
2  SHEILA RAMESH
3  LAWRENCE FOGELMAN
4  JASON JACOBS
5  SHAWN WEST
6  MATTHEW MOGENSEN
7  DANIEL HOLZMAN
8  TED SMITH
9  NICHOLAS TENGE
10 THOMAS CALIFANO
11 DEREK CHAN
12 TIMOTHY GRAULICH
13 ALEXANDER LAWSON
14 JOANNA MCDONALD
15 THOMAS PITTA
16 NATHAN SHEPS
17 NATASHA TSIOURIS
18 FRED NG
19 ANDREW BEHLMANN
20 KIM DENNISON
21 MICHAEL ETKIN
22 ROBERT MOSKALEWIZA
23 SIGMUND WISSNER-GROSS
24 TIFFANY WONG
25 ON HEI CHAU

Page 7

1  WILLIAM HAGMANN
2  ERIK STIER
3  STEVEN CHURCH
4  BENJAMIN FINESTONE
5  ELIZABETH TARAILA
6  DAVID ABELYAN
7  EDWARD HABER
8  ERIK STIER
9  MARTIN SCHINDLER
10 JAI CHANDRASEKHAR
11 NICHOLAS GERSH
12 SALVATORE GRAZIANO
13 JOHN RIZIO-HAMILTON
14 JESSICA L. JUSTINA
15 MICHAEL DELLANGELO
16 BRIAN MASUMOTO
17 YICHEN LIU
18
19
20
21
22
23
24
25

Page 59

1   action filed in the Cayman Islands where the court there
2   would be faced with the same inquiry.  And so to the extent
3   the Court were to turn its focus on comity, it would be our
4   submission that the appointment order authorizing and asking
5   the JPLs to negotiate a retracting proposal coupled with
6   1521(a)(1) would create an appropriate environment for the
7   Court to enter the type of temporary stay to facilitate
8   restructuring negotiations what we're talking about.  And as
9   mentioned in our reply papers, we are happy to submit to
10  status reports or status conferences both to the extent that
11  any of the parties that have objected this morning feel
12  we're not engaging with them, they will have a forum to
13  pursue any additional sufficient protection that might be
14  appropriate.  But it would be my hope that that wouldn't be
15  necessary.
16          THE COURT:  Mr. Martin, just confirm for me that
17  none of the pending actions against non-debtors, whether
18  directors and officers, underwriters, accountants, they're
19  all at the pleading stage, at the motion stage.  None of
20  them have moved to discovery.  Is that correct?
21          MR. MARTIN:  That's my understanding, yes.  With
22  the exception of the notices of depositions that may have
23  been sent out in the Adams action down in Louisiana.  But
24  those haven't been scheduled for a date.  So other than that
25  t--

1  THE COURT: Is plaintiff's counsel in the Adams
2  action on the line today?
3  MR. MARTIN: They are not. That's the party that
4  I mentioned --
5  THE COURT: That's the one where you didn't give
6  them -- they weren't on the service list.
7  MR. MARTIN: Yeah. We overlooked service. But I
8  understand the Cahill firm's local counsel informed them. I
9  called Mr. --
10  THE COURT: That doesn't satisfy service
11  requirements, Mr. Martin.
12  MR. MARTIN: I understand, Your Honor. I wanted
13  to be up front with you about that though.
14  THE COURT: Okay. You were. You were. All
15  right.
16  MR. MARTIN: So, Your Honor, that's my reply to
17  the points made by the objectors.
18  THE COURT: Okay. Mr. Martin, submit an order
19  that grants recognition of the Cayman proceeding as a
20  foreign main proceeding and take under submission the
21  request for relief against non-debtors, as to which I'm not
22  deciding today. I really haven't decided the issue yet.
23  I'll tell you, Mr. Martin, that I am strongly inclined to
24  allow all of those pending state or federal court actions to
25  proceed before -- through the motions stage, through the

```
 1    pleading stage.  And that's why I ask whether any of them
 2    are in discovery.  You mentioned that with respect to the
 3    Adams action, there's been a request for depositions.
 4    Adams' counsel is not on the line today.
 5              I think that it would be wise for the JPLs to
 6    reach out to all of the plaintiffs' counsel to whom they
 7    have not spoken.  They seem to have been successful, at
 8    least in part, in an RSA which you described, a recent
 9    event.  I hope you will -- and I ask that you -- I direct
10    you to file on the docket a status report with an update,
11    including any -- a copy of the RSA if it's been executed as
12    to which parties have been added to it.  But I'm -- I'm
13    troubled by your request to extend the stay to non-debtors
14    when no such relief has been granted by the Cayman court,
15    and possibly cannot be granted by the Cayman court.  Comity
16    involves respect for the foreign proceedings.  It generally
17    does not involve -- it can, but it generally does not
18    involve granting relief that the foreign court has not
19    granted.  There have been some exceptions, including by I
20    think Judge Chapman with respect to discovery.  So it's not
21    unprecedented, let me say.  But generally comity would
22    respect the decision or order of the foreign court in which
23    the foreign proceeding is pending.  And that's not what
24    you're asking for.
25              I would also ask -- I would like a supplemental
```

Case 1:20-cv-02933-JPC  Document 245-11  Filed 03/26/21  Page 14 of 16

Page 62

1  filing from you.  And I'll give any of the objectors a
2  chance to respond.  I want the details on the D&O insurance
3  policy.  It sounds like it's a tier of policies.  And when
4  can you provide that?  Is a week sufficient?
5           MR. MARTIN:  Your Honor, I'll have two comments on
6  that.  I'll have to work with the Davis Polk firm on that.
7  And I believe Mr. Chang said the policies are under PRC law.
8  So if they're in Mandarin and not in English and you
9  actually want to see the policies, I don't know if they've
10 been translated.  If you just want a summary, then --
11          THE COURT:  Okay.  Here's what I would ask then.
12 Either do your filing within a week or file a status report
13 as to if they're in Chinese, about how long it's going to
14 take to do that.  Okay?
15          MR. MARTIN:  Okay.  And, Your Honor would like to
16 see the actual text of the policies, or...
17          THE COURT:  If they're in Chinese, no.
18          MR. MARTIN:  Okay.
19          THE COURT:  I would certainly like a description
20 of the policies.  I'm quite familiar with D&O policies -- in
21 English, not in Chinese -- and self-insured retentions.  And
22 I am very interested and I do want to know whether there's
23 entity coverage, whether there is priority of payments
24 provision in the policy such that the Ds and Os are paid --
25 you know, their defense costs are reimbursed before any

```
 1   coverage of the entities.  So I'm familiar with priority of
 2   payment provisions in D&O policies.  I do want to know -- I
 3   wouldn't go through -- well, let me leave it at that.  Let's
 4   see what you come up with.  Okay?
 5            MR. MARTIN:  Yes, Your Honor.  That would be fine.
 6            THE COURT:  All right.  So either do the filing or
 7   give me a status report within a week.
 8            MR. MARTIN:  Certainly.
 9            THE COURT:  And I will give any objectors a week
10   after the actual filing by the foreign representative with
11   respect to policies if -- a week from whenever that's filed.
12   Not the status report, but the actual filling of that.
13   Okay?
14            MR. MARTIN:  Thank you, Your Honor.
15            THE COURT:  All right.  Anything else?  So just to
16   be clear, I will enter a written order that recognizes the
17   Cayman proceeding as a foreign main proceeding, but I'm not
18   deciding the issue of whether the stay should be -- for now
19   the stay is not extended.  You should all go forward with
20   any motions or pleadings, et cetera.  Okay?
21            MR. MARTIN:  All right.  Thank you, Your Honor.
22   And we will revise the order and circulate it amongst the
23   objectors.  And then I presume you would prefer it to be
24   submitted through the chambers rules mechanism with the
25   email and the Word version.
```

Page 64

1       THE COURT:  Yes.  Yeah.  You send it to
2  MG.Chambers@NYSB.uscourts.gov.
3       MR. MARTIN:  Okay.  We will try to get that done
4  as soon as we can.
5       THE COURT:  All right.
6       MR. MARTIN:  And certainly thank the Court and the
7  court staff for all of the assistance in allowing us to get
8  before you today.
9       THE COURT:  All right.  Thank you very much,
10 everybody.  We are adjourned.
11       (Whereupon these proceedings were concluded)