UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Luckin Coffee Inc. Securities Litigation | Case No. 1:20-cv-01293-JPC-JLC |

## NOTICE OF IMPOSITION OF AUTOMATIC STAY

**PLEASE TAKE NOTICE** that on February 5, 2021, (the "**Petition Date**"), Alexander Lawson of Alvarez & Marsal Cayman Islands Limited and Wing Sze Tiffany Wong of Alvarez & Marsal Asia Limited, in their capacities as joint provisional liquidators (in this capacity, jointly and severally, the "**Joint Provisional Liquidators**" or "**Foreign Representatives**") of Luckin Coffee Inc. (the "**Foreign Debtor**" or "**Luckin**") in a provisional liquidation proceeding pending before the Grand Court of the Cayman Islands, Financial Services Division Cause No. 157 of 2020 (ASCJ) (the "**Cayman Proceeding**"), by and through their counsel, DLA Piper LLP (US), filed a petition for recognition of the Cayman Proceeding under chapter 15 of the title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), now pending before the Honorable Judge Martin Glenn, United States Bankruptcy Judge, under the case captioned *In re Luckin Coffee Inc. (in Provisional Liquidation)*, Case No. 21-10228 (MG) (the "**Chapter 15 Case**").

**PLEASE BE ADVISED** that pursuant to the *Order Recognizing Cayman Proceeding as a Foreign Main Proceeding and Granting Relief In Aid Thereof* [ECF No. 48] entered on March 30, 2021 in the Chapter 15 Case and attached hereto as **Exhibit A** (the "**Recognition Order**"), all relief authorized by section 1520 of the Bankruptcy Code shall apply throughout the

duration of the Chapter 15 Case or until otherwise ordered by the Bankruptcy Court, including, without limitation, the automatic stay authorized by section 362 of the Bankruptcy Code (the "**Automatic Stay**").  Specifically, the relief granted by the Recognition Order includes, but is not limited to, the following provisions:

> No person or entity may (a) commence or continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative, or regulatory proceeding or arbitration) or action against the Foreign Debtor, its assets located in the United States, or the proceeds thereof; (b) enforce any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Foreign Debtor; (c) commence or continue any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Foreign Debtor or against any of its assets located in the United States or the proceeds thereof; or (d) exercise any control over the assets located in the United States of the Foreign Debtor, except as authorized by the Foreign Debtor in writing.
>
> Notwithstanding the relief otherwise afforded in the Recognition Order (including but not limited to paragraph 4(i) therein), the automatic stay is modified to permit (a) the Lead Plaintiffs (as defined in the Recognition Order) to file papers or take actions in the District Court (as defined in the Recognition Order) in connection with the Provisional Class Order (as defined in the Recognition Order), and the District Court to conduct any proceedings, hold hearings and issue rulings in connection therewith, (b) the Lead Plaintiffs, Luckin Coffee, the Foreign Representatives, and any other parties to the Federal Class Action (as defined in the Recognition Order) to (i) participate in settlement negotiations regarding a scheme of arrangement with respect to the Class (as defined in the Recognition Order) (an "**ADS Scheme**") in the Cayman Proceeding or otherwise and take any actions regarding any proposed settlement to be implemented in an ADS Scheme in the Cayman Proceeding, in each case, in accordance with the Provisional Class Order, and (ii) take any steps necessary to secure approval of any settlement to be implemented in the ADS Scheme in the appropriate court.  Nothing in this paragraph is intended to prohibit or limit any parties' right to participate in the Cayman Proceeding. The Lead Plaintiffs' rights to seek other relief from this Court, or to join in any requests for relief sought by other parties, are otherwise reserved.

*See* Recognition Order ¶ 4(i), (ii).

**PLEASE BE FURTHER ADVISED** that any action taken against Luckin without obtaining, from the Bankruptcy Court, relief from the Automatic Stay is void *ab initio* and may

result in a finding of contempt for violation of the Automatic Stay.  Luckin reserves and retains its statutory right to seek relief in the Bankruptcy Court from any action by Plaintiff(s) or any judgment, order, or ruling entered in violation of the Automatic Stay.

In the event the Court or any parties have questions regarding the Chapter 15 Case, please contact counsel for the Foreign Representatives and counsel for the Foreign Debtor:

**DLA PIPER LLP (US)**
Thomas R. Califano (thomas.califano@dlapiper.com)
R. Craig Martin (craig.martin@dlapiper.com)
Erik F. Stier (erik.stier@dlapiper.com)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500
Fax: (212) 335-4501

*Counsel for the Foreign Representatives*

**DAVIS POLK & WARDWELL LLP**
Timothy Graulich (timothy.graulich@davispolk.com)
Lawrence Portnoy (lawrence.portnoy@davispolk.com)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

Jonathan K. Chang (jonathan.chang@davispolk.com)
18/F, The Hong Kong Club Building
3A Chater Road
Central, Hong Kong SAR
Telephone: +852 2533 3300
Facsimile: +852 2533 3388

*Counsel for the Foreign Debtor*

[*Rest of the page intentionally left blank*]

Dated: New York, New York
March 31, 2021

                                          DAVIS POLK & WARDWELL LLP

By:      /s/ Lawrence Portnoy
           Lawrence Portnoy
           Brian S. Weinstein
           450 Lexington Avenue
           New York, New York 10017
           (212) 450-4000

           Jonathan K. Chang
           18/F, The Hong Kong Club Building
           3A Chater Road
           Central, Hong Kong SAR
           Telephone: +852 2533 1028

*Attorneys for Defendant Luckin Coffee Inc.*