BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP
1251 AVENUE OF THE AMERICAS
44TH FLOOR
NEW YORK, NY 10020
TEL. (212) 554-1400

KESSLER TOPAZ MELTZER & CHECK, LLP
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
TEL. (610) 667-7706

May 14, 2021

**Via ECF**

Hon. John P. Cronan
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1320
New York, NY 10007-1312

Re:    *In re Luckin Coffee Inc. Sec. Litig.*, No. 1:20-cv-01293-JPC-JLC (S.D.N.Y.)

Dear Judge Cronan:

We are co-lead counsel for Lead Plaintiffs in this Action, Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund ("Lead Plaintiffs"). We write on behalf of Lead Plaintiffs and Defendant Luckin Coffee Inc. (In Provisional Liquidation) ("Luckin") to respectfully submit the accompanying Stipulation and [Proposed] Order Regarding Dissemination of Class Notice (the "Notice Order"). As explained further below, entry of the Notice Order would implement Your Honor's March 5, 2021 Order provisionally certifying the Class under Rule 23 of the Federal Rules of Civil Procedure (ECF No. 245) by authorizing the dissemination of a Notice of Pendency of Class Action ("Notice") to potential Class Members and providing potential Class Members an opportunity to request exclusion from the Class.

On March 5, 2021, this Court approved the Stipulation and [Proposed] Order Regarding Provisional Class Certification for Settlement Purposes, which provisionally certified a Class for settlement purposes only with respect to Lead Plaintiffs' claims against Luckin. Under Rule 23(c)(2)(B), the Court must direct notice to potential Class Members of the pendency of the class action and inform them of their right to request exclusion from the Class. The method for sending notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," *id.*, and the notice must explain (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members. *Id.*

Hon. John. P. Cronan
May 14, 2021
Page 2

The proposed Notice, attached to the Notice Order as Exhibit A, provides all of the information required by Rule 23(c)(2)(B) and would set a deadline for requesting exclusion from the Class that is 45 days after the Notice Date (the deadline for mailing the Notice to potential Class Members identified through Luckin's records). The exclusion deadline will be inserted in the Notice before mailing.

The parties propose that Epiq Class Action & Claims Solutions, Inc. ("Epiq") administer the notice process and process any requests for exclusions. Epiq is an independent notice and claims administrator that is also administering Luckin's bankruptcy proceedings. If the Court approves the Notice Order, Luckin will cause its transfer agent to provide contact information for potential Class Members and Epiq will disseminate the Notice to all identified potential Class Members. Epiq will also mail the Notice to banks, brokerage firms, and other nominees that hold securities on behalf of beneficial owners and require those Nominees to either provide Epiq with the names and addresses of any such potential Class Members or to forward the Notice to these persons. Epiq will also cause the Summary Notice to be published once in the *Wall Street Journal* and to be transmitted over the PR Newswire, and will post the Notice on a website to be developed for the Action and on Lead Counsel's websites.

Courts routinely find that comparable notice programs, combining individual notice by first class mail to all class members who can reasonably be identified with publication notice in a widely circulated publication and on internet websites, meet all the requirements of Rule 23(c)(2)(B) and due process in securities class actions. *See, e.g.*, *In re Blue Apron Holdings, Inc. Sec. Litig.*, 2021 WL 345790, at *4 (E.D.N.Y. Feb. 1, 2021) (finding that comparable notice program "constitute[d] the best notice practicable under the circumstances; and constitute[d] due and sufficient notice to all persons and entities entitled thereto"); *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *14 (S.D.N.Y. July 21, 2020) (same).

The parties believe that prompt approval of the Notice Order will facilitate their efforts to resolve the claims against Luckin because, after the exclusion date has passed, they can engage in settlement discussions with a clear understanding of which potential Class Members remain in the Class.

Should Your Honor have any questions about the proposed Notice Order, counsel would be happy to make themselves available for a call with the Court.

Respectfully submitted,

    /s/ Salvatore J. Graziano                      /s/ Sharan Nirmul
    Salvatore J. Graziano                          Sharan Nirmul

*Co-Lead Counsel for Lead Plaintiffs and the Class*

cc: All Counsel of Record (via ECF)