**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC |

**STIPULATION AND [PROPOSED] ORDER**
**REGARDING DISSEMINATION OF CLASS NOTICE**

Lead Plaintiffs Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund ("Lead Plaintiffs") and Defendant Luckin Coffee Inc. (In Provisional Liquidation) ("Luckin"), through their undersigned counsel, respectfully submit this Stipulation and [Proposed] Order Regarding Dissemination of Class Notice.

WHEREAS, on March 5, 2021, the Court entered an Order provisionally certifying the Class for purposes of negotiating and implementing a settlement under Rule 23 of the Federal Rules of Civil Procedure (ECF No. 245).

IT IS HEREBY STIPULATED AND AGREED by Lead Plaintiffs and Luckin, through their undersigned counsel, that, subject to the Court's approval:

1.     The proposed procedures for giving notice to the Class as set forth in this Stipulation and [Proposed] Order comply with the requirements of due process and with Rule 23 of the Federal Rules of Civil Procedure and constitute the best notice practicable under the circumstances.

2.     The firm of Epiq Class Action & Claims Solutions, Inc. ("Notice Administrator") is appointed and authorized to supervise and administer the notice procedure.

3.     No later than ten (10) business days after the Court's approval and entry of this Stipulation and Order, Defendant Luckin shall produce, or cause its securities transfer agent and/or depositary bank (Bank of New York Mellon) to produce, to the Notice Administrator (at no cost to Lead Plaintiffs, Class Counsel, or the Notice Administrator) a list, in electronic form, of the names, addresses, and, if available, e-mail addresses, of all persons and entities who purchased or otherwise acquired Luckin ADSs at any time during the Class Period (the "Transfer List").

4.     No later than twenty (20) business days after the Court's approval and entry of this Stipulation and Order (the "Notice Date"), the Notice Administrator shall send, by first-class mail,

the agreed-upon proposed Notice of Pendency of Class Action (the "Notice"), substantially in the form attached hereto as Exhibit A, to each person or entity identified on the Transfer List.  For all Notices returned as undeliverable, the Notice Administrator shall use best efforts to locate updated addresses.

5.     The Notice Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who may have purchased or otherwise acquired Luckin ADSs during the Class Period for the beneficial interest of persons or entities other than themselves. Such nominees shall either (i) within seven (7) calendar days of receipt of the Notice, request from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, provide a list of the names, mailing addresses, and, if available, e-mail addresses of all such beneficial owners to the Notice Administrator and the Notice Administrator is ordered to send the Notice promptly to such identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought.

6.     Contemporaneously with the mailing of the Notice, the Notice Administrator shall establish a website for the Action, www.LuckinCoffeeSecuritiesLitigation.com, from which Class Members may download copies of the Notice, the Complaint, the Court's order provisionally

certifying the Class, and this Stipulation and Order. In addition, Class Counsel shall post the Notice on their websites, www.blbglaw.com and www.ktmc.com.

       7.      Within ten (10) business days after the Notice Date, the Notice Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit B, to be published in *The Wall Street Journal* and to be transmitted over *PR Newswire.*

       8.      The Notice shall provide an address for the purpose of receiving requests for exclusion from the Class. A request for exclusion from the Class shall be made by submitting a written request for exclusion as set forth in the Notice and shall be postmarked within forty-five (45) calendar days after the Notice Date (the "Exclusion Date").

       9.      The Notice Administrator shall identify and number all exclusion requests received and create copies of those requests for counsel for all parties. The Notice Administrator shall provide via email weekly reports of exclusion requests received to counsel for Lead Plaintiffs and Luckin. The Notice Administrator will maintain the original requests for exclusion in its files.

       10.      No later than fifteen (15) business days after the Exclusion Date, Class Counsel shall file with the Court proof of mailing of the Notice, proof of publication of the Summary Notice, and an affidavit or declaration setting forth a list of all persons and entities who have requested exclusion from the Class.

       11.      Except for the costs associated with obtaining Luckin's Transfer List, the costs of the notice process shall be borne by Lead Plaintiffs, and not by Luckin or any other Defendants. Lead Plaintiffs have the right to seek reimbursement of such notice costs from any recovery in this litigation upon Court approval.

       12.      This Order may be modified by the Court upon motion by either or both parties, for good cause shown.

IT IS SO STIPULATED.    Dated May 14, 2021.

KESSLER TOPAZ MELTZER                    DAVIS POLK & WARDWELL LLP
    & CHECK, LLP


*/s/ Sharan Nirmul*                      */s/ Jonathan K. Chang*
Sharan Nirmul                            Lawrence Portnoy
Gregory M. Castaldo                      Brian S. Weinstein
Richard A. Russo, Jr.                    450 Lexington Avenue
Lisa M. Port                             New York, NY 10017
Nathan A. Hasiuk                         Tel: (212) 450-4874
280 King of Prussia Road                 lawrence.portnoy@davispolk.com
Radnor, PA 19087                         brian.weinstein@davispolk.com
Telephone: (610) 667-7706
Facsimile: (610) 667-7056                Jonathan K. Chang
snirmul@ktmc.com                         18/F, The Hong Kong Club Building
gcastaldo@ktmc.com                       3A Chater Road, Hong Kong SAR
rrusso@ktmc.com                          Tel: +852-2533-1028
llambport@ktmc.com                       Fax: +852-2533-4358
nhasiuk@ktmc.com                         jonathan.chang@davispolk.com


BERNSTEIN LITOWITZ BERGER                *Attorneys for Defendant Luckin Coffee Inc.*
  & GROSSMANN LLP


*/s/ Salvatore J. Graziano*
Salvatore J. Graziano
John Rizio-Hamilton
Jai Chandrasekhar
Kate W. Aufses
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
johnr@blbglaw.com
jai@blbglaw.com
kate.aufses@blbglaw.com


*Class Counsel and Counsel for Lead Plaintiffs*
*Sjunde AP-Fonden and Louisiana Sheriffs'*
*Pension & Relief Fund*

**IT IS SO ORDERED.**

Dated: _____

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE