

Richard A. Bodnar
Senior Counsel

1251 Avenue of the Americas
New York, NY 10020
212.597.2810
rbodnar@rksllp.com

May 17, 2021

**VIA ECF**

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**RE:** *In re Luckin Coffee Inc. Securities Litigation,* Case No. 1:20-cv-012393-JPC

Dear Judge Cronan:

This office represents the Winslow Funds,[1] a putative class member in the above-captioned action. Winslow intends to move to intervene in this action no later than tomorrow, May 18, 2021, in order to object to the Stipulation and [Proposed] Order Regarding Dissemination of Class Notice (the "Proposed Notice and Order") (ECF No. 258), filed by the Parties on May 14, 2021. The Proposed Notice and Order impermissibly and greatly expands the powers of Class Counsel and Lead Plaintiffs in contravention of Rule 23, including the power to vote upon and unilaterally authorize restructuring proposals in the Cayman Islands, without this Court's oversight, to the detriment of class members. We write to request that Your Honor refrain from taking action pending Winslow's forthcoming motion to intervene.

Following this Court's March 5, 2021, entry of a proposed stipulation and order provisionally certifying the class for "settlement purposes," Lead Plaintiffs and Defendants jointly submitted the Proposed Notice and Order on May 14, 2021. The Proposed Notice and Order seeks approval of this Court for a notice to be sent to class members and a summary notice for publication. The Proposed Order and Notice purports, for the first time, to cede each individual Class Member's voting rights in the Cayman Islands scheme of arrangement proceeding (the "Scheme") to Lead Plaintiffs, unless that Class Member opts out prior to knowing the terms of any proposed settlement. (*See* ECF No. 258, Ex. A.) The Proposed Order and Notice also makes clear that those Class Members who choose to opt out will nonetheless be bound by any settlement approved in the Scheme -- a Scheme predicated on inappropriate outsized voting power purportedly being seized by Lead Plaintiffs. This arrangement will transform Lead Plaintiffs into a "supercreditor,"

---

[1] The "Winslow Funds" are: Nuveen Winslow Large-Cap Growth ESG Fund, Nuveen Winslow Socially Aware U.S. Large-Cap Growth Fund, Winslow Large-Cap Growth Fund, MainStay Winslow Large Cap Growth Fund, MainStay VP Winslow Large Cap Growth Portfolio, St. John's University, I.B.E.W. Local Union 481 Defined Contribution Plan and Trust, St. Mary's University, Justin Kelly Revocable Trust, Justin and Susan Kelly Family, LLC, The Justin and Susan Kelly Foundation, Justin Kelly, individually and as representative for the Justin Kelly Revocable Trust, and American Medical Association.

with the potential to approve and ram through a binding settlement in the Scheme without a meaningful opportunity for review by this Court, as is required by Federal Rule of Civil Procedure 23.

As will be set forth in greater detail in Winslow's forthcoming motion, the terms of the Proposed Notice and Order raise serious due process concerns and impermissibly grants powers to Lead Plaintiffs beyond those authorized by Rule 23.  *See In re Nat'l Prescription Opiate Litig.*, 976 F.3d 664, 674 (6th Cir. 2020) (reversing certification of a "negotiation class" because it is not provided for in Rule 23 and explaining that "a new form of class, wholly untethered from Rule 23, may not be employed by a court.").  Accordingly, Winslow respectfully requests that the Court refrain from taking action on the Proposed Notice and Order until Winslow files its motion to intervene so that it may be heard on these fundamental issues that have not been raised by any party to the action.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions the Court may have.

Respectfully submitted,

/s/ Richard A. Bodnar

Richard A. Bodnar

cc: All Counsel of Record (via ECF)