| | |
|---|---|
| **BERNSTEIN LITOWITZ BERGER**<br>  **& GROSSMANN LLP**<br>**1251 AVENUE OF THE AMERICAS**<br>**44TH FLOOR**<br>**NEW YORK, NY 10020**<br>**TEL. (212) 554-1400** | **KESSLER TOPAZ MELTZER & CHECK, LLP**<br>**280 KING OF PRUSSIA ROAD**<br>**RADNOR, PA 19087**<br>**TEL. (610) 667-7706** |

May 17, 2021

<u>Via ECF</u>

Hon. John P. Cronan
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1320
New York, NY 10007-1312

Re:   *In re Luckin Coffee Inc. Sec. Litig.*, No. 1:20-cv-01293-JPC-JLC (S.D.N.Y.)

Dear Judge Cronan:

We are co-lead counsel for Lead Plaintiffs in this Action, Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund ("Lead Plaintiffs"). We write on behalf of Lead Plaintiffs in response to the letter to the Court dated today from the Winslow Funds (ECF No. 259), opposing Lead Plaintiffs' and Luckin's letter motion dated May 14, 2021 (ECF No. 257) (the "Motion"). Lead Plaintiffs' and Luckin's Motion seeks entry of a Notice Order that would implement Your Honor's March 5, 2021 Order provisionally certifying the Class under Federal Rule of Civil Procedure 23 (ECF No. 245) by directing the dissemination of a Notice of Pendency of Class Action ("Notice") to potential Class Members and providing potential Class Members an opportunity to request exclusion from the Class. The Winslow Funds' lack standing to oppose the Motion, and their opposition is legally baseless. Indeed, it simply repeats arguments that they made in opposing the Parties' motion for class certification, which were previously rejected by this Court, and without providing any basis for reconsidering Your Honor's decision and order.

On March 5, 2021, this Court provisionally certified a Class for settlement purposes with respect to Lead Plaintiffs' claims against Luckin. ECF No. 245. Under Rule 23(c)(2)(B), the Court must direct notice to potential Class Members of the pendency of the class action and inform them of their right to request exclusion from the Class. The proposed Notice (ECF No. 257, Exhibit A) provides all the information required by Rule 23(c)(2)(B) and would set a deadline for requesting exclusion from the Class 45 days after the Notice Date.

The Winslow Funds lack standing to oppose the Parties' Motion because, as the Winslow Funds stated in a prior letter to the Court, they have already opted out of the Class in this Action by filing their own individual action against Luckin in state court: "The Winslow Funds have

Hon. John. P. Cronan
May 17, 2021
Page 2

brought their own claims against Luckin and other defendants; that case is pending in New York state court, before Justice Andrew S. Borrok, captioned *Nuveen Winslow Large-Cap Growth ESG Fund v. Luckin Coffee Inc.*, Index No. 655177/2020 (N.Y. Supreme Ct.) (the 'Winslow Action')." ECF No. 238, at 1. Rule 23 allows a class member *either* to opt out of the class (Fed. R. Civ. P. 23(c)(2)(B)(v)) *or* to appear by counsel and be heard as a class member (Fed. R. Civ. P. 23(c)(2)(B)(iv)); it does *not* allow the Winslow Funds to have it both ways. Having filed their individual action and opted out of the Class, they lack standing to object to the Motion. Indeed, the Winslow Funds' opposition to the Motion seeks to prevent other Class members from receiving notice of the opportunity to do what the Winslow Funds have already done—opt out of the Class.

By the same token, the Winslow Funds lack any basis to intervene in this Action through the motion that their letter states they intend to file—only Class members, not opt-outs, have any right to intervene—and Lead Plaintiffs will oppose that motion if filed. The Court should not wait for the Winslow Funds' baseless motion to intervene to allow Lead Plaintiffs to issue the Notice that the Parties have agreed upon, as the Winslow Funds are only adding delay with no standing or basis to intervene, as they cannot opt out and be hostile to the Class and also intervene.

Moreover, the Winslow Funds argued unsuccessfully in a letter to Bankruptcy Judge Glenn that—notwithstanding this Court's prior certification of the Class—the Bankruptcy Court's recognition order in the pending Chapter 15 proceeding should not include the carveout in paragraph 4.ii of that order permitting the Parties, among other things, to continue Class proceedings before Your Honor, to negotiate a settlement of the Class's claims against Luckin, and to take further action in this Court consistent with the provisional class-certification order. *See In re Luckin Coffee Inc. (In Provisional Liquidation)*, Case No. 21-10228-MG, ECF No. 48 at 5, ¶4(ii((b) (Bkrtcy. S.D.N.Y. Mar. 30, 2021).[1] Thus, the Winslow Funds sought an end-run around this Court's class-certification order. Judge Glenn rightly rejected the Winslow Funds' argument that he should exclude that carveout from his Order, and that Order is now final and not appealable. *See id.*

---

[1] Judge Glenn's Order permits

> the Lead Plaintiffs to file papers or take actions in the District Court in connection with the Provisional Class Order, and the District Court to conduct any proceedings, hold hearings and issue rulings in connection therewith, (b) the Lead Plaintiffs, Luckin Coffee, the Foreign Representatives, and any other parties to the Federal Class Action to (i) participate in settlement negotiations regarding a scheme of arrangement with respect to the Class (an "ADS Scheme") in the Cayman Proceeding or otherwise and take any actions regarding any proposed settlement to be implemented in an ADS Scheme in the Cayman Proceeding, in each case, in accordance with the Provisional Class Order, and (ii) take any steps necessary to secure approval of any settlement to be implemented in the ADS Scheme in the appropriate court.

*Id.*

Hon. John. P. Cronan
May 17, 2021
Page 3

      As stated in the Motion, Lead Plaintiffs and Luckin believe that prompt approval of the Notice Order will facilitate their efforts to resolve the claims against Luckin because, after the exclusion date has passed, they can engage in settlement discussions with a clear understanding of which potential Class Members remain in the Class. This is precisely the procedure contemplated by Your Honor's Order certifying the Class, and the Winslow Funds provide no legitimate basis for reconsidering that Order and disregarding Rule 23(c)(2)(B)'s mandatory notice provision. The only authority that they cite is a single out-of-circuit case involving a class certified over defendants' objections (as opposed to the stipulated class certification at issue here) that has not been followed by any court in the Second Circuit. *See In re Nat'l Prescription Opiate Litig.*, 976 F.3d 664, 674 (6th Cir. 2020).

      We would be happy to make ourselves available for a call with the Court to address any questions Your Honor may have.

                                         Respectfully submitted,

| */s/ Salvatore J. Graziano* | */s/ Sharan Nirmul* |
|---|---|
| Salvatore J. Graziano | Sharan Nirmul |

                        *Co-Lead Counsel for Lead Plaintiffs and the Class*

cc: All Counsel of Record (via ECF)