# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC |

## <u>NOTICE OF PENDENCY OF CLASS ACTION</u>

**To:     All persons and entities (and their beneficiaries) that purchased or otherwise acquired the American Depository Shares of Luckin Coffee Inc. between May 17, 2019 through July 15, 2020, inclusive (the "Class")**

*A federal court has authorized this Notice.*

### <u>PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.</u>

**IF YOU ARE A CLASS MEMBER, YOUR RIGHTS, INCLUDING YOUR RIGHTS WITH RESPECT TO PARTICIPATION AND VOTING IN A CAYMAN ISLANDS SCHEME OF ARRANGEMENT, MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT. THIS NOTICE ADVISES YOU OF YOUR OPTIONS REGARDING THE CLASS ACTION AND THE CAYMAN ISLANDS SCHEME OF ARRANGEMENT.**

**PLEASE DO NOT CALL OR WRITE THE COURT. IF YOU HAVE ANY QUESTIONS AFTER READING THIS NOTICE, YOU SHOULD CONTACT THE NOTICE ADMINISTRATOR OR CLASS COUNSEL, AS DISCUSSED FURTHER BELOW.**

This Notice is being sent pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court") to inform you of a class action lawsuit that is pending in the Court under the above caption (the "Action") and that the Action has been provisionally certified by the Court to proceed as a class action for purposes of reaching a settlement of the Action with Luckin Coffee Inc. (In Provisional Liquidation) ("Luckin" or the "Company").

1.     In the Action, the Class Representatives, on behalf of themselves and other investors in Luckin's American Depository Shares ("ADSs") have asserted claims for violations of the federal securities laws against Luckin, certain of Luckin's executive officers and directors, and the underwriters of Luckin's Initial Public Offering and Secondary Public Offering of ADSs.

2.      The "Class" provisionally certified by the Court for settlement purposes consists of:

> all persons and entities (and their beneficiaries) that purchased or otherwise acquired Luckin ADSs between May 17, 2019 through July 15, 2020, inclusive (the "Class Period").

Excluded from the Class are Defendants[1] and their families; the officers, directors and affiliates of Defendants; members of Defendants' immediate families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any persons or entities that request exclusion from the Class following the procedures set forth in this Notice. *See* ¶¶ 24 to 26 below.

3.      This Notice is directed to you because you may be a member of the Class ("Class Member"). If you are a Class Member, your rights may be affected by this Action.

4.      This Notice is not an admission by Defendants or an expression of any opinion of the Court concerning the merits of the Action, or a finding by the Court that the claims asserted by the Class Representatives (as defined in paragraph 17 below) are valid. This Notice is intended solely to advise you of the pendency of the Action and the provisional certification of the Class for purposes of reaching a settlement of the Action, and of your rights in connection with those matters. There is no judgment, settlement, or monetary recovery at this time.

5.      The Class definition is subject to change by Court order, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### OVERVIEW AND STATUS OF THIS ACTION

6.      Luckin is a Cayman Islands corporation with principal executive offices in Fujian, China. During the Class Period, Luckin operated an extensive network of retail coffee stores in China. Luckin conducted an initial public offering of ADSs on May 17, 2019 (the "IPO") and a secondary public offering of ADSs on January 10, 2020 (the "SPO"). Luckin's ADSs traded on the NASDAQ under the ticker symbol "LK" following the IPO until June 29, 2020.

7.      In the offering materials for the IPO, in the quarters following the IPO, and in the offering materials for the SPO, Luckin reported increasing revenues. However, on January 31, 2020, an anonymous report was published, suggesting that Luckin's increased revenues were

---

[1] The Defendants are: (i) Charles Zhengyao Lu, Jenny Zhiya Qian, Jian Liu, and Reinout Hendrik Schakel (the "Executive Defendants"); (ii) Hui Li, Erhai Liu, Jinyi Guo, Sean Shao, and Thomas P. Meier (the "Director Defendants"); and (iii) Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Haitong International Securities Company Limited, KeyBanc Capital Markets Inc., Needham & Company, LLC (the "Underwriter Defendants").

fraudulent. On April 2, 2020, the Company voluntarily disclosed that nearly $300 million of its sales between the second and fourth quarters of 2019 were fabricated and advised investors to "no longer rely upon the Company's previous financial statements and earnings releases." The price of Luckin's ADSs dropped dramatically following these revelations and, on June 29, 2020, trading of Luckin's ADSs on the NASDAQ was suspended.

8. Beginning in February 2020, a series of lawsuits alleging that Luckin and other defendants had violated United States securities laws were filed in the Court. On May 15, 2020, the Court entered an Order that consolidated all related actions into the Action. On June 12, 2020, the Court issued an Opinion and Order that appointed Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund as Lead Plaintiffs for the Action pursuant to the Private Securities Litigation Reform Act of 1995, and approved Lead Plaintiffs' selection of Kessler Topaz Meltzer & Check, LLP ("KTMC") and Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") as Lead Counsel.

9. The operative complaint in the Action, the Consolidated Class Action Complaint (the "Complaint"), was filed on September 24, 2020.

10. The Complaint alleges that Luckin and the other Defendants violated Section 10(b) of the Securities Exchange Act of 1934 and Section 11 of the Securities Act of 1933. Among other things, the Complaint alleges that Defendants included material misstatements and omissions in the offering documents for the IPO and the SPO regarding, among other things: (i) Luckin's compliance with laws and regulations, GAAP, and internal controls over financial reporting; (ii) the reasons for Luckin's increased earnings and growth leading up to the IPO and between the IPO and the SPO; (iii) Defendant's reported revenues and expenses; and (iv) Luckin's related-party transactions. The Action also alleges that the offering materials for the SPO omitted material facts concerning the margin loan facility some of the underwriters for the SPO entered into with Charles Zhengyao Lu, Luckin's co-founder and then Chairman of Luckin's Board of Directors, and Jenny Zhiya Qian, Luckin's co-founder and then member of Luckin's Board of Directors.

11. The Complaint further alleges that between the May 17, 2019 IPO and the January 10, 2020 SPO, Luckin and certain other Defendants made material misstatements and omissions regarding, among other things, Luckin's operating expenses and financial reports, and, following the SPO, falsely denied allegations contained in a report published by Muddy Waters Research on January 31, 2020.

12. On November 23, 2020, Luckin moved to dismiss certain portions of the Complaint and the Underwriter Defendants moved to dismiss the Complaint. On January 22, 2021, Lead Plaintiffs filed their opposition to Luckin's and the Underwriter Defendants' motions. On February 4, 2021, Defendant Thomas P. Meier filed a motion to dismiss the Complaint.

**LUCKIN ENTERS INTO PROVISIONAL LIQUIDATION PROCEEDINGS**

13. On July 15, 2020, Luckin announced that by order of the Grand Court of the Cayman

Islands (the "Grand Court"), provisional liquidators had been appointed over the company ("Joint Provisional Liquidators") following the presentation of a winding-up petition filed by a creditor of the Company. Under Cayman Islands law, a company may be wound up at the request of its creditors where it is insolvent; namely, if it is unable to pay its debts as and when they fall due. The Grand Court has jurisdiction to appoint provisional liquidators where the company is insolvent and intends to present a compromise or arrangement to its creditors.

14.     In December 2020, Luckin and the U.S. Securities and Exchange Commission entered in a consent decree under which Luckin agreed to pay a $180 million civil penalty for violations of the Securities Exchange Act of 1934, which was approved by the Court on February 4, 2021. The amount of Luckin's civil penalty will be offset by any amount Luckin pays its security holders, including the Class in this Action, under any scheme of arrangement approved by the Grand Court.

15.     On January 29, 2021, the Joint Provisional Liquidators disclosed that they had reached an agreement in principle with holders of Luckin's convertible bonds, and that they would separately seek to resolve the claims of investors that are members of the Class in this Action.

16.     On February 5, 2021, Luckin's Joint Provisional Liquidators commenced a proceeding under Chapter 15 of the U.S. Bankruptcy Code to recognize the Cayman Islands provisional liquidation proceeding as a foreign main proceeding in order to seek certain protections under the U.S. Bankruptcy Code. The U.S. bankruptcy proceeding is pending in the Bankruptcy Court for the Southern District of New York. *See In re Luckin Coffee Inc. (In Provisional Liquidation),* No. 21-10228 (MG) (Bankr. S.D.N.Y.).

### PROVISIONAL CERTIFICATION
### OF THE CLASS FOR SETTLEMENT PURPOSES

17.     On March 2, 2021, Lead Plaintiffs and Defendant Luckin filed a stipulation and proposed order provisionally certifying the Class for purposes of negotiating and implementing a settlement. On March 5, 2021, the Court issued an Order granting provisional class certification of the Class for settlement purposes, certifying the Class as defined above, appointing Lead Plaintiffs Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund as Class Representatives, and appointing KTMC and BLB&G as Class Counsel.

18.     The Class has been provisionally certified for the purpose of effectuating a potential settlement with Luckin in this Action and pursuant to the relevant legislation under Cayman Islands law, including but not limited to presenting a scheme of arrangement under section 86 of the Companies Act (2021 Revision)  (referred to herein as a "Settlement"). That process will include:

(a) negotiating with Luckin and its Joint Provisional Liquidators as to the manner for determining the amount of payment to the Class to compromise the claims the Class has in the Luckin provisional liquidation for the purposes of recording the terms of any

agreed compromise (as well as the terms of compromise of claims by other groups of creditors of Luckin) for which Luckin will seek sanction from the Grand Court (referred to as a "scheme of arrangement" or "Scheme");

(b) an opportunity for the Class to vote at a meeting of creditors of Luckin on whether to approve the proposed terms of the Scheme that apply to the Class which meeting will be held by Order of the Grand Court for the purpose of each of the groups of creditors of Luckin considering and, if thought fit, approving, with or without modification, the Luckin proposed Scheme terms that apply to each of the groups of creditors as set out in a document containing the operative terms of the Scheme and an Explanatory Statement together with any appendices or schedules to such Explanatory Statement; and

(c) if the Scheme is approved by the requisite majority of each voting group of creditors, Luckin and the Joint Provisional Liquidators will seek the sanction of the Scheme by the Grand Court.

19. **Potential Decertification of the Class.** In the event that (i) a petition under section 86 of the Companies Act (2021 Revision) for an order sanctioning the Scheme is not presented to the Grand Court on or before December 31, 2021; or (ii) the Grand Court declines to make an order convening class meetings for the purpose of considering and, if thought fit, approving the Scheme; or (iii) the Class declines to approve the Scheme at a meeting convened in accordance with an order of the Grand Court; or (iv) the Grand Court declines to sanction the Scheme; or (v) following the sanction of the Scheme by the Grand Court, any condition precedent to the effectiveness of the Scheme or the settlement contemplated by the Scheme does not occur and is not waived, the Class will, subject to any extension or variation by further stipulation of Luckin and Lead Plaintiffs, be decertified automatically. If such decertification occurs, the Lead Plaintiffs will have a right to file a new motion to certify a class in, and proceed with, the Action.

## YOUR RIGHTS AS A CLASS MEMBER

20. If you purchased or otherwise acquired Luckin ADSs from May 17, 2019 through July 15, 2020, inclusive (including any ADSs purchased in the IPO or SPO), and you are not excluded from the Class by definition (*see* paragraph 2, above), then you are a member of the Class. If you are a member of the Class, you have the right to decide whether to remain a member of the Class.

21. If you wish to be excluded from the Class, you must request exclusion in accordance with the procedure set forth in paragraphs 24 and 25 below. ***If you want to remain a member of the Class, you do not need to do anything at this time other than to retain your documentation reflecting your transactions and holdings in Luckin ADSs, as discussed in paragraph 22 below***. If you do nothing, and you are a member of the Class, you will stay in the Class. Your decision is important for the following reasons:

5

a.   **If you remain a member of the Class**, and a Settlement is reached on behalf of the Class, you will be bound by all past, present, and future orders and judgments in the Action related to the Settlement, whether favorable or unfavorable, and you may be eligible to receive a share of that Settlement. If you remain a member of the Class and a Settlement is reached, you will not be able to pursue (or continue to pursue) a lawsuit on your own behalf with regard to any of the claims that are released by the Settlement. If a Settlement is reached, the claims released under the Settlement may include all claims arising out of the facts alleged in the Complaint and may include claims asserted against all Defendants and certain related parties.

    If you remain a member of the Class and choose not to directly participate in the Scheme process, the Class Representatives and Class Counsel will represent your interests under the Scheme, including at every hearing or Creditor Meeting, as the case may be. If you remain a member of the Class, the Class Representatives and Class Counsel will have the power to cast votes on behalf of the Class in relation to the Scheme, which may be deemed to be a vote cast by you as a member of the Class. If you choose to be excluded from the Class, you must participate directly in the Scheme process in order to have your interests separately represented in the Scheme process, including at every hearing or at the Creditor Meeting, as the case may be. Class Counsel have retained Cayman counsel to assist them in representing the interests of the Class in the Scheme process.

    Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, it is within the Court's discretion whether to allow a second opportunity to request exclusion from the Class if there is a Settlement. Please note that if you remain a member of the Class, you will not be personally responsible for Class Counsel's attorneys' fees or costs. Class Counsel have agreed to represent the Class on a contingent fee basis, which means that they will be awarded fees and costs to be approved by the Court only if they succeed in obtaining a recovery. Any attorneys' fees for Class Counsel will be awarded by the Court from the Settlement. As a member of the Class, you will be represented by Class Counsel. Alternatively, you may remain a member of the Class and elect to be represented by counsel of your own choosing. If you do retain separate counsel, you will be responsible for your attorney's fees and expenses and your attorney must enter an appearance on your behalf by filing a Notice of Appearance with the Court and mailing it to Class Counsel at the addresses set forth in paragraph 28 below **on or before _____, 2021.**

b.   **If you choose to be excluded from the Class**, under U.S. law, you will not be bound by any past, present, or future orders and judgments in this Action that pertain to the Class and you may not be entitled to participate in or be eligible to share in any Settlement reached, except for where the Settlement is effected by a Scheme passed in accordance with section 86 of the Cayman Islands' Companies Act, which may be binding on all members of the Class irrespective of whether they choose to be excluded from the Class or not. If you request exclusion, you will retain any right you have to individually pursue any legal rights that you may have

6

with respect to the claims asserted in the Action. Please refer to paragraphs 24 through 27 below if you would like to be excluded from the Class.

22. If there is a Settlement through the Scheme, anyone who wishes to participate will be required, pursuant to the terms of the Scheme, to submit a claim form demonstrating their membership in the Class and documenting their sales, purchases, and/or holdings of Luckin ADSs, and their resulting damages. ***For this reason, please be sure to keep all records of your transactions and holdings in Luckin ADSs. DO NOT mail them to Class Counsel or the Notice Administrator at this time***. No money or benefits are available now and there is no guarantee that money or benefits will be obtained. If they are, Class Members will be notified regarding how to obtain a portion.

23. If you have any questions about the Scheme process or the extent to which an election to be excluded from the Class impacts that process, you should contact the JPLs by email at *luckin@alvarezandmarsal.com*.

## HOW TO BE EXCLUDED FROM THE CLASS

24. If you wish to be excluded from the Class, you must specifically request exclusion in accordance with the following procedures. To exclude yourself from the Class, you must send a letter by first-class mail stating that you "request exclusion from the Class in *In re Luckin Coffee Securities Litigation*, No. 1:20-cv-01293-JPC-JLC." Your request must:

(a) state the name, address, and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of an appropriate contact person;

(b) state the number of Luckin ADSs that the person or entity requesting exclusion (i) held as the opening of trading on May 17, 2019 and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, May 17, 2019 through July 15, 2020, inclusive). For each such purchase, acquisition, or sale, you must provide the transaction dates, number of ADSs, the price of each such purchase/acquisition and sale, and whether the ADSs were purchased in the IPO or SPO or on the secondary market; and

(c) be signed by the person or entity requesting exclusion or an authorized representative, accompanied by proof of authorization.

25. You must mail your exclusion request, ***postmarked by no later than _____, 2021***, to:

*In re Luckin Coffee Inc. Securities Litigation*
c/o Epiq
P.O. Box 5887
Portland, OR 97228-5887

7

You cannot exclude yourself from the Class by telephone or by e-mail, and a request for exclusion shall not be effective unless it contains all the information called for by this paragraph and is postmarked by the date stated above, or is otherwise accepted by the Court.

26. If your request for exclusion complies with the requirements set forth above, the Court will exclude you from the Class, you will not be bound by any orders or judgments in this Action that pertain to the Class and any Settlement reached, and you will not be eligible to share in any Settlement.

27. Do not request exclusion from the Class if you wish to be eligible to share in any Settlement with Luckin obtained for members of the Class.

### CLASS COUNSEL

28. As a member of the Class, you will be represented by Class Counsel, who are:

Salvatore J. Graziano
John Rizio-Hamilton
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
www.blbglaw.com
1-800-380-8496

Sharan Nirmul
Gregory M. Castaldo
**KESSLER TOPAZ MELTZER
& CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
www.ktmc.com
610-667-7706

29. Class Counsel have also retained Cayman counsel, the Bedell Cristin Cayman Partnership, to assist them in representing the interests of the Class in the Scheme proceeding in the Cayman Islands.

30. If you want to be represented by your own lawyer, you may hire one at your own expense. If you do retain your own lawyer, such counsel must enter an appearance on your behalf by filing a Notice of Appearance with the Clerk of the Court at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, **on or before _____, 2021**. Your Notice of Appearance must also be mailed to Class Counsel: Salvatore J. Graziano, Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020 and Sharan Nirmul, Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087 **on or before _____, 2021**.

31. As noted above, unless you elect to retain your own personal lawyer, if you remain in the Class, you will not have any direct obligations to pay the costs of the litigation. If there is a Settlement, all costs and expenses of the Action, including Class Counsel's attorneys' fees, will be paid from that Settlement in an amount approved by the Court.

8

**PLEASE KEEP YOUR ADDRESS CURRENT**

32.    In order to make sure that you receive any further notices in this Action, you are requested to mail notice of any changes in your address to:

*In re Luckin Coffee Inc. Securities Litigation*
c/o Epiq
P.O. Box 5887
Portland, OR 97228-5887

33.    If this Notice was forwarded to you by the postal service, or if it was otherwise sent to you at an address that is not current, you should immediately contact the Notice Administrator, Epiq, by writing to the address in paragraph 32 above, calling toll-free to 1-855-535-1824, or by emailing info@LuckinCoffeeSecuritiesLitigation.com, and provide them with your correct address. If the Administrator does not have your correct address, you may not receive any future notices that may be disseminated in this Action.

**WHERE YOU CAN FIND ADDITIONAL INFORMATION**

34.    This Notice provides only a summary of the lawsuit and the claims asserted by the Class Representatives. For more detailed information regarding the Action, including a copy of the Complaint, you may contact Class Counsel or visit www.LuckinCoffeeSecuritiesLitigation.com.

**PLEASE DO NOT CALL OR WRITE THE COURT.**

**NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

35.    If, during the period from May 17, 2019 through July 15, 2020, inclusive, you purchased or otherwise acquired Luckin ADSs for the beneficial interest of persons or entities other than yourself, you must either:  (a) within seven (7) calendar days of receipt of this Notice, request from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses of all such beneficial owners to the Notice Administrator at *In re Luckin Coffee Inc. Securities Litigation*, c/o Epiq, P.O. Box 5887, Portland, OR 97228-5887. If you choose the first option, you must send a statement to the Notice Administrator confirming that the mailing was made, and **you must retain your mailing records for use in connection with any further notices that may be provided in the Action**. If you choose the second option, the Notice Administrator will send a copy of the Notice to the beneficial owners. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained from www.LuckinCoffeeSecuritiesLitigation.com, by

9

calling the Notice Administrator toll free at 1-855-535-1824, or by emailing info@LuckinCoffeeSecuritiesLitigation.com.

Dated: _____, 2021

BY ORDER OF THE COURT:
United States District Court for the
Southern District of New York