**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC |

**DECLARATION OF RICHARD A. BODNAR IN SUPPORT OF**
**WINSLOW'S MOTION TO INTERVENE**

Pursuant to 28 U.S.C. § 1746, RICHARD A. BODNAR, under penalty of perjury, hereby declares as follows:

1.      I am senior counsel at the law firm of Rolnick Kramer Sadighi LLP, counsel in this matter to the Proposed Intervenors Winslow Funds ("Winslow").[1] I submit this declaration in support of Winslow's Motion to Intervene pursuant to Fed. R. Civ. P. 24(a) and (b).

2.      On March 4, 2021, I appeared at a scheduled teleconference in this matter on behalf of Winslow (the "March 4 Teleconference").  I understand the teleconference was not transcribed.

3.      At the March 4 Teleconference, to my recollection, I, along with counsel for other interested entities, spoke in favor of the Court allowing a briefing schedule as to the provisional certification of a class in this matter for "settlement purposes."  One of the issues I, along with counsel for other interested entities, raised at the time, was that the provisional certification

---

[1] The "Winslow Funds" are: Nuveen Winslow Large-Cap Growth ESG Fund, Nuveen Winslow Socially Aware U.S. Large-Cap Growth Fund, Winslow Large-Cap Growth Fund, MainStay Winslow Large Cap Growth Fund, MainStay VP Winslow Large Cap Growth Portfolio, St. John's University, I.B.E.W. Local Union 481 Defined Contribution Plan and Trust, St. Mary's University, Justin Kelly Revocable Trust, Justin and Susan Kelly Family, LLC, The Justin and Susan Kelly Foundation, Justin Kelly, individually and as representative for the Justin Kelly Revocable Trust, and American Medical Association.

stipulation appeared to contemplate novel procedures that are foreign to the conduct of Rule 23 securities class actions.

4.      At the March 4 Teleconference, to my recollection, the Court did not engage in the substantive merits of the provisional certification, and at least I, and to my recollection, counsel for other interested entities, limited the relief requested to a briefing schedule on what was otherwise a stipulation without briefing or other submissions.

5.      At the March 4 Teleconference, to my recollection, counsel for the Lead Plaintiffs in this action never represented or asserted that they would seek, via the Rule 23 class action procedure, to assume the power to vote in a Cayman Scheme of Arrangement proceeding on behalf of unnamed, unrepresented, and non-appearing class members.  In fact, Lead Plaintiffs (via counsel) did not assert at the March 4 Teleconference that the provisional certification order granted them the broad swath of powers they now claim via the notice at issue here.

6.      On May 5, 2021, I received a notification from Epiq Global, acting as administrative agent for the Joint Provisional Liquidators with respect to Luckin's Chapter 15 bankruptcy, conveying a Notice of Shareholder Claimants Meeting.  A true and correct copy of that document is attached as **Exhibit 1**.

7.      That document sets forth the calling of a meeting of shareholder claimants.  It does not contain, or reference, an attempt (or possible attempt) by the Lead Plaintiffs in this action to seek control over the votes of unnamed, unrepresented, and non-appearing class members

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 18, 2021.

By:_____
Richard A. Bodnar