**Robbins Geller**
**Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

May 20, 2021

VIA ECF

The Honorable John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007-1312

   Re: *In re Luckin Coffee Inc. Sec. Litig.*,
     Case No. 1:20-cv-01293-JPC (S.D.N.Y.)

Dear Judge Cronan:

We represent plaintiffs Teamsters Local 710 Pension Fund, City of Fort Myers' Police Officers' Retirement System, Kimson Chemical, Inc. and Michael Bergenholtz ("State Class Plaintiffs") and serve as court-appointed lead counsel in *In re: Luckin Coffee Inc. Securities Litigation*, Index No. 651939/2020 (Sup. Ct. N.Y. Cnty.), a putative securities class action against Luckin Coffee Inc. ("Luckin") and other defendants pending in New York Supreme Court (the "State Class Action"). In accordance with Rule 6.A. of the Court's Individual Rules and Practices in Civil Cases, we respectfully write to request a pre-motion conference, as we seek to file a motion to intervene in the above-captioned action under Fed. R. Civ. P. ("Rule") 24 for the purpose of objecting to the Stipulation and [Proposed] Order Regarding Dissemination of Class Notice (the "Notice") filed on May 14, 2021. ECF No. 258.

The State Class Plaintiffs share the concerns raised by Proposed-Intervenor Winslow regarding the Proposed Notice. ECF Nos. 259, 265. Lead Plaintiffs seek sweeping powers that would usurp the voting rights of U.S. securities law claimants in Luckin's Cayman Islands scheme of arrangement ("Scheme") proceedings. The powers that Lead Plaintiffs seek to grant themselves through the Proposed Notice exceed the provisional certification order previously entered by the Court ("Certification Order") (ECF No. 245), fail the requirements of Rule 23 and are of dubious legality under Cayman Islands law.

That this power grab is sought by way of stipulation, joined by Defendants, rather than an adversarial proceeding only heightens the concern that the Lead Plaintiffs are colluding with Defendants to improperly tilt Scheme proceedings in the Lead Plaintiffs' favor in exchange for a broader release for Defendants. Notably, the Proposed Notice acknowledges that the Scheme "will be binding" on all class members "regardless of whether you exclude yourself from the Class." ECF No. 258-2 at 2. Thus, the Lead Plaintiffs purport to be able to settle all class members' claims

**Robbins Geller
Rudman & Dowd LLP**

The Honorable John P. Cronan
May 20, 2021
Page 2

regardless of whether they opt out or not, through powers that they have effectively granted themselves by appending them, through the backdoor of class notice, to a stipulated class order.

As the Court is aware, the State Class Plaintiffs previously raised concerns about the Lead Plaintiffs' efforts to seek provisional certification, which the State Class Plaintiffs feared would be used to materially harm their interests and inequitably settle their claims. ECF No. 244 at 2. It appears those fears were justified. Although the Court denied the State Class Plaintiffs' request to formally respond to the federal parties' stipulated class certification order, the denial was based on the understanding that "provisional certification will not prevent those plaintiffs from opting out of any class in this case or from objecting to any class settlement that is reached." *Id*. at 3. Now, it is clear that Lead Plaintiffs seek to make class members' opt-out rights illusory and the opportunity to object meaningless. By granting themselves supermajority powers, the Lead Plaintiffs hope to obtain voting power sufficient to control Scheme proceedings, with any class settlement supported by the Scheme a *fait accompli* by the time it is brought before this Court for review, to the extent this Court's approval is even sought. The Proposed Notice seeks to eviscerate class members' due process rights, wholly avoid the scrutiny required by Rule 23, and subvert the class procedure for an improper purpose. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig*., 827 F.3d 223, 231 (2d Cir. 2016) ("'[T]he Due Process Clause of course requires that the named plaintiff at all times adequately represent the interests of the absent class members.'").

The State Plaintiffs also believe that the Proposed Notice is misleading. For example, the Proposed Notice states that the Lead Plaintiffs have the power to cast votes on behalf of the putative class under Cayman Islands law. *See, e.g*., Notice ¶¶18, 21.a. However, it is our understanding that Cayman Islands law has never allowed a foreign class certification procedure to usurp creditor voting rights at a scheme of arrangement proceeding. The Proposed Notice fails to disclose the true state of affairs, namely, that the powers sought by the Lead Plaintiffs are untested and unprecedented in a liquidation proceeding under Cayman Islands law.

The Proposed Notice also states that the Settlement being sought by the Lead Plaintiffs may "release[] . . . all claims arising out of the facts alleged in the Complaint," including "claims asserted against all Defendants and certain related parties." *Id*. ¶21.a. However, the Certification Order expressly states that the Lead Plaintiffs may negotiate "***only*** with respect to Plaintiffs' claims against Luckin[.]" Certification Order at 3 (emphasis added). The order similarly makes no mention of granting the Lead Plaintiffs supermajority voting powers over the Scheme of arrangement. *See id*. Thus, the Proposed Notice misrepresents and overstates the powers granted to the Lead Plaintiffs in the Certification Order.

In addition, the Proposed Notice makes no mention of the State Class Action, which is pursuing non-fraud claims under the Securities Act of 1933 ("Securities Act") arising from three Luckin securities offerings – including a $460 million Luckin convertible notes offering that is not

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable John P. Cronan
May 20, 2021
Page 3

part of this federal action and not encompassed by the Certification Order, which is limited to ADS purchasers. While the Proposed Notice states that the Scheme will be "binding on all creditors of the same class" (ECF No. 258-2 at 2), it does not specify that the Lead Plaintiffs cannot act in the Cayman Island proceedings or take actions to impair note purchasers in any way. The Notice also fails to mention the pendency of the State Class Action and the fact that counsel for the State Class Plaintiffs will be participating in Scheme proceedings on behalf of class members with Securities Act claims arising from three Luckin offerings.

Because the State Class Plaintiffs have "an interest relating to the property or transaction that is the subject" of the federal proceeding and are situated such "that disposing of the action may as a practical matter impair or impede the movant's ability to protect [their] interest[s]," which, as demonstrated by the defective Proposed Notice, are not being adequately represented in these proceedings, the State Class Plaintiffs may intervene as a matter of right. Rule 24(a)(2); *see also Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55, 58 (S.D.N.Y. 1993) ("Intervention is permitted [for absent class members] to 'assure that the class is adequately represented.'"). Permissive intervention is also appropriate because the State Class Plaintiffs possess claims and defenses with the federal action that share "a common question of law or fact." Rule 24(b)(1)(B). The State Class Plaintiffs' motion is timely, as they are seeking intervention for purposes of objecting to the Proposed Notice less than a week after the Proposed Notice was lodged with the Court. Allowing the State Class Plaintiffs and other concerned class members a chance to respond to the Proposed Notice would cause no undue delay or prejudice to any party. To the contrary, given the substantial defects in the Proposed Notice, denying class members the ability to weigh in at this critical juncture risks irreparable injury to their interests.

The Court has scheduled a conference on Proposed-Intervenor Winslow's Motion to Intervene for May 28, 2021. ECF No. 268. The State Class Plaintiffs respectfully request that the pre-motion conference on their proposed motion to intervene be held at this conference, given the significant overlap between the two motions. In addition, the State Class Plaintiffs propose that they be given ten days from the hearing – until Monday, June 7, 2021 – to submit their response to the Proposed Notice.

Respectfully submitted,

| Robbins Geller Rudman & Dowd LLP | Berger Montague PC | Shapiro Haber & Urmy LLP |
|---|---|---|
| Samuel H. Rudman | Michael C. Dell'Angelo (with permission) | Edward F. Haber (with permission) |