UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x

IN RE LUCKIN COFFEE INC.
SECURITIES LITIGATION

————————————————————— x

:    Civil Action No. 1:20-cv-01293-JPC
:
:    **PROPOSED INTERVENORS STATE**
:    **CLASS PLAINTIFFS' MEMORANDUM**
:    **OF LAW IN SUPPORT OF THEIR**
:    **MOTION TO INTERVENE**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ........................................................................................................................2

ARGUMENT .............................................................................................................................4

    A.      The State Class Plaintiffs Should Be Allowed to Intervene as of Right
           Under Federal Rule of Civil Procedure 24(a) .........................................................4

           1.      The State Class Plaintiffs Have a Significantly Protectable Interest
                    in This Action .............................................................................................5

           2.      The State Class Plaintiffs' Interests Are Inadequately Protected by
                    Lead Plaintiffs ............................................................................................7

           3.      Preliminary Approval of the Proposed Notice Will Impair and
                    Impede the Ability to Protect the State Class Plaintiffs' Significant
                    Interests ......................................................................................................8

           4.      This Motion Is Timely ................................................................................9

    B.      Alternatively, the State Class Plaintiffs Should Be Granted Permissive
           Intervention Pursuant to Federal Rule of Civil Procedure 24(b) ..........................10

            1.      This Motion Is Timely ..............................................................................11

            2.      The State Class Plaintiffs Have Demonstrated That Their Interests
                    Will Be Impaired Through Approval and Dissemination of the
                    Notice; and That Their Interests Have Not Been Adequately
                    Protected by Lead Plaintiffs .....................................................................11

            3.      The State Class Action and This Action Share Common Questions
                    of Law and Facts ......................................................................................12

CONCLUSION .......................................................................................................................13

# TABLE OF AUTHORITIES

**Page**

## CASES

*Brennan v. N.Y.C. Bd. of Educ.*,
   260 F.3d 123 (2d Cir. 2001)..................................................................................4

*Bridgeport Guardians, Inc. v. Delmonte*,
   602 F.3d 469 (2d Cir. 2010)..................................................................................4

*Bridgeport Guardians, Inc. v. Delmonts*,
   506 F.3d 469 (2d Cir. 2010)..................................................................................8

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
   250 F.3d 171 (2d Cir. 2001)..................................................................................7

*Cohen v. Republic of the Phil.*,
   146 F.R.D. 90 (S.D.N.Y. 1993) ...........................................................................11

*Consol. Edison, Inc. v. Ne. Utils.*,
   No. 01 Civ. 1893 (JGK), 2004 WL 35445
   (S.D.N.Y. Jan. 7, 2004).......................................................................................12

*Del. Tr. Co. v. Wilmington Tr., N.A.*,
   534 B.R. 500 (S.D.N.Y. 2015).............................................................................13

*Diduck v. Kaszycki & Sons Contractors, Inc.*,
   149 F.R.D. 55 (S.D.N.Y. 1993) ........................................................................5, 6

*Eckert v. Equitable Life Assurance Soc'y of U.S.*,
   227 F.R.D. 60 (E.D.N.Y. 2005) ...........................................................................13

*First Data Merch. Servs. LLC v. MM Dev. Co.*,
   No. 19-cv-10964 (PKC), 2020 WL 2215457
   (S.D.N.Y. May 6, 2020).......................................................................................10

*Gomes v. Eventbrite, Inc.*,
   No. 5:19-cv-02019-EJD, 2020 WL 6381343
   (N.D. Cal. Oct. 30, 2020).......................................................................................8

*Griffin v. Sheeran*,
   767 F. App'x 129 (2d Cir. 2019) ...........................................................................9

*Hachem v. Gen. Elec. Inc.*,
   No. 17-cv-8457 (JMF), 2018 WL 1779345
   (S.D.N.Y. Apr. 12, 2018).....................................................................................13

**Page**

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   297 F.R.D. 90 (S.D.N.Y. 2013) ................................................................8

*In re Initial Pub. Offering Sec. Litig.*,
   499 F. Supp. 2d 415 (S.D.N.Y. 2007)......................................................11

*Miller v. Silbermann*,
   832 F. Supp. 663 (S.D.N.Y. 1993) .....................................................11, 12

*Republic of the Phil. v. Abaya*,
   312 F.R.D. 119 (S.D.N.Y. 2015) ..............................................................7

*Sea Tow Servs. Int'l, Inc. v. Tampa Bay Marine Recovery, Inc.*,
   No. 20-cv-2877(JS)(SIL), 2021 WL 327653
   (E.D.N.Y. Feb. 1, 2021)...........................................................................9

*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013).................................................................................5

*Trief v. Dun & Bradstreet Corp.*,
   144 F.R.D. 193 (S.D.N.Y. 1992) ..............................................................5

*Turkmen v. Ashcroft*,
   No. 02-cv-2307 (JG), 2010 WL 3398965
   (E.D.N.Y. June 30, 2010) .........................................................................7

*United Airlines, Inc. v. McDonald*,
   432 U.S. 385 (1977).................................................................................9

*United States v. Pitney Bowes, Inc.*,
   25 F.3d 66 (2d Cir. 1994)........................................................................10

*Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*,
   922 F.2d 92 (2d Cir. 1990)........................................................................5

**Page**

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure

Rule 23 ................................................................................................................1, 6, 8

Rule 24 ............................................................................................................................5

Rule 24(a) .............................................................................................. *passim*

Rule 24(a)(2) ................................................................................................4, 5, 8

Rule 24(b) ................................................................................1, 2, 10, 13

Rule 24(b)(1)(B) ................................................................................10, 11

Rule 24(b)(2) ..................................................................................................12

Rule 24(b)(3) ..................................................................................................13

Proposed Intervenors Teamsters Local 710 Pension Fund, City of Fort Myers Police Officers' Retirement System, Kimson Chemical Inc. and Michael Bergenholtz ("State Class Plaintiffs") respectfully submit this memorandum of law in support of their motion to intervene pursuant to Federal Rules of Civil Procedure 24(a) and 24(b) for the purpose of filing an opposition, attached hereto as Attachment A, to the Stipulation and [Proposed] Order Regarding Dissemination of Class Notice (ECF No. 258; the "Proposed Order") and for the opportunity to be heard in this matter, with all rights and remedies attendant their positions hereby reserved.

## PRELIMINARY STATEMENT

The Proposed Order seeks approval to disseminate a grossly deficient notice (ECF No. 258-1; the "Proposed Notice") to the class of investors provisionally certified by the Court in this case (the "Class"). For the reasons detailed in the State Class Plaintiffs' objection to the Proposed Order (Attachment A hereto, incorporated herein by reference), the Proposed Notice misstates the scope of the Court's provisional certification order, misrepresents the effects of Rule 23 of the Federal Rules of Civil Procedure ("Rule") on Luckin Coffee Inc.'s liquidation proceedings, and omits information necessary to fully and accurately apprise Class members of ongoing proceedings. Moreover, as currently drafted, the Proposed Notice envisions an unprecedented proxy voting plan that would effectively allow the Lead Plaintiffs to single-handedly dictate the terms of any restructuring proceeding. This proxy voting plan would allow Lead Plaintiffs to extinguish the claims of the State Class Plaintiffs (whether they opt out or not) against all defendants (whether Lead Plaintiffs sued these defendants or not), and eviscerate any meaningful objection or opt-out rights in contravention of this Court's provisional certification order and Rule 23.

As such, the State Class Plaintiffs request the Court allow the State Class Plaintiffs to intervene as a matter of right pursuant to Rule 24(a), or in the alternative, as a matter of discretion

pursuant to Rule 24(b) for the limited purpose of filing an opposition to the Proposed Order (Attachment A).

## BACKGROUND

State Class Plaintiffs are Luckin Coffee Inc., ("Luckin" or the "Company") investors pursuing claims against the Company and other defendants on behalf of themselves and a putative class of Luckin investors in the Supreme Court of the State of New York, New York County. *See In re Luckin Coffee Inc. Sec. Litig.*, Index No. 651939/2020 (Sup. Ct. N.Y. Cnty.) (the "State Class Action"). The State Class Action asserts claims under the Securities Act of 1933 ("Securities Act") arising from three U.S. securities offerings conducted by Luckin and the other defendants: (i) a $645 million May 2019 initial public offering (the "IPO"); (ii) a $666 million January 2020 secondary offering (the "SPO"); and (iii) a $460 million January 2020 convertible note offering (the "Note Offering," and, together with the IPO and SPO, the "Offerings"). Following the Offerings, Luckin admitted that its most senior executives had orchestrated an elaborate scheme to fabricate the Company's financial results, causing the price of the securities sold in the Offerings to plummet.

The State Class Action is proceeding apace, and counsel for the State Class Plaintiffs ("State Class Counsel") have been appointed by Justice Sherwood to serve as Co-Lead Counsel for the claims asserted in the State Class Action. Ex. B.[1] Specifically, Justice Sherwood has ordered that State Class Counsel "shall have authority to speak for Plaintiffs in the Consolidated Action and shall be the contact for all matters regarding the Consolidated Action, including pre-

---

[1] Declaration of Brian Cochran in Support of Proposed Intervenors State Court Plaintiffs' Motion to Intervene and in Opposititon to the Stipulation and [Proposed] Order Regarding Dissemination of Class Notice, filed herewith ("Cochran Decl."). References to the exhibits attached thereto appear herein as "Ex."

trial procedure, trial and settlement negotiations" and that "[n]o settlement negotiations shall be conducted without the approval and participation of [State Class] Counsel." *Id*. at 6.

In addition to their own litigation, the State Class Plaintiffs are members of the class provisionally certified in this action (the "Federal Class Action") by order of the Court on March 5, 2021 ("Provisional Certification Order"). ECF No. 245. The two actions overlap, but also contain important differences. For example, the complaint filed in the Federal Class Action primarily focuses on fraud claims under the Securities Exchange Act of 1934 ("Exchange Act") which are not included in the State Class Action, but does not include any claims arising from the Note Offering and does not name as defendants nine defendants names in the State Class Action.

On May 14, 2021, Lead Plaintiffs and Luckin filed the Proposed Order seeking authorization to disseminate the Proposed Notice. ECF No. 258. The Proposed Notice differed significantly from the scope and content of the Provisional Certification Order. For example, the Provisional Certification Order made no mention of Lead Plaintiffs' ability to vote by proxy on behalf of absent Class members in connection with a proposed scheme of arrangement in Luckin's liquidation proceedings (the "Scheme"). However, the Proposed Notice states that, "If you remain a member of the Class, ***the Class Representatives and Class Counsel will have the power to cast votes on behalf of the Class in relation to the Scheme***, which may be deemed to be a vote cast by you as a member of the Class." ECF No. 258-1 ¶21.a. (emphasis added). The Proposed Notice also presents the Lead Plaintiffs' ability to vote on behalf of the Class as a function of the Provisional Certification Order and settled Cayman Islands law. *Id*. ¶¶18, 21.a. Yet Luckin, Lead Plaintiffs, and the Joint Provisional Liquidators have all subsequently acknowledged that the Provisional Certification Order had no effect on voting rights with respect to the Scheme and the issue will be one of first impression for the Caymans court. *E.g*., ECF No. 273 at 1-2; ECF No. 274

at 3; ECF No. 276 at 4.  The Proposed Notice further states that Lead Plaintiffs, through the Scheme, could release all claims in the State Class Action (and any other Luckin investor securities actions) against all defendants, but omits the fact that the Provisional Certification Order expressly limited the Class definition to "only" ADS purchaser claims against Luckin.  *E.g.*, ECF No. 258-1 ¶21.a ("If a Settlement is reached, the claims released under the Settlement may include all claims arising out of the facts alleged in the Complaint and may include claims asserted against all Defendants and certain related parties.").  And, although the Proposed Notice mentions Class members' purported ability to opt out, the Proposed Notice states that the Scheme "may be binding on all members of the Class irrespective of whether they choose to be excluded from the Class or not."  *Id.* ¶21.b.

## ARGUMENT

### A.  The State Class Plaintiffs Should Be Allowed to Intervene as of Right Under Federal Rule of Civil Procedure 24(a)

Rule 24(a)(2) provides that "the [C]ourt must permit anyone to intervene" if that person "(1) timely file[d] an application, (2) show[ed] an interest in the action, (3) demonstrate[d] that the interest may be impaired by the disposition of the action, and (4) show[ed] that the interest is not protected adequately by the parties to the action."  Fed. R. Civ. P. 24(a); *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128-29 (2d Cir. 2001); *see also Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) ("Under [Rule] 24(a)(2), '[o]n timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.'").

Intervention is "liberally allowed" in the class action context "to 'assur[e] that the class is adequately represented,'" especially since "members of a class are normally bound by the judgment in the class action."  *See Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55, 58 (S.D.N.Y. 1993); *see also Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 202 (S.D.N.Y. 1992) (intervention in class actions "to ensure adequate class representation is highly desirable"); *see also* Rule 24 Advisory Committee Note ("A class member who claims that his 'representative' does not adequately represent [the class member] and is able to establish that proposition with sufficient probability, should not be put to the risk of having a judgment entered in the action which by its terms extends to [him or her], and be obliged to test the validity of the judgment as applied to his interest by a later collateral attack. Rather [the class member] should, as a general rule, be entitled to intervene in the action.").  The U.S. Supreme Court has similarly held that class members "have a right to intervene if their interests are not adequately represented by existing parties[.]" *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013).

As discussed below, the State Class Plaintiffs satisfy each part of Rule 24(a) and intervention as a matter of right is appropriate.

### 1.  The State Class Plaintiffs Have a Significantly Protectable Interest in This Action

The State Class Plaintiffs have a "direct, substantial, and legally protectable" interest relating to the property or transaction that is the subject of the Federal Class Action.  *See Bridgeport*, 602 F.3d at 473; *see also* Fed. R. Civ. P. 24(a)(2).  For an interest to be cognizable by Rule 24(a)(2), it must be "direct, substantial, and legally protectable." *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).  The State Class Plaintiffs easily satisfy this standard.

Here, the State Class Plaintiffs have a legally protectable interest that can only be protected via their intervention. For example, the Proposed Notice purports to give the Lead Plaintiffs the ability to settle all claims "arising out of the facts alleged in the Complaint," including "claims asserted against all Defendants and certain related parties." *See* ECF No. 258-1 ¶21.a. The Proposed Notice thus asserts that the Lead Plaintiffs have the ability to settle the State Class Plaintiffs claims out from under them, including Securities Act claims arising from the Note Offering that are not part of the Federal Class Action and are not encompassed by the Provisional Certification Order, which is limited to ADS purchasers. ECF No. 245 at 3. Moreover, the Proposed Notice fails to mention the State Class Action entirely, despite the fact that Justice Sherwood ordered that no settlement negotiations can commence without the approval and participation of State Class Counsel. Furthermore, the Proposed Notice fails to accurately describe the Class (of which the State Class Plaintiffs are members) omitting from the Class definition the fact that provisional certification was granted "***only*** with respect to Plaintiffs' claims against Luckin." ECF No. 245 at 3 (emphasis added).

The State Class Plaintiffs clearly have a significant interest, not only in the outcome of the settlement and the Scheme, but also in retaining their ability to pursue their Securities Act claims in the State Class Action, making intervention proper. *Diduck*, 149 F.R.D. at 58 (holding class members who will be bound by a pending class action settlement had a sufficient interest to intervene). Therefore, the State Class Plaintiffs have a cognizable and legally protectable interest in this action and in seeing that the Proposed Notice contains complete and accurate information and that the Proposed Notice complies with Rule 23, the Provisional Certification Order and minimum due process requirements.

### 2. The State Class Plaintiffs' Interests Are Inadequately Protected by Lead Plaintiffs

An intervenor's burden of demonstrating inadequacy of "representation is generally speaking 'minimal[.]'" *See Republic of the Phil. v. Abaya*, 312 F.R.D. 119, 124 (S.D.N.Y. 2015) (citing *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001)).  Where, as here, the class certification proceedings were non-adversarial, a court's review of the adequacy of representation should be heightened.  *See, e.g., Turkmen v. Ashcroft*, No. 02-cv-2307 (JG), 2010 WL 3398965, at *3 (E.D.N.Y. June 30, 2010) (finding that where "plaintiffs' counsel did not actually represent the proposed intervenors or other absent class members, and certainly was not acting on their behalf, when they negotiated the settlement of the [class] claims" intervention was appropriate).

Lead Plaintiffs are not adequately representing the State Class Plaintiffs.  They have not alleged any claims arising from the Note Offering.  In addition, Luckin has challenged Lead Plaintiffs' standing to assert Securities Act claims arising from the IPO and SPO.  *See* ECF No. 211 at 11-17.  The Lead Plaintiffs have also already demonstrated that they are inadequate representatives for the State Class Plaintiffs.  Among other indicia of inadequacy, the Lead Plaintiffs are attempting to issue a defective notice to the Class, are apparently attempting to use the State Class Plaintiffs' claims as leverage in settlement negotiations for their own benefit and to the detriment of the State Class Plaintiffs, and have agreed with Luckin to a stay of a litigation against third parties – including solvent investment banks with significant U.S. assets – against whom the State Class Plaintiffs continue to press claims.  *See* Ex. D at 6 (revised proposed order seeking stay of all litigation against Luckin and "the Indemnified Parties [*e.g.*, the underwriter defendants and the individual defendants], the Investment Vehicle Defendants or the Former Auditor"); Ex. E at 2 ("The parties have agreed upon the form of the proposed order (the 'Proposed

<u>Order</u>') approving the Motion acceptable to the JPLs, Luckin Coffee and Lead Plaintiffs.")
(emphasis in original).  Further, Lead Plaintiffs seek to effectively dictate Scheme proceedings
through their purported Class proxy voting control, which they claim would bind even opt outs,
and to avoid a meaningful Rule 23 review of any settlement.  *See Gomes v. Eventbrite, Inc.*,
No. 5:19-cv-02019-EJD, 2020 WL 6381343, at *4 (N.D. Cal. Oct. 30, 2020) (granting state
plaintiff permission to intervene in a securities fraud class action as federal plaintiff would not
adequately represent the state court's plaintiff's interests).

In sum, the interests of the State Class Plaintiffs and Lead Plaintiffs do not align in
significant respects, and the motion to intervene should be granted.

### 3. Preliminary Approval of the Proposed Notice Will Impair and Impede the Ability to Protect the State Class Plaintiffs' Significant Interests

The State Class Plaintiffs are "so situated that disposing of the action may as a practical
matter impair or impede the movant[s'] ability to protect [their] interest[s]."  Fed. R. Civ.
P. 24(a)(2).  "[I]n the class action context, the second and third prongs of the Rule 24(a)(2) inquiry
are satisfied by the very nature of Rule 23 representative litigation."  *In re Bear Stearns Cos., Inc.
Sec., Derivative, & ERISA Litig.*, 297 F.R.D. 90, 97 (S.D.N.Y. 2013).

For substantially the same reasons as discussed above, approval of the Proposed Notice
will impair and impede the ability of the State Class Plaintiffs to protect the interests of themselves
and the class they seek to represent.  Lead Plaintiffs purport to have the ability to settle and release
the claims of all absent Class members and opt outs through Scheme proceedings, including claims
that they have not brought and against defendants whom they have not sued.  It is critically
important that notice be legally sufficient and contain complete and accurate information so as not
to mislead and confuse Class members.  Once notice is issued, any resulting harm cannot be easily
undone.  Thus, the concerns of absent Class members, State Class Plaintiffs included, should be

addressed *before* notice goes out.  Absent intervention, the State Class Plaintiffs' ability to protect their interests will be irreparably damaged.  *See Bridgeport Guardians, Inc. v. Delmonts*, 506 F.3d 469, 474 (2d Cir. 2010) (finding intervention appropriate where settlement could infringe intervenors' statutory, as well as constitutional, rights).

### 4.      This Motion Is Timely

When assessing the timeliness of a motion to intervene a court assesses: "(1) how long the applicant had notice of its interest in the action before making its motion; (2) the prejudice to the existing parties resulting from this delay; (3) the prejudice to the applicant resulting from a denial of the motion; and (4) any unusual circumstance militating in favor of or against intervention." *Griffin v. Sheeran*, 767 F. App'x 129, 133 (2d Cir. 2019).

Pursuant to Rule 6.A of The Honorable John P. Cronan's Individual Rules and Practices in Civil Cases, the State Class Plaintiffs wrote to request a pre-motion conference in furtherance of this motion to intervene on May 20, 2021, just six days after Lead Plaintiffs filed the Proposed Notice and revealed their intent to bind the State Class Plaintiffs through their purported proxy Class voting rights over the Scheme.  ECF No. 269.  This motion is also being filed on the date set by the Court.  *See* May 28, 2021 Minute Entry.  Thus, the State Class Plaintiffs' intervention request is timely.  *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394-95 (1977) (If a putative intervenor moves promptly to intervene when it becomes clear that their interests "would no longer be protected  . . . . there is no reason why [the intervention] should not be considered timely").

Further, any potential delay would not be prejudicial to the litigants at this early stage where only motion to dismiss briefing and a stipulated provisional certification order has occurred pre-discovery.  *See Sea Tow Servs. Int'l, Inc. v. Tampa Bay Marine Recovery, Inc*., No. 20-cv-2877(JS)(SIL), 2021 WL 327653, at *3 (E.D.N.Y. Feb. 1, 2021) ("[T]his case is in its early stages

. . . so 'neither the existing parties nor the progress of this case would be prejudiced by [TBMT's] intervention.'"); *see also First Data Merch. Servs. LLC v. MM Dev. Co.*, No. 19-cv-10964 (PKC), 2020 WL 2215457, at *2 (S.D.N.Y. May 6, 2020) (finding intervention timely when sought early in litigation and no substantial prejudice to any parties by intervention). The State Class Plaintiffs' proposed opposition is being filed concurrently herewith, and thus its submission will cause no delay to the proceedings.

Here, there is no credible argument that the Lead Plaintiffs are prejudiced by this intervention. Intervention is sought for the sole purpose of filing an opposition to the Proposed Order and informing the Court of the inequities and statutory deficiencies contained in the Proposed Notice.

### B.     Alternatively, the State Class Plaintiffs Should Be Granted Permissive Intervention Pursuant to Federal Rule of Civil Procedure 24(b)

As described above, the State Class Plaintiffs maintain that they have a right to intervene in this action pursuant Rule 24(a). However, should the Court disagree, the State Court Plaintiffs respectfully request that the Court exercise its discretion to grant permissive intervention under Rule 24(b). A court may permit a timely application to intervene where the moving party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Intervention as of right or by permission will be granted where an applicant: (1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) has an interest not adequately represented by other parties. *See United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69

(2d Cir. 1994).  Permissive intervention is accorded "broad" discretion of the Court, and "is to be liberally granted."  *Miller v. Silbermann*, 832 F. Supp. 663, 673 (S.D.N.Y. 1993).

1.  **This Motion Is Timely**

As discussed above, the State Class Plaintiffs' motion for intervention is timely.  The State Class Plaintiffs wrote to request a pre-motion conference in furtherance of this motion to intervene just six days after Lead Plaintiffs filed the Proposed Order.  The State Class Plaintiffs sought this Court's attention as soon as they practically could and filed their motion on the date set by the Court.  Thus, this motion to intervene is timely.  *See, e.g.*, *Cohen v. Republic of the Phil*., 146 F.R.D. 90, 92 (S.D.N.Y. 1993) (court would not deny motion to intervene "simply to allow the speedy but possibly unjust disposition" of the actions); *In re Initial Pub. Offering Sec. Litig*., 499 F. Supp. 2d 415, 418 (S.D.N.Y. 2007) (timeliness under Rules 24(a) and 24(b)(1)(B) are judged by the same factors).

2.  **The State Class Plaintiffs Have Demonstrated That Their Interests Will Be Impaired Through Approval and Dissemination of the Notice; and That Their Interests Have Not Been Adequately Protected by Lead Plaintiffs**

The State Class Plaintiffs have: (1) shown a significant legally protectable interest in this action; (2) demonstrated that their interest may be impaired through the approval and dissemination of the Proposed Notice; and (3) demonstrated that Lead Plaintiffs have not adequately protected their interests.

As discussed above, and more fully in the proposed opposition (Attachment A), the Proposed Notice is inaccurate, misleading and legally deficient.  Furthermore, Lead Plaintiffs seek to usurp supermajority-voting control over the Scheme, which would purportedly allow them to settle and release all of the claims in the State Class Action without any meaningful ability for the State Class Plaintiffs to object or opt out.  Issuing the Proposed Notice as drafted would effectively

- 11 -

provide the Court's blessing on that plan. Counsel for the State Class Plaintiffs has also been authorized by the Supreme Court of New York County to negotiate a settlement of the claims alleged in the State Class Action, a fact that is not disclosed in the Proposed Notice even though the Proposed Notice claims that the Lead Plaintiffs can settle these claims. The State Class Plaintiffs' interests will thus be irreparably impaired if the Proposed Notice is approved and disseminated. *See, e.g., Cohen*, 146 F.R.D. at 92 (where settlement would defeat proposed intervenor's interest, court would not deny motion to intervene "simply to allow the speedy but possibly unjust disposition" of the actions).

Furthermore, the Lead Plaintiffs have not and cannot adequately represent the State Class Plaintiffs. The Lead Plaintiffs do not possess certain (and potentially all) of the claims alleged by the State Class Plaintiffs. *See, e.g.*, *Consol. Edison, Inc. v. Ne. Utils.*, No. 01 Civ. 1893 (JGK), 2004 WL 35445, at *6 (S.D.N.Y. Jan. 7, 2004) (finding permissive intervention warranted where intervenor's significant interest adequately established and named plaintiff had "conflicting objectives in determining who should receive any damages"). Moreover, Lead Plaintiffs have acted against the interests of the State Class Plaintiffs at every turn, including by reaching an agreement with Luckin to stay all litigation against the solvent investment banks that are a focus of the State Class Action, repeatedly disparaging the State Class Action before this Court (*e.g.*, ECF No. 275 at 1 (erroneously characterizing the State Class Action as a "copy-cate action")), and by seeking the dissemination of the substantially defective Proposed Notice.

### 3. The State Class Action and This Action Share Common Questions of Law and Facts

Rule 24(b)(2) merely requires a single common question of law or fact, not an identity of facts. *Miller*, 832 F. Supp. at 673. While there is not a complete unity of facts and issues present in the State Class Action and the Federal Class Action, it is undisputed that the Federal Class

Action and the State Class Action share several questions of law and fact as both cases arise out of Luckin's demise and the transmission of materially false and misleading statements to investors.

Once the conditions for granting permissive intervention are met, as they are here, intervention rests in the sound discretion of the court. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the original parties' rights. Fed. R. Civ. P. 24(b)(3). As discussed above, this motion is timely and will not result in any prejudice or undue delay at this early stage of the litigation. *See Hachem v. Gen. Elec. Inc*., No. 17-cv-8457 (JMF), 2018 WL 1779345, at *3 (S.D.N.Y. Apr. 12, 2018) (granting motion to intervene because intervenor "plainly ha[d] a 'claim ... that shares with the [original] action a common question of law or fact,' and the Court does not find that intervention will 'unduly delay or prejudice the adjudication of the original parties' rights'"); *see also Eckert v. Equitable Life Assurance Soc'y of U.S*., 227 F.R.D. 60, 64 (E.D.N.Y. 2005) (holding permissive intervention appropriate where "the intervenor's claims are 'virtually identical' to class claims, and when intervention would strengthen the adequacy of class representation").

Allowing the State Class Plaintiffs to intervene in the Federal Class Action would assist the Court in evaluating the legal sufficiency of the Proposed Notice, enable the State Class Plaintiffs to protect their interests, and best serve the Class. *See Del. Tr. Co. v. Wilmington Tr., N.A*., 534 B.R. 500, 510 (S.D.N.Y. 2015) (granting intervention where intervenor's participation will helpfully contribute to the Court's understanding and just resolution of the issues in play").

## CONCLUSION

The State Class Plaintiffs' proposed intervention meets the requirements of both Rule 24(a) and Rule 24(b). Intervention is necessary to enable the State Class Plaintiffs to protect their substantial interests and will assist the Court in assessing whether the Proposed Order should be granted and the Proposed Notice disseminated to the Class. For these reasons, the State Class

Plaintiffs respectfully requests that the Court grant this motion to intervene to allow the filing of

the State Class Plaintiffs' opposition to the Proposed Order (Attachment A).

DATED:  June 7, 2021
ROBBINS GELLER RUDMAN
   & DOWD LLP
BRIAN COCHRAN

*/s/ Brian Cochran*
BRIAN COCHRAN

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
bcochran@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
AVITAL O. MALINA
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
amalina@rgrdlaw.com

BERGER MONTAGUE PC
MICHAEL C. DELL'ANGELO
BARBARA A. PODELL
ANDREW ABRAMOWITZ
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
mdellangelo@bm.net
bpodell@bm.net
aabramowitz@bm.net

SHAPIRO HABER & URMY LLP
EDWARD F. HABER
ADAM M. STEWART
Two Seaport Lane
Boston, MA  02210
Telephone:  617/439-3939
ehaber@shulaw.com
astewart@shulaw.com

*Counsel for State Class Plaintiffs and Co-Lead
Counsel for the State Class Action*

LOWEY DANNENBERG, P.C.
DAVID C. HARRISON
44 South Broadway, Suite 1100
White Plains, NY  10601
Telephone:  914/997-0500
914/997-0035 (fax)
dharrison@lowey.com

*Liaison Counsel for State Class Plaintiffs*

CHRISTIANSEN & DEHNER, P.A.
SCOTT CHRISTIANSEN
63 Sarasota Center Blvd., Suite 107
Sarasota, FL  34240
Telephone: 914/377-2200
941/377-4848 (fax)

SCHUBERT JONCKHEER & KOLBE LLP
ROBERT C. SCHUBERT
WILLEM F. JONCKHEER
3 Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: 415/788-4220
rschubert@sjk.law
wjonckheer@sjk.law

*Additional Counsel for State Class Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Brian Cochran, hereby certify that on June 7, 2021, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Brian Cochran*
BRIAN COCHRAN