# ATTACHMENT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x
                                          :   Civil Action No. 1:20-cv-01293-JPC
                                          :
IN RE LUCKIN COFFEE INC.                  :
SECURITIES LITIGATION                     :   **PROPOSED INTERVENORS STATE**
                                          :   **CLASS PLAINTIFFS' OPPOSITION TO**
                                          :   **STIPULATION AND [PROPOSED]**
                                          :   **ORDER REGARDING DISSEMINATION**
                                          :   **OF CLASS NOTICE**
——————————————————————— x

**TABLE OF CONTENTS**

**Page**

I.      PRELIMINARY STATEMENT ...................................................................1

II.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND .....................................3

III.    ARGUMENT..........................................................................................10

        A.      The Proposed Notice Fails Rule 23's Requirements ..............................10

        B.      The Proposed Notice Contains Inaccurate and Incomplete Information ...............15

        C.      The Proposed Notice Misrepresents the Provisional Certification Order..............18

IV.     CONCLUSION.........................................................................................20

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Achtman v. Kirby, McInerney & Squire, LLP*,
464 F.3d 328 (2d Cir. 2006).................................................................................................15

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)....................................................................................................10, 14

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013)...........................................................................................................1

*Cyan, Inc. v. Beaver County Employees Retirement Fund*,
138 S. Ct. 1061 (2018)......................................................................................................4

*Davis v. J.P. Morgan Chase & Co.*,
775 F. Supp. 2d 601 (W.D.N.Y. 2011)................................................................................18

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998)............................................................................................14

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
689 F.3d 229 (2d Cir. 2012).......................................................................................10, 15

*In re Glob. Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) ......................................................................................12

*In re Literary Works in Elec. Databases Copyright Litig. v. Thomson Corp.*,
654 F.3d 242 (2d Cir. 2011)..............................................................................................14

*In re Nat'l Prescription Opiate Litig.*,
976 F.3d 664 (6th Cir. 2020) ............................................................................................11

*In re PaineWebber Ltd. P'ships Litig.*,
171 F.R.D. 104 (S.D.N.Y. 1997), *aff'd sub nom. In re PaineWebber Inc. Ltd.
P'ships Litig.*, 117 F.3d 721 (2d Cir. 1997) .......................................................................15

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
827 F.3d 223 (2d Cir. 2016)..............................................................................................10

*Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*,
660 F.2d 9 (2d Cir. 1981)..................................................................................................19

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999).........................................................................................................13

**Page**

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)..................................................................................................10, 11

*Porath v. Logitech, Inc.*,
    No. C 18-03091 WHA, 2019 WL 266258
    (N.D. Cal. Jan. 18, 2019) ........................................................................................10, 11

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005)............................................................................................17

**STATUTES, RULES AND REGULATIONS**

15 U.S.C
    § 77k.................................................................................................................................2

Federal Rules of Civil Procedure
    Rule 23(a)(3)-(4) ...........................................................................................................10
    Rule 23 ................................................................................................... *passim*
    Rule 23(c)(2)(B)..............................................................................................1, 11, 13, 18
    Rule 23(e).......................................................................................................................15
    Rule 23(e)(1)..............................................................................................................12, 17
    Rule 23(e)(1)(A) ............................................................................................................12
    Rule 23(e)(1)(B)..............................................................................................................12
    Rule 23(e)(2)..............................................................................................................12, 15

Proposed Intervenors Teamsters Local 710 Pension Fund, City of Fort Myers Police Officers' Retirement System, Kimson Chemical Inc. and Michael Bergenholtz ("State Class Plaintiffs") respectfully submit this memorandum of law in opposition to the Stipulation and [Proposed] Order Regarding Dissemination of Class Notice (ECF No. 258-1; the "Proposed Notice") filed by Luckin Coffee Inc. ("Luckin" or the "Company") and Lead Plaintiffs Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund (ECF No. 258; the "Proposed Order").

## I.   PRELIMINARY STATEMENT

Rule 23 of the Federal Rules of Civil Procedure ("Rule") requires "a rigorous analysis" to ensure that its pre-requisites have been met and the "procedural safeguards for (b)(3) class members … (*e.g.*, an opportunity to opt out)" are in place. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013). It is axiomatic that any proposed notice to class members must contain accurate information and "must clearly and concisely state in plain, easily understood language" these procedural safeguards, as well as, *inter alia*, the nature of the action, the definition of the class certified, and the class's claims, issues and defenses. Rule 23(c)(2)(B).

The Proposed Notice fails these basic requirements. The Proposed Notice misstates the scope of the Court's provisional certification order, misrepresents the effects of Rule 23 on Luckin's liquidation proceedings, and omits information required to be disclosed therein. Worse, the Proposed Notice envisions an unprecedented proxy voting plan that would effectively allow the Lead Plaintiffs to single-handedly dictate the terms of any restructuring proceeding, extinguish the claims of all Luckin investors (whether they opt out or not, and including claims that the Lead Plaintiffs do not possess and against parties the Lead Plaintiffs never sued), and eviscerate any meaningful objection or opt-out rights in contravention of this Court's provisional certification order and Rule 23. While the Lead Plaintiffs have subsequently acknowledged that they do not

have these powers by writ of the provisional certification order, but rather must seek to have them recognized by a Cayman Islands court under Cayman Islands law (which may or may not be granted), the Proposed Notice states the opposite.  *Compare* ECF No. 258-1 at 6 ("the Class Representatives and Class Counsel *will have the power* to cast votes on behalf of the Class in relation to the Scheme") (emphasis added) *with* ECF No. 275 at 2 ("how a vote on the yet-to-be-negotiated Scheme will be counted is a matter for the JPLs and the Cayman Islands Court").

In short, Luckin and the Lead Plaintiffs now claim that the Proposed Notice does not mean what it says.  For this reason alone the Proposed Notice should be revised.  And, while these parties now concede the voting issue is properly determined by the Caymans court, they effectively seek the imprimatur of this Court by having it sign off on the expansive powers claimed in the Proposed Notice – which they no doubt plan to submit to the Caymans court as evidence of the purported scope and meaning of this Court's provisional certification order.  This concern is heightened by the non-adversarial nature of the class certification proceedings in this case to date, with Luckin and the Lead Plaintiffs agreeing to class certification without any meaningful showing that Rule 23's requirements have been satisfied and despite Luckin's position that the Lead Plaintiffs do not have standing under Section 11 of the Securities Act of 1933 ("Securities Act") for any offering.  The Lead Plaintiffs have further agreed to stay their proceedings *even as to non-debtor defendants*, including solvent investment banks with significant assets in the United States, while the State Class Plaintiffs continue to press their case against these defendants.  Against this backdrop, the specter of a collusive and inequitable settlement looms – one in which the Lead Plaintiffs may favor their own claims at the expense of other Luckin investors in exchange for granting defendants a wide-ranging release, and which, if the proxy voting plan envisioned by the Proposed Notice is effectuated, would be free from any meaningful Rule 23 review.

For these and the other reasons stated herein, the Court should deny the Proposed Order. At the very least, the Court should require the revisions proposed by the State Class Plaintiffs, *see* Ex. A,[1] so as to ensure that the Proposed Notice reflects complete and accurate information and complies with this Court's provisional certification order, due process requirements and Rule 23.

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

This action arises out of the collapse of China-based coffee company Luckin. Among other transgressions, Luckin and its collaborators utilized fabricated financials to conduct three securities offerings in the United States at artificially inflated prices: (i) a $645 million May 2019 initial public offering (the "IPO"); (ii) a $666 million January 2020 secondary offering (the "SPO"); and (iii) a $460 million January 2020 convertible note offering (the "Note Offering," and, together with the IPO and SPO, the "Offerings"). Following the Company's admission that its most senior executives had orchestrated an elaborate scheme to manipulate the Company's financial results, the price of Luckin securities sold in the Offerings plummeted and Luckin was forced into liquidation. Investors in the Offerings suffered catastrophic losses totaling hundreds of millions of dollars.

On February 13, 2020, a securities class action against Luckin and two individuals was filed by Martin Cohen in the U.S. District Court for the Southern District of New York (the "*Cohen* Action"). The *Cohen* Action alleged fraud claims under the Securities Exchange Act of 1934 ("Exchange Act") but did not allege any Securities Act claims related to the Offerings. Three other related securities class actions were subsequently filed against Luckin and other parties in the

---

[1] Declaration of Brian Cochran in Support of Proposed Intervenors State Class Plaintiff's Motion to Intervene and in Opposition to the Stipulation and [Proposed] Order Regarding Dissemination of Class Notice, filed herewith ("Cochran Decl."). References to the exhibits attached thereto appear herein as "Ex."

Southern and Eastern Districts of New York.  While these subsequent complaints alleged Securities Act claims arising from the IPO and the SPO, they did not allege any claims related to the Note Offering, and none of the plaintiffs were alleged to have purchased securities in or traceable to any of the Offerings.

On April 22, 2020, Proposed Intervenor Michael Bergenholtz filed a securities class action in the Cuyahoga County of Ohio Court of Common Pleas alleging only Securities Act claims arising from the Offerings against Luckin, certain Company insiders and the investment banks that underwrote the Offerings (the "*Bergenholtz* Action").  The filing in state cout by Mr. Bergenholtz was based on the U.S. Supreme Court's unanimous decision in *Cyan, Inc. v. Beaver County Employees Retirement Fund*, 138 S. Ct. 1061 (2018), which held that state courts have concurrent jurisdiction over Securities Act claims.  *Id*. at 1073 (citing the "long and unusually pronounced tradition of according authority to state courts over 1933 Act litigation").

On May 15, 2020, Judge Liman issued an order consolidating the related securities class actions against Luckin pending in the Southern District of New York (the "Federal Class Action"). ECF No. 118.

On May 26, 2020, Proposed Intervenor Kimson Chemical Inc. filed a securities class action in the Supreme Court of the State of New York, County of New York alleging Securities Act claims arising from the Offerings, which Justice Sherwood subsequently consolidated with a securities class action filed by Proposed Intervenor Teamsters Local 710 Pension Fund and the *Bergenholtz* Action, which had been re-filed in New York County (the "State Class Action"). Justice Sherwood's consolidation order appointed State Class Plaintiffs' counsel as Co-Lead Counsel – namely, Robbins Geller Rudman & Dowd LLP, Berger Montague PC and Shapiro Haber & Urmy LLP ("State Class Counsel") – for all claims asserted in the State Class Action.

Ex. B.  Justice Sherwood further ordered that State Class Counsel "shall have authority to speak for Plaintiffs in the Consolidated Action and shall be the contact for all matters regarding the Consolidated Action, including pre-trial procedure, trial and settlement negotiations." *Id*. at 6.  In addition, Justice Sherwood ordered that "[n]o motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Co-Lead Counsel" and that "[n]o settlement negotiations shall be conducted without the approval and participation of Co-Lead Counsel." *Id*.

On June 12, 2020, Judge Liman issued an order appointing Lead Plaintiffs in the Federal Class Action.  ECF No. 118.

On July 10, 2020, a provisional liquidation proceeding concerning Luckin was commenced in the Grand Court of the Cayman Islands.  Later that month, the Caymans court appointed Joint Provisional Liquidators ("JPLs") tasked with negotiating a resolution of the claims of Luckin's creditors.

On September 24, 2020, Lead Plaintiffs filed a consolidated class action complaint (the "Consolidated Federal Complaint"), ECF No. 150, which Luckin and other defendants moved to dismiss on November 23, 2020.  *E.g*., ECF Nos. 204-213.  Among other arguments in favor of dismissal, Luckin argued that the Consolidated Federal Complaint "fails to plead Section 11 standing" for both the IPO and the SPO.  ECF No. 211 at 2.  Specifically, Luckin argued that all of the Lead Plaintiffs' purchases occurred after the end of the 180-day lockup period following the IPO, which Luckin contended negated traceability and thus Lead Plaintiffs' standing for IPO claims, and that there were no specific allegations that any shares purchased on the date of the SPO in fact came from the SPO, which Luckin contended negated traceability and thus Lead Plaintiffs' standing for SPO claims.  *Id*. at 11-17.

On December 23, 2020, the State Class Plaintiffs filed a consolidated class action complaint asserting Securities Act claims arising from all three Offerings (the "Consolidated State Complaint"). Ex. C. The Consolidated State Complaint contains different factual allegations than the Consolidated Federal Complaint, reflecting the independent work product of State Class Counsel and the different focus of the Federal Class Action, which asserts fraud-based allegations under the Exchange Act. The Consolidated State Complaint also includes claims arising from the Note Offering that are not alleged in the Federal Class Action and asserts claims against a broader universe of defendants than the Federal Class Action, including claims against Luckin's U.S. representatives and the investment vehicles utilized by Luckin insiders in connection with the Offerings. Notably, the Consolidated State Complaint adequately pleads standing for all three Offerings and includes the precise factual allegations that Luckin argued are missing from the Consolidated Federal Complaint. *See* Ex. C ¶¶25-28.

On January 29, 2021, the JPLs disclosed that they had reached an agreement in principle with current holders of Luckin's convertible bonds and would also seek to resolve investor claims through the Cayman liquidation proceedings. The State Class Plaintiffs, through State Class Counsel, have subsequently been in discussions with the JPLs in an effort to reach a resolution of the Securities Act claims alleged in the State Class Action.

On February 4, 2021, Judge Vyskocil approved a consent decree between Luckin and the Securities and Exchange Commission under which Luckin agreed to pay a $180 million civil penalty for violations of the federal securities laws, which will be offset by any settlement with Luckin's securities holders implemented through the Cayman scheme of arrangement (the "Scheme"). *See SEC v. Luckin Coffee, Inc.*, No. 1-20-cv-10631-MKV (S.D.N.Y.), ECF No. 14.

On February 5, 2021, Luckin's JPLs commenced Chapter 15 bankruptcy proceedings in U.S. Bankruptcy Court of the Southern District of New York. *See In re Luckin Coffee Inc. (In Provisional Liquidation)*, No. 1:21-bk-10228-MG (Bankr. S.D.N.Y.), ECF Nos. 1-7. The JPLs sought recognition of the Cayman proceedings as a foreign main proceeding and a stay of all investor litigation against Luckin and non-debtor defendants. This expansive stay was agreed to by the Lead Plaintiffs, subject to a limited carveout to enforce the Court's provisional certification order. Ex. D at 5 (revised proposed order seeking stay of all litigation against Luckin and "the Indemnified Parties [*e.g.*, the underwriter defendants and the individual defendants], the Investment Vehicle Defendants or the Former Auditor"); Ex. E at 2 ("The parties have agreed upon the form of the proposed order (the 'Proposed Order') approving the Motion acceptable to the JPLs, Luckin Coffee and Lead Plaintiffs."). The non-debtor defendants include solvent investment banks with significant assets in the United States subject to liability for violations of the Securities Act in connection with the Offerings. The U.S. Bankruptcy Court ultimately granted the requested stay as to Luckin, but as of the date of this filing has not granted a stay as to the non-debtor defendants. The State Class Plaintiffs continue to pursue Securities Act claims against these defendants in the State Class Action.

On March 2, 2021, Lead Plaintiffs and Luckin filed a stipulation and proposed order provisionally certifying a class of Luckin ADS purchasers for settlement purposes. ECF No. 235. The stipulation did not submit any evidence that the elements of Rule 23 had been satisfied, but rather stated that "each of the elements for certification … are sufficiently plausible from the face of the Consolidated [Federal] Complaint." *Id*. at 2. The next day, the Court scheduled a conference on the proposed stipulation for March 4, 2021. ECF No. 236. Shortly thereafter, the State Class Plaintiffs filed a letter requesting to attend the conference to address the proposed provisional

certification order, which the Court granted.  ECF Nos. 237, 239.  During the March 4, 2021 conference and in a subsequent letter to the Court, State Class Counsel raised concerns that the proposed certification order would be used to prejudice the rights of Securities Act claimants and requested an opportunity to formally respond.  ECF No. 243.

On March 5, 2021, the Court entered the proposed provisional certification order (the "Provisional Certification Order") and denied the State Class Plaintiffs the opportunity to file a formal response.  ECF Nos. 244-245.  The Provisional Certification Order defined the class as purchasers of Luckin ADSs between May 17, 2019 and July 15, 2020 (the "Class"), did not make any mention of the Note Offering, and expressly stated that the class was "provisionally certified for settlement purposes only with respect to Plaintiffs' claims against Luckin."  ECF No. 245 at 3-4.  While the Provisional Certification Order noted that the Class could decline to approve a Scheme, it made no mention of the Lead Plaintiffs being granted proxy voting rights for all Class members, either by means of the Provisional Certification Order or by order of the Caymans court. ECF No. 245 at 4.  That same day, the Court issued a separate order in which it explained its reasoning in granting provisional certification, stating the decision was based on the belief that the Provisional Certification Order would not prevent the State Class Action from proceeding or the State Class Plaintiffs from engaging in their own negotiations with the JPLs and that all absent Class members would still retain their right to opt out or object to any settlement reached by the Lead Plaintiffs.  ECF No. 244 at 3.

On May 14, 2021, Lead Plaintiffs and Luckin filed a Proposed Order seeking authorization to disseminate the Proposed Notice.  ECF No. 258.  The Proposed Notice differed significantly from the scope and content of the Provisional Certification Order.  For example, although the Provisional Certification Order made no mention of Lead Plaintiffs' ability to vote by proxy on

behalf of absent Class members on the Scheme, the Proposed Notice states that, "If you remain a member of the Class . . . *the Class Representatives and Class Counsel will have the power to cast votes on behalf of the Class in relation to the Scheme*, which may be deemed to be a vote cast by you as a member of the Class."  ECF No. 258-1 ¶21.a. (emphasis added).  The Proposed Notice also presents the Lead Plaintiffs' ability to vote on behalf of the Class as a function of the Provisional Certification Order and settled Cayman Islands law.  ECF No. 258-1 ¶¶18, 21.a.  The Proposed Notice further states that Lead Plaintiffs, through the Scheme, could release all claims in the State Class Action (and any other investor actions) against all defendants, but omits the fact that the Provisional Certification Order expressly limited the Class definition to "only" ADS purchaser claims against Luckin.  *E.g.*, ECF No. 258-1 ¶21.a ("If a Settlement is reached, the claims released under the Settlement may include all claims arising out of the facts alleged in the Complaint and may include claims asserted against all Defendants and certain related parties.").  And, although the Proposed Notice mentions Class members' purported ability to opt out, the Proposed Notice states that the Scheme "may be binding on all members of the Class irrespective of whether they choose to be excluded from the Class or not."  ECF No. 258-1 ¶21.b.

On May 20, 2021, the State Class Plaintiffs filed a letter seeking a pre-motion conference regarding their contemplated motion to intervene to oppose dissemination of the Proposed Notice, which cited several concerns regarding the Proposed Notice's accuracy and legal sufficiency.  ECF No. 269.  Several other Luckin investors filed letters and motions seeking similar relief, ECF Nos. 259, 262-266, 271-272, 278, to which Lead Plaintiffs, Luckin and the JPLs responded.  ECF Nos. 260, 273-276.

On May 28, 2021, the Court held a conference to discuss the State Class Plaintiffs' and other Luckin investors' requests to intervene.  ECF No. 282.  Following the conference, the Court

ordered that any motions to intervene or memoranda of law in support of intervention should be filed by June 7, 2021, with oppositions due June 14, 2021.

## III.    ARGUMENT

The Proposed Order should be denied.  The Proposed Notice that Luckin and the Lead Plaintiffs seek to disseminate to the Class fails Rule 23's requirements, contains inaccurate and incomplete information, and would contravene the Court's Provisional Certification Order.

### A.    The Proposed Notice Fails Rule 23's Requirements

Class certification under Rule 23 requires that the class representatives' claims and defenses be "typical of the claims or defenses of the class" and that they "fairly and adequately protect the interests of the class."  Rule 23(a)(3)-(4).  If a class purports "to bind an absent plaintiff concerning a claim for money damages or similar relief at law, it must provide minimal procedural due process protection."  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985).  This includes providing "an opportunity to remove [oneself] from the class."  *Id*. at 812.  Due Process also "'requires that the named plaintiff at all times adequately represent the interests of the absent class members.'"  *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig*., 827 F.3d 223, 231 (2d Cir. 2016) (quotation omitted).

These requirements take on heightened importance in the context of non-adversarial class proceedings, such as unopposed class motions or settlement classes.  *See, e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("But other specifications of [Rule 23] – those designed to protect absentees by blocking unwarranted or overbroad class definitions – demand undiluted, even heightened, attention in the settlement context."); *In re Am. Int'l Grp., Inc. Sec. Litig*., 689 F.3d 229, 239 (2d Cir. 2012) ("other inquiries [in a settlement class] assume heightened importance and heightened scrutiny because of the danger of conflicts of interest, collusion, and unfair allocation") (citation omitted); *Porath v. Logitech, Inc*., No. C 18-03091 WHA, 2019 WL 266258,

- 10 -

at *2-*3 (N.D. Cal. Jan. 18, 2019) ("It is in the best interest of absent class members to first work through the protections of Rule 23 to define […] whether or not plaintiff and his counsel are adequate to represent absent class members. These should be vetted before [settlement] discussions take place so the rights of the absent class members won't be compromised on problems other than the merits.").

Settlement negotiation classes – which fall somewhere between litigation classes and settlement classes – raise additional concerns, because such classes are not specifically allowed by the text of Rule 23 and none of the Court-mandated determinations designed to protect absent class members "can be made … because there is no proposal to consider at the time the negotiation class is presented to the court for approval." *See In re Nat'l Prescription Opiate Litig.*, 976 F.3d 664, 673-74 (6th Cir. 2020) (reversing lower court order approving settlement negotiation class because it was not supported by the "structure of Rule 23").

With respect to the issuance of class-wide notice, Rule 23 provides that the Court "must direct to class members the best notice that is practicable under the circumstances." Rule 23(c)(2)(B).  "The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *Id*.  The notice must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'" and "should describe the action and the plaintiffs' rights in it." *Phillips Petroleum*, 472 U.S. at 812.

- 11 -

Where, as here through Lead Plaintiffs' purported ability to bind Class members through the Scheme, a proposal would be binding on all class members, the elements of Rule 23(e)(1) must also be satisfied. *See In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 448 (S.D.N.Y. 2004) ("Where, as here, the parties seek simultaneously to certify a settlement class and to settle a class action, the elements of Rule 23(c) notice (for class certification) are combined with the elements of Rule 23(e) notice (for settlement or dismissal)."). First, the "parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Rule 23(e)(1)(A). Then the court must determine that notice is "justified by the parties' showing that the court will likely be able to" approve the proposal under Rule 23(e)(2) and certify the class for purposes of a judgment. Rule 23(e)(1)(B). Rule 23(e)(2), in turn, provides that "[i]f the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate […]; and (D) the proposal treats class members equitably relative to each other." Rule 23(e)(2). After this showing is made, the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Rule 23(e)(1)(B).

The Proposed Notice satisfies none of these requirements. The Proposed Notice does not even accurately describe the certified Class, deleting the clause "only with respect to Luckin" from the Class description. *Compare* ECF No. 258-1 ¶2 ("provisionally certified by the Court for settlement purposes") *with* ECF No. 245 at 3 ("provisionally certified for settlement purposes only with respect to Plaintiffs' claims against Luckin"). And, as detailed further below, the Proposed Notice misrepresents the effect of the Provisional Certification Order and the state of Cayman

Islands law, omits a description of parallel proceedings necessary to understanding ongoing settlement negotiations, and fails to provide an effective means for opting out of the case or objecting to any settlement reached by the Lead Plaintiffs. In sum, the Proposed Notice is not "the best notice that is practicable under the circumstances" and fails to state "in plain, easily understood language" the basic information required to be provided therein. Rule 23(c)(2)(B).

Furthermore, while the Proposed Notice ostensibly provides an opt out right, ECF No. 258-1 ¶¶24-25, this right would be effectively illusory under the proxy voting plan described therein. The Proposed Notice states that Lead Plaintiffs "will have the power to cast votes on behalf of the Class in relation to the Scheme" (*id*. ¶21.a), effectively giving Lead Plaintiffs a supermajority vote, and the Scheme "may be binding on all members of the Class *irrespective of whether they choose to be excluded from the Class or not*." *Id*. ¶21.b (emphasis added). Moreover, during the May 28 conference with the Court, counsel for Lead Plaintiffs outlined a procedure based on the Proposed Notice that would essentially eviscerate Class members' ability to meaningfully object to any settlement, by allowing Lead Plaintiffs to forgo Rule 23 review entirely or only seek Court review of any settlement after a Scheme is already approved. Ex. F at 18:16-19 ("MR. GRAZIANO: … [C]ertainly, your Honor, one course is that we have a successful settlement in the Cayman, and then we bring that to the United States, to Judge Glenn, potentially to you."); *id*. at 20:22-24 ("MR. GRAZIANO: … [A]t the very least it would be presented to Judge Glenn in the United States, if not as well to your Honor."). Thus, the Proposed Notice proposes a procedure that would contravene the fundamental opt-out and objection rights guaranteed by Rule 23. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 844 (1999) ("It is simply implausible that the Advisory Committee … with its provisions for notice and the right to opt out, *see* Rule 23(c)(2), would have uncritically assumed that mandatory versions of such class actions, lacking such protections, could

- 13 -

be certified[.]"). The conflicting information in the Proposed Notice, which purports to allow Lead Plaintiffs to bind even non-Class members (such as Note purchasers) and those who opt out, will only confuse and mislead Class members and is at odds with Rule 23. *Amchem*, 521 U.S. at 628 (questioning the sufficiency of proposed notice that failed to give class members "the information or foresight needed to decide, intelligently, whether to stay in or opt out"); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir. 1998) ("There is no class action rule, statute, or case that allows a putative class plaintiff or counsel to exercise class rights en masse… Indeed, to do so would infringe on the due process rights of the individual class members, who have the right to intelligently and individually choose whether to continue in a suit as class members.").[2]

Moreover, the parties to the Proposed Order have never made the requisite showing that the elements of Rule 23 have been satisfied, simply referring to the face of the complaint. ECF No. 235 at 3. While the Class proxy voting procedure discussed in the Proposed Notice purports to allow the Lead Plaintiff to settle all investor claims against all defendants by controlling a supermajority of votes for Scheme approval, the Lead Plaintiffs have never sought certification for such a broad class of investor claimants and have never attempted to demonstrate that they would be adequate and typical representatives for one. Nor could they, as the Lead Plaintiffs never purchased the convertible notes issued in the Note Offering, and Luckin has raised significant challenges regarding Lead Plaintiffs' standing to assert Securities Act claims arising from the IPO and the SPO. *See In re Literary Works in Elec. Databases Copyright Litig. v. Thomson Corp.*, 654 F.3d 242, 254 (2d Cir. 2011) (reversing class certification because the class members' "interests diverge as to the distribution of that recovery because each category of claim is of different strength

---

[2]  Lead Plaintiffs' references to situations in which proof of class claims are submitted in connection with bankruptcy proceedings are inapposite. *E.g.*, ECF No. 275 at 2. None of these decisions held class representatives have class voting rights over a plan of restructuring.

and therefore commands a different settlement value"). Similarly, while the Proposed Notice states that the Lead Plaintiffs' ability to push through a Scheme would bind all investor claimants, whether they are a member of the Class or not and whether they choose to opt out or not, Lead Plaintiffs have never endeavored to make the showing required by Rule 23(e). Rule 23(e)(2) ("If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate."). The parties' failure to provide evidence that Rule 23 elements have been met and that the Proposed Notice is appropriate under the circumstances is all the more glaring because of the non-adversarial nature of the class proceedings to date, which "'demand undiluted, even heightened, attention.'" *In re Am. Int'l*, 689 F.3d at 239 (citation omitted).

As a result, the Court should either deny the Proposed Order outright until the mandated Rule 23 showings have been made or require revisions to the Proposed Notice that make clear that the Provisional Certification Order has absolutely no binding effect on Class members with respect to the Cayman Islands proceedings.

**B.    The Proposed Notice Contains Inaccurate and Incomplete Information**

In addition to the Rule 23 requirements outlined above, courts have held that class notice "need only contain 'information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class.'" *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 338 (2d Cir. 2006). Furthermore, notice "must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings.'" *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 124 (S.D.N.Y. 1997), *aff'd sub nom. In re PaineWebber Inc. Ltd. P'ships Litig.*, 117 F.3d 721 (2d Cir. 1997). The Proposed Notice contains information that is

inaccurate and incomplete, and thus would not fairly apprise Class members of the nature of the litigation, the terms of the Provisional Certification Order, or the state of settlement negotiations.

*First*, the Proposed Notice wrongly indicates that the Lead Plaintiffs have proxy voting rights over the Scheme as a function of the Provisional Certification Order and settled Cayman Islands law. *See, e.g.*, ECF No. 258-1 ¶18 ("The Class has been provisionally certified for the purpose of effectuating a potential settlement with Luckin in this Action and pursuant to the relevant legislation under Cayman Islands law… That process will include: [(b)] an opportunity for the Class to vote at a meeting of creditors of Luckin on whether to approve the proposed terms of the Scheme that apply to the Class[.]"); *id.* ¶21.a ("If you remain a member of the Class, the Class Representatives and Class Counsel will have the power to cast votes on behalf of the Class in relation to the Scheme, which may be deemed to be a vote cast by you as a member of the Class."). Lead Plaintiffs, the JPLs and Luckin have all now acknowledged that the Lead Plaintiffs do not in fact have this voting power by way of the Provisional Certification Order or any prior authority, but rather the question, if posed, would raise an issue of first impression under Cayman Islands law to be decided by the Caymans court. *E.g.*, ECF No. 273 at 1-2 ("[W]ho can vote with respect to a proposed Cayman scheme—is solely an issue of Cayman law and the appropriate forum for resolving the issue is the Cayman court, not this Court."); ECF No. 274 at 3 ("[T]he treatment of the Class's votes in the Cayman proceeding is a question for the JPLs and the Cayman court[.]"); ECF No. 276 at 4 ("[R]ights with respect to voting in a scheme cannot, as a matter of Cayman law, be varied by the Opt-Out Notice. Those rights … must be determined in accordance with principles of Cayman law. … The court best placed to consider those issues is the Grand Court.").

Since all sides apparently now agree the Provisional Certification Order had no impact on the Lead Plaintiffs' voting rights with respect to the Scheme and that such voting rights are solely a matter of Cayman Islands law to be decided by the Caymans court, references to Scheme voting powers should be excised from the Proposed Notice.  Such references create the misleading impression that the Provisional Certification Order impacted Class voting rights and empowered the Lead Plaintiffs to vote by proxy on Class members' behalf.  The insertion of the word "may" does not cure this defect or in any way explain the actual state of affairs.  If this Court's orders have no bearing on Scheme voting, then the Proposed Notice is not the appropriate medium by which to inform Class members of this uniquely Cayman Islands procedure, especially since the parties have made no showing that their characterization of Cayman Islands law is correct.  Instead, the Proposed Notice should simply inform Class members of the Provisional Certification Order and provide the information required by Rule 23, and the parties should leave it to the Caymans court and the procedures dictated by Cayman law to inform Luckin's creditors about Scheme proceedings.

*Second*, the Proposed Notice fails to mention the State Class Plaintiffs' pending securities class action, which alleges Securities Act claims arising from the Offerings, even though the Lead Plaintiffs are pursuing a settlement which could potentially release the claims asserted in that action.  As the Civil Rules Advisory Committee explains, "as suggested by Rule 23(b)(3)(B), the parties should provide information about the existence of other pending or anticipated litigation on behalf of class members involving claims that would be released under the proposal." Rule 23(e)(1) Advisory Committee Note (2018); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 n.22 (2d Cir. 2005) (noting, although information about pending cases is not required, it is "[o]bviously . . . helpful to class members" and "strongly encourag[ing] the

inclusion of such information in the future"). "If class members are to make informed decisions about what steps to take in response to the notice, it would indeed be helpful for them to be aware that other actions have been filed against these defendants, involving claims similar to those here." *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 611 (W.D.N.Y. 2011) (ordering notice to be revised to include information about related proceedings). This is particularly true here, because by order of the New York Supreme court, State Class Counsel has already been appointed to represent Securities Act claimants, including purchasers of the Lucking Notes who are not represented by Lead Counsel in the Federal Action, and that order provides that "[n]o settlement negotiations shall be conducted without [their] approval and participation." Ex. B at 6. Indeed, State Class Counsel is already in active discussions with the JPLs and other claimants regarding a potential resolution of Securities Act claims arising from the Offerings. Thus, the Proposed Notice should be revised to include information about the State Class Action and the powers granted to State Class Counsel.

*Third*, as discussed more fully below, the Proposed Notice misrepresents the scope of the Court's Provisional Certification Order. The Proposed Notice should be revised to reflect the actual scope and content of the Provisional Certification Order.

### C.    The Proposed Notice Misrepresents the Provisional Certification Order

A critical purpose of the Proposed Notice is to accurately inform Class members about the Provisional Certification Order. *See* Rule 23(c)(2)(B) ("The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; [etc.]"). The Proposed Notice fails this basic aim.

While the Court provisionally certified a settlement negotiation class "only with respect to Plaintiffs' claims against Luckin," the Proposed Notice misleadingly deletes this clause from the

Class definition.  *Compare* ECF No. 245 at 3 *with* ECF No. 258-1 ¶2.  Similarly, while the Provisional Certification Order was limited to ADS purchasers, the Proposed Notice states that the Lead Plaintiffs can settle and release "***all claims*** arising out of the facts alleged in the Complaint and may include claims asserted against all Defendants and certain related parties."  ECF No. 258-1 ¶21.a (emphasis added).  The Summary Notice likewise states that the Scheme "will be binding on all creditors of the same class."  ECF No. 258-2 at 2.  Thus, the Proposed Notice asserts that Lead Plaintiffs have the power to release all investor claims "arising" from Luckin's demise against all parties, even those not named as defendants in the Federal Class Action.  This attempt to expand Lead Plaintiffs' powers beyond the Provisional Certification Order is particularly concerning in light of the State Class Plaintiffs' possession of unique Note Offering claims and exceptionally strong Securities Act claims against the investment banks who underwrote the Offerings, all of whom are solvent.  *See Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*, 660 F.2d 9, 17, 19 (2d Cir. 1981) ("The named plaintiffs in a class action 'cannot represent a class of whom they are not a part' … [a]n advantage to the class, no matter how great, simply cannot be bought by the uncompensated sacrifice of claims of members, whether few or many, which were not within the description of claims assertable by the class").

Moreover, the Court's willingness to certify the Class was expressly premised on the protections afforded by Class members' Rule 23 opt-out and objection rights.  ECF No. 244 at 3 ("[T]he provisional certification will not prevent those plaintiffs from opting out of any class in this case or from objecting to any class settlement that is reached.").  However, the Proposed Notice functionally dispenses with any meaningful opt-out right by claiming that the Lead Plaintiffs "will have the power to cast votes on behalf of the Class in relation to the Scheme," ECF No. 258-1 ¶21.a, and, further, "where the Settlement is effected by a Scheme passed in accordance

with section 86 of the Cayman Islands' Companies Act, [it] may be binding on all members of the Class irrespective of ***whether they choose to be excluded from the Class or not***." *Id.* ¶21.b (emphasis added). Similarly, the binding effect of an approved Scheme on all Luckin investors renders any ability to object meaningless, because by the time a settlement is brought back to this Court for approval there would be little if anything Class members could do to change the result. Unfortunately, that appears to be the point. At the May 28, 2021 conference, counsel for Lead Plaintiffs stated that they may not ever seek Rule 23 review of any class settlement before this Court. *E.g.*, Ex. F at 18 (counsel for Lead Plaintiffs stating that a future class settlement may "potentially" be brought back to this Court).

The Proposed Notice should be rejected because of its failure to conform with the Provisional Certification Order.

## IV.    CONCLUSION

The Proposed Notice fails to comply with Rule 23, contains inaccurate and incomplete information, and contradicts this Court's Provisional Certification Order. The Proposed Order seeking dissemination of the Proposed Notice should therefore be denied. Alternatively, the State Class Plaintiffs respectfully request that the Court order that the Proposed Notice and any related summary notice be substantially revised in accordance with the edits reflected in Exhibit A to the Cochran Declaration.

DATED:  June 7, 2021                                     ROBBINS GELLER RUDMAN
                                                                          & DOWD LLP
                                                                        BRIAN COCHRAN


                                                                        */s/ Brian Cochran*
                                                                        BRIAN COCHRAN

- 20 -

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
bcochran@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
AVITAL O. MALINA
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
amalina@rgrdlaw.com

BERGER MONTAGUE PC
MICHAEL C. DELL'ANGELO
BARBARA A. PODELL
ANDREW ABRAMOWITZ
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
mdellangelo@bm.net
bpodell@bm.net
aabramowitz@bm.net

SHAPIRO HABER & URMY LLP
EDWARD F. HABER
ADAM M. STEWART
Two Seaport Lane
Boston, MA  02210
Telephone:  617/439-3939
ehaber@shulaw.com
astewart@shulaw.com

*Counsel for State Class Plaintiffs and Co-Lead
Counsel for the State Class Action*

- 21 -

LOWEY DANNENBERG, P.C.
DAVID C. HARRISON
44 South Broadway, Suite 1100
White Plains, NY  10601
Telephone:  914/997-0500
914/997-0035 (fax)
dharrison@lowey.com

*Liaison Counsel for State Class Plaintiffs*

CHRISTIANSEN & DEHNER, P.A.
SCOTT CHRISTIANSEN
63 Sarasota Center Blvd., Suite 107
Sarasota, FL  34240
Telephone: 914/377-2200
941/377-4848 (fax)

SCHUBERT JONCKHEER & KOLBE LLP
ROBERT C. SCHUBERT
WILLEM F. JONCKHEER
3 Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: 415/788-4220
rschubert@sjk.law
wjonckheer@sjk.law

*Additional Counsel for State Class Plaintiffs*

- 22 -

## CERTIFICATE OF SERVICE

I, Brian Cochran, hereby certify that on June 7, 2021, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.



*/s/ Brian Cochran*
BRIAN COCHRAN