# APPENDIX OF UNPUBLISHED OPINIONS

2019 WL 266258

2019 WL 266258
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

James PORATH, Individually and on Behalf of All Others Similarly Situated, Plaintiffs,

v.

LOGITECH, INC., Defendant.

No. C 18-03091 WHA
|
Signed 01/18/2019

**Attorneys and Law Firms**

Todd M. Logan, Rafey Sarkis Balabanian, Edelson PC, San Francisco, CA, for Plaintiffs.

Dale Joseph Giali, Keri Elizabeth Borders, Rebecca Bari Johns, Mayer Brown LLP, Los Angeles, CA, for Defendant.

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND TO STAY THE ACTION**

William Alsup, United States District Judge

**\*1** To protect absent class members and to assist counsel in understanding the factors the Court considers in evaluating proposed class settlements, the undersigned judge has long provided guidance to both sides at the outset of any proposed class action. The guidance has been in the form of an order entitled "Notice and Order Re Putative Class Actions and Factors To Be Evaluated For Any Proposed Class Settlement." No one has ever complained about it — until now. Defendant Logitech, Inc. objects to a requirement regulating the timing of settlement discussions of class-wide claims, contending it violates its First Amendment rights. This order disagrees with Logitech and explains why the provision in question is in the best interest of absent class members and is constitutional.

Plaintiff James Porath filed this putative class action in May 2018, alleging that Logitech falsely and deceptively advertised its Z200 speakers as containing four drivers when in fact two of those drivers did not independently produce sound and were parasitic speakers (Dkt. No. 1 at 4–5, 15–25). In June 2018, the usual order issued describing the factors for evaluating any class action settlement and prohibiting the parties from discussing any settlement of class claims prior to class certification. That prohibition was qualified by the further statement that if "counsel believe settlement discussions should precede a class certification, a motion for appointment of interim class counsel must first be made" (Dkt. No. 16). (The order dealt only with class settlements and did not bar counsel from discussing settlement of plaintiff's individual claim.)

In August 2018, counsel moved to appoint interim lead plaintiff and lead counsel under Federal Rule of Civil Procedure 23(g) (Dkt. No. 25). The parties stipulated to four reasons why they believed pre-class certification settlement discussions might have been appropriate at that moment: (1) Logitech agreed not to seek a "discount" based on the potential risk that the putative class would not be certified; (2) Logitech had already began revising the advertising at issue; (3) Logitech was prepared "with respect to purchases of the Z200 speakers to make all such consumers whole" (separately, in a case management statement, defendant further specified: "whole with respect to any damages that may have been caused by the challenged advertising"); and (4) the parties were prepared to engage in reasonable and appropriate discovery to develop the factual record necessary to resolve the

case (Dkt. No. 23, 24). After considering the arguments from the parties' motion and at the initial case management conference, the motion to appoint interim counsel was denied.

Logitech then petitioned our court of appeals in October 2018 for a writ of mandamus. A motion to stay the action pending resolution by our court of appeals followed much later (Dkt. No. 33). Before this Court, however, could rule on the stay request, our court of appeals denied the petition without prejudice "to re-raising the ... constitutional questions presented in this petition ... in this court after presentation to the district court in the first instance." Order, *Logitech, Inc. v. United States District Court for the Northern District of California, San Francisco*, No. 18-72732 (9th Cir. Dec. 24, 2018). The motion to stay was then denied as moot, but "without prejudice to a fresh motion as contemplated by the court of appeals" (Dkt. No. 35).

**\*2** Logitech now moves for leave to file a motion for reconsideration of the orders issued last June (prohibiting the parties from discussing any class-wide settlement until after the Court determines which claims deserve class treatment or until an appointment of interim counsel under Rule 23) and last August (denying the motion for appointment of interim class counsel) and to stay the action (Dkt. No. 38). Plaintiff's counsel take no position (Dkt. No. 39). No hearing having been requested, this order follows.

Logitech's motion is **Denied**.

The basic problem concerns the protection of absent class members. For the orderly management of putative class actions and for the protection of absent class members, the Court directs the parties not to discuss class-wide settlements until we determine what claims are suitable for class treatment under Rule 23. Thereafter, of course, it becomes the duty of counsel to consider settlement on a class-wide basis — but only of those certified claims. This avoids the awkward situation in which counsel waste time on a proposed settlement of issues that should not be litigated or settled on a class-wide basis. And, it avoids the creation of an artificial ceiling for the value of a case before we determine which issues deserve class treatment. It also avoids overbroad releases by absent class members of claims that should not be released.

As importantly, it protects the absent class members from inappropriately discounted settlements. Once a claim is certified for class treatment, everyone agrees that a class settlement may be discounted based on the merits of the claim. On the other hand, the recovery by absent class members should *not* be further discounted by the risk that a claim will not eventually be certified for class treatment. This view is supported by Professor Howard Erichson. *See, e.g.*, Howard M. Erichson, *The Problem of Settlement Class Actions*, 82 Wash. U. L. Rev. 951 (2014); Howard M. Erichson, *Beware The Settlement Class Action*, Daily Journal, Nov. 24, 2014.

For example, counsel for plaintiff may fear that particular claims will not be certified for class treatment due to lack of a class-wide method of proof. Counsel, therefore, might be tempted to accept a lowball offer to salvage a class recovery. Other similar Rule 23 hurdles concern standing or adequacy of representation. These might also lead to a further discount, further reducing recovery to absent class members. Postponing class settlement discussion until after we determine which claims are class-worthy prevents these concerns from reducing a class recovery.

With respect to the individual claim of a plaintiff, the procedure in question permits any discussion at any time. As to absent class members, however, plaintiff's counsel have no authority to negotiate for the absent class members until a standard appointment under Rule 23(g)(1) or an appointment as "interim counsel" under Rule 23(g)(3). It is in the best interest of absent class members to first work through the protections of Rule 23 to define what claims, if any, are suitable for class treatment, what specific classes and subclasses, if any, are viable, and whether or not plaintiff and his counsel are adequate to represent absent class members. These should be vetted before discussions take place so the rights of the absent class members won't be compromised on problems other than the merits.

The guidelines further state that a settlement should be negotiated only after adequate and reasonable investigation and discovery by class counsel. This requirement serves the due diligence obligation of class counsel, who owe a fiduciary duty to the class to

develop the facts well enough to negotiate a good settlement. Our court of appeals emphasized the "rigorous analysis" required by the district court in class action determinations and the role discovery plays in this analysis in recently invalidating a local rule that required moving for class certification within ninety days of filing the complaint. Such rigorous analysis "may require discovery" and take more than ninety days. *ABS Entertainment, Inc. v. CBS Corporation*, 908 F.3d 405, 427 (9th Cir. 2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011) ).

 **\*3**  In this same vein, one of the factors the Court "must consider" in appointing interim class counsel and class counsel is "the work counsel has done in identifying or investigating potential claims in the action." Rule 23(g)(1)(A)(i). Here, at the time of the original motion for appointment of interim counsel, plaintiff's counsel said they would do some homework, but they didn't say that they had yet done it. That remains true today.

The guidelines in question have long recognized that pre-certification settlement discussions are sometimes warranted. The guidelines invite counsel to move to be appointed as "interim counsel" for precisely this purpose. As stated, Rule 23(g)(3) specifically calls out appointment of "interim counsel." One circumstance where such a motion would likely be granted is where the defendant has dwindling resources such that a prompt settlement is necessary to recover anything at all, even when little discovery has been possible.

When counsel here moved for the appointment of interim counsel, however, no showing of dire circumstances was made. No discovery had been conducted (Dkt. No. 23 at 4). Even though defendant's counsel vaguely stated that Logitech was prepared to make all purchasers "whole with respect to any damages that may have been caused by the challenged advertising," this clever wording offered little of substance, not even conceding that there had been "any" damages (Dkt. No. 23 at 6). Making the class "whole" could have meant a number of unacceptable scenarios, such as a mere coupon that would've burdened class members with a trip to a distant service center, or a cash refund only to those willing to fill out a laborious claim form. The record was therefore too conclusory, and thus, did not warrant such an appointment. Even now, Logitech's motion for reconsideration states nothing new.

Whether or not to appoint interim counsel is an issue of discretion for the district court. Logitech merely disagrees with the exercise of discretion by the district judge in this case. It is true that amendments to Rule 23 contemplate that a proposed settlement may be presented before a class has been certified. But, at the risk of repetition, so do the guidelines in question. Both turn on the interim counsel device.

With respect to free speech, the viewpoint neutral guidelines in question allow for plenty of settlement discussion and merely regulate the time, place, and manner of these discussions. The only restraint is on talking about a class-wide settlement before someone is authorized under Rule 23 to negotiate on behalf of a class — a sensible precaution for the protection of absent class members.

Full settlement discussions *at any time* with respect to the individual claim are permitted. Full settlement discussions as to class claims are permitted once those class claims are identified or after interim counsel is appointed. No permanent or overly broad ban on speech exists. To the extent a limited restriction exists, the interests are overwhelmingly outweighed by the interest of the Court in effectuating orderly case management and the interests of the absent class members whose rights are also at risk. *See, e.g.*, *U.S. v. Richey*, 924 F.2d 857, 859 (9th Cir. 1991); *United States v. Gurney*, 558 F.2d 1202, 1210 (5th Cir. 1977). Counsel has no specific First Amendment right to try to extract a class-wide release from a lawyer who has no authority to act for a class (meaning, someone who has not yet been certified as class counsel or appointed as interim counsel).

 **\*4**  No one has a First Amendment right to petition the government (including the courts) on behalf of a class and to impose a release onto a class until a proper representative has been appointed to look out for the class. It is true that some judges don't insist on such an appointment beforehand, but that is a matter of discretion, not a matter of right by the litigants. Logitech cites no case-law to the contrary.

No new facts have been shown to warrant reconsideration of either prior order. The motion for leave to file a motion for reconsideration of both the orders issued last June and August is **Denied**. As provided in the original case management order, the motion for class certification remains due on February 7 to be heard on a 49-day track. All other deadlines remain in effect.

The class certification motion will be decided one way or the other long before any extraordinary writ petition could be determined by our court of appeals, so the motion to stay is **Denied** on that ground (as well as on the merits).

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2019 WL 266258

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

 © 2021 Thomson Reuters. No claim to original U.S. Government Works.