# EXHIBIT D

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x

In re:                                                          :          Case No. 21-10228 (MG)
                                                                :
LUCKIN COFFEE INC. (IN PROVISIONAL            :          Chapter 15
LIQUIDATION),                                               :
              Debtor in a Foreign Proceeding.    :

--------------------------------------------------------------- x

## ORDER RECOGNIZING CAYMAN PROCEEDING AS A FOREIGN MAIN PROCEEDING AND GRANTING RELIEF IN AID THEREOF

Upon consideration of the Official Form B 401 *Chapter 15 Petition for Recognition of a Foreign Main Proceeding* [ECF No. 1] and the *Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Other Related Relief* [ECF No. 2] (together, the **"Chapter 15 Petition"**) and the *Motion of the Foreign Representatives for Chapter 15 Recognition and Final Relief* [ECF No. 3] (the "**Motion"**) filed by Alexander Lawson of Alvarez & Marsal Cayman Islands Limited and Wing Sze Tiffany Wong of Alvarez & Marsal Asia Limited, in their capacities as joint provisional liquidators (in this capacity, jointly and severally, the "**Joint Provisional Liquidators**" or "**Foreign Representatives**") of Luckin Coffee Inc. (in Provisional Liquidation) (the "**Foreign Debtor**" or "**Luckin Coffee**") under Part V of the Cayman Islands Companies Law (2021 Revision) (the "**Companies Act**") in a provisional liquidation proceeding pending before the Grand Court of the Cayman Islands (the "**Cayman Court**"), Financial Services Division Cause No. 157 of 2020 (ASCJ) (the "**Cayman Proceeding**"), as well as upon consideration of the *Memorandum of Law in Support of Verified Petition of the Foreign Representatives for Recognition of Foreign Main Proceeding and Certain Related Relief* [ECF No. 4] (the **"Memorandum of Law"**), the *Declaration of R. Craig Martin Regarding Determination of Foreign Law* [ECF No. 5] (the

EAST\179815960.1EAST\179815960.4

"**Martin Declaration**"), the *Declaration of Jonathan Guy Manning in Support of Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Other Related Relief* [ECF No. 6] (the "**Manning Declaration**") and the *Declaration of Alexander Lawson in Support of Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Other Related Relief* [ECF No. 7] (the "**Lawson Declaration**"), and all documents attached to the Martin Declaration, the Manning Declaration and the Lawson Declaration (collectively, the "**Petition and Relief Documents**"), and upon consideration of any responses or oppositions to the Motion or Chapter 15 Petition, and after due and sufficient notice of and hearing on the Motion and the Chapter 15 Petition,

**THE COURT FINDS AND CONCLUDES AS FOLLOWS**:

a.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.);

b.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P);

c.     Venue is proper in this district under 28 U.S.C. § 1410;

d.     Notice of the hearing on the Motion and Chapter 15 Petition was sufficient under the circumstances and no further or other notice of or hearing on the Motion is necessary or required;

e.     This chapter 15 case was properly commenced and in accordance with 11 U.S.C. § 1504;

f.     The Chapter 15 Petition meets all requirements of 11 U.S.C. § 1515;

- 2 -

EAST\179815960.1EAST\179815960.4

g.      The Foreign Representatives are each a "person" within the meaning of 11 U.S.C. §101(41) and are the duly appointed foreign representatives of the Foreign Debtor within the meaning of 11 U.S.C. §§ 101(24) and 1517(a)(2) and are authorized to act on behalf of the Foreign Debtor in this Chapter 15 Case;

h.      The Cayman Proceeding is a foreign proceeding under 11 U.S.C. § 101(23);

i.      The Cayman Proceeding is pending in the Cayman Islands, which is the location of the Foreign Debtor's center of main interests, and, therefore, the Cayman Proceeding is a foreign main proceeding within the meaning of 11 U.S.C. § 1502(4);

j.      The Cayman Proceeding is entitled to recognition as a foreign main proceeding because it meets the requirements of 11 U.S.C. § 1517;

k.      Recognition of the Cayman Proceeding as a foreign main proceeding is not contrary to the public policy of the United States;

l.      The Foreign Representatives and the Foreign Debtor are automatically entitled to all of the relief available under 11 U.S.C. § 1520, without limitation;

m.      The Foreign Representatives and the Foreign Debtor, as applicable, are further entitled to the additional assistance and discretionary relief requested in the Motion, pursuant to sections 1507 and 1521(a) of the Bankruptcy Code.

n.      All relief granted in this Order is necessary to effectuate the purpose of chapter 15 of title 11 of the United States Code and to protect the assets of the Foreign Debtor and the interests of its creditors;

o.      The relief sought by the Motion will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such

- 3 -

EAST\179815960.1EAST\179815960.4

parties, it is outweighed by the benefits of the requested relief to the Foreign Debtor, the Foreign Representative and the Foreign Debtor's creditors;

p.      The relief granted herein will, in accordance with section 1507(b) of the Bankruptcy Code, reasonably assure (i) just treatment of all holders of claims against or interests in the Foreign Debtor's property; (ii) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in the Cayman Proceeding; (iii) prevention of preferential or fraudulent dispositions of the Foreign Debtor's property; and (iv) distribution of proceeds of the Foreign Debtor's property substantially in accordance with the Bankruptcy Code; and

q.      a. All creditors and other parties in interest, including the Foreign Debtor, are sufficiently protected in the grant of the relief ordered hereby in compliance with 11 U.S.C. § 1522(a).

r.      Luckin Coffee has entered into a stipulation (the "**Stipulation**") with lead plaintiffs Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund (the "**Lead Plaintiffs**") in *In re Luckin Coffee Inc. Sec Litig.*, No. 1:20-cv-01293-JPC-JLC (S.D.N.Y.) (the "**Federal Class Action**") before the United States District Court for the Southern District of New York (the "**District Court**"). The District Court so ordered the Stipulation on March 5, 2021 (the "**Provisional Class Order**"). Among other relief, the Provisional Class Order provisionally certified a class of purchasers of ADSs in the Foreign Debtor (the "**Class**") and appointed the Lead Plaintiffs as representatives of the Class solely for settlement purposes.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Motion is GRANTED as provided in this Order.

- 4 -

2. The Cayman Proceeding is hereby recognized as a foreign main proceeding in accordance with 11 U.S.C. § 1517 and is given its full force and effect.

3. The Foreign ~~Representative~~Representatives, the Foreign Debtor and each of their respective successors, agents, representatives, advisors and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

4. All relief authorized by 11 U.S.C. § 1520 shall apply throughout the duration of this proceeding or until otherwise ordered by this Court, including, without limitation, the automatic stay authorized by 11 U.S.C. § 362. The relief granted in the prior paragraph shall specifically include, but not be limited to, the following provisions:

i. No person or entity may (a) commence or continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative, or regulatory proceeding or arbitration) or action against the Foreign Debtor, ~~its~~the Indemnified Parties, the Investment Vehicle Defendants, the Former Auditor, their respective assets located in the United States, or the proceeds thereof~~, or the Indemnified Parties, the Investment Vehicle Defendants or the Former Auditor~~; (b) enforce any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Foreign Debtor ~~or~~, the Indemnified Parties, the Investment Vehicle Defendants or the Former Auditor; (c) commence or continue any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Foreign Debtor ~~or against any of its assets located in the United States or the proceeds thereof or the~~, the Indemnified Parties, the Investment Vehicle Defendants or the Former Auditor or against any of their respective assets located in the United States or the proceeds thereof; or (d) exercise any control over the ~~Foreign Debtor's~~ assets located in the United States of the Foreign Debtor, the Indemnified Parties, the Investment Vehicle Defendants or the Former Auditor, except as authorized by ~~the Foreign Debtor~~such person in writing.

ii. Notwithstanding the relief otherwise afforded in this Order (including but not limited to paragraph 4(i) hereof), the automatic stay is modified to permit (a) the Lead Plaintiffs to file papers or take actions in the District Court in connection with the Provisional Class Order, and the District Court to conduct any proceedings, hold hearings and issue rulings in connection therewith, (b) the Lead Plaintiffs, Luckin Coffee, the Foreign Representatives, and any other parties to the Federal Class Action to (i) participate in settlement negotiations regarding a scheme of

- 5 -

~~EAST\179815960.1~~EAST\179815960.4

arrangement with respect to the Class (an "**ADS Scheme**") in the Cayman Proceeding or otherwise and take any actions regarding any proposed settlement to be implemented in an ADS Scheme in that Cayman Proceeding, in each case, in accordance with the Provisional Class Order, and (ii) take any steps necessary to secure approval of any settlement to be implemented in the ADS Scheme in the appropriate court, and (c) any person to continue to effect the service of process pursuant to Rule 4(f)(1) of the Federal Rules of Civil Procedure with respect to the Foreign Debtor, the Indemnified Parties, the Investment Vehicle Defendants, or the Former Auditor, provided, however, that any service of process not commenced prior the date hereof shall be stayed. The Lead Plaintiffs' rights to seek other relief from this Court, or to join in any requests for relief sought by other parties, are otherwise reserved.

    iii. ~~ii.~~ The Foreign Representatives are hereby granted the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States during this chapter 15 case. No action taken during such period by the Foreign Representatives, or their agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Cayman Proceeding, this Order, this chapter 15 case, any adversary proceeding, or any further proceeding commenced in this chapter 15 case shall be deemed to constitute a waiver of the immunity afforded the Foreign Representatives, the Foreign Debtor or their respective agents, representatives, advisors and counsel under 11 U.S.C. §§ 306 or 1510.

5. The provisions of 11 U.S.C. § 1521(a)(1) apply to the commencement or continuation of an individual action or proceeding concerning the Indemnified Parties, the Investment Vehicle Defendants or the Former Auditor.

6. The provisions of 11 U.S.C. §§ 363, 549, and 552 apply to a transfer of an interest of the Foreign Debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of the estate.

7. The right to transfer, encumber, or otherwise dispose of the Foreign Debtor's assets that are within the territorial jurisdiction of the United States absent the express written consent of the Foreign Debtor is hereby suspended.

- 6 -

8.      The Foreign Representatives are entrusted with the right to exercise the rights and powers of a trustee and are entitled to administer and realize all or part of the Foreign Debtor's assets within the territorial jurisdiction of the United States.

9.      Nothing in this Order shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent set forth in sections 362(b) and 1521(d) of the Bankruptcy Code.

10.     Notice of this Order shall be served in accordance with this Court's *Order Specifying Form and Manner of Service of Notice of Hearing on Chapter 15 Petition and Recognition and for Related Relief* [ECF No. 9] on or before March 19, 2021. Service in accordance with this Order constitutes adequate and sufficient service and notice for all purposes.

11.     The Petition and Relief Documents shall be made available by the Foreign Representatives upon request in writing to its counsel, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, New York 10020, Attn: Thomas R. Califano, Esq., R. Craig Martin, Esq., and Erik F. Stier, Esq.

12.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to the contrary including, but not limited to Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; (b) neither the Foreign Debtor nor the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representatives and the Foreign Debtor are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

EAST\179815960.1EAST\179815960.4

13. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Chapter 15 Petition, or the enforcement, amendment, modification, or implementation of this Order.

Dated: _____, 2021
      New York, New York

                                         _____

                                 ~~UNITED STATES BANKRUPTCY JUDGE~~
                                         MARTIN GLENN
                                      United States Bankruptcy Judge

- 8 -

~~EAST\179815960.1~~EAST\179815960.4

| Summary report:<br>Litera® Change-Pro for Word 10.8.2.11 Document comparison done on<br>3/11/2021 3:54:09 PM | |
|---|---|
| **Style name:** DLAPiper | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://USDMS.PIPER.ROOT.LOCAL/EAST/179815960/1 | |
| **Modified DMS:** iw://USDMS.PIPER.ROOT.LOCAL/EAST/179815960/4 | |
| **Changes:** | |
| Add | 20 |
| Delete | 17 |
| Move From | 2 |
| Move To | 2 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 41 |