**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE LUCKIN COFFEE INC.

SECURITIES LITIGATION

Case No. 1:20-cv-01293-JPC-JLC

---

### DECLARATION OF GARY ANTHONY SMITH IN SUPPORT OF THE
### WINSLOW FUNDS' SUPPLEMENTAL MEMORANDUM OF LAW OBJECTING TO PROPOSED CLASS NOTICE

I, **GARY ANTHONY SMITH**, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746

that the following is true and correct:

Introduction

1. In my capacity as a Partner of Loeb Smith Attorneys, I act as Cayman Islands legal counsel to Rolnick Kramer Sadighi LLP ("**RKS**") in respect of Cayman Islands legal matters pertaining to the joint provisional liquidation of Luckin Coffee Inc. (In Provisional Liquidation) ("**Company**"), including any proposed scheme(s) of arrangement of the shareholder claimants of the Company pursuant to section 86 of the Companies Act (2021 Revision) of the Cayman Islands ("**Scheme of Arrangement**"). The Company is an exempted company incorporated with limited liability in the Cayman Islands. Pursuant to an appointment order of the Grand Court (Financial Services Division) of the Cayman Islands ("**Court**") (FSD Cause No. 157 OF 2020 (ASCJ), the Company was placed into provisional liquidation on 15 July 2020.

Declaration of Gary Smith. Date: 4 June 2021

1

2.  RKS is U.S. counsel for each of (i) Nuveen Winslow Large-Cap Growth ESG Fund (ii) Nuveen Winslow Socially Aware U.S. Large-Cap Growth Fund (iii) Winslow Large-Cap Growth Fund (iv) MainStay Winslow Large Cap Growth Fund (v) MainStay VP Winslow Large Cap Growth Portfolio (vi) St. John's University (vii) I.B.E.W. Local Union 481 Defined Contribution Plan and Trust (viii) St. Mary's University (iv) Justin Kelly Revocable Trust (x) Justin and Susan Kelly Family, LLC (xi) The Justin and Susan Kelly Foundation (xii) Justin Kelly, individually and as a representative of the Justin Kelly Revocable Trust and (xiii) American Medical Association (together, the "**Winslow Plaintiffs**").

3.  I refer to:

3.1. the stipulation order by the United States District Court for the Southern District of New York entered on March 5th, 2021 ("**Stipulation Order**") which granted provisional class certification for settlement purposes to Sjunde AP-Fonden and Louisiana Sheriff's Pension and Relief Fund (together, the "**Lead Plaintiffs**") to properly assert claims against the Company, on behalf of both themselves and on behalf of a class under the United States Federal Rules of Civil Procedure 23(a) and 23(b)(3), consisting of all persons and entities who purchased or otherwise acquired American Depositary Shares ("**ADSs**") in respect of the Company from 17 May 2019 to 15 July 2020 inclusive and suffered damage as a consequence ("**Certified Class**").  The Certified Class includes the Winslow Plaintiffs.  A copy of the Stipulation Order is provided hereto as Exhibit GS1; and

3.2. a proposed notice to be circulated to the Certified Class and filed on March 14th, 2021 ("**Notice**") by the Lead Plaintiffs' counsel, which states that if members of the Certified Class (each a "**Member**") do not opt out of the Certified Class ("**Non Opt-Out Members**") in accordance with the terms set out in the Notice (i) the Certified Class representative,

Declaration of Gary Smith. Date: 7 June 2021

2

being the Lead Plaintiffs' counsel, will vote on the Non Opt-Out Members' behalf in respect of any Scheme of Arrangement in the Cayman Islands in respect of the Company and (ii) the Court may deem a vote cast by the Lead Plaintiffs' counsel on behalf of Non Opt-Out Member as a valid vote. A copy of the Notice is provided hereto as Exhibit GS2.

4. I make this Declaration on behalf of RKS and in turn, the Winslow Plaintiffs, in response to the Notice and in respect of these proceedings. I have been asked to provide a declaration as to whether the Lead Plaintiffs' counsel can, if a Member does not opt out of the Certified Class in accordance with the terms set out in the Notice referred to at paragraph 3.2 above, vote on behalf of Non Opt-Out Members' in relation to any Scheme of Arrangement in respect of the Company in the Cayman Islands.

5. Except as provided herein, the matters to which I depose are within my own knowledge and I believe them to be true. Where the facts are not within my personal knowledge, I state the source of my information and belief and I believe them to be true on the basis of such information and belief.

6. This Declaration is specifically limited to the matter set out at paragraph 4 above. In particular, I have not reviewed any of the pleadings in these proceedings before the United States District Court for the Southern District of New York.

7. Further, this Declaration relates only to the laws of the Cayman Islands as they exist at the date of this Declaration.

<u>Personal Background and Relevant Experience</u>

8. I graduated with a Bachelor of Laws Degree with Honours from the University of Sheffield,

3

Declaration of Gary Smith. Date: 7 June 2021

England and a Master of Laws Degree from University of London, England. I have been practicing corporate law for over twenty (20) years having practiced in England as a Solicitor for over eight (8) years before relocating to the Cayman Islands where I have been practicing as an Attorney (advising on mergers and acquisitions, solvent and insolvent restructurings, investment funds, and other corporate matters) for over twelve (12) years. I am a Solicitor of the Supreme Court of the United Kingdom (non-practising) and an Attorney of the Grand Court of the Cayman Islands (practicing).

9.  I make this declaration in these proceedings on the basis of my knowledge and expertise of the applicable laws of the Cayman Islands.

<u>Cayman Islands Law and Legal System</u>

10. The Cayman Islands are a self-governing overseas territory of the United Kingdom. The legal system in the Cayman Islands is founded on the English Legal System and English common law and equity. Specific sources of Cayman Islands law are Cayman Islands legislation. In addition to Cayman Islands statutes, Cayman Islands law is also founded on English legislative provisions extended to the Cayman Islands by United Kingdom Orders in Council, Cayman Islands case law and case law from England and other common law jurisdictions, such as, for example, Australia, New Zealand and Canada as well as Caribbean States including Bermuda, the British Virgin Islands, and Jamaica.

11. References in this Declaration to the Companies Act are to the Companies Act (2021 Revision) of the Cayman Islands (the "**Companies Act**") and references to the Practice Direction are to Practice Direction No.2 of 2010 (GCR O.1, r.12) – Schemes of Arrangement and Compromise Under Section 86(2) of the Companies Law (GCR O.102, r.20) of the Cayman Islands' Grand Court ("**Practice Direction**"). For the avoidance of doubt, pursuant

4

to the Acts of Parliament Law 2020 of the Cayman Islands, which was effective from 3 December 2020, the Companies Law is now referred to as the "Companies Act".

12. The doctrine of judicial precedent applies in the Cayman Islands as in England. There is a comparatively small body of case law in the Cayman Islands, contained in the Cayman Islands Law Reports, but where there is no applicable Cayman Islands case law, the Cayman Islands will look to English and/or Commonwealth authorities which are of persuasive, but not binding authority in the Cayman Islands.

13. As a general rule, the Cayman Islands courts consider English and/or Commonwealth authorities which are relevant to the case before the Cayman Islands court, to the extent that they are not inconsistent with either Cayman Islands statutory provisions or Cayman Islands authorities, and to the extent that they do not relate to English statutory provisions which have no equivalent in the Cayman Islands. Decisions of Courts in other Commonwealth jurisdictions are similarly of persuasive, but not binding authority.

14. The Grand Court is the Court of First Instance in the Cayman Islands to which lies an appeal to the Cayman Islands Court of Appeal. Decisions of the Cayman Islands Court of Appeal are binding on the Grand Court. From the Cayman Islands Court of Appeal, the ultimate appellate Court is the Privy Council in London.

15. In respect of the English cases referred to herein, the various divisions of the High Court of England and Wales constitute the Court of First Instance from which an appeal lies to the Court of Appeal of England and Wales. Thereafter, until 1 October 2009, an appeal lay to the House of Lords and now to the Supreme Court, which is the ultimate Court of Appeal in the United Kingdom of Great Britain and Northern Ireland. Judges of the Supreme Court are appointed to act as Judges of the Privy Council.

Declaration of Gary Smith. Date: 7 June 2021

## Statutory framework

16. A scheme of arrangement is a compromise or arrangement made between a company and its shareholders which allows for the rights of the shareholders (or any class of them) to be varied and is subject to a court-supervised process and approval by the Court (being the Grand Court of the Cayman Islands) pursuant to section 86 of the Companies Act in order for it to take effect.

17. Before a Scheme of Arrangement can be approved by the Court, section 86(2) of the Companies Act provides that any Scheme of Arrangement must be approved by a majority in number of the shareholder claimants of the Company, who collectively represent 75% in value of each class of shareholder claimant attending and voting at the meeting, either in person or by proxy at the meeting.

## Practice Direction

18. The Practice Direction applies to a Scheme of Arrangement in the Cayman Islands. The sole purpose of the Practice Direction is to provide detailed directions and guidance about matters which will be considered by the Grand Court at the first hearing of a petition for an order sanctioning a Scheme of Arrangement. A copy of the Practice Direction is provided as Exhibit GS3.

19. In accordance with paragraph 3.2 of the Practice Direction, in every case, the Grand Court will consider whether it is appropriate to convene class meetings, and if so, the composition of the classes so as to ensure that each class meeting consists of shareholders or creditors whose rights against the Company which are to be released or varied under

6

Declaration of Gary Smith. Date: 7 June 2021

the scheme, or the new rights which the scheme gives in their place, are not so dissimilar as to make it impossible for them to consult together with a view to their common interest. A supporting affidavit by the Company must contain all such information as may be necessary to enable the Grand Court to make this determination.

20. Pursuant to paragraph 3.6 of the Practice Direction, the Grand Court will consider whether the proposed time and place of the Court meeting(s) and the method of giving notice is appropriate in all circumstances. The test is "whether the parties having the economic interest, which is typically not the registered holder of the shares or debt instruments, will have sufficient time in which to consider the scheme documentation and make an informed decision".

21. Pursuant to paragraph 3.7 of the Practice Direction, the Company must satisfy the Grand Court that the scheme documentation will provide the shareholder/ creditor (which means the person having the ultimate economic interests) with all the information reasonably necessary to enable them to make an informed decision about the merits of the proposed Scheme of Arrangement. The Company's counsel is also required to "draw the Court's attention to any aspects of the explanatory memorandum or proxy statement which might arguably depart from best practice."

22. Paragraph 4.3 of the Practice Direction provides that where shares are registered with a clearing house or custodian (as is the case with ADSs), the Court may direct that the custodian be permitted to vote both for and against the scheme, in accordance with instructions received from its clients and proxy forms should be prepared accordingly. In such cases, the scheme documentation should "include a form of voting instructions" for use by custodians.

7

23. Furthermore, paragraph 5.3 provides that notice of the petition hearing for a Scheme of Arrangement should be included in the scheme documentation and that the explanatory memorandum or proxy statement should draw attention to the fact that shareholders or creditors will have *"the right to attend and be heard on the hearing of the petition"*.

24. In conclusion, the Lead Plaintiffs' counsel cannot unilaterally vote on behalf of a Member who does not opt-out of the Certified Class in relation to any Scheme of Arrangement in the Cayman Islands, based on the inaction of a Member.

25. In particular, before any class of shareholder claimant votes in respect of any Scheme of Arrangement, the Grand Court will be required to approve the class composition and any scheme documentation, including a proxy appointment form, which specifically relates to the Scheme of Arrangement. Any proxy appointment by a shareholder claimant will require affirmative action by such shareholder claimant, that is to say, it will need to be signed by or on behalf of the shareholder claimant and delivered to the Company in accordance with terms of the scheme documents in order to be valid.

26. The Court in the Cayman Islands has jurisdiction in respect of a Scheme of Arrangement of the Company. Before sanctioning a Scheme of Arrangement, the Court will determine in its discretion, in accordance with the judgment in Re TDG plc [2008 ] EWHC 2334 (Ch):

26.1. that the provisions of the statute (i.e. the Companies Act and the Practice Direction) have been complied with;

26.2. that the class of members the subject of the court meeting was fairly represented by those who attended the meeting and that the statutory majority acted bona fide and did not coerce the minority in order to promote interests adverse to those of the class

Declaration of Gary Smith. Date: 7 June 2021

8

they purport to represent;

26.3.   that an intelligent and honest person, being a member of the class concerned and acting in respect of his own interest, might reasonably approve the Scheme of Arrangement; and

26.4.   that there is no 'blot' on the Scheme of Arrangement.  A blot would arise, for example, where there was a technical or other flaw in the Scheme of Arrangement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 7th, 2021 at Grand Cayman, Cayman Islands.

GARY ANTHONY SMITH

Declaration of Gary Smith. Date: 7 June 2021

9