# EXHIBIT GS1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC |

**STIPULATION AND [PROPOSED] ORDER REGARDING PROVISIONAL CLASS CERTIFICATION FOR SETTLEMENT PURPOSES**

i

Lead Plaintiffs Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund ("Lead Plaintiffs") and Defendant Luckin Coffee Inc. ("Luckin"), through their undersigned counsel, respectfully submit this Stipulation and [Proposed] Order Regarding Provisional Class Certification for Settlement Purposes.

WHEREAS, on June 12, 2020, the Court issued an Opinion and Order appointing Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund as Lead Plaintiffs, and appointing Kessler Topaz Meltzer & Check, LLP ("KTMC") and Bernstein Litowitz Berger & Grossmann LLP ("BLBG") as class counsel, ECF No. 118;

WHEREAS, on September 24, 2020, Lead Plaintiffs filed the Consolidated Class Action Complaint ("Consolidated Complaint"), ECF No. 150, which asserted claims under the Securities Exchange Act of 1934 and the Securities Act of 1933 on behalf of Lead Plaintiffs and a class consisting of all persons and entities that purchased or otherwise acquired the American Depository Shares ("ADSs") of Luckin from May 17, 2019 through April 1, 2020, inclusive;

WHEREAS, Lead Plaintiffs and Luckin have met and conferred regarding issues related to class certification;

WHEREAS, to avoid the cost and expense of motion practice related to class certification and to facilitate the potential resolution of the claims raised in the Consolidated Complaint, Lead Plaintiffs and Luckin are willing to stipulate to provisional class certification for settlement purposes, reserving such rights as set forth below;

WHEREAS, Lead Plaintiffs specifically contend, and subject to the reservation of rights set forth below, Luckin stipulates to, the following:

1. Lead Plaintiffs may properly assert claims against Luckin on behalf of themselves and on behalf of a class under Federal Rules of Civil Procedure 23(a) and 23(b)(3) consisting of all persons and entities who purchased or otherwise acquired Luckin ADSs from May 17, 2019 through July 15, 2020, inclusive, including those who purchased ADSs in or traceable to the Company's initial public offering ("IPO") on or about May 17, 2019 or the Company's secondary public offering ("SPO") on or about January 10, 2020, and were damaged thereby ("Class").

2. Excluded from the Class are: (i) the Defendants named in the Consolidated Complaint; (ii) present or former executive officers of Luckin, members of Luckin's Board of Directors, and members of the immediate families of each of the foregoing (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (iii) any of the foregoing individuals' and entities' legal representatives, heirs, successors, or assigns; (iv) any entity in which Defendants have or had a controlling interest; (v) any employee benefit plan of Luckin; or (vi) any affiliate of Luckin.

3. As set forth below, each of the elements for certification of the Class under Federal Rule of Civil Procedure 23(a) and 23(b)(3) are sufficiently plausible from the face of the Consolidated Complaint that a provisional certification of the class to enable settlement discussions is appropriate including:

   a. the Class is so numerous that joinder of all members is impracticable;

   b. the proposed Class is ascertainable;

   c. there are questions of law or fact common to the Class;

   d. the claims or defenses of Lead Plaintiffs are typical of the claims or defenses of the Class;

e. Lead Plaintiffs as the Class Representatives and KTMC and BLBG as Lead Counsel will fairly and adequately protect the interests of the Class;

f. questions of law or fact common to class members predominate over any questions affecting only individual members; and

g. a class action is superior to other available methods for fairly and efficiently adjudicating this Action.

4. Likewise, proposed Class Counsel are "highly experienced in securities class action litigation," ECF No. 118 at 15, regularly litigate in the United States District Court for the Southern District of New York, and have steadfastly litigated this case on behalf of the proposed class. The firm resumes of KTMC and BLBG were previously submitted to the Court in connection with the appointment of Lead Plaintiffs. *See* ECF Nos. 67-8 & 67-9.

In light of the foregoing contentions, which Luckin does not contest for purposes of this stipulation only, Plaintiffs and Luckin respectfully request that the Court enter an Order approving and adopting the below stipulation, which Plaintiffs and Luckin agree will constitute an Order provisionally certifying the Class for settlement purposes only.

IT IS ACCORDINGLY STIPULATED AND AGREED by Plaintiffs and Luckin, through the undersigned counsel, subject to the Court's approval, that:

1. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the following Class is provisionally certified for settlement purposes only with respect to Plaintiffs' claims against Luckin:

> All persons and entities (and their beneficiaries) that purchased or otherwise acquired the American Depository Shares of Luckin Coffee Inc. between May 17, 2019 through July 15, 2020, inclusive. Excluded from the Class are Defendants and their families; the officers, directors and

affiliates of Defendants; members of Defendants' immediate families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest.

2. Lead Plaintiffs are appointed representatives of the Class.

3. The law firms of KTMC and BLBG are appointed class counsel.

4. The Class is being certified provisionally for settlement purposes. In the event that (i) an application to approve a scheme of arrangement with respect to the Plaintiff's claims against Luckin (the "Scheme") is not made to the Grand Court of the Cayman Islands on or before December 31, 2021; or (ii) the Grand Court of the Cayman Islands declines to make an order convening class meetings for the purpose of considering and, if thought fit, approving the Scheme; or (iii) the Class declines to approve the Scheme at a class meeting convened in accordance with an order of the Grand Court of the Cayman Islands; or (iv) the Grand Court of the Cayman Islands declines to sanction the Scheme; or (v) following the sanction of the Scheme by the Grand Court of the Cayman Islands, any condition precedent to the effectiveness of the Scheme or the settlement contemplated by the Scheme does not occur and is not waived, the Class will, subject to any extension or variation by further stipulation of the parties, be decertified automatically. After decertification, the Lead Plaintiffs may file a motion to certify the Class. The existence of this provisional certification, this stipulation, or the Court's order of this stipulation may not be used as a basis by any parties to the Consolidated Complaint, or members of the putative Class, to justify or oppose the certification of the Class for non-settlement purposes.

4

5.      This Stipulation and Order is without prejudice to (i) the right of Plaintiffs or Luckin to bring an appropriate motion at any time to decertify, limit, extend or otherwise modify or redefine the Class in accordance with Fed. R. Civ. P. 23(c)(1)(C), or (ii) the right of the Court to alter or amend this Stipulation and Order at any time before entry of a final judgment on the merits in accordance with Fed. R. Civ. P. 23(c)(1)(C) or to make such other orders as may be appropriate.

IT IS SO STIPULATED.

**KESSLER TOPAZ MELTZER & CHECK, LLP**


/s/ Sharan Nirmul

Sharan Nirmul
Gregory M. Castaldo
Richard A. Russo, Jr.
Lisa M. Port
Nathan A. Hasiuk
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
snirmul@ktmc.com
gcastaldo@ktmc.com
rrusso@ktmc.com
llambport@ktmc.com
nhasiuk@ktmc.com


**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**


/s/ Salvatore J. Graziano

Salvatore J. Graziano
John Rizio-Hamilton
Jai Chandrasekhar
Kate W. Aufses
1251 Avenue of the Americas

**DAVIS POLK & WARDWELL LLP**


/s/ Jonathan K. Chang

Lawrence Portnoy
Brian S. Weinstein
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4874
lawrence.portnoy@davispolk.com
brian.weinstein@davispolk.com

Jonathan K. Chang
18/F, The Hong Kong Club Building
3A Chater Road, Hong Kong SAR
Tel: +852-2533-1028
Fax: +852-2533-4358
jonathan.chang@davispolk.com


*Attorneys for Defendant Luckin Coffee Inc.*

New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
johnr@blbglaw.com
salvatore@blbglaw.com
jai@blbglaw.com
kate.aufses@blbglaw.com

*Counsel for Lead Plaintiffs Sjunde AP-Fonden
and Louisiana Sheriffs' Pension & Relief
Fund and Proposed Class Counsel*

**IT IS SO ORDERED.**

Dated: ____March 5, 2021_____


_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE

6