**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement dated as of October 20, 2021 (the "Stipulation") is entered into between (a) Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund (together, "Lead Plaintiffs" or "Class Representatives"), on behalf of themselves and the other members of the Class (defined below); and (b) Luckin Coffee Inc. (in Provisional Liquidation) ("Luckin" or the "Company"), and embodies the terms and conditions of the settlement of the above-captioned action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Luckin.

WHEREAS:

A.     Luckin is a Cayman Islands corporation with principal executive offices in Fujian, China. During the Class Period, Luckin operated an extensive network of retail coffee stores in China. Luckin conducted an initial public offering of American Depository Shares ("ADSs") on May 17, 2019 (the "IPO") and a secondary public offering of ADSs on January 10, 2020 (the

---

[1]     All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

"SPO"). Luckin's ADSs traded on the NASDAQ under the ticker symbol "LK" following the IPO until June 29, 2020.

       B.      In the offering materials for the IPO, in the quarters following the IPO, and in the offering materials for the SPO, Luckin reported increasing revenues. However, on January 31, 2020, an anonymous report was published by Muddy Waters Research, suggesting that Luckin's increased revenues were fraudulent. On April 2, 2020, the Company voluntarily disclosed that nearly $300 million of its sales between the second and fourth quarters of 2019 were associated with fabricated transactions and advised investors to "no longer rely upon the Company's previous financial statements and earnings releases for the nine months ended September 30, 2019 and the two quarters starting April 1, 2019 and ended September 30, 2019, including the prior guidance on net revenues from products for the fourth quarter of 2019, and other communications relating to these consolidated financial statements." The price of Luckin's ADSs dropped dramatically following these revelations and, on June 29, 2020, trading of Luckin's ADSs on the NASDAQ was suspended.

       C.      Beginning in February 2020, a series of lawsuits alleging that Luckin and other defendants had violated United States securities laws were filed in the United States District Court for the Southern District of New York (the "Court"). On May 15, 2020, the Court entered an Order that consolidated all related actions into the Action. ECF No. 104.

       D.      On June 12, 2020, the Court issued an Opinion and Order appointing Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund as Lead Plaintiffs for the Action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and approving Lead Plaintiffs'

2

selection of Kessler Topaz Meltzer & Check, LLP ("KTMC") and Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") as Lead Counsel. ECF No. 118.

E.  On September 24, 2020, Lead Plaintiffs filed the operative complaint in the Action - the Consolidated Class Action Complaint ("Complaint"). ECF No. 150. The Complaint asserts that Luckin and certain other defendants[2] violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Section 11 of the Securities Act of 1933 ("Securities Act"). The Complaint alleges, among other things, that Defendants included material misstatements and omissions in the offering documents for the IPO and the SPO regarding, *inter alia*: (i) Luckin's compliance with laws and regulations, GAAP, and internal controls over financial reporting; (ii) the reasons for Luckin's increased earnings and growth leading up to the IPO and between the IPO and the SPO; (iii) Defendants' reported revenues and expenses; and (iv) Luckin's related-party transactions. In addition, the Complaint alleges that the offering materials for the SPO omitted material facts concerning the margin loan facility some of the underwriters for the SPO entered into with Charles Zhengyao Lu, Luckin's co-founder and then Chairman of Luckin's Board of Directors, and Jenny Zhiya Qian, Luckin's co-founder and then member of Luckin's Board of Directors. The Complaint further alleges that between the May 17, 2019 IPO and the January 10, 2020 SPO, Luckin and certain other Defendants made material misstatements and omissions regarding, among other things, Luckin's operating expenses and financial reports, and, following the SPO, falsely denied allegations contained in the report published by Muddy Waters Research on January 31, 2020.

---

[2]  The following were named as defendants in the Complaint: (i) Luckin; (ii) Charles Zhengyao Lu, Jenny Zhiya Qian, Jian Liu, and Reinout Hendrik Schakel (the "Executive Defendants"); (iii) Hui Li, Erhai Liu, Jinyi Guo, Sean Shao, and Thomas P. Meier (the "Director Defendants"); and (iv) Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Haitong International Securities Company Limited, KeyBanc Capital Markets Inc., and Needham & Company, LLP (the "Underwriter Defendants") (collectively, "Defendants").

F.      On November 23, 2020, Luckin moved to dismiss certain portions of the Complaint and the Underwriter Defendants moved to dismiss the Complaint in its entirety. ECF Nos. 204 & 210. On January 22, 2021, Lead Plaintiffs opposed Luckin's and the Underwriter Defendants' motions to dismiss. ECF Nos. 220 & 222. On February 4, 2021, Defendant Thomas P. Meier filed a motion to dismiss the Complaint. ECF No. 224.

G.      While the Action was proceeding in the Court, Luckin entered into provisional liquidation proceedings. On July 15, 2020, Luckin announced that by order of the Grand Court of the Cayman Islands (the "Grand Court"), provisional liquidators had been appointed over the Company ("Joint Provisional Liquidators" or "JPLs") following the presentation of a winding-up petition filed by a creditor of the Company.[3]

H.      On January 29, 2021, Luckin's JPLs disclosed that they had reached an agreement in principle with holders of Luckin's convertible bonds, and that they would separately seek to resolve the claims of investors in Luckin ADSs that are members of the Class in the Action.

I.      On February 5, 2021, Luckin's JPLs commenced a proceeding under Chapter 15 of the U.S. Bankruptcy Code to recognize the Cayman Islands provisional liquidation proceeding as a foreign main proceeding in order to seek certain protections under the U.S. Bankruptcy Code. The U.S. bankruptcy proceeding is pending in the Bankruptcy Court for the Southern District of New York. *See In re Luckin Coffee Inc. (In Provisional Liquidation)*, No. 21-10228 (MG) (Bankr. S.D.N.Y.).

---

[3]      In December 2020, Luckin and the U.S. Securities and Exchange Commission entered in a consent decree under which Luckin agreed to pay a $180 million civil penalty for violations of the Exchange Act, which was approved by the Court on February 4, 2021. The amount of Luckin's civil penalty will be offset by any cash payments made by Luckin and distributed to its security holders pursuant to the implementation of any scheme of arrangement in accordance with section 86 of the Cayman Islands Company Law, as set forth in the final judgment entered by the court on February 4, 2021 in the action *Securities and Exchange Commission v. Luckin Coffee, Inc.*, 1:20-cv-10631-MKV.

J.    On March 2, 2021, Lead Plaintiffs and Luckin filed a stipulation and proposed order provisionally certifying the Class for purposes of negotiating and implementing a settlement. ECF No. 245. On March 5, 2021, the Court issued an Order (i) granting provisional class certification of the Class for settlement purposes; (ii) certifying a class consisting of all persons and entities (and their beneficiaries) that purchased or otherwise acquired the ADSs of Luckin between May 17, 2019 through July 15, 2020, inclusive (the "Class");[4] (iii) appointing Lead Plaintiffs Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund as Class Representatives; and (iv) appointing KTMC and BLB&G as Class Counsel.

K.    On May 14, 2021, Class Representatives and Luckin filed a stipulation and proposed order regarding dissemination of class notice. ECF No. 258. On July 6, 2021, the Court issued an Order approving the form and manner of notifying the Class of the pendency of the Action as a class action. Pursuant to the Order, the Notice of Pendency of Class Action ("Notice of Pendency" or "Class Notice") was mailed to potential Class Members and a summary notice was published in *The Wall Street Journal* and transmitted over *PR Newswire*. The Notice of Pendency and summary notice informed potential Class Members that requests for exclusion from the Class were to be postmarked no later than September 17, 2021. One hundred ten (110) valid timely requests for exclusion from the Class were received in connection with the Notice of Pendency. A list of the persons and entities who have requested exclusion pursuant to the Notice of Pendency is attached hereto as Appendix 1.

L.    While notice was being provided to the Class, Class Representatives and Luckin (the "Settling Parties") began discussing the possibility of resolving the Action through settlement.

---

[4]    Excluded from the Class are Defendants and their families; the Officers, directors and affiliates of Defendants; members of Defendants' Immediate Families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest.

On September 20, 2021, the Settling Parties executed a term sheet ("Term Sheet") setting forth their agreement in principle to settle the Action. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Settling Parties and supersedes the Term Sheet.

M.     On September 21, 2021, the Settling Parties notified the Court of the proposed Settlement.

N.     Based upon their investigation and prosecution of the Action and the Settling Parties' settlement negotiations, Class Representatives and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Class Representatives and the other members of the Class, and in their best interests. Based on Class Representatives' direct oversight of the prosecution of this matter and with the advice of their counsel, Class Representatives have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) Luckin's pending bankruptcy proceedings and current financial condition; (b) the substantial financial benefit that Class Representatives and the other members of the Class will receive under the proposed Settlement; (c) the significant risks and costs of continued litigation and trial; and (d) the desirability of permitting the proposed Settlement to be consummated as provided by this Stipulation.

O.     This Stipulation constitutes a compromise of all matters that are in dispute between the Settling Parties. Luckin is entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Luckin denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Luckin or any of the other Defendants' Released Parties with respect to

any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Luckin or any of the other Defendants' Released Parties have, or could have, asserted. Luckin expressly denies that Class Representatives have asserted any valid claims as to any of them, and expressly denies any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Representatives of any infirmity in any of the claims asserted in the Action, or an admission or concession that Luckin's or any of the other Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Class Representatives (individually and on behalf of all other members of the Class) and Luckin, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Settling Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Released Parties and all Released Defendants' Claims as against the Plaintiffs' Released Parties shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.     As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a.     "Action" means the securities class action styled *In re Luckin Coffee Inc. Securities Litigation*, Case No. 1:20-cv-01293-JPC-JLC (S.D.N.Y.).

b.     "ADSs" means American Depository Shares.

c.     "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

d.     "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

e.     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

f.     "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

g.     "Claims Administrator" or "Epiq" means Epiq Class Action & Claims Solutions, Inc., the firm appointed and authorized by the Court to supervise and administer the notice procedure in connection with the Notice of Pendency and that Class Representatives propose be retained, subject to Court approval, to provide all notices of the Settlement approved by the Court to potential Class Members and to administer the Settlement.

h.     "Class" means, as provisionally certified for purposes of settlement in the Court's March 5, 2021 Order (ECF No. 245), all persons and entities (and their beneficiaries) that purchased or otherwise acquired the ADSs of Luckin between May 17, 2019 through July 15, 2020, inclusive. Excluded from the Class are Defendants in the Action; the Officers, directors, and affiliates of Defendants; members of Defendants' Immediate Families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are (i) the persons or entities that validly requested exclusion from the Class following the procedures set forth in the Class Notice, as set forth in Appendix 1 hereto, and (ii) if and only if the Court requires an additional opportunity for

Class Members to request exclusion from the Class in connection with the Settlement, any persons or entities who exclude themselves by submitting a valid request for exclusion in connection with the Settlement Notice.

        i.     "Class Counsel" or "Lead Counsel" means Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP.

        j.     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

        k.     "Class Member" means each person and entity who or which is a member of the Class.

        l.     "Class Period" means the period from May 17, 2019 through July 15, 2020, inclusive.

        m.     "Class Representatives" or "Lead Plaintiffs" means Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund.

        n.     "Complaint" means the Consolidated Class Action Complaint filed with the Court on September 24, 2020.

        o.     "Court" means the United States District Court for the Southern District of New York.

        p.     "Defendants" means the defendants named in the Complaint: Luckin, the Executive Defendants, the Director Defendants, and the Underwriter Defendants.

        q.     "Defendants' Released Parties" means Defendants, Haode Investment Inc., Primus Investments Fund, L.P., Summer Fame Limited, Lucky Cup Holdings Limited, Fortunate Cup Holdings Limited, Mayer Investments Fund, L.P., Chiang Sheung Lin, Richard Arthur,

Cogency Global Inc., and Ernst & Young Hua Ming LLP, and each of their past, present and future affiliated persons and entities including but not limited to their beneficial owners, any entities under common control with any of them, their Immediate Families and their legal representatives (including court-appointed liquidators), heirs, successors or assigns, and any entity in which a Defendants' Released Party has a direct or indirect controlling interest or which has a direct or indirect controlling interest in a Defendants' Released Party.

   r. "Director Defendants" means Hui Li, Erhai Liu, Jinyi Guo, Sean Shao, and Thomas P. Meier.

   s. "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 37 of this Stipulation have been met and have occurred or have been waived.

   t. "Escrow Account" means an account maintained at The Huntington National Bank.

   u. "Escrow Agent" means The Huntington National Bank.

   v. "Escrow Agreement" means the agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

   w. "Executive Defendants" means Charles Zhengyao Lu, Jenny Zhiya Qian, Jian Liu, and Reinout Hendrik Schakel.

   x. "Final," with respect to the Judgment or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such

appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

y.      "Grand Court" means the Grand Court of the Cayman Islands.

z.      "Immediate Family" means, as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

aa.      "JPLs" means Joint Provisional Liquidators.

bb.      "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

cc.      "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Class Representatives directly related to their representation of the Class), for which Class Counsel intend to apply to the Court for payment or reimbursement from the Settlement Fund.

dd.      "Luckin" or the "Company" means Luckin Coffee Inc.

ee.      "Luckin's Counsel" means Davis Polk & Wardwell LLP.

ff.   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

gg.   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Class Counsel in connection with:  (i) providing notices to the Class, including the Class Notice, Settlement Notice, and Claim Form; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

hh.   "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

ii.   "Plaintiffs' Counsel" means Class Counsel, Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP, additional counsel Klausner Kaufman Jensen & Levinson, and bankruptcy counsel, Lowenstein Sandler LLP.

jj.   "Plaintiffs' Released Parties" means (i) Class Representatives, Plaintiffs' Counsel, and all other Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

kk.   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Settlement Notice.

ll.     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

mm.   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

nn.    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

oo.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants except for claims relating to the enforcement of the Settlement.

pp.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, accrued or unaccrued, in law or in equity, whether arising under federal, state, common or foreign law, whether direct, indirect, or derivative, that Lead Plaintiffs or any other member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of, relate to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and relate to or arise from the purchase or acquisition of Luckin ADSs during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

qq. "Releasee(s)" means each and any of the Defendants' Released Parties and each and any of the Plaintiffs' Released Parties.

rr. "Releases" means the releases set forth in ¶¶ 6-7 of this Stipulation.

ss. "Scheme Supervisors" means Luckin's JPLs (or alternative and additional persons of at least the Managing Director level from Alvarez & Marsal mutually agreeable to the Company and the Majority Consenting Noteholders) who shall, in addition to any other administrative responsibilities associated with the implementation of the transactions contemplated and provided for in the terms of the scheme of arrangement relating to the convertible notes issued by Luckin in January 2020, be appointed as supervisors in respect of the Company and its subsidiaries' finances and operations to implement and administer the scheme of arrangement and to continue to oversee and monitor the finances and operations of the Company upon the terms set out in a scheme supervisor protocol.

tt. "Settlement" means the settlement between Class Representatives and Luckin on the terms and conditions set forth in this Stipulation.

uu. "Settlement Amount" means $175,000,000.00 U.S. dollars in cash.

vv. "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

ww. "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

xx. "Settlement Notice" means the Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Class Members.

yy.   "Settling Parties" means Luckin and Class Representatives, on behalf of themselves and the Class.

zz.   "Summary Settlement Notice" means the Summary Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

aaa.   "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Class Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

bbb.   "Underwriter Defendants" means Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Haitong International Securities Company Limited, KeyBanc Capital Markets Inc., and Needham Company, LLC.

ccc.   "Unknown Claims" means any Released Plaintiffs' Claims which any Class Representative or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which Luckin does not know or suspect to exist in its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives and Luckin shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of

15

the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred

by any law of any state or territory of the United States, or principle of common law or foreign

law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does
> not know or suspect to exist in his or her favor at the time of executing the release
> and that, if known by him or her, would have materially affected his or her
> settlement with the debtor or released party.

Class Representatives and Luckin acknowledge, and each of the other Class Members shall be

deemed by operation of law to have acknowledged, that the foregoing waiver was separately

bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      Class Representatives will file a motion for preliminary approval of the Settlement

and authorization to provide notice of the Settlement to the Class by no later than five (5) business

days of execution of this Stipulation. This motion shall be unopposed by Luckin. Concurrently

with the motion for preliminary approval, Class Representatives shall apply to the Court for, and

Luckin shall agree to, entry of the Preliminary Approval Order, substantially in the form attached

hereto as Exhibit A.

3.      Solely for purposes of the Settlement and for no other purpose, Luckin stipulates

and agrees to:  (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3)

of the Federal Rules of Civil Procedure on behalf of the Class; (b) certification of Lead Plaintiffs

as Class Representatives for the Class; and (c) appointment of Lead Counsel as Class Counsel for

the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. The Settling Parties agree

that, based on prevailing law, there is no requirement to provide the Class a second opportunity to

opt out of the Class since they were already given the opportunity to opt out in connection with

the Notice of Pendency. If, contrary to the Settling Parties' agreement, the Court requires a second

opt-out period, this shall not be deemed a material alteration of the Preliminary Approval Order or the Settlement itself, sufficient to constitute grounds for any Settling Party to terminate the Settlement.

4.      The Settlement requires the approval of the Grand Court of the Cayman Islands pursuant to Schedule 3, Part 1, paragraph 5 of the Cayman Island's Companies Act (2021 Revision). Luckin's JPLs will seek sanction of the Settlement from the Grand Court as soon as reasonably possible.

<u>**RELEASE OF CLAIMS**</u>

5.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Luckin; and (b) the Releases provided for herein.

6.      Pursuant to the Judgment without further action by anyone, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Luckin and the other Defendants' Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Released Parties in any jurisdiction.

7.      Pursuant to the Judgment without further action by anyone, upon the Effective Date of the Settlement, Luckin, on behalf of itself, and its heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released,

resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representatives and the other Plaintiffs' Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Released Parties in any jurisdiction. This release shall not apply to any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

8.      Notwithstanding ¶¶ 6-7 above, nothing in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

9.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Released Parties, Luckin, on behalf of all Defendants' Released Parties, shall pay or cause to be paid the Settlement Amount into the Escrow Account. To the extent any contribution is obtained by Luckin from any of the Released Defendants' Parties or its insurance carriers to fund any portion of the Settlement Amount, such contribution shall not change the Settlement Amount.  The Defendants other than Luckin shall have no responsibility or liability to pay any portion of the Settlement Amount

10.     The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees to Plaintiffs' Counsel in the Action, administrative costs, expenses, Class Member benefits, Class Representative awards, and other costs associated with the Settlement.

11.     No later than five (5) business days after the date of entry by the Court of an order preliminarily approving this Settlement, Lead Counsel will provide Luckin's Counsel with the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in

which the Settlement Amount is to be deposited. Luckin will use its best efforts to cause the Settlement Amount to be deposited into the Escrow Account by no later than June 30, 2022. Luckin will use its best efforts to obtain approvals of the relevant authorities in the People's Republic of China and, if applicable at the time, Luckin's JPLs and/or the Scheme Supervisors necessary for payment by June 30, 2022. In the event such approvals are not obtained by June 30, 2022, Luckin and Class Representatives shall confer regarding the status and anticipated timing of obtaining the necessary approvals. The Settling Parties will seek to schedule the hearing for final approval after the Settlement Amount has been deposited into the Escrow Account.

### USE OF SETTLEMENT FUND

12.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 28-35 below.

13.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Class Counsel, the Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b)

secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

14.     The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Class Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Released Parties shall not have any liability or responsibility for any such Taxes. Upon written request, Luckin will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e). Class Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Class Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Released

Parties' shall have no responsibility or liability for the acts or omissions of Class Counsel or their agents with respect to the payment of Taxes, as described herein.

16.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, neither Luckin nor any other person or entity (including Defendants' Released Parties or Luckin's insurance carriers) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.     All Notice and Administration Costs will be paid from the Settlement Fund. Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Class Notice and Settlement Notice, publishing the summary notices, reimbursements to nominee owners for searching and providing the names/addresses of prospective Class Members for noticing or forwarding the Class Notice, and the Settlement Notice and Claim Form directly to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Class Counsel may pay all reasonable Notice and Administration Costs actually incurred and paid or payable, without further approval from Luckin or further order of the Court.  To the extent necessary, Class Counsel will advance the Notice and Administration Costs until the funding of the Settlement Amount. Upon deposit of the Settlement Amount in accordance with ¶ 11 above, any Notice and Administration Costs advanced by Class Counsel may be reimbursed to Class Counsel from the Settlement Fund

without further order of the Court. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Luckin, any of the other Defendants' Released Parties, or any other person or entity (including Luckin's insurance carriers) who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

18.     Class Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees to be paid solely from (and out of) the Settlement Fund. Class Counsel also will apply to the Court for reimbursement or payment of Plaintiffs' Counsel's Litigation Expenses, which may include a request for reimbursement of Class Representatives' costs and expenses directly related to their representation of the Class, to be paid solely from (and out of) the Settlement Fund. Class Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Luckin and Class Representatives other than what is set forth in this Stipulation.

19.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Class Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Class Counsel shall make the appropriate refund or repayment in full no

later than thirty (30) days after receiving from Luckin's Counsel or from a court of appropriate jurisdiction notice of any such reduction of the award of attorneys' fees and/or Litigation Expenses by a non-appealable order, or notice of the termination of the Settlement. Any disapproval or modification of an application for an award of attorneys' fees and/or Litigation Expenses by the Court shall not affect the enforceability of this Stipulation, nor provide any of the Settling Parties with the right to cancel or terminate the Settlement, nor impose an obligation on Luckin to increase the compensation paid in connection with the Settlement. Any appeal relating to an award of attorneys' fees or expenses will not affect the finality of the Settlement, the Judgment, or the Releases provided herein.

20.    Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendants' Released Parties shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Class Counsel shall be payable solely from the Escrow Account.

21.    Any attorneys' fees and expenses incurred by any persons or entities who submit a valid request exclusion from the Class will be the responsibility of those parties and will not be paid from the Settlement Amount.

## NOTICE AND SETTLEMENT ADMINISTRATION

22.    As part of the Preliminary Approval Order, Class Counsel shall seek appointment of Epiq (i.e., the same administrator appointed in connection with the Notice of Pendency) as Claims Administrator.

23.     Neither Luckin nor any other Defendants' Released Parties shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Class Representatives, any other Class Members, or Class Counsel in connection with the foregoing. Luckin's Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court.

24.     In accordance with the terms of the Preliminary Approval Order, Class Counsel shall cause the Claims Administrator to mail the Settlement Notice and Claim Form to those members of the Class who were identified in connection with the Notice of Pendency or any other members of the Class that may be identified. Class Counsel shall also cause the Claims Administrator to have the Summary Settlement Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

25.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Luckin shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Luckin is solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Luckin shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

26.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Settlement Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

27.    The Plan of Allocation set forth in the Settlement Notice is being proposed by Class Counsel and is subject to Court approval. The Plan of Allocation is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Class Representatives and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Luckin and the other Defendants' Released Parties shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. Neither Luckin nor any other Defendants' Released Parties shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

28.    Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Released Parties with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

29.     Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. Neither Luckin nor any other Defendants' Released Parties shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim for payment. Class Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

30.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

b.     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Settlement Notice. Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Released Party with respect to any Released

Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c.      Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d.      Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e.      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review

thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

31.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

32.     Class Counsel will apply to the Court, on notice to Luckin's Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

33.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Released Parties in any jurisdiction with respect to any and all of the Released Plaintiffs' Claims.

34.     No person or entity shall have any claim against Class Representatives, Class Counsel, the Claims Administrator, or any other agent designated by Class Counsel, or

Defendants' Released Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Class Representatives and Luckin, and their respective counsel, and Class Representatives' damages consultant and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

35.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members, other Claimants, and the Settling Parties expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**THE JUDGMENT**

36.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Luckin's Counsel shall request that the Court enter a Judgment substantially in the form attached hereto as Exhibit B.

**CONDITIONS OF SETTLEMENT AND EFFECT OF
DISAPPROVAL, CANCELLATION OR TERMINATION**

37.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

      a.      the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

      b.      the Settlement has received approval by the Grand Court;

      c.      the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶¶ 9-11 above;

      d.      Luckin has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

      e.      Class Representatives have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

      f.      the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

38.      Upon the occurrence of all of the events referenced in ¶ 37(a)-(f) above, any and all remaining interest or right of Luckin in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

39.      If (i) Luckin exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Class Representatives exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Grand Court or Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

      a.      The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

b.     Class Representatives and Luckin shall revert to their respective litigation positions in the Action immediately prior to the execution of the Term Sheet on September 20, 2021;

c.     Neither Class Representatives nor Luckin will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in the Action;

d.     The terms and provisions of this Stipulation, with the exception of this ¶ 39 and ¶¶ 17, 19, 42, and 61, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

e.     Within five (5) business days after joint written notification of termination is sent by Luckin's Counsel and Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Class Counsel consistent with ¶ 19 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Luckin (or such other persons or entities as Luckin may direct). In the event that the funds received by Class Counsel consistent with ¶ 19 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Luckin (or such other persons or entities as Luckin may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 19 above.

40.     It is further stipulated and agreed that Luckin and Class Representatives, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Settling Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Grand Court's refusal to approve the Settlement; (c) the Court's final refusal to approve the Settlement or any material part thereof; (d) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (e) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 39 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of the Judgment and shall not be grounds for termination of the Settlement.

41.     In addition to the grounds set forth in ¶ 40 above, Luckin shall have the option to terminate the Settlement in the event that the total damages of the persons and entities who validly request exclusion from the Class (including, in the event the Court orders a second opportunity to opt out of the Class in connection with the Settlement, any valid opt-outs from a subsequent opt-out deadline) meet the conditions set forth in Luckin's confidential supplemental agreement with Class Representatives (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Settlement Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between

Luckin and Class Representatives concerning its interpretation or application, in which event the Settling Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

42.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.      shall be offered against any of the Defendants' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Released Parties with respect to the truth of any fact alleged by Class Representatives or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Released Parties or in any way referred to for any other reason as against any of the Defendants' Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.      shall be offered against any of the Plaintiffs' Released Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Parties that any of their claims are without merit, that

any of the Defendants' Released Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

       c.    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

43.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

44.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Luckin to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Class Representatives, Class Representatives and Luckin shall jointly move the Court to vacate and set aside the Releases given and the

Judgment entered in favor of Luckin and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment shall be null and void, and the Settling Parties shall be restored to their respective positions in the litigation as provided in ¶ 39(b) above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 39(e) above.

45.     The Settling Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Class Representatives and any other Class Members against the Defendants' Released Parties with respect to the Released Plaintiffs' Claims. Class Representatives and Luckin agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and the proposed Judgment will contain a statement to reflect this compliance. The Settling Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

46.     The Settling Parties agree that except as expressly provided herein, or as may otherwise be required by law, in response to any media inquiry regarding the fact of settlement or the terms of the Settlement, or regarding the amount of any payments made or claims released pursuant to the Settlement, the Settling Parties shall state only that the matter was resolved through settlement and shall provide no further comment, explanation, or description of the Settlement, other than a statement that the Settlement is in the best interests of the Settling Parties.

47.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Class Representatives and Luckin (or their successors-in-interest).

48.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

49.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Class Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

50.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

51.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Class Representatives and Luckin concerning the Settlement and this Stipulation and its exhibits. All Setting Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Settling Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

52.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

53.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Settling Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Settling Party hereto may merge, consolidate, or reorganize.

54.    The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate the Settlement shall be governed by the laws of the State of New York, regardless of the laws that might otherwise govern under any applicable conflict of laws principles, except to the extent that federal law requires that federal law govern.

55.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

56.    This Stipulation shall be interpreted in a neutral manner and shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

57.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

58.    Class Counsel and Luckin's Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other

documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

59.     If any Settling Party is required to give notice to another Settling Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

|  |  |
|---|---|
| If to Class Representatives or Class Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Attn:  Salvatore J. Graziano<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone:  (212) 554-1400<br>Facsimile:  (212) 554-1444<br>Email: salvatore@blbglaw.com |
|  | -and- |
|  | Kessler Topaz Meltzer & Check, LLP<br>Attn:  Sharan Nirmul<br>280 King of Prussia Road<br>Radnor, Pennsylvania 19087<br>Telephone:  (610) 667-7706<br>Facsimile:  (610) 667-7056<br>Email: snirmul@ktmc.com |
| If to Luckin: | Davis Polk & Wardwell LLP<br>Attn: Lawrence Portnoy<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Email: lawrence.portnoy@davispolk.com |

60.     Except as otherwise provided herein, each Settling Party shall bear its own costs.

61.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel

shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

62.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

63.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

64.     Defendants' Released Parties (other than Luckin) and Plaintiffs' Released Parties (other than Class Representatives) are intended third-party beneficiaries of this Stipulation. The Settling Parties intend those third-party beneficiaries to be able to enforce the terms of this Stipulation that apply to the third-party beneficiaries as if they were parties to this Stipulation.

65.     Luckin's JPLs are not parties to this Stipulation; however, by virtue of their role, they are acknowledging and agreeing to the terms of the Settlement embodied in this Stipulation.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of October 20, 2021.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _____
Salvatore J. Graziano
John Rizio-Hamilton
Jai Chandrasekhar
Kate W. Aufses
Nicholas Gersh
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
johnr@blbglaw.com
jai@blbglaw.com
kate.aufses@blbglaw.com
nicholas.gersh@blbglaw.com

**KESSLER TOPAZ MELTZER & CHECK, LLP**

By: _____
Sharan Nirmul
Gregory M. Castaldo
Richard A. Russo, Jr.
Lisa M. Port
Nathan A. Hasiuk
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
snirmul@ktmc.com
gcastaldo@ktmc.com
rrusso@ktmc.com
llambport@ktmc.com
nhasiuk@ktmc.com

*Counsel for Class Representatives Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund and Lead Counsel for the Class*

40

**DAVIS POLK & WARDWELL LLP**

By: _____
Lawrence Portnoy
Brian S. Weinstein
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
lawrence.portnoy@davispolk.com
brian.weinstein@davispolk.com

-and-

Jonathan K. Chang
18/F, The Hong Kong Club Building
3A Chater Road
Central, Hong Kong SAR
Telephone: +852 2533 1028
jonathan.chang@davispolk.com

*Attorneys for Defendant Luckin Coffee Inc.*


ACKNOWLEDGED AND AGREED:


_____     _____

Alexander Lawson          Wing Sze Tiffany Wong

In their capacities as Joint Provisional Liquidators of
Luckin Coffee Inc.

**DAVIS POLK & WARDWELL LLP**

By: _____
Lawrence Portnoy
Brian S. Weinstein
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
lawrence.portnoy@davispolk.com
brian.weinstein@davispolk.com

-and-

Jonathan K. Chang
18/F, The Hong Kong Club Building
3A Chater Road
Central, Hong Kong SAR
Telephone: +852 2533 1028
jonathan.chang@davispolk.com

*Attorneys for Defendant Luckin Coffee Inc.*

ACKNOWLEDGED AND AGREED:

_____          _____
Alexander Lawson                                      Wing Sze Tiffany Wong

In their capacities as Joint Provisional Liquidators of
Luckin Coffee Inc.

**Appendix 1**

1. Steven L. Adams
   Springfield, OH

2. Glenn G. Albanese
   Stuart, FL

3. Rene Arce
   Edinburg, TX

4. Tsuyoshi Arikuma
   Fulshear, TX

5. Amit Bhatia
   Jersey City, NJ

6. James Milton Brewster
   North Port, FL

7. William R. Brink
   Pleasant Hill, CA

8. Blake Butcher
   Federal Way, WA

9. Phil Calise
   Hewitt, NJ

10. Lori Chadli
    Baraboo, WI

11. Pang Chan and
    Oi-Chu Siu
    Santa Clarita, CA

12. Mayco A. Chavez
    Gainesville, GA

13. Chesi Assets Limited
    New York, NY

14. Ariana Cicatiello
    Secaucus, NJ

15. Billy Coleman
    Springfield, OH

16. Anthony Colozzi
    Madison, CT

17. Thomas Santo Cugliotta
    Bonita Springs, FL

18. Hannah Curtis
    APO, AP

19. Daniel Adrian Daciuk
    Cambria Heights, NY

20. Delroy Investment Holdings Limited
    New York, NY

21. Manjot S. Deol
    Andover, MA

22. Ionn Carlo Y. Diaz
    Houston, TX

23. Leonard Doherty
    Lakewood Ranch, FL

24. Alexis Figueroa
    Houston, TX

25. Anthony R. Forestiere
    Madera, CA

26. Joyce Lee Fox, Trustee
    FBO Gene Anne Schlesinger Trust
    Beverly Hills, CA

27. Ian Gillen
    Princeton, NJ

28. Kenneth Michael Graw Jr.
    Peyton, CO

29. Paul F. Griese
    Las Vegas, NV

30. Thomas Gunter
    Oceanside, CA

31. Michael John Haller
    Plattsmouth, NE

32. Kenneth Harris and
    Robyn K. Harris
    Pelham, AL

33. Valerie Havemann
    Willis, TX

34. Robert Helfenbein and
    Adam Helfenbein
    Oakham, MA

35. Cesar Alejandro Hernandez
    Reno, NV

36. Isli Hoxha
    Brooklyn, NY

37. Interactive Digital Finance Limited
    New York, NY

38. Noriko Iwashita
    Evanston, IL

39. Joseph Jackson III
    North Chili, NY

40. John Paul Jones IRA
    Winston Salem, NC

41. Kingfishers LP
    Kingstown 1740 Fund LP
    Kingstown Partners II L.P.
    Kingstown Partners Master Ltd.
    Ktown, LP
    c/o Kingstown Capital Management,
        LP
    New York, NY

42. Paul A. Knapic
    Oakland Gardens, NY

43. Sean Kovar
    Conroe, TX

44. Venkata Rajendra Ratna Kumar
    Kovvuri
    Bothell, WA

45. Richard S. Kriechbaum
    Scottsburg, IN

46. Hanpeng Li
    Irvine, CA

47. Yifei Lin
    Bayside, NY

48. Cathy Lin
    Hurricane, WV

49. Geza Locsey
    Zanesville, OH

50. Jane Liu
    Plano, TX

51. Lakshmirajyam Maddela
    Monroe, NJ

52. Roger Marshall
    Pasco, WA

53. Jair Martinez
    Concord, CA

54. Williams S. Millard and
    Sarah Millard
    Kingwood, TX

55. Marco Moroso
    Happy Valley, HONG KONG

56. Syed Hussain Salman Naqvi
    Lexington, MA

57. Chi Nguyen
    Corvallis, OR

58. Quoc Nguyen
    Liverpool, NY

59. Tam Nguyen
    Seattle, WA

60. Tam Thi Minh Nguyen
    Fort Mill, SC

61. Tonia B. Norris
    Louisville, KY

62. James Oberle
    Two Rivers, WI

63. Lars Erik Odsather
    Fairbanks, AK

64. Monty Patch
    Houston, TX

65. Jahnvi Patel on behalf of
    Sammath Patel and
    Shivan Patel
    Lithia, FL

66. Kamlesh Patel
    Lithia, FL

67. Russell J. Pierson
    Riverside, RI

68. Johan P.M. Poelmans
    Renton, WA

69. Dorothy B. Powell
    Conway, SC

70. Andy Lin Qiu
    San Juan, PR

71. Can D. Quang
    Honolulu, HI

72. Paulo A. Rhor
    Austin, TX

73. Rochester International Holdings
    Limited
    New York, NY

74. Gary Rogala
    Cumberland, RI

75. Teresa Rosado
    Yonkers, NY

76. Teresa E. Ruiz de Rubio and
    Elmer N. Rubio
    Glendale, AZ

77. Loretta Rushworth
    Duarte, CA

78. Noureddine Sabaou
    Houston, TX

79. Michael Sabol
    Claymont, DE

80. Jonathan D. Sato
    Campbell, CA

81. Jonathan D. Sato - Roth IRA
    Campbell, CA

82. Savern Finance Limited
    New York, NY

83. Harold T. Seitz
    Jackson Heights, NY

84. Areeba Sohail
    Freehold, NJ

85. John Stark
    Lansing, MI

86. TA Optimum Investment Limited
    New York, NY

87. TA Wealth Investment Limited
    New York, NY

88. TAN Kuay Fong
    New York, NY

89. Bernadette Yim Tang
    Chicago, IL

90. Marcus Taylor
Torrance, CA

91. Ariel Thompson
Hickory, NC

92. TIAH Joo Keng
New York, NY

93. TIAH Thee Kian
New York, NY

94. Wayne Thomas Todd and
Carol Ann Todd
Mount Pleasant, MI

95. Cesar Valenzuela
Foster City, CA

96. Helen E. Vince,
Individually and as Trustee of the
Edward A. Darocy Trust
Port St. Lucie, FL

97. Reed Arthur Voisine and
Marilyn Edna Voisine
Bristol, CT

98. Rudy Wahjudi
San Jose, CA

99. Margaretha Welkhammer
New York, NY

100. The Winslow Funds:

Nuveen Winslow Large-Cap Growth
ESG Fund
Nuveen Winslow Socially Aware
U.S. Large-Cap Growth Fund
Winslow Large-Cap Growth Fund
MainStay Winslow Large Cap
Growth Fund
MainStay VP Winslow Large Cap
Growth Portfolio
St. John's University
IBEW Local Union 481 Defined
Contribution Plan & Trust

St. Mary's University
Justin Kelly Revocable Trust
Justin and Susan Kelly Family, LLC
The Justin and Susan Kelly
Foundation
Justin Kelly
American Medical Association

c/o Winslow Capital Management
Minneapolis, MN

101. Christopher L. Winters
Lafayette, LA

102. William J. Witt
Phoenix, AZ

103. Patrick C. Wolford
Houston, TX

104. Bradley Wonka
Vero Beach, FL

105. Jack P. Wu
Parsippany, NJ

106. Said Yusifli
Littleton, CO

107. Edward Zemba, Jr.
Anchorage, AK

108. Brian Zhao
Plano, TX

109. Timothy M. O'Conner
Cincinnati, OH

110. Lai Ye
c/o AFN Law PLLC
Seattle, WA