# Exhibit A

**Exhibit A**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF THE SETTLEMENT

WHEREAS, an action is pending in this Court entitled *In re Luckin Coffee Inc. Securities Litigation*, Case No. 1:20-cv-01293-JPC-JLC (the "Action");

WHEREAS, on March 5, 2021, the Court issued an Order certifying the following class for settlement purposes: all persons and entities (and their beneficiaries) that purchased or otherwise acquired the American Depository Shares ("ADSs") of Luckin Coffee Inc. between May 17, 2019 through July 15, 2020, inclusive (the "Class");[1]

WHEREAS, (a) Sjunde AP Fonden and Louisiana Sheriffs' Pension & Relief Fund (together, "Class Representatives"), on behalf of themselves and the Class (defined below); and (b) Luckin Coffee Inc. (in Provisional Liquidation) ("Luckin" or the "Company") have determined

---

[1]    Excluded from the Class are Defendants (*i.e.*, Luckin Coffee Inc., Charles Zhengyao Lu, Jenny Zhiya Qian, Jian Liu, Reinout Hendrik Schakel, Hui Li, Erhai Liu, Jinyi Guo, Sean Shao, Thomas P. Meier, Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Haitong International Securities Company Limited, KeyBanc Capital Markets Inc., and Needham & Company, LLP); the Officers, directors, and affiliates of Defendants; members of Defendants' Immediate Families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the persons or entities that timely and validly requested exclusion from the Class following the procedures set forth in the Class Notice, as set forth in Appendix 1 of the Stipulation and Agreement of Settlement dated October 20, 2021 ("Stipulation").

to settle all claims asserted against Luckin and the other Defendants' Released Parties in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated October 20, 2021 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Class Representatives have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice of the Settlement to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Class Representatives' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.      **Settlement Hearing** – The Court will hold a settlement hearing ("Settlement Hearing") on _____ __, 2022 at _:__ _.m. in Courtroom 12D of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312 for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the

2

Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment that shall, among other things, provide for the dismissal of the Action with prejudice, should be entered; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.      The Court may adjourn the Settlement Hearing or decide to hold the Settlement Hearing telephonically without further notice to the Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4.      **Retention of Claims Administrator and Manner of Giving Notice** – Class Counsel are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator"), the administrator previously approved by the Court to administer the dissemination of notice in connection with certification of the Class ("Class Notice"), to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Class Counsel as follows:

(a)      not later than twenty (20) calendar days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Settlement Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Settlement Notice Packet"), to be mailed by first-class mail, or emailed,

3

to potential Class Members who were previously identified in connection with Class Notice, including those persons and entities listed in the records provided by Luckin, its securities transfer agent, and/or its depositary bank, and any other potential Class Members who otherwise may be identified through further reasonable effort, and shall cause a copy of the Settlement Notice Packet, to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's Nominee database;

(b)    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Settlement Notice and the Claim Form to be posted on the website developed in connection with Class Notice, www.LuckinCoffeeSecuritiesLitigation.com, from which copies of the Settlement Notice and Claim Form can be downloaded. In addition, Class Counsel shall post the Settlement Notice and Claim Form on their websites, www.blbglaw.com and www.ktmc.com;

(c)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(d)    not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Luckin's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.    **Approval of Form and Content of Settlement Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary

4

Settlement Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the proposed Settlement, of the effect of the Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

6.    **Nominee Procedures** – In the previously disseminated Class Notice, Nominees were advised that if they purchased or otherwise acquired Luckin ADSs during the period from May 17, 2019 through July 15, 2020, inclusive, for the beneficial interest of persons or entities other than themselves, they must either: (i) within seven (7) calendar days of receipt of the Class Notice, request from Epiq sufficient copies of the Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Class Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and last known addresses of all such beneficial owners to Epiq.

(a)    For Nominees who chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), Epiq shall forward the same number of

Settlement Notice Packets to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

(b)        For Nominees who chose the second option (i.e., provided a list of names and addresses of beneficial owners to Epiq), Epiq shall promptly mail a Settlement Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee purchased or otherwise acquired the Luckin ADSs during the Class Period for beneficial owners whose names and addresses were not previously provided to Epiq, or the Nominee is aware of name and address changes for these beneficial owners, these Nominees need not take any further action;

(c)        For Nominees who purchased or otherwise acquired Luckin ADSs during the Class Period for beneficial owners whose names and addresses were not previously provided to Epiq or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to Epiq, such Nominees shall within seven (7) calendar days of receipt of the Settlement Notice Packet, provide a list of the names and addresses of all such beneficial owners to Epiq, or shall request from Epiq sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners which the Nominee shall, within seven (7) calendar days of receipt of the Settlement Notice Packets from Epiq, mail to the beneficial owners; and

(d)        Upon full and timely compliance with this Order, Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses

6

incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.      **CAFA Notice** – As provided in the Stipulation, Luckin shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Luckin is solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Luckin shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

8.      **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.      Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker

account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Released Parties, as more fully described in the Stipulation and Settlement Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 9 above.

11.     **No Second Opportunity to Request Exclusion From the Class** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, as well as the notification they received that there may not be a second opportunity to opt out, the Court is exercising its discretion not to allow a second opportunity for Class Members to exclude

8

themselves from the Class in connection with the Settlement proceedings. *See, e.g., Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121 (9th Cir. 2018); *Denney v. Deutsch Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006).

12.    **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Class Counsel and Luckin's Counsel, at the addresses set forth in paragraph 13 below, such that it is received no later than June 24, 2022 (*i.e.*, fourteen (14) calendar days following the proposed date for the filing of Class Counsel's opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expense), or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Class Counsel.

13.    Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Luckin's Counsel at the addresses set forth below such that they are received no later than June 24, 2022.

| **Class Counsel** | **Luckin's Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP Salvatore J. Graziano, Esq. 1251 Avenue of the Americas New York, NY 10020 | Davis Polk & Wardwell LLP Lawrence Portnoy, Esq. 450 Lexington Avenue New York, NY 10017 |
| Kessler Topaz Meltzer & Check, LLP Sharan Nirmul, Esq. 280 King of Prussia Road Radnor, PA 19087 | |

14.     Any objections, filings, and other submissions by the objecting Class Member: (a) must identify the case name and docket number, *In re Luckin Coffee Inc. Securities Litigation*, Case No. 1:20-cv-01293-JPC-JLC (S.D.N.Y.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) must include documents sufficient to prove membership in the Class, including the number of Luckin ADSs that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

15.    Any Class Member who or which does not make his, her, or its objection in the manner provided herein may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

16.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Class Representatives and all other members of the Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Released Parties.

17.    **Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Action and of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

18.    **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.    **Taxes** – Class Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

20.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Class Representatives, the other Class Members, and Luckin, and the Settling Parties shall revert to their respective positions in the Action on September 19, 2021, as provided in the Stipulation.

21.    **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Released Parties with respect to the truth of any fact alleged by Class Representatives or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of

12

any of the Defendants' Released Parties or in any way referred to for any other reason as against any of the Defendants' Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Released Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Parties that any of their claims are without merit, that any of the Defendants' Released Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

22.    **<u>Supporting Papers</u>** – Class Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses on June 10, 2022; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this _____ day of _____, 2021.


_____
The Honorable John P. Cronan
United States District Judge

14