# Exhibit B

**Exhibit B**

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, an action is pending in this Court entitled *In re Luckin Coffee Inc. Securities Litigation*, Case No. 1:20-cv-01293-JPC-JLC (the "Action");

WHEREAS, on March 5, 2021, the Court issued an Order certifying the following class for settlement purposes: all persons and entities (and their beneficiaries) that purchased or otherwise acquired the American Depository Shares ("ADSs") of Luckin Coffee Inc. between May 17, 2019 through July 15, 2020, inclusive (the "Class");[1]

WHEREAS, (a) Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund (together, "Class Representatives"), on behalf of themselves and the Class; and (b) Luckin Coffee Inc. (in Provisional Liquidation) ("Luckin" or the "Company") have entered into the Stipulation that provides for a complete dismissal with prejudice of the claims asserted against Luckin and the

---

[1]     Excluded from the Class are Defendants (*i.e.*, Luckin Coffee Inc., Charles Zhengyao Lu, Jenny Zhiya Qian, Jian Liu, Reinout Hendrik Schakel, Hui Li, Erhai Liu, Jinyi Guo, Sean Shao, Thomas P. Meier, Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Haitong International Securities Company Limited, KeyBanc Capital Markets Inc., and Needham & Company, LLP); the Officers, directors, and affiliates of Defendants; members of Defendants' Immediate Families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the persons or entities that timely and validly requested exclusion from the Class following the procedures set forth in the Class Notice, as set forth in Appendix 1 of the Stipulation and Agreement of Settlement dated October 20, 2021 ("Stipulation").

other Defendants' Released Parties in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2021 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____ __, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Luckin and the other Defendants' Released Parties; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

2

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.       **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

2.       **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____ __, 2021; and (b) the Settlement Notice and the Summary Settlement Notice, both of which were filed with the Court on _____ __, 2022.

3.       **Notice** – The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Class Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Class Counsel's motion for attorneys' fees and Litigation Expenses; and (v) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has

been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all Class Members are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

4.      **CAFA Notice -** The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

5.      [**Objections** - The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

6.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Luckin and the other Defendants' Released Parties in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Class. Specifically, the Court finds that (a) Class Representatives and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Settling Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Settling Parties are directed to

4

implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all of the claims asserted against Luckin and the other Defendants in the Action by Class Representatives and the other Class Members are hereby dismissed with prejudice as to Luckin and all of the other Defendants' Released Parties. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Luckin and the other Defendants' Released Parties, Class Representatives, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9.      **Releases** – The Releases set forth in paragraphs 6 and 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Luckin and the other Defendants' Released Parties, and shall forever be barred and enjoined from

5

prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Released Parties in any jurisdiction.

(b)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Luckin, on behalf of itself, and its respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representatives and the other Plaintiffs' Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Released Parties in any jurisdiction. This release shall not apply to any person or listed on Exhibit 1 hereto.

10.    Notwithstanding paragraphs 9 (a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.    **Rule 11 Findings** – The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.    **No Admissions** – This Judgment, the Term Sheet, the Stipulation, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), any subsequent settlement, or the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, or any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the

6

Settlement (including any arguments proffered in connection therewith), shall not be offered or received against or to the prejudice of the Settling Parties or their respective counsel, for any purpose other than to enforce the terms of, the Stipulation, and in particular:

(a)    shall not be offered against any of the Defendants' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Released Parties with respect to the truth of any fact alleged by Class Representatives or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Released Parties or in any way referred to for any other reason as against any of the Defendants' Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall not be offered against any of the Plaintiffs' Released Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Parties that any of their claims are without merit, that any of the Defendants' Released Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(a)    shall not be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, the Settling Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

13.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Settling Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Class Representatives and Luckin are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the

8

Court, Class Representatives and Luckin may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representatives, the other Class Members, and Luckin, and the Settling Parties shall revert to their respective positions in the Action on September 20, 2021, as provided in the Stipulation.

17.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2022.

_____
The Honorable John P. Cronan
United States District Judge

9

**Exhibit 1**

**List of Persons and Entities Excluded from the Class Pursuant to Request**

1. Steven L. Adams
   Springfield, OH

2. Glenn G. Albanese
   Stuart, FL

3. Rene Arce
   Edinburg, TX

4. Tsuyoshi Arikuma
   Fulshear, TX

5. Amit Bhatia
   Jersey City, NJ

6. James Milton Brewster
   North Port, FL

7. William R. Brink
   Pleasant Hill, CA

8. Blake Butcher
   Federal Way, WA

9. Phil Calise
   Hewitt, NJ

10. Lori Chadli
    Baraboo, WI

11. Pang Chan and
    Oi-Chu Siu
    Santa Clarita, CA

12. Mayco A. Chavez
    Gainesville, GA

13. Chesi Assets Limited
    New York, NY

14. Ariana Cicatiello
    Secaucus, NJ

15. Billy Coleman
    Springfield, OH

16. Anthony Colozzi
    Madison, CT

17. Thomas Santo Cugliotta
    Bonita Springs, FL

18. Hannah Curtis
    APO, AP

19. Daniel Adrian Daciuk
    Cambria Heights, NY

20. Delroy Investment Holdings Limited
    New York, NY

21. Manjot S. Deol
    Andover, MA

22. Ionn Carlo Y. Diaz
    Houston, TX

23. Leonard Doherty
    Lakewood Ranch, FL

24. Alexis Figueroa
    Houston, TX

25. Anthony R. Forestiere
    Madera, CA

26. Joyce Lee Fox, Trustee
    FBO Gene Anne Schlesinger Trust
    Beverly Hills, CA

27. Ian Gillen
    Princeton, NJ

28. Kenneth Michael Graw Jr.
    Peyton, CO

10

29. Paul F. Griese
    Las Vegas, NV

30. Thomas Gunter
    Oceanside, CA

31. Michael John Haller
    Plattsmouth, NE

32. Kenneth Harris and
    Robyn K. Harris
    Pelham, AL

33. Valerie Havemann
    Willis, TX

34. Robert Helfenbein and
    Adam Helfenbein
    Oakham, MA

35. Cesar Alejandro Hernandez
    Reno, NV

36. Isli Hoxha
    Brooklyn, NY

37. Interactive Digital Finance Limited
    New York, NY

38. Noriko Iwashita
    Evanston, IL

39. Joseph Jackson III
    North Chili, NY

40. John Paul Jones IRA
    Winston Salem, NC

41. Kingfishers LP
    Kingstown 1740 Fund LP
    Kingstown Partners II L.P.
    Kingstown Partners Master Ltd.
    Ktown, LP
    c/o Kingstown Capital Management,
        LP
    New York, NY

42. Paul A. Knapic
    Oakland Gardens, NY

43. Sean Kovar
    Conroe, TX

44. Venkata Rajendra Ratna Kumar
    Kovvuri
    Bothell, WA

45. Richard S. Kriechbaum
    Scottsburg, IN

46. Hanpeng Li
    Irvine, CA

47. Yifei Lin
    Bayside, NY

48. Cathy Lin
    Hurricane, WV

49. Geza Locsey
    Zanesville, OH

50. Jane Liu
    Plano, TX

51. Lakshmirajyam Maddela
    Monroe, NJ

52. Roger Marshall
    Pasco, WA

53. Jair Martinez
    Concord, CA

54. Williams S. Millard and
    Sarah Millard
    Kingwood, TX

55. Marco Moroso
    Happy Valley, HONG KONG

56. Syed Hussain Salman Naqvi
    Lexington, MA

11

57. Chi Nguyen
    Corvallis, OR

58. Quoc Nguyen
    Liverpool, NY

59. Tam Nguyen
    Seattle, WA

60. Tam Thi Minh Nguyen
    Fort Mill, SC

61. Tonia B. Norris
    Louisville, KY

62. James Oberle
    Two Rivers, WI

63. Lars Erik Odsather
    Fairbanks, AK

64. Monty Patch
    Houston, TX

65. Jahnvi Patel on behalf of
    Sammath Patel and
    Shivan Patel
    Lithia, FL

66. Kamlesh Patel
    Lithia, FL

67. Russell J. Pierson
    Riverside, RI

68. Johan P.M. Poelmans
    Renton, WA

69. Dorothy B. Powell
    Conway, SC

70. Andy Lin Qiu
    San Juan, PR

71. Can D. Quang
    Honolulu, HI

72. Paulo A. Rhor
    Austin, TX

73. Rochester International Holdings
    Limited
    New York, NY

74. Gary Rogala
    Cumberland, RI

75. Teresa Rosado
    Yonkers, NY

76. Teresa E. Ruiz de Rubio and
    Elmer N. Rubio
    Glendale, AZ

77. Loretta Rushworth
    Duarte, CA

78. Noureddine Sabaou
    Houston, TX

79. Michael Sabol
    Claymont, DE

80. Jonathan D. Sato
    Campbell, CA

81. Jonathan D. Sato - Roth IRA
    Campbell, CA

82. Savern Finance Limited
    New York, NY

83. Harold T. Seitz
    Jackson Heights, NY

84. Areeba Sohail
    Freehold, NJ

85. John Stark
    Lansing, MI

86. TA Optimum Investment Limited
    New York, NY

12

87. TA Wealth Investment Limited
New York, NY

88. TAN Kuay Fong
New York, NY

89. Bernadette Yim Tang
Chicago, IL

90. Marcus Taylor
Torrance, CA

91. Ariel Thompson
Hickory, NC

92. TIAH Joo Keng
New York, NY

93. TIAH Thee Kian
New York, NY

94. Wayne Thomas Todd and
Carol Ann Todd
Mount Pleasant, MI

95. Cesar Valenzuela
Foster City, CA

96. Helen E. Vince,
Individually and as Trustee of the
Edward A. Darocy Trust
Port St. Lucie, FL

97. Reed Arthur Voisine and
Marilyn Edna Voisine
Bristol, CT

98. Rudy Wahjudi
San Jose, CA

99. Margaretha Welkhammer
New York, NY

100. The Winslow Funds:

Nuveen Winslow Large-Cap Growth
ESG Fund
Nuveen Winslow Socially Aware

U.S. Large-Cap Growth Fund
Winslow Large-Cap Growth Fund
MainStay Winslow Large Cap
Growth Fund
MainStay VP Winslow Large Cap
Growth Portfolio
St. John's University
IBEW Local Union 481 Defined
Contribution Plan & Trust
St. Mary's University
Justin Kelly Revocable Trust
Justin and Susan Kelly Family, LLC
The Justin and Susan Kelly
Foundation
Justin Kelly
American Medical Association

c/o Winslow Capital Management
Minneapolis, MN

101. Christopher L. Winters
Lafayette, LA

102. William J. Witt
Phoenix, AZ

103. Patrick C. Wolford
Houston, TX

104. Bradley Wonka
Vero Beach, FL

105. Jack P. Wu
Parsippany, NJ

106. Said Yusifli
Littleton, CO

107. Edward Zemba, Jr.
Anchorage, AK

108. Brian Zhao
Plano, TX

109. Timothy M. O'Conner
Cincinnati, OH

13

110. Lai Ye
c/o AFN Law PLLC
Seattle, WA