# Exhibit 2

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LUCKIN COFFEE INC.<br>SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC |

**DECLARATION OF OSEY "SKIP" MCGEE, JR., EXECUTIVE DIRECTOR
OF LOUISIANA SHERIFFS' PENSION AND RELIEF FUND, IN SUPPORT
OF: (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S
<u>MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

I, Osey "Skip" McGee, Jr., hereby affirm as follows:

1.       I am Executive Director of the Louisiana Sheriffs' Pension and Relief Fund ("Louisiana Sheriffs"), one of the Court-appointed Lead Plaintiffs in the above-captioned securities class action (the "Action").[1] I submit this Declaration in support of (a) Lead Plaintiffs' motion for final approval of the proposed Settlement and Plan of Allocation, and (b) Lead Counsel's motion for attorneys' fees and Litigation Expenses, including Louisiana Sheriffs' application pursuant to 15 U.S.C. § 78u-4(a)(4) for reimbursement of its reasonable costs directly relating to the work performed by Louisiana Sheriffs personnel in connection with its representation of the Class in the Action.

2.       I am aware of and understand the requirements and responsibilities of a class representative in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge of the matters set forth in this Declaration, as I, along with my colleagues and outside fiduciary counsel, Robert Klausner of

---

[1] Unless otherwise defined in this Declaration, all capitalized terms have the meanings set out in the Stipulation and Agreement of Settlement dated October 20, 2021 (ECF No. 315).

{00214318.DOCX;1}

Klausner, Kaufman, Jensen & Levinson ("Klausner Kaufman"), have been directly involved in monitoring and overseeing the prosecution of the Action, as well as the negotiations leading to the Settlement, and I could and would testify competently to these matters.

## I.    Louisiana Sheriffs' Oversight of the Action

3.    Louisiana Sheriffs is a multi-employer, defined benefit, governmental retirement plan providing retirement, disability, and death benefits to active and retired employees of the sheriff's offices in all 64 Louisiana parishes. Louisiana Sheriffs' principal offices are located at 1225 Nicholson Drive, Baton Rouge, LA 70802. As of December 2021, Louisiana Sheriffs had more than $4.9 billion in assets under management.

4.    On June 12, 2020, the Court entered an Order appointing Louisiana Sheriffs and Sjunde AP-Fonden as the Lead Plaintiffs in the Action pursuant to the PSLRA, and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") and Kessler Topaz Meltzer & Check, LLP as Lead Counsel for the class.

5.    Louisiana Sheriffs closely supervised, carefully monitored, and was actively involved in all material aspects of the prosecution and resolution of the Action. On behalf of the Louisiana Sheriffs, I had communications during the litigation with Lead Counsel BLB&G and Klausner Kaufman. I received periodic status reports from counsel on case developments and participated in discussions with counsel concerning the prosecution of the Action, the strengths of and risks to the claims, and potential settlement. In particular, throughout the course of this Action, I and/or other Louisiana Sheriffs personnel: (a) regularly communicated with counsel by email and telephone calls regarding the posture and progress of the case; (b) reviewed all significant pleadings and briefs filed in this Action; (c) consulted with counsel concerning the settlement negotiations as they progressed; and (d) evaluated and approved the proposed Settlement.

## II.    Louisiana Sheriffs Strongly Endorses Approval of the Settlement

6.    Based on its involvement throughout the prosecution and resolution of the Action, Louisiana Sheriffs believes that the proposed Settlement is fair, reasonable, and adequate to the Class. Louisiana Sheriffs believes that the Settlement represents a very favorable recovery for the Class, in light of the substantial risks of continuing to prosecute the claims in this case, including the very substantial risks of recovering on any larger judgment. Therefore, Louisiana Sheriffs strongly endorses approval of the Settlement by the Court.

## III.    Louisiana Sheriffs Approves of and Supports Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses

7.    Louisiana Sheriffs has approved Lead Counsel's request for an award of attorneys' fees in the amount of 17.5% of the Settlement Fund and believes it is fair and reasonable in light of the work that Plaintiffs' Counsel performed on behalf of the Class. Louisiana Sheriffs takes seriously its role as a class representative to ensure that the attorneys' fees are fair in light of the result achieved in the action and reasonably compensate Plaintiffs' Counsel for the work involved and the substantial risks they undertook in litigating the action. Louisiana Sheriffs approves the amount of attorney's fees requested by Lead Counsel as fair and reasonable in light of the work performed by Plaintiff's Counsel, the risks of the litigation, and the recovery obtained for the Class in this Action.

8.    Louisiana Sheriffs further believes that Plaintiffs' Counsel's Litigation Expenses are reasonable and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action. Based on the foregoing, and consistent with its obligation to the class to obtain the best result at the most efficient cost, Louisiana Sheriffs fully supports Lead Counsel's motion for attorneys' fees and Litigation Expenses

{00214318.DOCX;1}3

9.      Louisiana Sheriffs understands that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA.  For this reason, in connection with Lead Counsel's request for reimbursement of Litigation Expenses, Louisiana Sheriffs seeks reimbursement for the costs and expenses that Louisiana Sheriffs incurred directly relating to its representation of the Class.

10.     My primary responsibility at Louisiana Sheriffs involves overseeing all aspects of the fund's operations, including overseeing litigation matters involving the fund, such as Louisiana Sheriffs' activities in securities class actions where (as here) it has been appointed as a Lead Plaintiff, together with Klausner Kaufman, Louisiana Sheriffs' outside fiduciary counsel. Louisiana Sheriffs seeks reimbursement in the amount of $1680 for time that I devoted to this Action—20 hours at $84 per hour, which is based on my annual salary plus benefits.  The hours that I spent include time communicating with BLB&G and Klausner Kaufman, reviewing significant court filings, briefing the Board of Trustees, and participating in the settlement negotiations and the mediation process.  The time that I devoted to the representation of the Class in this Action was time that I otherwise would have spent on other work for Louisiana Sheriffs and, thus, represented a cost to Louisiana Sheriffs.

**IV.     Conclusion**

11.     In conclusion, Louisiana Sheriffs, one of the Court-appointed Lead Plaintiffs, which was actively involved throughout the prosecution and settlement of the Action, strongly endorses the Settlement as fair, reasonable, and adequate, and believes it represents a favorable recovery for the Class in light of the risks of continued litigation.  Louisiana Sheriffs further supports Lead Counsel's motion for attorneys' fees and Litigation Expenses and believes that it represents fair and reasonable compensation for counsel in light of the recovery obtained for the Class, the substantial work conducted, and the litigation risks.  And finally, Louisiana Sheriffs

{00214318.DOCX;1}4

requests reimbursement under the PSLRA for the value of time dedicated by its employees as set forth above. Accordingly, Louisiana Sheriffs respectfully requests that the Court approve (i) Lead Plaintiffs' motion for final approval of the proposed Settlement and Plan of Allocation; and (ii) Lead Counsel's motion for attorneys' fees and Litigation Expenses.

I have reviewed the foregoing with counsel and on the basis of that consultation, I affirm under the laws of the United States of America that the above statements are true and correct, to the best of my knowledge and belief, and that I have authority to execute this Declaration on behalf of Louisiana Sheriffs.

Executed this 8th day of ___June___, 2022.

_____
Osey "Skip" McGee, Jr.
Executive Director
Louisiana Sheriffs' Pension and Relief Fund

#3101754

{00214318.DOCX;1}5