# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC |
| --- | --- |

**DECLARATION OF ALEXANDER P. VILLANOVA REGARDING (A) DISSEMINATION OF THE SETTLEMENT NOTICE AND CLAIM FORM; AND (B) PUBLICATION OF THE SUMMARY SETTLEMENT NOTICE**

I, Alexander P. Villanova, hereby declare under penalty of perjury as follows:

1. I am a Senior Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). Pursuant to the Court's October 26, 2021 Revised Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 319) ("Preliminary Approval Order"), Epiq was authorized to act as the Claims Administrator in connection with the Settlement reached in the above-captioned action (the "Action").[1] The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

**DISSEMINATION OF THE SETTLEMENT NOTICE PACKET**

2. Pursuant to the Preliminary Approval Order, Epiq mailed the Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice"), as well as the Proof of Claim and Release Form (the "Claim Form")

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated October 20, 2021 (ECF No. 315) ("Stipulation") previously filed with the Court.

(collectively, the Settlement Notice and Claim Form are referred to as the "Settlement Notice Packet"), to potential Class Members.

3.      As more fully described in the Declaration of Alexander P. Villanova Regarding: (A) Mailing of the Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received, executed on October 8, 2021 and filed with the Court (ECF No. 309), Epiq previously conducted a mailing campaign (the "Class Notice Mailing") in which it mailed the Notice of Pendency of Class Action (the "Class Notice") to persons and entities identified as potential Class Members.  To identify these potential Class Members, Epiq received information from Defense Counsel containing the names and addresses of potential Class Members.  Epiq mailed Class Notices to the investors listed.  Epiq also mailed the Class Notice to the brokerage firms, banks, institutions, and other potential nominees (the "Nominees") listed in Epiq's proprietary Nominee database.  In response, Epiq received from the Nominees either (i) the names and addresses of their clients who were potential Class Members or (ii) requests for additional copies of the Class Notice so that the Nominees could forward the Class Notice directly to their clients.  Epiq also received names and addresses directly from potential Class Members in this Action.

4.      Through this process, Epiq created a mailing list of all known potential Class Members, and their Nominees, for use in connection with the Class Notice and any future notices.

5.      After the Preliminary Approval Order was entered, Epiq created a mailing file for the mailing of the Settlement Notice Packet consisting of the 165,036 names and addresses compiled as a result of the Class Notice Mailing.

6.      On November 15, 2021, Epiq mailed Settlement Notice Packets to the 165,036 potential Class Members contained in the mailing file by first-class mail.  In addition, Epiq mailed

289,150 Settlement Notice Packets, in bulk, to Nominees who had previously requested that Class Notices be mailed to them for forwarding to their clients. Epiq also mailed the Settlement Class Notice to 1,134 Nominees listed in Epiq's proprietary Nominee database. The 1,134 Settlement Notice Packets mailed to Nominees included a letter explaining that if the Nominee had previously submitted names and addresses for potential Class Members in connection with the Class Notice Mailing, or had previously requested copies of the Class Notice in bulk, it did not need to submit that information again unless it had additional names and addresses to provide or needed a different number of Settlement Notice Packets. A true and accurate copy of the letter sent to Nominees is attached as Exhibit A.

7. On November 15, 2021, Epiq mailed a total of 455,320 copies of the Settlement Notice Packet. A copy of the Settlement Notice Packet is attached hereto as Exhibit B.

8. Since the initial mailing, through June 8, 2022, Epiq has mailed additional copies of the Settlement Notice Packet to potential members of the Class whose names and addresses were provided by individuals or Nominees, and to Nominees who requested additional Settlement Notice Packets in bulk for forwarding to their clients.

9. As of June 8, 2022, a total of 564,464 Settlement Notice Packets have been disseminated to potential Class Members and Nominees by first-class mail.

**PUBLICATION OF THE SUMMARY SETTLEMENT NOTICE**

10. Pursuant to the Preliminary Approval Order, Epiq caused the Summary Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Summary Settlement Notice") to be published once in *The Wall Street Journal* and to be transmitted once over *PR Newswire* on November 30, 2021. Attached as Exhibit C is a Confirmation of Publication attesting to the publication of the Summary Settlement Notice

in *The Wall Street Journal* and a screen shot attesting to the transmittal of the Summary Settlement Notice over *PR Newswire*.

**CALL CENTER SERVICES**

11. In connection with the Class Notice Mailing, Epiq established a toll-free phone number for this Action, 1-855-535-1824, which was set forth in the Settlement Notice, the Claim Form, the Summary Settlement Notice, and on the case website. The toll-free phone number connects callers with an Interactive Voice Recording ("IVR").

12. On November 15, 2021, the same date that Epiq began mailing the Settlement Notice Packets, Epiq updated the IVR to provide information and options relevant to the proposed Settlement. The IVR provides callers with pre-recorded information, including a brief summary about the Action and the option to request a copy of the Settlement Notice Packet. The toll-free telephone line with pre-recorded information is available 24 hours a day, 7 days a week.

13. In addition, Monday through Friday from 9:00 a.m. to 9:00 p.m. Eastern Time (excluding official holidays), callers are able to speak to a live operator regarding the status of the Settlement and/or obtain answers to questions they may have about communications they receive from Epiq. During other hours, callers may leave a message for an agent to call them back.

**CASE WEBSITE**

14. On November 15, 2021, Epiq updated the website previously established for the Action (www.LuckinCoffeeSecuritiesLitigation.com) to provide Class Members with information and documents concerning the proposed Settlement. The website is accessible 24 hours a day, 7 days a week. The website provides the deadlines for submitting a Claim and objecting to the Settlement. The Settlement also makes available copies of the Settlement Notice and Claim Form, as well as copies of the Stipulation, Preliminary Approval Order, and operative complaint, among

other documents. In addition, the website provides Class Members with the ability to submit their Claim through the website and also includes a link to a document with detailed instructions for institutions submitting their Claims electronically. Epiq will continue operating, maintaining and, as appropriate, updating the website until the conclusion of this administration.

**CLAIMS RECEIVED TO DATE**

15. To be eligible for a payment from the Settlement, Class Members were required to submit a Claim Form postmarked, if mailed, or received by March 15, 2022. As of June 8, 2022, Epiq has received a total of approximately 44,826 Claims. Of these Claims, approximately 20,656 Claims were filed electronically by or on behalf of institutions and approximately 24,170 Claims were submitted by or on behalf of individuals. This Claim count may increase if late Claims are received. Class Counsel have the discretion to accept late Claims for processing provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class, *see* Preliminary Approval Order ¶ 8, and the Court will determine whether to accept such Claims.

16. Based on Epiq's review to date, the Claims received represent approximately $1,803,114.197.53 in "Recognized Claims" as calculated under the Plan of Allocation for all Claims received.

17. The above data represent Epiq's preliminary review of the Claims received as of June 8, 2022, based on the information provided by Claimants. Epiq's complete processing of the Claims will take several months. This process will include steps to confirm the accuracy of the transactions claimed and a review of the Claims for deficiencies, such as Claims with missing or incomplete documentation, duplicate Claims, and Claims whose transactions do not balance (*i.e.*, where the number of ADSs purchased during the relevant time period do not match the number of ADSs sold during the relevant time period plus the number of ADSs held at the end of the relevant

time period). Epiq will also provide Claimants with an opportunity to correct any deficiencies, conduct thorough quality control and quality assurance processes, and perform fraud prevention reviews as part of its normal claims processing procedures in order to ensure the validity and accuracy of the Claims. As a result of these procedures and the possible acceptance of additional Claims, the total Recognized Claims is subject to change.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on June 9, 2022 in Tigard, Oregon.

______________________________

Alexander Villanova

# Exhibit A

*In re Luckin Coffee Inc. Securities Litigation*
P.O. Box 5887
Portland, OR 97228-5887

Website: www.LuckinCoffeeSecuritiesLitigation.com
Email: info@LuckinCoffeeSecuritiesLitigation.com
Phone: 855-535-1824

NOTICE TO BROKERS, BANKS AND OTHER NOMINEES

**TIME-SENSITIVE, COURT-ORDERED,**
**REQUIRED ACTION ON YOUR PART**

*In re Luckin Coffee Inc. Securities Litigation*, Case No. 1:20-cv-01293-JPC-JLC

A proposed Settlement of the above-noted securities class action lawsuit (the "Action") has been reached. Enclosed is the Settlement Notice and Claim Form (together, the "Settlement Notice Packet") that the Court has ordered to be timely sent to potential Class Members. The Settlement Notice Packet includes important deadlines for Class Members. The deadline for Class Members to object is **June 24, 2022**, and the deadline to file a claim is **March 15, 2022**.

Subject to certain exclusions, the "Class" consists of all persons and entities (and their beneficiaries) that purchased or otherwise acquired the American Depository Shares ("ADSs") of Luckin Coffee Inc. ("Luckin") from May 17, 2019 through July 15, 2020, inclusive (the "Class Period"). You were previously sent a Notice of Pendency of Class Action ("Class Notice") in July 2021 requesting the names and addresses of persons and entities for the beneficial interest of whom you purchased/acquired Luckin ADSs during the Class Period. If, in connection with the mailing of the Class Notice, you provided the Claims Administrator with a list of names and addresses of potential Class Members, **DO NOT** resubmit those names and addresses. Copies of the Settlement Notice Packet will be forwarded to those potential Class Members by the Claims Administrator. (Also, see below.)

If, in connection with the mailing of the Class Notice, you requested that copies of the Class Notice be sent to you for forwarding by you to potential Class Members **WITHOUT** providing the names and addresses to the Claims Administrator, you will be mailed the same number of Settlement Notice Packets to forward to those potential Class Members. If you require a different number of copies of the Settlement Notice Packet than you previously requested in connection with the mailing of the Class Notice, please send an email to info@LuckinCoffeeSecuritiesLitigation.com and let the Claims Administrator know how many Settlement Notice Packets you require. You must mail the Settlement Notice Packet to the beneficial owners within **seven (7) calendar days** of your receipt of the packets. Please note, in connection with the Class Notice, you were advised that if you elected to forward the Class Notice, you must retain your mailing records for use in connection with any further notices that may be provided in the Action.

If you **NEITHER** previously submitted names and addresses of Class Members **NOR** requested notices to send to Class Members, as outlined above, **OR** if you have names and addresses of Class Members that were not included in your previous submission to the Claims Administrator, you **MUST** submit a request for Settlement Notice Packets or submit the names and addresses of Class Members to the Claims Administrator, no later than **seven (7) calendar days** from receipt of this notice. If you request copies of the Settlement Notice Packet for forwarding by you, they must be mailed to the beneficial owners within **seven (7) calendar days** of your receipt of the packets from the Claims Administrator.

**If you are providing a list of names and addresses to the Claims Administrator:**

I. Compile a list of names and addresses of beneficial owners who purchased or acquired Luckin ADSs during the period from May 17, 2019 through July 15, 2020, inclusive.

II. Prepare the list in Microsoft Excel format following the "Electronic Name and Address File Layout" below. A preformatted spreadsheet can also be found on the "Nominees" page of the website www.LuckinCoffeeSecuritiesLitigation.com. Then, do one of the following:

   A. Email the list to info@LuckinCoffeeSecuritiesLitigation.com;

   B. Upload the list to the "Nominees" page of the website www.LuckinCoffeeSecuritiesLitigation.com; or

   C. Burn the Microsoft Excel file to a CD or DVD and mail the CD or DVD to Epiq, the Claims Administrator, at:

*In re Luckin Coffee Inc. Securities Litigation*
P.O. Box 5887
Portland, OR 97228-5887

**If you are mailing the Settlement Notice Packet to beneficial owners:**

If you elect to mail the Settlement Notice Packet to beneficial owners yourself, additional copies of the Settlement Notice Packet may be requested via email to info@LuckinCoffeeSecuritiesLitigation.com. As noted above, you must forward the requested additional copies of the Settlement Notice Packet to the beneficial owners within seven (7) calendar days of your receipt of those Settlement Notice Packets. **You must also send a statement to the Claims Administrator at the address above confirming that the mailing was made, and you must retain your mailing records for use in connection with any further notices that may be provided in the Action.**

**Expense Reimbursement**

Reasonable expenses are eligible for reimbursement (including postage and costs to compile names and addresses), provided an invoice documenting the expenses is timely submitted to the Claims Administrator. Please provide any invoice within one month of completion of the mailing or delivery of your list.

**Electronic Name and Address File Layout**

| Column | Description | Length | Notes |
|---|---|---|---|
| A | Account # | 15 | Unique identifier for each record |
| B | Beneficial owner's first name | 25 | |
| C | Beneficial owner's middle name | 15 | |
| D | Beneficial owner's last name | 30 | |
| E | Joint beneficial owner's first name | 25 | |
| F | Joint beneficial owner's middle name | 15 | |
| G | Joint beneficial owner's last name | 30 | |
| H | Business or record owner's name | 60 | Businesses, trusts, IRAs, and other types of accounts |
| I | Representative or contact name | 45 | |
| J | Address 1 | 35 | |
| K | Address 2 | 25 | |
| L | City | 25 | |
| M | U.S. state or Canadian province | 2 | U.S. and Canada addresses only[1] |
| N | ZIP Code | 10 | |
| O | Country (other than U.S.) | 15 | |
| P | Email Address | 35 | |

If you have any questions, you may contact the Claims Administrator by telephone at 855-535-1824 or by email at: info@LuckinCoffeeSecuritiesLitigation.com. Thank you for your cooperation.

[1] For countries other than the U.S. and Canada, place any territorial subdivision in "Address 2" field.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC |
|---|---|

**NOTICE OF (I) PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND <u>(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

**TO: ALL PERSONS AND ENTITIES (AND THEIR BENEFICIARIES) THAT PURCHASED OR OTHERWISE ACQUIRED THE AMERICAN DEPOSITORY SHARES ("ADSs") OF LUCKIN COFFEE INC. FROM MAY 17, 2019 THROUGH JULY 15, 2020, INCLUSIVE (THE "CLASS").**

***<u>A Federal Court authorized this Settlement Notice. This is not a solicitation from a lawyer.</u>***

**NOTICE OF SETTLEMENT:** This Settlement Notice has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"). Please be advised that the Court-appointed Class Representatives Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs"), on behalf of themselves and the Class, have reached a proposed settlement of the above-captioned action ("Action") with Luckin Coffee Inc. (in Provisional Liquidation) ("Luckin" or the "Company" and, together with Class Representatives, the "Settling Parties") for $175,000,000 in cash ("Settlement"). The Settlement, if approved, will resolve all claims in the Action. The terms and provisions of the Settlement are contained in the Stipulation and Agreement of Settlement dated October 20, 2021 ("Stipulation").[1]

**PLEASE READ THIS NOTICE CAREFULLY. This Settlement Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Settlement Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Luckin, or Luckin's Counsel. All questions should be directed to Class Counsel or the Claims Administrator (*see* ¶ 67 below).**

Additional information about the Settlement is available on the website, **<u>www.LuckinCoffeeSecuritiesLitigation.com</u>**.

1. **<u>Description of the Action and the Class</u>:** This Notice relates to the proposed Settlement of claims in a pending securities class action brought by Luckin investors alleging, among other things, that Defendants[2] violated the federal securities laws by making false and misleading statements and omissions regarding, among other things, Luckin's operating expenses and financial reports. A more detailed description of the Action is set forth in ¶¶ 11-24 below. The Settlement, if approved by the Court, will settle the claims of the Class, as defined in ¶ 25 below.

2. **<u>Statement of the Class's Recovery</u>:** Subject to Court approval, Class Representatives, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a payment of $175,000,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration

[1] All capitalized terms used in this Settlement Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation, which is available on the website www.LuckinCoffeeSecuritiesLitigation.com.

[2] The term Defendants refers collectively to: (i) Luckin; (ii) Charles Zhengyao Lu, Jenny Zhiya Qian, Jian Liu, and Reinout Hendrik Schakel (the "Executive Defendants"); (iii) Hui Li, Erhai Liu, Jinyi Guo, Sean Shao, and Thomas P. Meier (the "Director Defendants"); and (iv) Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Haitong International Securities Company Limited, KeyBanc Capital Markets Inc., and Needham & Company, LLP (the "Underwriter Defendants") (collectively, "Defendants").

Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Luckin ADS:** Based on Class Representatives' damages consultant's estimate of the number of Luckin ADSs purchased or otherwise acquired during the Class Period that may have been affected by the alleged conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.44 per eligible ADS. **Class Members should note, however, that the foregoing average recovery per eligible ADS is only an estimate.** Some Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired Luckin ADS; (ii) whether the Luckin ADSs were purchased in or traceable to the initial public offering of ADSs on May 17, 2019 (the "IPO"), the secondary public offering of ADSs on January 10, 2020 (the "SPO"), or on the open market; (iii) whether they sold their Luckin ADSs and, if so, when; (iv) the total number and value of valid Claims submitted to participate in the Settlement; (v) the amount of Notice and Administration Costs; and (vi) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Luckin ADS:** The Settling Parties do not agree on the amount of damages per Luckin ADS that would be recoverable if Class Representatives were to prevail in the Action. Among other things, Luckin does not agree that it, or any of the other Defendants, violated the federal securities laws or that, even if liability could be established, that any damages were suffered by any members of the Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Class Counsel have not received any payment of attorneys' fees for their representation of the Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Class Counsel, Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") and Kessler Topaz Meltzer & Check, LLP ("KTMC"), will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel[3] in an amount not to exceed 25% of the Settlement Fund. In addition, Class Counsel will apply for reimbursement or payment of Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the claims against Luckin and the other Defendants, in an amount not to exceed $1,000,000, plus interest, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Class Representatives directly related to their representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible Luckin ADS, if the Court approves Class Counsel's fee and expense application, is approximately $0.11 per ADS. **Please note that this amount is only an estimate.**

6. **Identification of Attorneys' Representatives:** Class Representatives and the Class are represented by Salvatore J. Graziano, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com, www.blbglaw.com and Sharan Nirmul, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, www.ktmc.com. Further information regarding the Action, the Settlement, and this Settlement Notice may be obtained by contacting Class Counsel or the Claims Administrator at *In re Luckin Coffee Inc. Securities Litigation,* c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5887, Portland, OR 97228-5887, 1-855-535-1824, info@LuckinCoffeeSecuritiesLitigation.com, www.LuckinCoffeeSecuritiesLitigation.com. **Please do not contact the Court regarding this notice.**

7. **Reasons for the Settlement:** Class Representatives' principal reason for entering into the Settlement is the substantial and certain cash benefit provided for the Class, without the risk or the delays and costs inherent in further litigation. In agreeing to settle the Action, Class Representative also carefully considered Luckin's current financial situation and its bankruptcy proceedings under Chapter 15 of the U.S. Bankruptcy Code. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery—or, indeed, no recovery at all—might be achieved after a ruling on the pending motions to dismiss, full discovery, contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Luckin denies all allegations of wrongdoing or liability whatsoever. Luckin has determined that it is desirable and beneficial to it and the other Defendants that the Action be settled in the manner and upon the terms and conditions of the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

[3] Plaintiffs' Counsel are Class Counsel, BLB&G and KTMC, additional counsel Klausner Kaufman Jensen & Levinson ("Klausner Kaufman"), and bankruptcy counsel, Lowenstein Sandler LLP ("Lowenstein").

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN MARCH 15, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 35 below) that you have against Luckin and the other Defendants' Released Parties (defined in ¶ 36 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN JUNE 24, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, you may object by writing to the Court and explaining why you do not like them. You cannot object unless you are a member of the Class. |
| **ATTEND A HEARING ON JULY 22, 2022 AT 11:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JUNE 24, 2022.** | If you have filed a written objection and wish to appear at the hearing, you must also file a notice of intention to appear by June 24, 2022, which allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Settlement Notice. Please Note: The date and time of the Settlement Hearing—currently scheduled for July 22, 2022 at 11:00 a.m.—is subject to change without further notice to the Class. It is also within the Court's discretion to hold the hearing in person or telephonically. If you plan to attend the hearing, you should check the website, www.LuckinCoffeeSecuritiesLitigation.com, or with Class Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Settlement Notice? .......... Page 4
What Is This Case About? .......... Page 4
How Do I Know If I Am Affected By The Settlement? Who Is Included In The Class? .......... Page 6
What Are Class Representatives' Reasons For The Settlement? .......... Page 6
What Might Happen If There Were No Settlement? .......... Page 7
How Are Class Members Affected By The Action And The Settlement? .......... Page 7
How Do I Participate In The Settlement? What Do I Need To Do? .......... Page 8
How Much Will My Payment Be? .......... Page 9
What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? .......... Page 10
When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? .......... Page 10
What If I Bought Luckin ADSs On Someone Else's Behalf? .......... Page 12
Can I See The Court File? Whom Should I Contact If I Have Questions? .......... Page 12
Appendix A: Plan of Allocation of Net Settlement Fund Among Authorized Claimants .......... Page 13

## WHY DID I GET THIS NOTICE?

8. The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Luckin ADSs during the Class Period. The Court has directed us to send you this Settlement Notice because, as a Class Member, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Class Counsel and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. This Notice is being sent to inform you of the terms of the proposed Settlement, your rights (if you are a Class Member) in connection with the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses ("Settlement Hearing"). See ¶¶ 54-55 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

11. Luckin is a Cayman Islands corporation with principal executive offices in Fujian, China. During the Class Period, Luckin operated an extensive network of retail coffee stores in China. Luckin conducted an initial public offering of ADSs on May 17, 2019 (the "IPO") and a secondary public offering of ADSs on January 10, 2020 (the "SPO"). Luckin's ADSs traded on the NASDAQ under the ticker symbol "LK" following the IPO until June 29, 2020.

12. In the offering materials for the IPO, in the quarters following the IPO, and in the offering materials for the SPO, Luckin reported increasing revenues. However, on January 31, 2020, an anonymous report was published by Muddy Waters Research, suggesting that Luckin's increased revenues were fraudulent. On April 2, 2020, the Company voluntarily disclosed that nearly $300 million of its sales between the second and fourth quarters of 2019 were associated with fabricated transactions and advised investors to "no longer rely upon the Company's previous financial statements and earnings releases for the nine months ended September 30, 2019 and the two quarters starting April 1, 2019 and ended September 30, 2019, including the prior guidance on net revenues from products for the fourth quarter of 2019, and other communications relating to these consolidated financial statements." The price of Luckin's ADSs dropped dramatically following these revelations and, on June 29, 2020, trading of Luckin's ADSs on the NASDAQ was suspended.

13. Beginning in February 2020, a series of lawsuits alleging that Luckin and the other Defendants had violated United States securities laws were filed in the Court. On May 15, 2020, the Court entered an Order that consolidated all related actions into the Action. On June 12, 2020, the Court issued an Opinion and Order appointing Sjunde AP-Fonden and Louisiana Sheriffs as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995, and approving Lead Plaintiffs' selection of KTMC and BLB&G as Lead Counsel.

14. On September 24, 2020, Lead Plaintiffs filed the operative complaint in the Action—the Consolidated Class Action Complaint ("Complaint"). The Complaint asserts that Luckin and certain other Defendants violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Section 11 of the Securities Act of 1933 ("Securities Act"). The Complaint alleges, among other things, that Defendants included material misstatements and omissions in the offering documents for the IPO and the SPO regarding, *inter alia:* (i) Luckin's compliance with laws and regulations, GAAP, and internal controls over financial reporting; (ii) the reasons for Luckin's increased earnings and growth leading up to the IPO and between the IPO and the SPO; (iii) Defendants' reported revenues and expenses; and (iv) Luckin's related-party transactions. In addition, the Complaint alleges that the offering materials for the SPO omitted material facts concerning the margin loan facility some of the underwriters for the SPO entered into with Charles Zhengyao Lu, Luckin's co-founder and then Chairman of Luckin's Board of Directors, and Jenny Zhiya Qian, Luckin's co-founder and then member of Luckin's Board of Directors.

15. The Complaint further alleges that between the May 17, 2019 IPO and the January 10, 2020 SPO, Luckin and certain other Defendants made material misstatements and omissions regarding, among other things, Luckin's operating expenses and financial reports, and, following the SPO, falsely denied allegations contained in the report published by Muddy Waters Research on January 31, 2020.

16. On November 23, 2020, Luckin moved to dismiss certain portions of the Complaint and the Underwriter Defendants moved to dismiss the Complaint in its entirety. On January 22, 2021, Lead Plaintiffs opposed Luckin's and the Underwriter Defendants' motions to dismiss. On February 4, 2021, Defendant Thomas P. Meier filed a motion to dismiss the Complaint.

17. While the Action was proceeding in the Court, Luckin entered into provisional liquidation proceedings. On July 15, 2020, Luckin announced that by order of the Grand Court of the Cayman Islands (the "Grand Court"), provisional liquidators had been appointed over the Company ("Joint Provisional Liquidators" or "JPLs") following the presentation of a winding-up petition filed by a creditor of the Company.[4]

18. On January 29, 2021, Luckin's JPLs disclosed that they had reached an agreement in principle with holders of Luckin's convertible bonds, and that they would separately seek to resolve the claims of investors in Luckin ADSs that are members of the Class in the Action.

19. On February 5, 2021, Luckin's JPLs commenced a proceeding under Chapter 15 of the U.S. Bankruptcy Code to recognize the Cayman Islands provisional liquidation proceeding as a foreign main proceeding in order to seek certain protections under the U.S. Bankruptcy Code. The U.S. bankruptcy proceeding is pending in the Bankruptcy Court for the Southern District of New York. *See In re Luckin Coffee Inc. (In Provisional Liquidation)*, No. 21-10228 (MG) (Bankr. S.D.N.Y.).

20. On March 2, 2021, Lead Plaintiffs and Luckin filed a stipulation and proposed order provisionally certifying the Class for purposes of negotiating and implementing a settlement. On March 5, 2021, the Court issued an Order (i) granting provisional class certification of the Class for settlement purposes; (ii) certifying a class consisting of all persons and entities (and their beneficiaries) that purchased or otherwise acquired the ADSs of Luckin between May 17, 2019 through July 15, 2020, inclusive;[5] (iii) appointing Lead Plaintiffs Sjunde AP-Fonden and Louisiana Sheriffs as Class Representatives; and (iv) appointing KTMC and BLB&G as Class Counsel.

21. On May 14, 2021, Class Representatives and Luckin filed a stipulation and proposed order regarding dissemination of class notice. On July 6, 2021, the Court issued an Order approving the form and manner of notifying the Class of the pendency of the Action as a class action. Pursuant to the Order, the Notice of Pendency of Class Action ("Class Notice") was mailed to potential Class Members and a summary notice was published in *The Wall Street Journal* and transmitted over *PR Newswire*. The Class Notice and summary class notice informed potential Class Members that requests for exclusion from the Class were to be postmarked no later than September 17, 2021. Out of the hundreds of thousands of Class Notices distributed, a total of 110 requests for exclusion from the Class were received, as listed on Appendix 1 to the Stipulation.

22. While notice was being provided to the Class, Class Representatives and Luckin began discussing the possibility of resolving the Action through settlement. On September 20, 2021, the Settling Parties executed a term sheet setting forth their agreement in principle to settle the Action.

23. After additional negotiations regarding the specific terms of their agreement, the Settling Parties entered into the Stipulation on October 20, 2021. The Stipulation sets forth the specific terms and conditions of the Settlement and can be viewed on the website for the Action, www.LuckinCoffeeSecuritiesLitigation.com.

24. By Order dated October 26, 2021, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

[4] In December 2020, Luckin and the U.S. Securities and Exchange Commission entered in a consent decree under which Luckin agreed to pay a $180 million civil penalty for violations of the Exchange Act, which was approved by the Court on February 4, 2021. The amount of Luckin's civil penalty will be offset by any cash payments made by Luckin and distributed to its security holders pursuant to the implementation of any scheme of arrangement in accordance with section 86 of the Cayman Islands Companies Act (2021 Revision), as set forth in the final judgment entered by the court on February 4, 2021 in the action *Securities and Exchange Commission v. Luckin Coffee, Inc.,* 1:20-cv-10631-MKV.

[5] Excluded from the Class are Defendants and their families; the Officers, directors and affiliates of Defendants; members of Defendants' Immediate Families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

25. If you are a member of the Class and did not previously request exclusion from the Class in connection with the Class Notice, you are subject to the Settlement. The Class provisionally certified by the Court for purposes of negotiating and implementing a settlement on March 5, 2021 consists of:

> **All persons and entities (and their beneficiaries) that purchased or otherwise acquired the American Depository Shares of Luckin Coffee Inc. between May 17, 2019 through July 15, 2020, inclusive.**

Excluded from the Class are Defendants and their families; the Officers, directors and affiliates of Defendants; members of Defendants' Immediate Families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the persons or entities that validly requested exclusion from the Class following the procedures set forth in the Class Notice, as set forth in Appendix 1 to the Stipulation.

**PLEASE NOTE: Receipt of this Settlement Notice does not mean that you are a Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Settlement Notice and the required supporting documentation postmarked (if mailed), or online, no later than March 15, 2022.**

## WHAT ARE CLASS REPRESENTATIVES' REASONS FOR THE SETTLEMENT?

26. Class Representatives and Class Counsel believe that the claims asserted against Luckin and the other Defendants have merit. They recognize, however, the uncertainty, expense, and length of the continued proceedings inherent in the prosecution of their claims through the completion of fact and expert discovery, summary judgment, trial, appeals, and collection of any judgment presented significant risks to achieving a result superior to the Settlement.

27. In particular, to the extent Class Representatives were successful in their efforts to establish damages and liability against the Defendants, there existed a substantial risk that any judgment obtained against any of the solvent Defendants would be uncollectible. For instance, during the pendency of the Action, Luckin entered provisional liquidation proceedings in the Cayman Islands and secured a stay of this litigation against it by order of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Stay"). Additionally, the Executive Defendants and Director Defendants are all foreign nationals and all but one, Thomas Meier, a Director Defendant who is a resident of Switzerland, were residents of the Peoples Republic of China ("PRC") and did not enter an appearance in the litigation. Two of the six Underwriter Defendants were also based in the PRC.

28. As noted above, the Underwriter Defendants, Luckin and Thomas Meier each filed motions to dismiss the Complaint and these motions were pending when the Settlement was reached. While the Bankruptcy Stay precluded the claims against Luckin from proceeding, even if Class Representatives' claims survived the Underwriter Defendants' and Meier's motions to dismiss, in whole or in part, Class Representatives faced challenges to proving, at summary judgment and trial, that these Defendants were liable for the alleged material misrepresentations and omissions made to the market during the Class Period and that, with respect to their Securities Act claims asserted against them, that the Underwriter Defendants and Mr. Meier failed to adequately undertake adequate due diligence to have discovered the alleged fraud. The Securities Act claims were also limited to those investors who purchased in the Offerings or whose shares were traceable to the Offerings and in this regard, there were significant risks in establishing that Class Members who did not purchase directly in the Offerings had purchased shares traceable to the Offerings. Moreover, with respect to the Executive Defendants who, in addition to Luckin, were the only Defendants subject to Class Representatives' Exchange Act claims, there were substantial risks to securing and enforcing a judgment against them, particularly where the Executive Defendants are residents of the PRC and had not appeared in the Action. There were also risks related to proving that Defendants' alleged misrepresentations and omissions caused the alleged losses suffered by Class Representatives and the Class, and in establishing damages. Thus, there were very significant risks attendant to the continued prosecution of the Action, including the risk of zero recovery.

29. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Class Representatives and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Class Representatives and Class Counsel believe that the Settlement provides a favorable result for the Class, namely $175 million in cash (less the various deductions described in this Settlement Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after a ruling on the pending motions to dismiss, full discovery, summary judgment, trial, and appeals, possibly years in the future.

30. Luckin has denied and continues to deny the claims and allegations asserted against it and the other Defendants in the Action, including that they made false and misleading statements, they knew or recklessly disregarded material facts undermining their statements at the time they made them; and Class Representatives and Class Members suffered any damages or harm by the conduct alleged in the Action. Luckin has nonetheless agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation. The Settlement may not be construed as an admission of any wrongdoing by Luckin or the other Defendants in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

31. If there were no Settlement, the proceedings with respect to the Action against the Company would remain stayed by virtue of the order recognizing the Company's Cayman Islands provisional liquidation (the "Recognition Order") entered in the case with respect to the Company as debtor filed under Chapter 15 of the U.S. Bankruptcy Code (the "Chapter 15 Case"). If and when the JPLs were discharged by the Grand Court and the Chapter 15 Case were closed without a winding up order having been made, the stay that arose upon entry of the Recognition Order would be lifted and the Court would proceed to rule on the motions to dismiss in the Action against the Company. If successful on the motions to dismiss, Class Representatives would have proceeded with discovery. If Class Representatives failed to establish any essential legal or factual element of their claims against the Company, neither Class Representatives nor the other members of the Class would recover anything from the Company. Also, if the Company were successful in establishing any of its defenses at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

32. As a Class Member, you are represented by Class Representatives and Class Counsel, unless you enter an appearance through counsel of your own choice and at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 10 below.

33. If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, and if you did not previously exclude yourself from the Class in connection with Class Notice, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 10 below.

34. If you are a Class Member you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Luckin and the other Defendants' Released Parties and will provide that, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 35 below) against Luckin and the other Defendants' Released Parties (as defined in ¶ 36 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Released Parties in any jurisdiction.

35. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, accrued or unaccrued, in law or in equity, whether arising under federal, state, common or foreign law, whether direct, indirect, or derivative, that Class Representatives or any other member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of, relate to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and relate to the purchase or acquisition of Luckin ADSs during the Class Period.

Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submitted a request for exclusion from the Class in connection with the Class Notice.

36. "Defendants' Released Parties" means Defendants, Haode Investment Inc., Primus Investments Fund, L.P., Summer Fame Limited, Lucky Cup Holdings Limited, Fortunate Cup Holdings Limited, Mayer Investments Fund, L.P., Chiang Sheung Lin, Richard Arthur, Cogency Global Inc., and Ernst & Young Hua Ming LLP, and each of their past, present and future affiliated persons and entities including but not limited to their beneficial owners, any entities under common control with any of them, their Immediate Families and their legal representatives (including court-appointed liquidators), heirs, successors or assigns, and any entities in which a Defendants' Released Party has a controlling interest or which has a direct or indirect controlling interest in a Defendants' Released Party.

37. "Unknown Claims" means any Released Plaintiffs' Claims which any Class Representative or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which Luckin does not know or suspect to exist in its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives and Luckin shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representatives and Luckin acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

38. Pursuant to the Judgment, upon the Effective Date of the Settlement, Luckin, on behalf of itself, and its heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 39 below) against Class Representatives and the other Plaintiffs' Released Parties (as defined in ¶ 40 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Released Parties in any jurisdiction. This release shall not apply to any person or entity who or which submitted a request for exclusion from the Class that is listed on Appendix 1 to the Stipulation.

39. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants except for claims relating to the enforcement of the Settlement.

40. "Plaintiffs' Released Parties" means (i) Class Representatives, Plaintiffs' Counsel, and all other Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

41. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.LuckinCoffeeSecuritiesLitigation.com, no later than March 15, 2022***. A Claim Form is included with this Settlement Notice, or you may obtain one from the website maintained by the Claims Administrator, www.LuckinCoffeeSecuritiesLitigation.com, or on Class Counsel's websites, www.blbglaw.com and www.ktmc.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-855-535-1824, or by emailing the Claims Administrator at

info@LuckinCoffeeSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Luckin ADSs, as they may be needed to document your Claim.** If you previously requested exclusion from the Class in connection with Class Notice or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

42. At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

43. Pursuant to the Settlement, Luckin, on behalf of all Defendants' Released Parties, shall pay or cause to be paid $175,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

44. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

45. Neither Luckin, the other Defendants' Released Parties, nor any other person or entity (including Luckin's insurance carriers) who or which paid any portion of the Settlement Amount on Luckin's behalf are entitled to get back any portion of the Settlement Fund once the Court's order or Judgment approving the Settlement becomes Final. Luckin and the other Defendants' Released Parties shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

46. Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before March 15, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 35 above) against the Defendants' Released Parties (as defined in ¶ 36 above) and will be enjoined and prohibited from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Released Parties whether or not such Class Member submits a Claim Form.

47. Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to Luckin ADSs purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those eligible Luckin ADSs purchased/acquired during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible Luckin ADSs during the Class Period may be made by the Employee Plan(s)' trustees.

48. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

49. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

50. Only Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Class by definition or who previously excluded themselves from the Class in connection with Class Notice will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

51. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Class Representatives. At the Settlement Hearing, Class Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

52. Class Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees and reimbursement or payment of Litigation Expenses. Class Counsel's motion for attorneys' fees will not exceed 25% of the Settlement Fund. Class Counsel BLB&G and KTMC have a fee or work sharing agreement to divide the total attorneys' fees that the Court may award in amounts commensurate with their respective efforts and contributions in the litigation. In addition, Class Representatives have an agreement with bankruptcy counsel, Lowenstein, which provides that the fees for Lowenstein's time will be paid consistent with any fee and/or expense application and award in the Court, as determined by Class Counsel in their reasonable discretion. BLB&G also has a retention agreement with Class Representative Louisiana Sheriffs, which provides that Klausner Kaufman, additional fiduciary counsel for Louisiana Sheriffs, will work together with Class Counsel on this Action, and BLB&G will compensate Klausner Kaufman for that work from the attorneys' fees that the Court approves in an amount commensurate with Klausner Kaufman's efforts and contributions in the litigation. In addition, Class Counsel intend to apply for payment of Litigation Expenses incurred in connection with the prosecution and resolution of this Action in an amount not to exceed $1,000,000, plus interest. Class Counsel's motion for attorneys' fees and Litigation Expenses, which may include a request for reimbursement of the reasonable costs and expenses incurred by Class Representatives directly related to their representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4), will be filed by June 10, 2022, and the Court will consider Class Counsel's motion at the Settlement Hearing. A copy of Class Counsel's motion for attorneys' fees and Litigation Expenses will be available for review at www.LuckinCoffeeSecuritiesLitigation.com once it is filed. Any award of attorneys' fees and reimbursement or payment of Litigation Expenses, including any reimbursement of costs and expenses to Class Representatives, will be paid from the Settlement Fund prior to allocation and payment to Authorized Claimants. ***Class Members are not personally liable for any such attorneys' fees or expenses.***

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

53. **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

54. Please Note: The date and time of the Settlement Hearing may change without further written notice to the Class. In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the website for the Action, www.LuckinCoffeeSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the website, www.LuckinCoffeeSecuritiesLitigation.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the website, www.LuckinCoffeeSecuritiesLitigation.com.**

55. The Settlement Hearing will be held on **July 22, 2022 at 11:00 a.m.**, before the Honorable John P. Cronan at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, Courtroom 12D, or by telephone or videoconference (in the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

56. Any Class Member may object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below as well as serve copies on Class Counsel and Luckin's Counsel at the addresses set forth below ***on or before June 24, 2022***.

| **Clerk's Office** | **Class Counsel** | **Luckin's Counsel** |
|---|---|---|
| United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan United States Courthouse<br>500 Pearl Street<br>New York, NY 10007-1312 | Salvatore J. Graziano, Esq.<br>Bernstein Litowitz Berger & Grossmann LLP<br>1251 Avenue of the Americas<br>New York, NY 10020<br><br>Sharan Nirmul, Esq.<br>Kessler Topaz Meltzer & Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | Lawrence Portnoy, Esq.<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, NY 10017 |

57. Any objections, filings, and other submissions by the objecting Class Member: (a) must identify the case name and docket number, *In re Luckin Coffee Inc. Securities Litigation*, Case No. 1:20-cv-01293-JPC-JLC (S.D.N.Y.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) must include documents sufficient to prove membership in the Class, including the number of Luckin ADSs that the objecting Class Member purchased/acquired and/or sold during the Class Period (i.e., May 17, 2019 through July 15, 2020, inclusive), as well as the transaction dates, number of ADSs, and prices of each such purchase/acquisition and sale. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

58. **You may not object to the Settlement, Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and Litigation Expenses if you previously excluded yourself from the Class in connection with Class Notice or if you are not a member of the Class.**[6]

59. You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

60. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Luckin's Counsel at the addresses set forth in ¶ 56 above so that it is ***received*** **on or before June 24, 2022**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

61. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Luckin's Counsel at the addresses set forth in ¶ 56 above so that the notice is ***received*** **on or before June 24, 2022**.

62. **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

[6] As this Class was previously certified and, in connection therewith, Class Members had the opportunity to exclude themselves from the Class, the Court has exercised its discretion not to allow a second opportunity for exclusion in connection with the settlement proceedings.

## WHAT IF I BOUGHT LUCKIN ADSs ON SOMEONE ELSE'S BEHALF?

63. **Please Note: If you previously provided the names and addresses of persons and entities on whose behalf you purchased or otherwise acquired Luckin ADSs from May 17, 2019 through July 15, 2020, inclusive, in connection with the Class Notice, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator, *you need do nothing further at this time.* The Claims Administrator will mail a Settlement Notice and Claim Form ("Settlement Notice Packet") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice.** If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action. If you elected this option, the Claims Administrator will forward the same number of Settlement Notice Packets to you to send to the beneficial owners. If you require more copies of the Settlement Notice Packet than you previously requested in connection with the Class Notice mailing, please contact the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., toll free at 1-855-535-1824, and let them know how many additional packets you require. You must mail the Settlement Notice Packets to the beneficial owners within seven (7) calendar days of your receipt of the Settlement Notice Packets.

64. If you have not already provided the names and addresses for persons and entities on whose behalf you purchased or otherwise acquired Luckin ADSs from **May 17, 2019 through July 15, 2020, inclusive,** in connection with the Class Notice, or if you have additional names or updated or changed information, then the Court has ordered that you must, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS SETTLEMENT NOTICE, either: (i) send the Settlement Notice Packet to all such beneficial owners of such Luckin ADSs, or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *In re Luckin Coffee Inc. Securities Litigation*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5887, Portland, OR 97228-5887, in which event the Claims Administrator shall promptly mail the Settlement Notice Packet to such beneficial owners. **AS STATED ABOVE, IF YOU HAVE ALREADY PROVIDED THIS INFORMATION IN CONNECTION WITH CLASS NOTICE, UNLESS THAT INFORMATION HAS CHANGED (E.G., BENEFICIAL OWNER HAS CHANGED ADDRESS), IT IS UNNECESSARY TO PROVIDE SUCH INFORMATION AGAIN.**

65. Upon full and timely compliance with these directions, nominees who mail the Settlement Notice Packet to beneficial owners may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

66. Copies of this Settlement Notice and the Claim Form may be obtained from the website, www.LuckinCoffeeSecuritiesLitigation.com, by calling the Claims Administrator toll free at 1-855-535-1824, or by emailing the Claims Administrator at info@LuckinCoffeeSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

67. This Settlement Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.LuckinCoffeeSecuritiesLitigation.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nysd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website, www.LuckinCoffeeSecuritiesLitigation.com.

All inquiries concerning this Settlement Notice and the Claim Form should be directed to:

*In re Luckin Coffee Inc. Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 5887
Portland, OR 97228-5887
1-855-535-1824
info@LuckinCoffeeSecuritiesLitigation.com
www.LuckinCoffeeSecuritiesLitigation.com

and/or

Salvatore J. Graziano, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020

Sharan Nirmul, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, LUCKIN, OR LUCKIN'S COUNSEL REGARDING THIS NOTICE.**

Dated: November 15, 2021

By Order of the Court
United States District Court
Southern District of New York

## APPENDIX A

**Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants**

1. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a proximate result of the alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

**Exchange Act Loss Amounts**

2. In developing the Plan of Allocation in conjunction with Class Counsel, Class Representatives' damages consultant calculated the estimated amount of artificial inflation in the price of Luckin ADSs that was allegedly caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Class Representatives' damages consultant considered price changes in Luckin ADSs in reaction to the public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

3. For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the Luckin ADSs. In the Action, Class Representatives allege that Defendants made false statements and omitted material facts during the period from May 17, 2019 through July 15, 2020, inclusive, which had the effect of artificially inflating the price of Luckin ADSs. Class Representatives further allege that corrective information was released to the market through a series of corrective disclosures from January 31, 2020 through July 15, 2020, which partially removed artificial inflation from the price of Luckin ADSs on January 31, 2020, April 2-3, 2020, April 6, 2020, May 20-28, 2020, June 19, 2020, June 22, 2020, June 23-24, 2020, June 26-July 1, 2020, and July 16, 2020.

4. Exchange Act Loss Amounts for transactions in Luckin ADSs are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the price of Luckin ADSs at the time of purchase and the time of sale or the difference between the actual purchase price and sale price. In order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who purchased or otherwise acquired Luckin ADSs prior to the first corrective disclosure, which occurred at 11:00 a.m. Eastern time on January 31, 2020, must have held his, her, or its Luckin ADSs through at least 11:00 a.m. Eastern time on January 31, 2020. A Class Member who purchased or otherwise acquired publicly traded Luckin ADSs from January 31, 2020 at 11:00 a.m through and including July 15, 2020 must have held those ADSs through at least one subsequent alleged corrective disclosure date, when additional corrective information was released to the market and removed the remaining artificial inflation from the price of Luckin ADSs.

**Securities Act Loss Amounts**

5. The statutory formula for the calculation of compensable losses under the Securities Act (at Section 11(e) thereof) serves as the basis for calculating Securities Act Loss Amounts under the Plan. Under this formula, April 2, 2020 (when the first complaint in this Action was filed) is deemed the "date of suit," and October 20, 2021, the date that Stipulation was executed, is deemed the "date of judgment."

## CALCULATION OF LUCKIN RECOGNIZED LOSS AMOUNTS

6. Based on the formula stated below, a "**Recognized Loss Amount**" will be calculated for each purchase or acquisition of a Luckin ADS during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. The **Recognized Loss Amount** for each purchase or acquisition of a Luckin ADS during the Class Period is ***the greater of*** (a) the **Exchange Act Loss Amount** calculated under paragraph 7 below, if any, ***or*** (b) the **Securities Act Loss Amount** calculated under paragraph 8 or 9 below, if any.

**Exchange Act Loss Amounts**

7. For each Luckin ADS purchased or otherwise acquired during the period from May 17, 2019 through July 15, 2020, inclusive (including ADSs purchased in Luckin's May 17, 2019 Initial Public Offering or its January 10, 2020 Secondary Public Offering, or on the secondary market from May 17, 2019 through July 15, 2020), and:

(a) sold before 11:00 a.m. Eastern time on January 31, 2020, the **Exchange Act Loss Amount** is zero;[7]

(b) sold from 11:00 a.m. Eastern time on January 31, 2020 through the close of trading on July 15, 2020, the **Exchange Act Loss Amount** is **the lesser of:** (i) the amount of artificial inflation per ADS on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per ADS on the date of sale as stated in Table A; or (ii) the purchase price *minus* the sale price;

(c) sold from July 16, 2020 through the close of trading on October 13, 2020, the **Exchange Act Loss Amount** is equal to **the least of:** (i) the amount of artificial inflation per ADS on the date of purchase/acquisition as stated in Table A; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between July 16, 2020 and the date of sale as stated in Table B;

(d) held as of the close of trading on October 13, 2020, the **Exchange Act Loss Amount** is equal to **the lesser of:** (i) the amount of artificial inflation per ADS on the date of purchase/acquisition as stated in Table A; or (ii) the purchase price *minus* $2.75.[8]

**Securities Act Loss Amounts**

8. **Purchases of Luckin ADSs In or Traceable to the May 17, 2019 Initial Public Offering ("IPO"):** For each Luckin ADS either (a) purchased directly in the May 17, 2019 Initial Public Offering, (b) purchased in the open market from May 20, 2019 through January 9, 2020, inclusive, or (c) purchased in the open market from January 10, 2020 through July 15, 2020, inclusive and for which the Claimant provides records establishing that those specific shares were originally issued in the IPO, and:

(a) sold before the close of trading on April 2, 2020, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $17.00) *minus* the sale price per share;

(b) sold after the close of trading on April 2, 2020 but before the close of trading on October 20, 2021, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $17.00) *minus* the greater of: (i) the sale price per share or (ii) $1.38 (the value of Luckin ADSs on April 2, 2020, the date the lawsuit was filed, based on the closing price that day less the remaining artificial inflation in the shares);

[7] For purposes of this Plan of Allocation, the Claims Administrator will assume that any Luckin ADSs purchased/acquired or sold on January 31, 2020 at any price equal to or greater than $33.00 per ADS occurred before 11:00 a.m. Eastern time, and that any Luckin ADSs purchased/acquired or sold on January 31, 2021 at any price less than $33.00 per ADS occurred at or after 11:00 a.m. Eastern time.

[8] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Luckin ADSs during the "90-day look-back period," from July 16, 2020 through October 13, 2020. The mean (average) closing price for Luckin ADSs during this period was $2.75.

(c) held as of the close of trading on October 20, 2021, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $17.00) *minus* $1.38.

9. **Purchases of Luckin ADSs In or Traceable to the January 10, 2020 Secondary Public Offering ("SPO"):** For each Luckin ADS either (a) purchased directly in the January 10, 2020 SPO, or (b) purchased in the open market from January 10, 2020 through July 15, 2020, inclusive *and* for which the Claimant provides records establishing that those specific shares were originally issued in the SPO, and:

(a) sold before the close of trading on April 2, 2020, the **Securities Act Loss Amount** is the purchase price per ADS (not to exceed $42.00) *minus* the sale price per share;

(b) sold after the close of trading on April 2, 2020 but before the close of trading on October 20, 2021, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $42.00) *minus* the greater of: (i) the sale price per share or (ii) $1.38 (the value of Luckin ADSs on April 2, 2020, the date the lawsuit was filed, based on the closing price that day less the remaining artificial inflation in the shares);

(c) held as of the close of trading on October 20, 2021, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $42.00) *minus* $1.38.

10. As noted above, for each purchase or acquisition of a Luckin ADS during the Class Period, a **Recognized Loss Amount** will be calculated which is the greater of: the Exchange Act Loss Amount, if any, or the Securities Act Loss Amount, if any. If a Recognized Loss Amount calculates to a negative number, the Recognized Loss Amount for that transaction will be zero.

## ADDITIONAL PROVISIONS

11. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 17 below) is $10.00 or greater.

12. **Calculation of a Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all purchases or acquisitions of Luckin ADS during the Class Period.

13. **FIFO Matching:** If a Class Member made more than one purchase/acquisition or sale of Luckin ADS during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

14. **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions. If a claimant receives Luckin ADSs through the conversion of another security, the "purchase" price applied to that acquisition shall be the closing market price of the Luckin ADSs on the date they are received.

15. **"Purchase/Sale" Dates:** Purchases, acquisitions, and sales of Luckin ADSs will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. Moreover, the receipt or grant by gift, inheritance, or operation of law of Luckin ADSs during the Class Period shall not be deemed an eligible purchase, acquisition, or sale, nor shall the receipt or grant be deemed an assignment of any claim relating to the ADSs unless (i) the donor or decedent purchased or acquired the Luckin ADS during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

16. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of the Luckin ADS. The date of a "short sale" is deemed to be the date of sale of the Luckin ADS. "Short sales" and the purchases covering "short sales" shall not be entitled to recovery under the Plan of Allocation.

17. **Derivatives and Options:** The only security eligible to participate in the Settlement are Luckin ADSs. Option contracts or any other derivative securities are not securities eligible to participate in the Settlement. With respect to Luckin ADSs purchased or sold through the exercise of an option, the purchase/sale date of the Luckin ADS is the exercise date of the option and the purchase/sale price is the closing market price of the Luckin ADSs on the date of exercise.

18. **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "**Distribution Amount**" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

19. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculations and no distribution will be made to that Authorized Claimant.

20. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution. Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such further distributions, would be cost-effective. At such time as it is determined that the further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Class Counsel and approved by the Court.

21. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person or entity shall have any claim against Class Representatives, Class Counsel, the Claims Administrator, or any other agent designated by Class Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Class Representatives and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

22. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Class Representatives after consultation with Class Representatives' damages consultant. The Court may approve this Plan as proposed or it may modify the Plan without further notice to the Class. Any Orders regarding any modification of the Plan will be posted on the case website, www.LuckinCoffeeSecuritiesLitigation.com.

**TABLE A**

**Estimated Artificial Inflation in Luckin ADSs from May 17, 2019 through and including July 15, 2020**

| Date Range | Artificial Inflation Per Luckin ADS |
|---|---|
| May 17, 2019 – January 31, 2020 at 10:59 a.m. Eastern Time | $29.08 |
| January 31, 2020 at 11:00 a.m. Eastern Time – April 1, 2020 | $25.96 |
| April 2, 2020 – April 5, 2020 | $5.02 |
| April 6, 2020 – May 19, 2020 | $3.81 |
| May 20, 2020 – June 18, 2020 | $1.33 |
| June 19, 2020 | $1.16 |
| June 20, 2020 – June 22, 2020 | $0.53 |
| June 23, 2020 – June 25, 2020 | $0.48 |
| June 26, 2020 – July 15, 2020 | $0.13 |
| July 16, 2020 and later | $0.00 |

**TABLE B**
**90-Day Look-Back Table for Luckin ADSs**
**(Average Closing Price: July 16, 2020 – October 13, 2020)**

| Sale Date | Closing Price | Average Closing Price from July 16, 2020 through Date | | Sale Date | Closing Price | Average Closing Price from July 16, 2020 through Date |
|---|---|---|---|---|---|---|
| 7/16/2020 | $2.97 | $2.97 | | 8/31/2020 | $3.11 | $2.40 |
| 7/17/2020 | $2.68 | $2.83 | | 9/1/2020 | $2.95 | $2.41 |
| 7/20/2020 | $2.50 | $2.72 | | 9/2/2020 | $2.74 | $2.42 |
| 7/21/2020 | $2.81 | $2.74 | | 9/3/2020 | $2.51 | $2.42 |
| 7/22/2020 | $2.70 | $2.73 | | 9/4/2020 | $2.51 | $2.43 |
| 7/23/2020 | $2.66 | $2.72 | | 9/8/2020 | $2.53 | $2.43 |
| 7/24/2020 | $2.55 | $2.70 | | 9/9/2020 | $2.43 | $2.43 |
| 7/27/2020 | $2.56 | $2.68 | | 9/10/2020 | $2.29 | $2.43 |
| 7/28/2020 | $2.48 | $2.66 | | 9/11/2020 | $2.35 | $2.42 |
| 7/29/2020 | $2.39 | $2.63 | | 9/14/2020 | $2.36 | $2.42 |
| 7/30/2020 | $2.24 | $2.59 | | 9/15/2020 | $2.36 | $2.42 |
| 7/31/2020 | $2.40 | $2.58 | | 9/16/2020 | $2.54 | $2.42 |
| 8/3/2020 | $2.42 | $2.57 | | 9/17/2020 | $2.50 | $2.43 |
| 8/4/2020 | $2.36 | $2.55 | | 9/18/2020 | $2.59 | $2.43 |
| 8/5/2020 | $2.29 | $2.53 | | 9/21/2020 | $2.60 | $2.43 |
| 8/6/2020 | $2.25 | $2.52 | | 9/22/2020 | $2.94 | $2.44 |
| 8/7/2020 | $2.12 | $2.49 | | 9/23/2020 | $2.77 | $2.45 |
| 8/10/2020 | $2.41 | $2.49 | | 9/24/2020 | $2.89 | $2.46 |
| 8/11/2020 | $2.34 | $2.48 | | 9/25/2020 | $2.88 | $2.47 |
| 8/12/2020 | $2.27 | $2.47 | | 9/28/2020 | $2.91 | $2.48 |
| 8/13/2020 | $2.20 | $2.46 | | 9/29/2020 | $2.94 | $2.48 |
| 8/14/2020 | $2.23 | $2.45 | | 9/30/2020 | $3.07 | $2.49 |
| 8/17/2020 | $2.26 | $2.44 | | 10/1/2020 | $3.14 | $2.51 |
| 8/18/2020 | $2.25 | $2.43 | | 10/2/2020 | $3.39 | $2.52 |
| 8/19/2020 | $2.28 | $2.42 | | 10/5/2020 | $4.10 | $2.55 |
| 8/20/2020 | $2.20 | $2.42 | | 10/6/2020 | $4.62 | $2.59 |
| 8/21/2020 | $2.17 | $2.41 | | 10/7/2020 | $5.66 | $2.64 |
| 8/24/2020 | $2.13 | $2.40 | | 10/8/2020 | $4.82 | $2.67 |
| 8/25/2020 | $2.13 | $2.39 | | 10/9/2020 | $4.23 | $2.70 |
| 8/26/2020 | $2.11 | $2.38 | | 10/12/2020 | $4.13 | $2.72 |
| 8/27/2020 | $2.12 | $2.37 | | 10/13/2020 | $4.60 | $2.75 |
| 8/28/2020 | $2.50 | $2.37 | | | | |

***In re Luckin Coffee Inc. Securities Litigation***
**Toll-Free Number: 1-855-535-1824**
**Email: info@LuckinCoffeeSecuritiesLitigation.com**
**Website: www.LuckinCoffeeSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a payment from the Settlement, you must complete and sign this Claim Form and mail it by first-class mail to the address below, or submit it online at www.LuckinCoffeeSecuritiesLitigation.com, with supporting documentation, ***postmarked*** **(or received) no later than March 15, 2022**.

**Mail to:**

***In re Luckin Coffee Inc. Securities Litigation***
**c/o Epiq Class Action & Claims Solutions, Inc.**
**P.O. Box 5887**
**Portland, OR 97228-5887**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Submit your Claim Form only to the Claims Administrator at the address set forth above.**

**TABLE OF CONTENTS** **PAGE #**

**PART I – CLAIMANT INFORMATION** .......... **2**

**PART II – GENERAL INSTRUCTIONS** .......... **3-4**

**PART III – SCHEDULE OF TRANSACTIONS IN LUCKIN AMERICAN DEPOSITORY SHARES** .......... **5**

**PART IV – RELEASE OF CLAIMS AND SIGNATURE** .......... **6-7**

## PART I - CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name MI Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name MI Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City State/Province ZIP Code

Foreign Postal Code (if applicable) Foreign Country (if applicable)

Telephone Number (Day) – – Telephone Number (Evening) – –

Email Address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s) ☐ Corporation ☐ UGMA Custodian ☐ IRA

☐ Partnership ☐ Estate ☐ Trust ☐ Other (describe: ___________________)

## PART II – GENERAL INSTRUCTIONS

1. It is important that you completely read and understand the Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice. The Settlement Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2. This Claim Form is directed to **all persons and entities (and their beneficiaries) who purchased or otherwise acquired the American Depository Shares ("ADSs") of Luckin Coffee Inc. ("Luckin") during the Class Period (from May 17, 2019 through July 15, 2020, inclusive)** (the "Class"). Included in the Class are all persons and entities who purchased Luckin ADSs on the open market and/or in or traceable to the May 17, 2019 Initial Public Offering ("IPO") and January 10, 2020 Secondary Public Offering ("SPO") during the Class Period. Certain persons and entities are excluded from the Class by definition as set forth in ¶ 25 of the Settlement Notice.

3. By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Settlement Notice. IF YOU ARE NOT A CLASS MEMBER (*see* the definition of the Class on page 6 of the Settlement Notice, which sets forth who is included in and who is excluded from the Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4. **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement, if it is approved. The distribution of the payments to eligible purchasers of Luckin ADSs will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5. Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, Luckin ADSs. On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Luckin ADSs (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6. **Please note**: Only Luckin ADSs purchased or acquired from May 17, 2019 through July 15, 2020, inclusive, are eligible for payment under the Settlement. However, sales of Luckin ADSs during the period from July 16, 2020 through and including the close of trading on October 20, 2021, will be used for purposes of calculating your claim under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition and sale/disposition information during this period must also be provided.

7. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Luckin ADSs as set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Settling Parties and the Claims Administrator do not independently have information about your investments in Luckin ADSs. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8. **Traceability of Luckin ADSs to Public Offerings in the Class Period.** Public offerings of Luckin ADSs occurred during the Class Period on or about (i) May 17, 2019 (the IPO); and (ii) January 10, 2020 (the SPO). Claimants who purchased Luckin ADSs directly in one or both of the offerings, or who purchased shares "traceable" to one or both of the offerings (as opposed to generally on the open market) may be entitled to additional compensation under the Plan of Allocation. All Luckin ADSs purchased from May 17, 2019 through January 9, 2020 are assumed to be traceable to the IPO. However, if you purchased Luckin ADSs from January 10, 2020 through July 15, 2020 that were not purchased directly in the SPO but that you believe are specifically traceable to Luckin ADSs that were issued in the IPO or SPO, you must submit documentation with your Claim Form showing that the specific ADSs you purchased were shares issued in the IPO or SPO.

9. Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Luckin ADSs. The complete name(s) of the beneficial owner(s) must be entered. If you held the Luckin ADSs in your own name, you were the beneficial owner as well as the record owner. If, however, your Luckin ADSs were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the ADSs, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

10. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA holdings and transactions with holdings and transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Luckin ADSs made on behalf of a single beneficial owner.

11. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name; account number; last four digits of the Social Security Number, taxpayer identification number, or comparable identification number for non-U.S. claimants; address; and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Luckin ADSs; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

12. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the Luckin ADSs you have listed in the Claim Form; or

(b) are expressly authorized to act on behalf of the owner thereof.

13. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

14. Payments to eligible Authorized Claimants pursuant to the Plan of Allocation will be made after final approval of the Settlement and any appeals from such approval, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

15. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the funds available under the Settlement. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

16. If you have questions concerning the Claim Form, or need additional copies of the Claim Form, you may contact the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., at the address on the first page of this Claim Form, by email at info@LuckinCoffeeSecuritiesLitigation.com, or by toll-free phone at 1-855-535-1824, or you can visit the website, www.LuckinCoffeeSecuritiesLitigation.com, where copies of the Claim Form and other relevant documents are available for downloading.

17. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.LuckinCoffeeSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@LuckinCoffeeSecuritiesLitigation.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 9 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@LuckinCoffeeSecuritiesLitigation.com to inquire about your file and confirm it was received.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-855-535-1824.**

## PART III – SCHEDULE OF TRANSACTIONS IN LUCKIN ADSs

Use this section to provide information on your holdings and trading of Luckin ADSs during the requested time periods. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 7 above.

**1. PURCHASES/ACQUISITIONS FROM MAY 17, 2019 THROUGH JULY 15, 2020, INCLUSIVE** – Separately list each and every purchase or acquisition (including free receipts) of Luckin ADSs from May 17, 2019 through and including the close of trading on July 15, 2020. Include Luckin ADSs purchased in Luckin's May 17, 2019 Initial Public Offering and January 10, 2020 Secondary Public Offering and Luckin ADSs purchased on the open market from May 17, 2019 through July 15, 2020. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of ADSs Purchased/ Acquired | Purchase Price Per ADS | Total Purchase Price (excluding any fees, commissions, and taxes) | Were the shares purchased in or traceable to the May 2019 IPO or the Jan. 2020 SPO? | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|---|
| | | . | . | ☐ | ☐ |
| | | . | . | ☐ | ☐ |
| | | . | . | ☐ | ☐ |
| | | . | . | ☐ | ☐ |
| | | . | . | ☐ | ☐ |

**2. PURCHASES/ACQUISITIONS FROM JULY 16, 2020 THROUGH OCTOBER 20, 2021, INCLUSIVE** – State the total number of Luckin ADSs purchased or acquired (including free receipts) from July 16, 2020 through the close of trading on October 20, 2021. If none, write "zero" or "0."[1]

____________ . ____

**3. SALES FROM MAY 17, 2019 THROUGH OCTOBER 20, 2021** – Separately list each and every sale or disposition (including free deliveries) of Luckin ADSs from May 17, 2019 through and including the close of trading on October 20, 2021. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of ADSs Sold | Sale Price Per ADS | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| | | . | . | ☐ |
| | | . | . | ☐ |
| | | . | . | ☐ |
| | | . | . | ☐ |
| | | . | . | ☐ |

**4. HOLDINGS AS OF OCTOBER 20, 2021** – State the total number of Luckin ADSs held as of the close of trading on October 20, 2021. (Must be documented.) If none, write "zero" or "0."

____________ . ____

**Confirm Proof of Position Enclosed** ☐

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

[1] **Please note**: Information requested with respect to your purchases and acquisitions of Luckin ADSs from July 16, 2020 through the close of trading on October 20, 2021 is needed in order to balance your claim; purchases and acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 7 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Luckin and the other Defendants' Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Released Parties in any jurisdiction.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice, is (are) not excluded by definition from the Class as set forth in the Settlement Notice and did ***not*** submit a request for exclusion from the Class;

3. that I (we) own(ed) the Luckin ADSs identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Released Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4. that the claimant(s) has (have) not submitted any other claim covering the same purchases of Luckin ADSs and knows (know) of no other person having done so on the claimant's (claimants') behalf;

5. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

6. that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

7. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waives any right of appeal or review with respect to such determination;

8. that should Luckin determine in its absolute discretion that the Settlement should also be implemented in the Cayman Islands by way of a scheme of arrangement promulgated under section 86 of the Cayman Islands Companies Act 1981 (the "Scheme"), the claimant(s) appoint(s) Sjunde AP-Fonden and Louisiana Sheriff's Pension & Relief Fund as its/their proxy to vote in favor of the Scheme at all meetings convened for the purpose of approving the Scheme;

9. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Signature of claimant

Date: MM – DD – YYYY

Print claimant name here

Signature of joint claimant, if here

Date: MM – DD – YYYY

Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

Signature of person signing on behalf of claimant

Date: MM – DD – YYYY

Print name of person signing on behalf of claimant here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – *see* ¶ 11 on page 4 of this Claim Form.)

**REMINDER CHECKLIST**

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.
2. Attach only ***copies*** of acceptable supporting documentation as these documents will not be returned to you.
3. Do not highlight any portion of the Claim Form or any supporting documents.
4. Keep copies of the completed Claim Form and documentation for your own records.
5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of your submission. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-855-535-1824.**
6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.
7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@LuckinCoffeeSecuritiesLitigation.com, or by toll-free phone at 1-855-535-1824, or you may visit www.LuckinCoffeeSecuritiesLitigation.com.

**This Claim Form must be mailed to the Claims Administrator by first-class mail or submitted online at www.LuckinCoffeeSecuritiesLitigation.com, postmarked (or received) no later than March 15, 2022. If mailed, the Claim Form should be addressed as follows:**

***In re Luckin Coffee Inc. Securities Litigation***
**c/o Epiq Class Action & Claims Solutions, Inc.**
**P.O. Box 5887**
**Portland, OR 97228-5887**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before March 15, 2022 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# Exhibit C

# CONFIRMATION OF PUBLICATION

**IN THE MATTER OF:** ***Luckin Coffee Securities Litigation (Settlement)***

I, Kathleen Komraus, hereby certify that

(a) I am the Media & Design Manager at Epiq Class Action & Claims Solutions, a noticing administrator, and;
(b) The Notice of which the annexed is a copy was published in the following publications on the following dates:

***11.30.2021 – Wall Street Journal***
***11.30.2021 – PR Newswire***

**X** Kathleen Komraus
**(Signature)**

Media & Design Manager
**(Title)**

# BIGGEST 1,000 STOCKS

## How to Read the Stock Tables

## Dividend Changes

Dividend announcements from November 29.

ADVERTISEMENT

# The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

## CLASS ACTION

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons and entities (and their beneficiaries) that purchased or otherwise acquired the American Depository Shares ("ADSs") of Luckin Coffee Inc. between May 17, 2019 through July 15, 2020, inclusive ("Class").** Certain persons and entities are excluded from the Class as set forth in detail in the Stipulation and Agreement of Settlement dated October 20, 2021 ("Stipulation") and the Settlement Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"), that Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund (together, "Class Representatives"), on behalf of themselves and the Class; and (b) Luckin Coffee Inc. (in Provisional Liquidation) ("Luckin"), have reached a proposed settlement of the above-captioned action ("Action") for $175,000,000 in cash ("Settlement"). The Settlement, if approved, will resolve all claims in the Action.

A hearing will be held on **July 22, 2022 at 11:00 a.m.**, before the Honorable John P. Cronan at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, Courtroom 12D, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Luckin, the other defendants named in the Action, and certain other related parties, and the releases specified and described in the Stipulation (and in the Settlement Notice described below) should be entered; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Class Counsel's motion for attorneys' fees and litigation expenses should be approved. Any updates regarding the hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website for the Action, www.LuckinCoffeeSecuritiesLitigation.com.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** This notice provides only a summary of the information contained in the detailed Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Settlement Notice"). If you have not received a copy of the Settlement Notice, along with the Claim Form, in the mail, you may obtain copies of these documents by: (i) contacting the Claims Administrator at *In re Luckin Coffee Inc. Securities Litigation*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5887, Portland, OR 97228-5887, 1-855-535-1824, info@LuckinCoffeeSecuritiesLitigation.com; or (ii) downloading them from the website for the Action, www.LuckinCoffeeSecuritiesLitigation.com, or from Class Counsel's websites, www.blbglaw.com and www.ktmc.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form ***postmarked (if mailed), or online, no later than March 15, 2022***, in accordance with the instructions set forth in the Claim Form. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and litigation expenses, must be filed with the Court and delivered to Class Counsel and Luckin's Counsel such that they are ***received no later than June 24, 2022***, in accordance with the instructions set forth in the Settlement Notice. As this Class was previously certified by the Court for purposes of negotiating and implementing a settlement and, in connection therewith, Class Members had the opportunity to exclude themselves from the Class, the Court has exercised its discretion not to allow a second opportunity for exclusion in connection with the settlement proceedings.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, LUCKIN, OR LUCKIN'S COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Class Counsel or the Claims Administrator.

Requests for the Settlement Notice and Claim Form should be made to the Claims Administrator:

*In re Luckin Coffee Inc. Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 5887
Portland, OR 97228-5887
1-855-535-1824
info@LuckinCoffeeSecuritiesLitigation.com
www.LuckinCoffeeSecuritiesLitigation.com

All other inquiries should be made to Class Counsel:

Salvatore J. Graziano, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

Sharan Nirmul, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706
info@ktmc.com

DATED: November 30, 2021

BY ORDER OF THE COURT
United States District Court
Southern District of New York

BUSINESS OPPORTUNITIES

BANKRUPTCIES

THE WALL STREET JOURNAL. THE MARKETPLACE ADVERTISE TODAY (800) 366-3975 For more information visit: wsj.com/classifieds

© 2021 Dow Jones & Company, Inc. All Rights Reserved.

## Exchange-Traded Portfolios

WSJ.com/ETFresearch

# Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP Announce Class Action Settlement Involving Purchasers of Luckin Coffee Inc. American Depository Shares

---

NEWS PROVIDED BY
**Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP →**
Nov 30, 2021, 08:00 ET

---

NEW YORK, Nov. 30, 2021 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC |
|---|---|

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT;**
**(II) SETTLEMENT HEARING; AND (III) MOTION FOR**
**ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons and entities (and their beneficiaries) that purchased or otherwise acquired the American Depository Shares ("ADSs") of Luckin Coffee Inc. between May 17, 2019 through July 15, 2020, inclusive ("Class").** Certain persons and entities are excluded from the Class as set forth in detail in the Stipulation and Agreement of Settlement dated October 20, 2021 ("Stipulation") and the Settlement Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"), that Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund (together, "Class Representatives"), on behalf of themselves and the Class; and (b) Luckin Coffee Inc. (in Provisional Liquidation) ("Luckin"), have reached a proposed settlement of the above-captioned action ("Action") for $175,000,000 in cash ("Settlement"). The Settlement, if approved, will resolve all claims in the Action.

A hearing will be held on **July 22, 2022 at 11:00 a.m.**, before the Honorable John P. Cronan at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, Courtroom 12D, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Luckin, the other defendants named in the Action, and certain other related parties, and the releases specified and described in the Stipulation (and in the Settlement Notice described below) should be entered; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Class Counsel's motion for attorneys' fees and litigation expenses should be approved. Any updates regarding the hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website for the Action, www.LuckinCoffeeSecuritiesLitigation.com.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. This notice provides only a summary of the information contained in the detailed Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Settlement Notice"). If you have not received a copy of the Settlement Notice, along with the Claim Form, in the mail, you may obtain copies of these documents by: (i) contacting the Claims Administrator at *In re Luckin Coffee Inc. Securities Litigation*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5887, Portland, OR 97228-5887, 1-855-535-1824, info@LuckinCoffeeSecuritiesLitigation.com; or (ii) downloading them from the website for the Action, www.LuckinCoffeeSecuritiesLitigation.com, or from Class Counsel's websites, www.blbglaw.com and www.ktmc.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form ***postmarked (if mailed), or online, no later than March 15, 2022***, in accordance with the instructions set forth in the Claim Form. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and litigation expenses, must be filed with the Court and delivered to Class Counsel and Luckin's Counsel such that they are ***received no later than June 24, 2022***, in accordance with the instructions set forth in the Settlement Notice. As this Class was previously certified by the Court for purposes of negotiating and implementing a settlement and, in connection therewith, Class Members had the opportunity to exclude themselves from the Class, the Court has exercised its discretion not to allow a second opportunity for exclusion in connection with the settlement proceedings.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, LUCKIN, OR LUCKIN'S COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Class Counsel or the Claims Administrator.

Requests for the Settlement Notice and Claim Form should be made to the Claims Administrator:

*In re Luckin Coffee Inc. Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 5887
Portland, OR 97228-5887
1-855-535-1824
info@LuckinCoffeeSecuritiesLitigation.com
www.LuckinCoffeeSecuritiesLitigation.com

All other inquiries should be made to Class Counsel:

Salvatore J. Graziano, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

Sharan Nirmul, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706
info@ktmc.com

DATED:  November 30, 2021

BY ORDER OF THE COURT

United States District Court

Southern District of New York

URL// www.LuckinCoffeeSecuritiesLitigation.com

SOURCE Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP