# Exhibit 6C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC |

**DECLARATION OF MICHAEL S. ETKIN ON BEHALF OF**
**LOWENSTEIN SANDLER LLP IN SUPPORT OF CLASS COUNSEL'S**
**MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

I, Michael S. Etkin, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am a partner in the law firm of Lowenstein Sandler LLP ("Lowenstein"). I submit this declaration in support of Class Counsel's motion for an award of attorneys' fees in connection with services rendered by Plaintiffs' Counsel in connection with the above-captioned securities class action ("Action"), as well as for payment of Litigation Expenses incurred in connection with the Action.[1] Unless otherwise stated, I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2.      My firm served as bankruptcy counsel for Class Representatives and the Class in the Action in connection with Luckin Coffee Inc.'s Cayman Island insolvency proceeding and related Chapter 15 proceeding filed in the U.S. Bankruptcy Court for the Southern District of New York (the "Chapter 15 Case"). The tasks undertaken by my firm in the Action can be summarized as follows:

---

[1]      All capitalized terms that are not otherwise defined herein shall have the meanings set forth in the Stipulation and Agreement of Settlement dated October 20, 2021 (ECF No. 315).

Review operative class action complaint and order appointing lead plaintiffs and lead counsel; review chapter 15 petition and accompanying pleadings in Bankruptcy Court; review and monitor chapter 15 docket; review Joint Provisional Liquidator ("JPL") reports filed in the Cayman Islands; review documents filed in Cayman Island insolvency proceeding; research and analysis of issues regarding chapter 15 proceeding and recognition of Cayman Island proceeding; review e-mails and respond (internal and with lead counsel) re: initial chapter 15 issues; multiple conference calls (internal and with lead counsel) re: initial chapter 15 issues; prepare and review internal memos re: chapter 15 proceeding and Cayman Island insolvency proceeding; prepare outline and questions for Cayman counsel; review negotiations and internal discussions regarding class certification stipulation in District Court; e-mails to, review e-mails and telephone calls with Luckin chapter 15 counsel (DLA Piper); review various options regarding response to chapter 15 petition and recognition motion; prepare draft opposition to recognition motion and discuss options re: same (internal and with lead counsel); conference calls with lead counsel and Davis Polk; conference calls with lead counsel and Cayman counsel; continued legal and factual research on chapter 15 response, Cayman proceeding and class action interrelated issues; review Rule 23 class certification stipulation and comment; review District Court decision on Rule 23 stipulation; review and respond to e-mails and conference calls (internal, lead counsel and JPL chapter 15 counsel) re: form of chapter 15 recognition order and comments thereto; draft and file notice of appearance in chapter 15 proceeding; review and finalize reservation of rights re: recognition order/chapter 15 petition; review objections filed by others re: recognition/chapter 15 proceeding; review and respond to e-mails from Bankruptcy Judge Glenn; review recognition order and comment; review response to objections filed by DLA/JPLs; prepare for and participate

-3-

in Bankruptcy Court recognition hearing; follow-up conference calls with lead counsel re: next steps and preparation of Rule 23 notices based upon "so ordered" stipulation; conference calls with DLA re: final form of recognition order; prepare for and attend telephonic meet and confer re: form of recognition order and review additional edits to same; review transcripts of prior hearings; review competing forms of proposed recognition order and correspondence to Bankruptcy Court re: same; revise letter brief to Judge Glenn re; lead plaintiff, JPL and Luckin form of recognition order; conference call with DLA and objectors re: remaining issues with recognition order; review D&O insurance policies; review statements, Form 6-K, press release and restructuring support agreement with noteholders; review recognition order entered by Bankruptcy Court; continued telephone conferences with lead counsel re: next steps and class notice; draft summary of restructuring support agreement with noteholders; review and respond to e-mails, conference calls (internal, lead counsel, JPL counsel, Luckin counsel and Cayman counsel) re: notice issues and formation of Ad Hoc Group of securities claimants requested by JPLs; review notice re: formation of Ad Hoc Group and internal discussions re: same; review correspondence from opt-outs to District Court and initial preparation of response; review opt-out claimant motion to intervene; conference calls (internal, lead counsel and Cayman counsel) re: meeting to organize Ad Hoc Group of shareholder claimants; prepare for and attend JPL hosted conference call re: formation of Ad Hoc Group in connection with Cayman insolvency proceeding, extensive review of District Court pleadings and preparation of responses thereto; review further correspondence from opt-out claimants; follow up discussion (internal and lead counsel) re: Ad Hoc Group formation and governance issues; review Bankruptcy Court Order re: request for status report; prepare memo re: guidelines and governance for Ad Hoc Group; prepare for and

attend hearing on motions to intervene (District Court); finalize Ad Hoc Groups governance memo; research re: chapter 15 recognition of Cayman Island schemes; further research re: opt-out intervention motions in District Court and opposition thereto; multiple conference calls with JPL counsel re: same; review proposed non-disclosure agreement and revise; prepare for and multiple conference calls with Ad Hoc Group re: negotiation of settlement (global) with Luckin and JPLs and internal calls and e-mails re: same; review documents produced by Luckin and JPLs re: settlement negotiations with Ad Hoc Group; review District Court opinion and order denying intervention motions; review noteholder scheme of arrangement, research and discussions re: potential responses thereto; continued research, e-mails and conference calls re: settlement related issues (internal, lead counsel and Cayman counsel): review internal financial analysis and Luckin documents re: settlement negotiations; prepare for and multiple conference calls with lead counsel and Ad Hoc Group members re: counter proposals; conference calls with Chinese counsel re: various settlement issues; review initial and final memo from Chinese counsel re: specific settlement issues; conference calls with JPLs and Luckin re: settlement status and path forward; review opt-out discovery motion; review potential chapter 11 issues and research re: same; review opposition and reply to 2004 motion in Bankruptcy Court; review e-mails and respond re: independent settlement of Federal Securities Class case and draft term sheet re: same; provide lead counsel with comments to draft term sheet; review e-mails and respond re: revised term sheet and execution version re: same; review and revise language re: JPL fee request and approval papers filed in Cayman insolvency proceeding (JPL approval); review and comment on preliminary approval motion, JPL approval in Grand Cayman Court and report filed by DLA on behalf of JPLs in chapter 15 case; review motion re: recognition of noteholder scheme in chapter 15 case and review

-4-

e-mails and respond re: same; review opposition to scheme recognition by opt-outs and communicate with DLA (JPL counsel) re: same; review and revise noteholder scheme recognition order and attend scheme recognition hearing in chapter 15 case; review entered scheme recognition order; review chapter 15 status reports; multiple telephone calls with JPL counsel (DLA) re: status of Chapter 15 case; review order terminating chapter 15 after effective date of noteholder scheme; continued communications with lead counsel throughout process; review e-mails and respond re: status of settlement; review e-mails and respond re: declaration of Chinese counsel in support of final approval of settlement; review prior correspondence and legal memorandum from Chinese counsel; review Luckin memorandum from its Chinese counsel; exchange e-mails with Chinese counsel re: declaration; review and revise declaration of Chinese counsel.

3.      Based on Lowenstein's work in the Action and the Chapter 15 Case reflected in Lowenstein's time records of its attorneys and professional support staff employees ("Timekeepers"), as reported by the Timekeepers, I directed the preparation of the table set forth as Exhibit 1 hereto. The table in Exhibit 1: (i) identifies the names and employment positions (i.e., titles) of the Timekeepers who worked on the Action; (ii) provides the number of hours that each Timekeeper expended in connection with work on the Action from the time when Lowenstein was first engaged; (iii) provides each Timekeeper's current hourly rate (for current employees of the firm); and (iv) provides the lodestar of each Timekeeper and the entire firm. The table in Exhibit 1 was prepared from daily time records regularly prepared and maintained by my firm in the ordinary course of business, which are available at the request of the Court. All time expended in preparing Class Counsel's motion for attorneys' fees and expenses and this Declaration has been excluded.

4.    The number of hours expended by Lowenstein in the Action, as reflected in Exhibit 1, is 571.0. The lodestar for my firm, as reflected in Exhibit 1, is $594,059.50, consisting of $592,859.59 for attorneys' time and $1,200 for professional support staff time.

5.    The hourly rates for the Timekeepers, as set forth in Exhibit 1, are their standard rates.

6.    I believe that the number of hours expended and the services performed by the attorneys and professional support staff employees at Lowenstein were reasonable and necessary for the effective and efficient prosecution and resolution of the Action.

7.    Expense items are reported separately and are not duplicated in my firm's hourly rates. As set forth in Exhibit 2 hereto, Lowenstein is seeking payment for $1,307.80 in unreimbursed expenses incurred in connection with the prosecution and resolution of the Action. In my judgment, these expenses were reasonable and expended for the benefit of the Class in this Action.

8.    The expenses incurred by Lowenstein in the Action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred. I believe these expenses were reasonable and expended for the benefit of the Class in the Action.

9.    With respect to the standing of my firm, attached hereto as Exhibit 3 is a firm résumé, which includes information about the qualifications of the undersigned and my firm.

I declare, under penalty of perjury, that the foregoing facts are true and correct. Executed on June 8, 2022 in Roseland, New Jersey.

_____
MICHAEL S. ETKIN

**EXHIBIT 1**

*In re Luckin Coffee Inc. Securities Litigation*
Case No. 1:20-cv-01293-JPC-JLC (S.D.N.Y.)

**LOWENSTEIN SANDLER LLP**

**TIME REPORT**

From Inception Through June 3, 2022

| NAME | CURRENT HOURLY RATE | HOURS | LODESTAR |
|---|---|---|---|
| **Partners** | | | |
| Michael S. Etkin | $1,250.00 | 212.2 | $265,250.00 |
| Andrew Behlmann | $920.00 | 116.1 | $106,812.00 |
| **Of Counsel** | | | |
| Scott Cargill | $925.00 | 238.7 | $220,797.50 |
| **Paralegals** | | | |
| Elizabeth Lawler | $300.00 | 4.0 | $1,200.00 |
| **TOTALS** | | **571.0** | **$594,059.50** |

**EXHIBIT 2**

*In re Luckin Coffee Inc. Securities Litigation*
Case No. 1:20-cv-01293-JPC-JLC (S.D.N.Y.)

**LOWENSTEIN SANDLER LLP**

**EXPENSE REPORT**

| CATEGORY | AMOUNT |
|---|---|
| Conference Calling / Long Distance | $223.92 |
| On-line Legal / Factual Research | $1,046.88 |
| Local Work-Related Transportation | $37.00 |
| **TOTAL EXPENSES:** | **$1,307.80** |



**EXHIBIT 3**

*In re Luckin Coffee Inc. Securities Litigation*
Case No. 1:20-cv-01293-JPC-JLC (S.D.N.Y.)

**LOWENSTEIN SANDLER LLP**

**RÉSUMÉ**

# BANKRUPTCY & RESTRUCTURING

Lowenstein's bankruptcy attorneys are in demand by business leaders, credit managers, financial advisors, institutional investors and restructuring professionals seeking a resourceful, aggressive, well-connected law firm. We understand how to reach a negotiated resolution yet have a strong track record at trial. We represent debtors, creditors' committees, individual and institutional stakeholders, and trustees in Chapter 11 proceedings throughout the United States.

A reorganization may be the most practical and promising strategy for a troubled company. We advise on prepackaged and prenegotiated plans, which implement quick restructurings that might otherwise take years to complete. We also counsel debtors, creditors, and financial institutions in nonjudicial debt restructurings or workouts involving public and privately held companies.

In some instances, a business is not in distress but wishes to retire debt at a discount, restructure operations, or recapitalize. As a bankruptcy law firm, our attorneys work with companies seeking creative techniques to achieve specific business goals to deal with these issues.

A company's fiscal difficulty affects various other parties, such as those who have provided loans, supplied goods and services, or invested capital. We represent official and unofficial creditors' committees and equity committees in diverse Chapter 11 and other insolvency matters. We collaborate with commercial and investment banks, savings institutions, mutual funds, pension funds, and other financial firms in their management of troubled credit, or claims against companies in distress. Our attorneys also advise clients who are interested in buying assets from Chapter 11 debtors. We structure and secure bankruptcy court approval of debtor-in-possession financing, represent lenders in exploring and establishing these and other financing opportunities and represent asset purchasers.

When appropriate, we consult with the firm's corporate and tax groups to structure transactions that minimize future complications and liability, and to avoid the domino effect that one bad deal can have on a company's overall well-being. We also advise on the significant bankruptcy aspects of various transactions, including commercial finance transactions, as well as on mergers, acquisitions, and divestitures of solvent, insolvent, and other highly leveraged companies. Our bankruptcy attorneys are involved in large and complex commercial, industrial, and residential real estate insolvencies, and they assist companies in emerging from bankruptcy with controlled environmental liabilities.

We also prosecute and defend all types of litigation related to bankruptcy proceedings. We are noted for representing the interests of shareholders, investors, and consumers in class action and other litigation against corporate defendants that are in bankruptcy.

Whether defrauded institutional investors, individual investors, state, local, and union employee pension and benefit funds, investment managers, or consumers in some of the largest and most significant Chapter 11 cases, we understand the nuances and pitfalls facing such claimants in a bankruptcy context. Such representation helps protect a class of creditors that generally receives little or no recovery in Chapter 11 reorganizations or liquidations throughout the country including the most active jurisdictions.





**Michael S. Etkin**
Partner, Bankruptcy & Restructuring Department
**E-mail:** metkin@lowenstein.com
**T:** 973.597.2312

A senior bankruptcy practitioner and seasoned commercial litigator, Mickey brings significant experience to his practice, which focuses on complex business reorganizations, investor litigation in a bankruptcy context, and high-stakes Chapter 11 issues. Mickey is consistently recognized by *Chambers USA* as "a strong lawyer," "brilliant," "fantastic," "very plugged in," and "instrumental in providing tactical advice," noting his skill in "anticipating all the key issues that are likely to arise." Clients have commended his "technical knowledge, attention to detail, and honest and straightforward legal advice."

A key member of the firm's successful bankruptcy and complex business litigation practices, Mickey has represented debtors, trustees, creditors, and investors in a variety of noteworthy bankruptcies and bankruptcy-related litigation. He currently represents a number of institutional shareholder and investor interests in several large and complex Chapter 11 and Chapter 15 proceedings, including cross-border insolvencies, such as Pacific Gas & Electric, Ascena Retail Group, Mallinckrodt, Luckin Coffee, SandRidge Energy, American Addiction Centers, Performance Sports Group, Aegean Marine Petroleum, Windstream, Adeptus Health, and McDermott International, among others. On the consumer front, he currently represents consumer interests in the Cambridge Analytica, Think Finance and 21st Century Oncology bankruptcy proceedings. He also represents debtors and purchasers in acquisitions of assets of Chapter 11 and Chapter 7 bankruptcy estates.

In addition, Mickey represents major energy companies in connection with bankruptcy proceedings involving their customers and counterparties. He has been invited to speak before financial institutions, bar association groups, and credit associations regarding the rights of counterparties to derivatives and other energy-related contracts in a bankruptcy context, including cutting-edge issues emerging from the Lehman Brothers Chapter 11 and SIPC proceedings. Mickey also is routinely asked to speak at programs discussing the rights of securities fraud claimants and class action plaintiffs in a Chapter 11 context and on the interplay between bankruptcy law and product liability litigation.

**Education**
- St. John's University School of Law (J.D. 1978), with honors
- Boston University (B.S. 1975), cum laude

**Affiliations**
- International Energy Credit Association

**Admissions**
- New York
- New Jersey