# Exhibit 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COPY OF ECF DOCKET

———————————————————— x

In re DORAL FINANCIAL CORP.          :      Master Docket No. 1:05-md-01706-RO
SECURITIES LITIGATION                :      (Civil Action No. 1:05-cv-04014-RO)
                                     :
———————————————————— :      **ELECTRONICALLY FILED**
                                     :
This Document Relates To:            :
                                     :      [~~PROPOSED~~] ORDER AWARDING
     ALL ACTIONS.                    :      ATTORNEYS' FEES AND EXPENSES
                                     :
———————————————————— x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/07

THIS MATTER having come before the Court on July 16, 2007, on the Motion of Lead Counsel for an award of attorneys' fees and expenses incurred in the Class Action; the Court, having considered all papers filed and proceedings conducted herein, having found the partial settlement of this Class Action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Partial Settlement dated April 27, 2007 (the "Stipulation").

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3. Counsel for the Lead Plaintiff are entitled to a fee paid out of the common fund created for the benefit of the Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). In class action suits where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is the proper approach. *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). The Second Circuit recognizes the propriety of the percentage-of-the fund method when awarding fees. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).

4. Lead Counsel have moved for an award of attorneys' fees of 15.25% of the Settlement Fund. Following its appointment by the Court pursuant to 15 U.S.C. §78u-4(a) of the Private Securities Litigation Reform Act of 1995, the Court-appointed Lead Plaintiff negotiated a very aggressive fee arrangement with Lead Counsel which yielded a fee entitlement of 15.25%.

5.     This Court adopts the percentage-of-recovery method of awarding fees in this case, and concludes that the percentage of the benefit is the proper method for awarding attorneys' fees in this case.

6.     The Court hereby awards attorneys' fees of 15.25% of the Settlement Fund, plus interest at the same rate as earned on the Settlement Fund, which represents the percentage fee award negotiated between the Court-appointed Lead Plaintiff and Lead Counsel at this level of recovery. The presumption that a 15.25% fee award is reasonable here, based on the circumstances of this case, has not been rebutted. The Court finds the fee award to be fair and reasonable. The fee structure agreed to by the Lead Plaintiff, which provided for a 0% fee up to $25 million and a higher percentage fee for increasing levels of recovery, is entitled to deference because it was designed to incentivize counsel to achieve the maximum result possible for the Class. It accomplished its goal here. The Court further finds that a fee award of 15.25% of the Settlement Fund is consistent with, if not less than, awards made in similar cases. *See Taft v. Ackermans*, 02 Civ. 7951 (PKL), 2007 U.S. Dist. LEXIS 9144, at *31-32 (S.D.N.Y. Jan. 31, 2007). Indeed, courts throughout this Circuit regularly award fees of 25% to 30% or more of the total recovery under the percentage-of-the-recovery method.

7.     Said fees shall be allocated among plaintiffs' counsel by Lead Counsel in manner which, in their good faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Class Action.

8.     The Court hereby awards expenses in an aggregate amount of $242,555.66.

9.     In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered each of the applicable factors set fort in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). In evaluating the *Goldberger* factors, the Court finds that:

Case 1:07-cv-03252-RC Document 7-17 Filed 07/17/07 Page 4 of 6

(a)    Counsel for Lead Plaintiff expended considerable effort and resources over the course of the Class Action researching, investigating and prosecuting Lead Plaintiff's claims. Lead Plaintiff's counsel have represented that they have reviewed the tens of thousands of pages of documents, interviewed witnesses, opposed legally and factually complex motions to dismiss, and consulted with experts in accounting, banking regulations, loss causation, damages and corporate governance. The parties also engaged in settlement negotiations that lasted over five months. The services provided by Lead Counsel were efficient and highly successful, resulting in an outstanding recovery for the Class without the substantial expense, risk and delay of continued litigation. Such efficiency and effectiveness supports the requested fee percentage.

(b)    Cases brought under the federal securities laws are notably difficult and notoriously uncertain. *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL No. 1500, 2006 U.S. Dist. LEXIS 17588, at \*31 (S.D.N.Y. Apr. 6, 2006). "[S]ecurities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA." *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000). This case was made more difficult by the lack of criminal convictions and no insider trading. In addition, Doral's weakened financial condition and upcoming $625 million bond payment made it likely that Doral would soon face insolvency. Despite the novelty and difficulty of the issues raised, Lead Plaintiff's counsel secured an excellent result for the Class.

(c)    The recovery obtained and the backgrounds of the lawyers involved in the lawsuit are the best evidence that the quality of Lead Counsel's representation of the Class supports the requested fee. Lead Plaintiff's counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiff's counsel's diligent efforts on behalf of the Class, as well as their skill and reputations, Lead Plaintiff's

Case 1:07-cv-03252-RO Document 7-1 Filed 07/17/07 Page 5 of 6

counsel were able to negotiate a very favorable result for the Class. Lead Plaintiff's counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. Their efforts in efficiently bringing the Class Action to a successful conclusion against the Settling Defendants are the best indicator of the experience and ability of the attorneys involved. In addition, Settling Defendants were represented by highly experienced lawyers from prominent firms. The standing of opposing counsel should be weighed in determining the fee, because such standing reflects the challenge faced by plaintiffs' attorneys. The ability of Lead Plaintiff's counsel to obtain such a favorable partial settlement for the Class in the face of such formidable opposition confirms the superior quality of their representation and the reasonableness of the fee request.

(d)    The requested fee of 15.25% of the settlement is below the range normally awarded in cases of this nature.

(e)    Public policy supports the requested fee, because the private attorney general role is "'vital to the continued enforcement and effectiveness of the Securities Acts.'" *Taft*, 2007 U.S. Dist. LEXIS 9144, at *33 (citation omitted).

(f)    Lead Plaintiff's counsel's total lodestar is $1,917,094.50. A 15.25% fee represents a reasonable multiplier of 10.26. Given the public policy and judicial economy interests that support the expeditious settlement of cases, *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 373 (S.D.N.Y. 2002), the requested fee is reasonable.

10. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation and in particular ¶8 thereof, which terms, conditions, and obligations are incorporated herein.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE RICHARD OWEN
UNITED STATES DISTRICT JUDGE

S:\Settlement\Doral.set\ORD FEE 00043352.doc