**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION | Case No. 1:20-cv-01293-JPC-JLC |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**(I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND**
**PLAN OF ALLOCATION; AND (II) CLASS COUNSEL'S MOTION FOR**
**ATTORNEYS' FEES AND LITIGATION EXPENSES**

Dated:  July 15, 2022

**TABLE OF CONTENTS**

**Page**

I.      PRELIMINARY STATEMENT ....................................................................................1

II.     THE CLASS'S REACTION PROVIDES ADDITIONAL SUPPORT FOR
        APPROVAL OF THE MOTIONS ...............................................................................3

        A.      The Class's Reaction Supports Approval of the Settlement and Plan of
                Allocation...........................................................................................................4

        B.      The Class's Reaction Also Supports Approval of Class Counsel's Request
                for Attorneys' Fees and Litigation Expenses............................................5

III.    THE RACH OBJECTION IS WITHOUT MERIT AND SHOULD BE
        REJECTED .................................................................................................................6

IV.     CONCLUSION............................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Asare v. Change Grp. of N.Y., Inc.*,
    2013 WL 6144764 (S.D.N.Y. Nov. 18, 2013) ..........................................................................5

*In re AT&T Corp. Sec. Litig.*,
    2005 WL 6716404 (D.N.J. Apr. 25, 2005) ...............................................................................5

*In re Bisys Sec. Litig.*,
    2007 WL 2049726 (S.D.N.Y. July 16, 2007) ...........................................................................6

*City of Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v.
    Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) ..................................................................4

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) .................................................................................................5

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
    343 F. Supp. 3d 394 (S.D.N.Y. 2018) ......................................................................................5

*Fleisher v. Phoenix Life Ins. Co.*,
    2015 WL 10847814 (S.D.N.Y. Sept. 9, 2015) .........................................................................4

*Oklahoma Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*,
    2021 WL 76328 (S.D.N.Y. Jan. 7, 2021) .................................................................................4

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005) .....................................................................................................6

*Vaccaro v. New Source Energy Partners L.P.*,
    2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017) .........................................................................5

*In re Veeco Instruments Inc. Sec. Litig.*,
    2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ...........................................................................5

*In re Virtus Inv. Partners, Inc. Sec. Litig.*,
    2018 WL 6333657 (S.D.N.Y. Dec. 4, 2018) ...........................................................................4

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005) .......................................................................................................4

**STATUTES**

Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) (2005) ...................................................2

Court-appointed Lead Plaintiffs and Class Representatives Sjunde AP-Fonden and Louisiana Sheriffs' Pension & Relief Fund (together, "Lead Plaintiffs"), on behalf of themselves and the Class, respectfully submit this reply memorandum in further support of (i) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation (ECF No. 323); and (ii) Class Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF No. 325) (together, the "Motions").[1]

## I.    PRELIMINARY STATEMENT

As detailed in Lead Plaintiffs' and Class Counsel's opening papers in support of the Motions (ECF Nos. 323-27) ("Opening Papers"), the proposed Settlement—providing a $175,000,000 cash payment in exchange for the resolution of all claims asserted in the Action—is an excellent result for the Class.[2] The Settlement is the culmination of complex, multi-jurisdictional litigation that presented significant risks and complexities to obtaining *any* recovery for the Class and was reached only after extensive and skilled negotiations between informed counsel requiring consultation with bankruptcy counsel, Cayman Islands counsel, and PRC counsel, as well as analysis of complicated issues concerning damages, valuation, and settlement with a foreign-based defendant. Indeed, the Settlement is a particularly favorable result when considered in light of the circumstances posed by Luckin's liquidation proceedings in the Cayman Islands (and resulting stay of the Action against Luckin in this Court), the limits on the funds available to the Class, and the substantial risks to litigating and obtaining a meaningful recovery

---

[1]    Capitalized terms have the meanings contained in the Stipulation and Agreement of Settlement dated October 20, 2021 (ECF No. 315) ("Stipulation"), or in the Joint Declaration of Sharan Nirmul and Salvatore J. Graziano in Support of (I) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation and (II) Class Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF No. 327) ("Joint Declaration" or "Joint Decl.").

[2]    The Settlement has been fully funded. Pursuant to the terms of the Stipulation (*see* ¶ 11), the Settlement Amount was deposited into the Escrow Account on June 22, 2022.

from any Defendant other than Luckin. Under the proposed Plan of Allocation, which was developed in consultation with Lead Plaintiffs' damages consultant, the proceeds of the Settlement will be distributed fairly to Class Members. Likewise, Class Counsel's request for attorneys' fees and Litigation Expenses is fair and reasonable, especially considering the result achieved for the Class, the caliber of work performed, and the risks and financial burden of continued litigation.

Given the quality of the Settlement, it is no surprise that the Class's response to the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses has been overwhelmingly positive. In accordance with the Court's Revised Preliminary Approval Order (ECF No. 319), the Court-authorized Claims Administrator, Epiq Class Action & Claims Solutions, Inc., conducted an extensive notice campaign, including mailing the Settlement Notice to over 564,000 potential Class Members and nominees, publishing the Summary Settlement Notice in *The Wall Street Journal* and transmitting the same over *PR Newswire*, and posting relevant information and documents—including the Opening Papers—on the website for the Action, www.LuckinCoffeeSecuritiesLitigation.com.[3] In addition, notice of the Settlement was also provided by Luckin to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) (2005). ECF No. 320. The foregoing notice efforts have informed Class Members of the Settlement, the Plan of Allocation, and the requested fees and Litigation Expenses, as well as Class Members' options in connection with the Settlement and the deadline for submitting objections. *See, e.g.*, Initial Villanova Decl., Exs. A-C.

---

[3]    *See* Supplemental Declaration of Alexander P. Villanova Regarding (A) Continued Dissemination of the Settlement Notice and Claim Form; (B) Update on Call Center Services and Case Website; and (C) Report on Claims Received to Date ("Supp. Villanova Decl.") attached hereto, at ¶¶ 3, 5, as well as the previously filed Declaration of Alexander P. Villanova dated June 9, 2022 (ECF No. 327-3) ("Initial Villanova Decl.").

Following this robust notice campaign, ***no objections*** to the Settlement or the requested attorneys' fees and Litigation Expenses have been received, and just one objection to the Plan of Allocation was received—a miniscule number compared to the size of the Class and number of Settlement Notices mailed.[4] As the Court will recall, several members of the Class with substantial holdings in Luckin ADSs had voiced objections and sought to intervene earlier in the Action, in connection with the certification of the Class and preparation of the Class Notice, showing the willingness of members of this Class to take an active role and object where they believe necessary. Against that background, the lack of any objections to the Settlement at this stage is highly persuasive of the Class's positive reaction to the Settlement.

Additionally, to date, approximately 45,241 Claims (representing approximately $1,808,827,660.02 in "Recognized Claims" as calculated under the Plan of Allocation) have been received from potential Class Members seeking a distribution from the Settlement. Supp. Villanova Decl. ¶¶ 7, 9.[5] The Class's reaction is a further indication that the Settlement, the Plan of Allocation, and Class Counsel's request for attorneys' fees and Litigation Expenses are fair and reasonable and should be approved.

II.     **THE CLASS'S REACTION PROVIDES ADDITIONAL SUPPORT FOR APPROVAL OF THE MOTIONS**

In their Opening Papers, Lead Plaintiffs and Class Counsel demonstrated that the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses are

---

[4]     The lone objection, from Robert C. Rach (ECF No. 321), contends that the Plan of Allocation should provide greater compensation to Class Members who purchased Luckin ADSs at higher prices due to their transactions in options on Luckin ADSs—even though options were not a security that was ever part of the claims asserted in the Action. As discussed in the Opening Papers and below, this objection should be rejected.

[5]     These numbers are preliminary and subject to change, and are not intended to be construed as a final Claim count or total "Recognized Claims." *Id*. ¶ 10.

fair and reasonable and warrant the Court's approval. Now that the time for objecting has passed, the Class's reaction also clearly supports approval.

### A.    The Class's Reaction Supports Approval of the Settlement and Plan of Allocation

The Second Circuit instructs district courts to consider the reaction of the class in determining whether to approve a class action settlement. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).[6] Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry" into the fairness and adequacy of the Settlement. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also id.* at 118 ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.").

Here, the absence of *any* objections from Class Members to the Settlement strongly favors approval. *See Oklahoma Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*, 2021 WL 76328, at *2 (S.D.N.Y. Jan. 7, 2021) (absence of objections "strongly favors approval"); *In re Virtus Inv. Partners, Inc. Sec. Litig.*, 2018 WL 6333657, at *2 (S.D.N.Y. Dec. 4, 2018) ("the absence of objections by the class is extraordinarily positive and weighs in favor of settlement"); *Fleisher v. Phoenix Life Ins. Co.*, 2015 WL 10847814, at *6 (S.D.N.Y. Sept. 9, 2015) ("the absence of objections may itself be taken as evidencing the fairness of a settlement").

In particular, the lack of any objections from institutional investors, who possessed ample means and incentive to object if they deemed it unsatisfactory—as they did in connection with Class Notice, is further evidence of the Settlement's fairness. *See, e.g., In re Facebook, Inc. IPO*

---

[6]    Unless otherwise noted, all internal quotation marks, citations, and other punctuation are omitted, and all emphasis is added.

*Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

Likewise, the reaction of the Class supports approval of the Plan of Allocation where, as here, only one objection was received. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1284-85 (9th Cir. 1992) (confirming district court's approval of plan of allocation as fair, reasonable, and adequate over one objection). Moreover, as discussed in Section III below, the Rach Objection lacks merit and should be rejected by the Court.

### B. The Class's Reaction Also Supports Approval of Class Counsel's Request for Attorneys' Fees and Litigation Expenses

The positive reaction of the Class should also be considered with respect to Class Counsel's request for attorneys' fees and Litigation Expenses. *See In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request is "entitled to great weight" by the Court). Here, the lack of *any* objections is strong evidence that the requested fees and Litigation Expenses are reasonable. *See, e.g.*, *Vaccaro v. New Source Energy Partners L.P.*, 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award."); *Asare v. Change Grp. of N.Y., Inc.*, 2013 WL 6144764, at *16 (S.D.N.Y. Nov. 18, 2013) ("not one potential class member has made an objection, a factor held by courts as supporting approval of an attorneys' fees award"); *Veeco*, 2007 WL 4115808, at *10 (the absence of any objection "suggests that the fee request is fair and reasonable").

And, as with the Settlement, the lack of any objections by institutional investors particularly supports approval of the fee request. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (lack of objections from institutional investors supported the approval of fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

In sum, the overwhelmingly favorable reaction of the Class strongly supports approval of the Settlement, Plan of Allocation, and the fee and expense request.

## III.    THE RACH OBJECTION IS WITHOUT MERIT AND SHOULD BE REJECTED

The sole objection received is directed only to the approval of the proposed Plan of Allocation.[7] The objector, Robert C. Rach, who purchased 1,000 Luckin ADSs during the Class Period as the result of his obligation under a put option contract, filed an objection dated April 24, 2022 (ECF No. 321) ("Rach Objection") and submitted a response dated July 13, 2022 (ECF No. 328) ("Rach Response").

Mr. Rach objects to the provision of the Plan of Allocation that provides that the purchase price used in calculations for Luckin ADSs purchased through the exercise of an option is the closing price of the Luckin ADSs on the date of exercise (rather than the purchase price paid as a result of the obligation under the Claimant's option contract). *See* Rach Objection at 1; Plan at ¶ 17. Mr. Rach contends that this provision is inequitable because it understates his losses.

---

[7]    The proposed Plan of Allocation is set forth at pages 13-18 of the Settlement Notice (ECF No. 327-3).

6

Specifically, Mr. Rach argues that his Recognized Loss Amount for the Luckin ADSs he purchased on April 17, 2020 should be based on the $38.00 per ADS he was obligated to pay as the result of a put option contract rather than $4.39 (the actual closing price that day) or $3.81 (the amount of alleged artificial inflation per ADS on that date). Rach Objection at 1; Rach Response at 1.

As set forth in the Opening Papers, the calculation set forth in the Plan for claims of Luckin ADSs acquired through the exercise of options is appropriate. *See* Joint Decl., at ¶¶ 113-17; Settlement Brief (ECF No. 324), at 23-24. The Class did not include purchasers of options, no claims were asserted in the Action on behalf of purchasers of options, and no claims related to trading in options are bring released under the Settlement.[8] Accordingly, the Plan proposes to allocate the Net Settlement Fund among Class Members based on the damages they suffered directly as a result of their trading of the security at issue in the Action (Luckin ADSs), and not based on the damages they may have suffered as a result of their trading in options. To accomplish that goal, for Luckin ADSs acquired through the exercise of an option, the Plan uses the closing trading price for Luckin ADS on the day in question—rather than the inflated (or deflated) price that the Claimant paid for the Luckin ADSs as the result of an option—as the "purchase price" for calculating the Recognized Loss Amount under the Plan. *See* Plan at ¶ 17.  In addition, as is true for all Claimants with Exchange Act claims, the Recognized Loss Amount for each transaction is limited to *the lesser of* (a) the purchase price (calculated as discussed above) minus the sale price; and (b) the artificial inflation on the day of purchase minus the artificial inflation of the day of sale. Plan at ¶¶ 4, 7.[9]

---

[8]    *See* Stipulation ¶ 1(pp) ("Released Plaintiffs' Claims" are limited to claims that "relate to or arise from the purchase or acquisition of Luckin ADSs during the Class Period").

[9]    Mr. Rach's Luckin ADSs were purchased on April 17, 2020 and sold on May 20, 2020. Thus, pursuant to ¶ 7(b)(i) of the Plan and Table A, Mr. Rach's Recognized Loss Amount would be no more than $2.48 per ADS ($3.81-$1.33), no matter what purchase price he paid.

The additional damages that Mr. Rach suffered as a result of entering into a put option contract—obligating him to purchase Luckin ADSs at $38 in April 2020 (rather than at the market price that day) were damages that were attributable to his trading in Luckin options, rather than to his trading in Luckin ADSs. While Mr. Rach argues in his supplemental submission that he is "not asking that purchases and sales of option contracts be included in the settlement amount," (Rach Response at 1), the basis for his claim of increased damages per Luckin ADS is the inflated price that he paid as a result of entering into a put option contact (not the amount of artificial inflation in Luckin ADSs on that day), and thus are damages that result from his options trading.  In contrast, the Plan as drafted provides that Mr. Rach will receive the same amount of recovery per Luckin ADS as other Class Members who purchased Luckin ADSs on the same day that he did.

Providing additional compensation to Class Members who acquired their Luckin ADS as a result of their trading in options—a security that is not part of the claims asserted in the Action (or the Settlement releases)—would unfairly dilute the recoveries to be paid to Class Members who purchased the eligible security, Luckin ADSs, on the open market. Lead Plaintiffs and Class Counsel believe that it is reasonable for the Plan of Allocation to provide no extra compensation for Claimants based on their trading in a security that is not included in the Class or part of the claims asserted in the Action. Accordingly, the Rach Objection should be rejected.

## IV.    CONCLUSION

For the foregoing reasons, and those set forth in their Opening Papers, Lead Plaintiffs and Class Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses, including the requested reimbursement to Lead Plaintiffs. Copies of (i) the [Proposed] Judgment Approving Class Action Settlement; (ii) the [Proposed] Order Approving Plan of Allocation of Net Settlement Fund; and (iii) the

[Proposed] Order Awarding Attorneys' Fees and Litigation Expenses are being submitted herewith.

Dated: July 15, 2022

Respectfully submitted,

**KESSLER TOPAZ MELTZER
 & CHECK, LLP**

*s/ Sharan Nirmul*
Sharan Nirmul
Gregory M. Castaldo
Richard A. Russo, Jr.
Nathan A. Hasiuk
Lisa M. Port
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
snirmul@ktmc.com
gcastaldo@ktmc.com
rrusso@ktmc.com
nhasiuk@ktmc.com
llambport@ktmc.com

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**

*s/ Salvatore J. Graziano*
Salvatore J. Graziano
John Rizio-Hamilton
Jai Chandrasekhar
Kate W. Aufses
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
johnr@blbglaw.com
jai@blbglaw.com
kate.aufses@blbglaw.com

*Counsel for Lead Plaintiffs Sjunde AP-
Fonden and Louisiana Sheriffs' Pension &
Relief Fund and Class Counsel*

9