UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
:
: 20 Civ. 1293 (JPC)
IN RE LUCKIN COFFEE INC. :
SECURITIES LITIGATION : ORDER AWARDING
: ATTORNEYS' FEES AND
: LITIGATION EXPENSES
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

This matter came on for hearing on July 22, 2022 ("Settlement Hearing") on Class Counsel's motion for attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice substantially in the form approved by the Court, which advised of Class Counsel's request for an award of attorneys' fees and Litigation Expenses, was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated as of October 20, 2021 (ECF No. 315) ("Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Class Counsel's motion for attorneys' fees and Litigation Expenses was given to all Class Members who or which could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Class Counsel are hereby awarded attorneys' fees in the amount of 17.5% of the Settlement Fund and $721,462.68 in payment of Plaintiffs' Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and payment of litigation expenses from the Settlement Fund, the Court has considered and found that:

    A. The Settlement has created a fund of $175,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

    B. The fee sought is based on the more restrictive of two separate agreements that Class Counsel separately entered into with Lead Plaintiffs, sophisticated institutional

investors that actively supervised the Action, at the outset of the Action; and the requested fee has been reviewed and approved as reasonable by Lead Plaintiffs;

        C.      Copies of the Settlement Notice were mailed to over 564,000 potential Class Members and nominees stating that Class Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and for Litigation Expenses in an amount not to exceed $1,000,000, and no objections to the requested attorneys' fees and Litigation Expenses were received;

        D.      Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

        E.      The Action raised a number of complex issues;

        F.      Had Class Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from Defendants;

        G.      Plaintiffs' Counsel devoted over 9,380 hours, with a lodestar value of approximately $6.6 million, to achieve the Settlement; and

        H.      The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.      Lead Plaintiff Sjunde AP-Fonden is hereby awarded $3,750.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

7.      Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund is hereby awarded $1,680.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9. Exclusive jurisdiction is hereby retained over the Settling Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED.

Dated: July 22, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge