Long Z. Liu (SBN 236815)
THE LIU LAW FIRM
1163 Fairway Drive Suite 105
City of Industry, CA 91789
Tel: (909) 468-2165
Email: office@theliulawfirm.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEK CHUN WAI, Individually and on Behalf of All Others Similarly Situated,<br><br><br>Plaintiff,<br>v.<br><br>LUCKIN COFFEE INC., *et al.*<br><br><br>Defendants. | Case No. 1:20-cv-02193-JPC<br><br><br><br>**DECLARATION OF LONG Z. LIU IN SUPPORT OF MOTION TO ALLOW LATE CLAIM** |

## DECLARATION OF LONG Z. LIU

1. My name is Long Z. Liu. I am the principal of The Liu Law Firm as well as the counsel of record for plaintiff, Shek Chun Wai, in this matter.

2. The matters within declaration are within my personal knowledge. If called upon to testify, I would and could competently do so.

3. My firm signed up Mr. Wai's case in late 2022 and prepared a complaint to be filed in order for my client to be the lead plaintiff. There were several related cases that became consolidated into this one, bearing case numbers: 1:21-cv-02020-JPC, 1:21-cv-00484-JPC, 1:20-cv-02977, 1:20-cv-07029-JPC, 1:20-cv-03304-JPC.

1

4. On the court docket for this matter since its filing my firm has been listed as "ATTORNEY TO BE NOTICED" and my client was listed as a named plaintiff.

5. Mr. Wai never received direct notice of any claim form filing deadline pertaining to this case, and neither did my firm.

6. On or about April 14, 2023, when checking the court website for updates, my office discovered that a claim form filing deadline had been set in February 2023 and had since elapsed.

7. As quickly as reasonably possible, I worked with Mr. Wai to complete the claim form, which was submitted on April 15, 2023.

8. Throughout 2023, 2024, and 2025 my office made several attempts to ascertain the status of the claim from Epiq, the court-appointed claims administrator that my firm had been instructed to contact regarding the claim.

9. On the phone and through e-mail, my office was consistently given evasive responses whenever we inquired about claims status such as that we would receive an update later, that we were not the attorney of record, that we were not authorized to speak to Epiq about the case, that we did not show up as counsel of record on the docket, that Mr. Wai would have to directly contact the claims administrator, that the matter was ongoing, that we would need to speak to a supervisor but the supervisor was not available so we would have to call again later, no responses at all, etc.

2

MOTION TO ALLOW LATE CLAIM

14. After several minutes, Attorney Hsu and I were able to speak to a supervisor, Araceli, who informed us to again e-mail Epiq even though I informed her we had sent several e-mails and made several calls without a satisfactory response. This was at least the fifth e-mail from my office to Epiq.

15. On July 11, 2025, Epiq had its attorney, Mae Oberste, respond to our e-mail. Ms. Oberste in essence communicated that Mr. Wai had inquiry notice and that court intervention was required. This communication was finally sufficiently clear such that Mr. Wai understood that he would have to seek court intervention to have his late claim form considered even though he submitted his claim form less than two months after the deadline to submit the claim form elapsed, amounting to only a minor delay.

I hereby declare under penalty of perjury that the foregoing facts are true and correct to my best knowledge and recollection and, as to matters pertaining to my opinions, I believe them to be true.

THE LIU LAW FIRM

Date: August 11, 2025

By:_____
LONG Z. LIU, ESQ.
*Attorney for Plaintiff, Wai Chun Shek*

4