# Exhibit 10

| | |
|---|---|
| **From:** | Mae Oberste |
| **Sent:** | Friday, September 5, 2025 4:45 PM |
| **To:** | Long Liu Office |
| **Cc:** | John Rizio-Hamilton; Hanson Hsu |
| **Subject:** | RE: Luckin Coffee - Late claim |
| **Attachments:** | Luckin - Settlement Notice.pdf |

Mr. Liu,

I address each of your questions in order.

You are correct, the Order Approving Distribution Plan, entered on April 21, 2023 (ECF No. 352), is the only distribution order entered in this case. Class Counsel filed the related proposed order with the Court on March 6, 2023 (ECF No. 348). Members of your firm should have received email notifications from the filing system.

Yes, the amount that your client would receive from the reserve is the same as what they would have received if their claim had been timely filed. The calculation for the payment is complex, and it is described in the Plan of Allocation, which is attached for your review (starting on page 13 of the pdf). The Court has approved the attached Plan of Allocation, and payments for all claims paid to date have been calculated pursuant to the Court-approved Plan. Like all other claims, the claims administrator also carefully calculated the payment for your client in accordance with the Plan. After performing that calculation, the amount Shek would be entitled to is $87,149.77. We are happy to explain the calculation for your client's payment amount in more detail on the phone.

Regarding timing, we can issue payment within 60 days of the Court granting us permission to pay the claim as an administrative contingency. If you withdraw your motion, we will file a letter explaining why and confirming our authority to pay the claim.

If you intend to withdraw the motion, please let us know by close of business on Monday, September 8, 2025, as our response to your motion is due to the Court on Tuesday, September 9, 2025.

Again, if you would like to discuss the calculation of your client's claim, or anything else related to this claim, please call me. My phone number is below.

Thank you,
Mae

**Mae Oberste**
Associate Attorney
**BLB&G** Bernstein Litowitz
Berger & Grossmann LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Direct: (302) 364-3609
Mae.Oberste@blbglaw.com

1

**From:** Long Liu Office <office@theliulawfirm.com>
**Sent:** Thursday, September 4, 2025 3:42 PM
**To:** Mae Oberste <Mae.Oberste@blbglaw.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Hanson Hsu <hanson@theliulawfirm.com>
**Subject:** Re: Luckin Coffee - Late claim

**[This message is from an external sender]**

Hi Mae,

The distribution order that is being followed is the one and only such distribution order that appeared on the docket in this matter, about 1-2 weeks after my client submitted the claim form, correct?

Is the amount that would be paid using the contingency reserve the same amount that would be paid had the client's form been timely? I would like to know how the numbers were calculated.

Also, how long would it take for the funds to be issued to my client?

Thank you for the response.



Cordially,

**Long Z. Liu, Esq.**

Liu Law
1163 Fairway Drive, Suite 105
City of Industry, CA 91789
909.468.2170
www.theliulawfirm.com

CONFIDENTIAL EMAIL: The information contained in this email is confidential and may also be attorney-client privileged and constitute attorney work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately.

On Wed, Sep 3, 2025 at 1:55 PM Mae Oberste <Mae.Oberste@blbglaw.com> wrote:

Mr. Liu,

We have reviewed the motion that you filed with the Court, and completed our investigation of your prior inquiries (which was ongoing when you filed your motion).

In connection with providing class certification and settlement notice, we twice contacted brokers for the identity of class members (per notice procedures approved by the Court (ECF No. 304)), including your client's broker, UBS. Unfortunately, UBS did not provide your client's name, which is why your client did not receive mailed notice. Nonetheless, your firm received notice. As attorney of record for your client in the

case, any attorneys from your firm who filed notices of appearance would have received emails directly with all settlement-related filings on the docket, including those describing the notice deadlines.

That being said, we accept your representation that your client did not, in fact, receive notice of the claims-filing deadline until after it passed, and we do not object to working with you to secure the appropriate payment for your client.  There are two points I would like to highlight for you.

*First*, as Epiq previously informed you, the Court's Distribution Order at paragraphs 3(g) and 3(h) states that the Claims Administrator is not permitted to accept new Claims received after February 1, 2023.  However, the Distribution Order provides for a reserve that can be used to resolve "claims administration-related contingencies."  ECF No. 352.  Given UBS's failure to provide Epiq with your client's identity as a class member, we will not oppose your client's motion.  We will recommend that the Court approve payment to Shek as such a contingency.

*Second*, please know that Shek is not entitled to "over $500,000" "from the claim," as stated on page 2 of your motion.  Under the Court-approved Plan of Allocation, available in Appendix A to the Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Settlement Notice"), we estimate the maximum amount Shek would have been entitled to, had their claim been filed on or before February 1, 2023, to be approximately $87,149.77.  This amount represents Shek's pro rata share of the Net Settlement Fund for their recognized loss calculated under the Court-approved Plan of Allocation.

If our request to pay Shek is granted by the Court, we will work with the settlement administrator to pay the claim promptly.  If you have any questions about how the claim amount of $87,149.77 is calculated, or anything else, you are welcome to contact us directly.  We would be happy to have a conference call with you this week to resolve this issue with you on behalf of your client before our response is due to the Court on Tuesday, September 9, 2025.

Regards,

Mae

**Mae Oberste**

Associate Attorney

 BLB&G Bernstein Litowitz Berger & Grossmann LLP

500 Delaware Avenue, Suite 901

Wilmington, DE 19801

Direct: (302) 364-3609

Mae.Oberste@blbglaw.com

---

**From:** Mae Oberste
**Sent:** Monday, July 14, 2025 2:34 PM
**To:** Long Liu Office <office@theliulawfirm.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>
**Subject:** RE: Luckin Coffee - Late claim

Mr. Liu,

Thank you for contacting Bernstein Litowitz Berger & Grossman LLP. We are reviewing your inquiry and Ms. Shek's claim. We will respond to you promptly after we have completed our review.

Kind regards,

Mae

**Mae Oberste**

Associate Attorney

 **BLB&G** Bernstein Litowitz Berger & Grossmann LLP

500 Delaware Avenue, Suite 901

Wilmington, DE 19801

Direct: (302) 364-3609

Mae.Oberste@blbglaw.com

4

**From:** Long Liu Office <office@theliulawfirm.com>
**Sent:** Friday, July 11, 2025 7:53:49 PM
**To:** Jerry Silk <Jerry@blbglaw.com>; gcastaldo@ktmc.com <gcastaldo@ktmc.com>; jaic@rgrdlaw.com <jaic@rgrdlaw.com>; John Rizio-Hamilton <Johnr@blbglaw.com>; kate.audses@blbglaw.com <kate.audses@blbglaw.com>
**Subject:** In re Luckin' Coffee Inc. securities litigation - 1:20-cv-01293-JPC

**[This message is from an external sender]**

Good afternoon all,

I represent a class member, Wai Chun Shek, in this action who filed a claim form on April 15, 2023, about 1.5 months after the cutoff to file claim form, and about a week before the initial disbursement was approved by the court. The claims administrator has been unhelpful regarding anything about allowing a late-filed claim form. And, of course, my client has not received any part of the settlement. She is entitled to 0.7% of the total settlement and was a specifically named plaintiff on one of the related cases that were consolidated into the case in the title of this message (the "…02977" case).

The reason for the late filing was that the client never received individual notice and her counsel of record, my office, whose e-mail and phone number has been on the docket also never received notice from the claims administrator. The claim administrator asserts that the client had inquiry notice. I believe that reasonable efforts were not made to provide notice because the claims administrator appears to not know who represents the plaintiffs other than the lead plaintiff even though it has access to the court docket.

I see that the lead plaintiff is represented by you, so I would like some information regarding any way to resolve this issue before seeking intervention from the court in this matter through filing a motion. Any advice is greatly appreciated. Thank you all.



TRIAL & LITIGATION ATTORNEYS

Cordially,

**Long Z. Liu, Esq.**

Liu Law
1163 Fairway Drive, Suite 105
City of Industry, CA 91789
909.468.2170
www.theliulawfirm.com